IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 04-1350 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| DR. SYLVIA FOSTER, STAFF | ) | |
| MEMBERS, THE DELAWARE | ) | |
| PSYCHIATRIC CENTER and | ) | |
| MR. GREY, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MOTION TO DISMISS</u>**

COMES NOW Defendant Sylvia Foster, M.D. by and through her counsel and hereby moves this Honorable Court to dismiss the above-referenced matter pursuant to Federal Rule 12(b)(6) Failure to state a claim upon which relief can be granted. In support thereof Defendant Dr. Foster asserts the following:

1. Mr. Lewis was transferred to the Delaware Psychiatric Center (hereinafter "DPC") pursuant to a Court Order signed by J. Toliver on December 1, 2003 to undergo a mental health evaluation to determine if he was mentally competent to assist in the defense of the criminal charges asserted against him. Since his confinement to DPC was pursuant to a Judge's Order in regards to a criminal matter, Mr. Lewis was confined to the secured building of the DPC. As such, Mr. Lewis would be considered a prisoner under the definition provided under 28 U.S.C. 1915 (h)

2. Sylvia Foster, M.D. is the Chief Forensic Psychiatrist for the State of Delaware and in that capacity examined Mr. Lewis and authored a report which was submitted to the Delaware Superior Court in and of the County of New Castle. A copy of that report is an Exhibit

to Plaintiff's Complaint.

3.   Dr. Sylvia Foster is a contract employee and as such does not enjoy sovereign immunity which some government employees enjoy.

4.   In order to find that a claim should be dismissed under Rule 12(b)(6) the Court must first "accept as true factual allegations in the Complaint and all reasonable inferences that can be drawn therefrom." *Mami v. Fauver*, 82 F.2d 63, 65 (Third Circuit 1996). Pro Se Complaints such as the one in this case are held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of this claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L. Ed 2d 652 (1972.) Therefore, counsel for Dr. Foster has set forth the possible interpretations of pro se Plaintiff's allegations and the defenses thereto in this motion.

5.   If the Court interprets Plaintiff's Complaint as being based on his imprisonment then he has only two avenues of relief available to him:

   a.   Petition for *habeas corpus* and;

   b.   A Complaint under the Civil Rights Act.

Plaintiff's Complaint contains no language that would imply that he is disputing his sentence or that he is seeking any relief under a writ of *habeas*.

6.   If the Court construes the Plaintiff's Complaint as a 1983 Complaint for a violation of his Fourteenth Amendment Due Process Right than the right at issue would be "freedom from restraint" and Plaintiff must allege he has suffered an "atypical and significant hardship" under *Sandin v. Conner*, 515 U.S. 472, 484, 115 Supr. Ct. 2293, 132 L. Ed. 2nd 418 (1995). In determining whether an inmate had suffered an "atypical and significant hardship" as a result of his confinement

the Court must consider two factors: 1) The amount of time the prisoner is placed into disciplinary segregation and; 2) Whether the conditions of this confinement and disciplinary segregation were significantly more restrictive than those imposed on other inmates in solitary confinement. *Shoats v. Horn* 213 F.3d 140, 144 (Third Cir. 2000) (citing *Sandin,* 515 U.S. at 486).

7.   Plaintiff Mr. Lewis does not allege that the conditions of his confinement were unconstitutional. The Plaintiff does not allege that his treatment or confinement was "significantly more restrictive than that imposed" on other patients at the Delaware Psychiatric Center.

8.   Furthermore *Sandin* instructs that whether the restraint at issue imposes "atypical and significant hardship" depends on the particular state in which the Plaintiff is incarcerated. *Torres v. Fauver*, 292 F.3d 141, 151 (Third Cir. 2002). The District Court of Delaware has repeatedly determined that the Department of Corrections' statutes and regulations do not provide prisoners with liberty or property interests protected by the due process clause. *Jackson v. Brewington-Carr*, 97-270, 1999 U.S. Dist. Lexis 535 (D. Del. Jan. 15, 1999). Thus after *Sandin,* a prisoner in this district has no constitutional right to any procedural safeguards regardless of what the state statutes and regulations provide, unless the deprivation complained of imposed an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Turner v. Tezac*, 2005 WL41563 (D. Del. Jan. 4, 2005) citing the *Sandin* opinion. Since Mr. Lewis does not allege that he was placed in disciplinary custody which caused a "atypical and significant hardship", then his claim that Mr. Grey and Dr. Foster violated his Fourteenth Amendment right to due process has no arguable basis in law or in fact.

9.   Additionally, Plaintiff's Complaint alleges no physical injury. Rather Mr. Lewis' Complaint should be read as one for emotional damages. The only reference to any physicality is at the top of the second page of Plaintiff's Complaint regarding an alleged altercation when a bag

of M & M chocolate candy was forcibly removed from his hand and then he allegedly was assaulted by "Mr. Grey and three or four staff members".

10. If the Court were to conclude that the claims against Dr. Foster were for emotional damages then those claims are barred under 28 U.S.C. § 1997(e)(e) which provides: "No federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injuries suffered while in custody without a prior showing of physical injury".

