IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1350-GMS |
| ) | |
| DR. SYLVIA FOSTER, STAFF ) | |
| MEMBERS, THE DELAWARE ) | |
| PSYCHIATRIC CENTER and ) | |
| MR. GREY, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT GRAY'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

COMES NOW, defendant Robert N. Gray, by and through undersigned counsel, and respectfully requests that this Honorable Court deny plaintiff's request for appointment of counsel. In support of his motion, defendant Gray offers the following information:

1)  Jimmie Lewis (hereinafter "plaintiff") was housed at the Delaware Psychiatric Center (hereinafter "DPC") during the events in question. He now resides at the Howard R. Young Correctional Institution ("H.R.Y.C.I.")

2)  On or about October 13, 2004, plaintiff filed his complaint in the Federal District Court for the District of Delaware against defendants Gray, DPC, and Sylvia Foster. (D.I. # 2). Defendants have responded to the complaint with motions to dismiss pursuant to Rule 12. On November 10, 2005, defendants were served with plaintiff's Motion for Appointment of Counsel (D.I. 40). On November 22, 2005, defendant DPC was dismissed from the lawsuit. (D.I. 43). This is defendant Gray's Response in Opposition to Plaintiff's Motion for Appointment of Counsel.

3.  In support of his motion for appointment of counsel, plaintiff enumerates the

following:  1) that plaintiff is unable to afford counsel; 2) that his status as a prisoner limits his ability to litigate this matter, 3) that the issues in this case are complex, 4) that the case involves complex medical issues 5) that plaintiff is currently being prescribed psychotropic medications, and 6) that plaintiff has only a high school education.

4.  *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel.  *See Smith-Bey v. Petsock*, 741 F. 2d 22, 25 (3d Cir. 1984)).  It is solely within the Court's discretion to appoint counsel for plaintiff; however, such an appointment is "usually only granted upon a showing of special circumstances indicating a likelihood of substantial prejudice to him resulting... from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case."  *Id* at 26, *accord, Pierce v. Vaughn*, C.A.No. 92-3040, 1992 WL 210122 (E.D.P.A. Aug. 21, 1992); *Robinson v. Barone,* C.A. No. 92-1854, 1992 WL 236869 (E.D.P.A. Sept. 15, 1992).  (*See* attached).  The factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses' credibility will be key issue, and the need for expert testimony.  *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993), *cert. denied,* 114 S. Ct. 1306 (1994).

5.  Plaintiff has a clear understanding of the issues involved in this case and has proven himself quite adept in responding and addressing his claims in this Court.  Plaintiff has already filed numerous pleadings demonstrating that he is not only competent but fully capable of understanding the issues as well as the rules and procedures of this Court.

6.  Contrary to plaintiff's assertions that the factual and legal issues involved are

complex, they are in fact, straightforward. Plaintiff alleges that he was restrained and medicated for disciplinary reasons rather than treatment reasons, causing him pain and suffering. This basis for appointment of counsel should be rejected.

**WHEREFORE**, defendant Gray respectfully requests that this Honorable Court deny plaintiff's motion for appointment of counsel.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ A. Ann Woolfolk
A. Ann Woolfolk, ID#2642
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
Attorney for Defendant Gray

DATE: December 5, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JIMMIE LEWIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DR. SYLVIA FOSTER, STAFF )<br>MEMBERS, THE DELAWARE )<br>PSYCHIATRIC CENTER and )<br>MR. GREY, )<br>)<br>Defendants. ) | C.A. No. 04-1350-GMS |

## **ORDER**

**IT IS SO ORDERED,** this _____day of _____, 2004, that plaintiff's Motion for Appointment of Counsel is hereby **DENIED.**

_____
Sleet, J

# *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on December 5, 2005, she electronically filed the attached Defendant Gray's Response in Opposition to Plaintiff's Motion for Appointment of Counsel with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

> Cynthia G. Beam, Esquire
> Reger Rizzo Kavulich & Darnell, LLP
> 1001 Jefferson Place, Suite 202
> Wilmington, DE 19801

and that she caused two copies of the document to be mailed by United States Postal Service to the following non-registered participant:

> Jimmie Lewis
> H.R.Y.C.I.
> P.O. Box 9561
> Wilmington, DE 19809

> **STATE OF DELAWARE**
> **DEPARTMENT OF JUSICE**
>
> /s/ A. Ann Woolfolk
> A. Ann Woolfolk, I.D. #2642
> Department of Justice
> Carvel State Office Building
> 820 N. French Street, 6th Floor
> Wilmington, DE 190801
> (302)577-8400
> ann.woolfolk@state.de.us
> Attorney for Defendant Robert Gray