11. Plaintiff's Complaint makes no claim of physical injury. To the contrary, a physician's note dated June 21, 2004 which was attached to Plaintiff's Complaint as an exhibit and which is attached hereto as Exhibit A, specifically addresses this issue. Dr. Eugene Lopez examined Mr. Lewis after Plaintiff complained of this alleged incident involving "Mr. Grey and four or five other staff members". The only physical finding of the examining physician was a rash on the Plaintiff's foot. There was no finding of any physical injury.

12. Plaintiff has not claimed any physical injury. Since Mr. Lewis' claim against Dr. Foster has no arguable basis in law or fact, he therefore cannot receive damages, nominal or otherwise for his alleged "emotional damage". Thus, Mr. Lewis' request for compensatory damages based on his emotional damages is barred by 28 U.S.C. §1997(e)e. See *Turner v. Tezac,* 2005 WL41563 (D. Del.) at 4.

13. Alternatively, if the Court were to construe Plaintiff's Complaint as a complaint of common law battery or medical negligence against Dr. Foster, then the District Court would apply the law of the forum. Under Delaware law, either of these allegations must be dismissed for failure to state a claim upon which relief may be granted.

14. If the Court construes the Plaintiff's Complaint as being a complaint alleging medical negligence against Dr. Foster, then the Plaintiff's Complaint should be dismissed pursuant to 18 *Del. C.* §6853(1) since the Plaintiff has provided no affidavit of merit signed by an expert witness. This

requirement is an absolute prerequisite to the filing of any medical negligence claim in this forum. Thus, Plaintiff's Complaint must be dismissed.

15. If the Court were to construe Plaintiff's Complaint as being an allegation of common law battery, then the claim must be dismissed since there is no allegation that Dr. Foster ever touched Mr. Lewis. The tort of battery is the intentional and unpermitted contact upon the person of another which is harmful or offensive. *Taylor v. Barwick*, 1997 WL527970 (Del. Super.). There is nothing in Plaintiff's Complaint that can be construed as alleging that Dr. Foster ever actually made any physical contact with Mr. Lewis.

16. In addition, Dr. Sylvia Foster avails herself to defenses provided by Delaware law under 11 *Del. C.* 468. While principally enumerated as defenses available to criminal charges of assault and battery, since Plaintiff's Complaint may be alleging common law battery Dr. Foster avails herself to these statutory defenses. Under 11 *Del. C.* §468(3); (5); and (7), one in Dr. Foster's position, who is responsible not only for the safety of Mr. Lewis, but also for the safety of the other patients and the staff, is permitted to order the use of force which is necessary for the purpose of safeguarding the welfare of the patient and others and also for enforcing lawful rules or procedures of the institution.

17. Nothing in Plaintiff's Complaint alleges a use of force which would fall outside of the parameters of 11 *Del. C.* §468.

18. Thus, even in view of the liberal pleadings standards applied to pro se litigants, Mr. Lewis' Complaint does not adequately allege facts that, if proven, would give rise to a battery claim and as such his claim should be dismissed for failure to state a claim upon which relief may be granted. See *Browne v. Saunders,* 768 A.2d 467, (Del. Supr. 2001).

WHEREFORE, for the foregoing reasons Defendant Dr. Sylvia Foster hereby requests that this Court dismiss the Plaintiff's Complaint against her as one which fails to state a claim upon which relief may be granted.

                          Respectfully Submitted,

                          REGER RIZZO KAVULICH & DARNALL, LLP

                          */s/ Cynthia G. Beam, Esquire*
                          Cynthia G. Beam, Esquire
                          Delaware State Bar I.D. No. 2565
                          1001 Jefferson Plaza, Suite 202
                          Wilmington, DE 19801
                          (302) 652-3611
                          Attorney for Defendant Dr. Sylvia Foster

Dated:   June 20, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 04-1350 (GMS) |
| | ) | |
| | ) | |
| | ) | |
| DR. SYLVIA FOSTER, STAFF | ) | |
| MEMBERS, THE DELAWARE | ) | |
| PSYCHIATRIC CENTER and | ) | |
| MR. GREY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**AND NOW, TO WIT**, this _____ day of _____, 2005, having considered Defendant Dr. Sylvia Foster's Motion to Dismiss, and the Response thereto, if any:

**IT IS HEREBY ORDERED** that Defendant Dr. Sylvia Foster's Motion to Dismiss has been GRANTED and the above-captioned action is dismissed with prejudice.

**BY THE COURT:**

_____    **The Honorable Gregory M. Sleet**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 04-1350 (GMS) |
| | ) | |
| | ) | |
| | ) | |
| DR. SYLVIA FOSTER, STAFF | ) | |
| MEMBERS, THE DELAWARE | ) | |
| PSYCHIATRIC CENTER and | ) | |
| MR. GREY, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    I, the undersigned, do hereby certify on this 20th day of June, 2005 that two true and correct copies of Defendant Dr. Sylvia Foster's Motion to Dismiss have been served by first class mail, postage prepaid, to the following:

    Jimmie Lewis
    SBI#506622
    H.R.Y.C.I.
    P.O. Box 9561
    Wilmington, DE 19809

    REGER RIZZO KAVULICH & DARNALL, LLP


    */s/ Cynthia G. Beam, Esquire*
    Cynthia G. Beam, Esquire
    Delaware State Bar I.D. No. 2565
    1001 Jefferson Plaza, Suite 202
    Wilmington, DE 19801
    (302) 652-3611
    Attorney for Defendant Dr. Sylvia Foster

Dated:  June 20, 2005