**Westlaw.**

Not Reported in F.Supp.                                                                                                    Page 1

Not Reported in F.Supp., 1992 WL 210122 (E.D.Pa.)

**(Cite as: 1992 WL 210122 (E.D.Pa.))**

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
Michael Patrick PIERCE
v.
Donald T. VAUGHN, et al
**Civ. A. No. 92-3040.**

Aug. 21, 1992.
Michael Patrick Pierce, pro se.

Beth Anne Smith, Office of Atty. Gen., Philadelphia, Pa., for defendants.

*MEMORANDUM AND ORDER*

SHAPIRO, District Judge.

*1 Plaintiff has filed a Motion for Appointment of Counsel. For the reasons set forth below, the motion will be denied.

Plaintiff has no constitutional or statutory right to appointment of counsel in a civil lawsuit. *Ray v. Robinson,* 640 F.2d 474, 477 (3d Cir.1981) (citing *Peterson v. Nadler,* 452 F.2d 754, 757 (8th Cir.1971). However, the Court has the authority to appoint counsel under 28 U.S.C. § 1915(d). *Ray, supra* at 477. Appointments should be made only when it is necessary to avoid fundamental unfairness. *Maclin v. Freake,* 650 F.2d 885, 886 (7th Cir.1981). As "incarceration does not foreclose access to the courts and the use of legal process to remedy civil wrongs," *Alexander v. Ramsey,* 539 F.2d 25, 26 (9th Cir.1976), only in exceptional cases will appointment of counsel be justified. *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir.1975). The Third Circuit has stated that appointment of counsel should be made "only ... upon a showing of special circumstances indicating the likelihood of substantial prejudice ... resulting ... from [a] probable inability without such assistance to present the facts and legal issues to the Court in a complex but arguably meritorious case." *Smith-Bey v. Petsock,* 741 F.2d 22, 26 (3d Cir.1984).

In the instant case, there are no exceptional circumstances requiring counsel. This is but a factually simple civil rights case, under 42 U.S.C. § 1983, alleging that defendant prison officials are stealing plaintiff's incoming and outgoing mail. The Court notes from the pleadings on file that (1) plaintiff has shown the ability to litigate this action *pro se,* and (2) this case is not a complex one. Plaintiff's ability to handle this matter together with the case's lack of complexity negate the need for counsel. *Maclin v. Freake, supra* at 888; *Smith-Bey, supra* at 26.

Accordingly, the motion is denied. An appropriate order follows.

ORDER

AND NOW, this 21st day of August, 1992, upon consideration of Plaintiff's motion for appointment of counsel, it is ORDERED that Plaintiff's motion is DENIED.

Not Reported in F.Supp., 1992 WL 210122 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

• 2:92cv03040 (Docket) (May. 26, 1992)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw.**

Not Reported in F.Supp.                                                                                                           Page 1
Not Reported in F.Supp., 1992 WL 236869 (E.D.Pa.)

(Cite as: 1992 WL 236869 (E.D.Pa.))

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
Troy ROBINSON
v.
M.C. BARONE and F.D. Phillips.
**Civ. A. No. 92-1854.**

Sept. 15, 1992.

Troy Robinson, pro se.

John O.J. Shellenberger, III, Office of Atty. Gen., Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

WALDMAN, District Judge.

*1 In this § 1983 action, plaintiff alleges that defendant prison guards placed him in administrative custody depriving him of his liberty without due process of law. The court granted plaintiff's petition to proceed *in forma pauperis*. Presently before the court is plaintiff's motion for appointment of counsel.

Plaintiff does not have a constitutional or statutory right to counsel. *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir.1981). This is so even when a plaintiff is incarcerated. *Alexander v. Ramsey*, 539 F.2d 25, 26 (9th Cir.1976). Appointment of counsel should be made only in special circumstances where there is a likelihood of substantial prejudice from an inability without such assistance to present the facts and issues in a complex but arguably meritorious case. *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir.1984).

Plaintiff's case does not raise complex factual or legal issues. The pleadings of record served by plaintiff on defendants show that he has the ability adequately to present his case. *See Maclin v. Freake*, 650 F.2d 885, 888 (7th Cir.1981); *Smith-Bey, supra,* at 26. *See also, Abbott v. Owens,* 1987 WL 8542, 1987 U.S. Dist. LEXIS 2320 (E.D.Pa. March 30, 1987); *Hunter v. Martin,* No. 86-5036 slip op. (E.D.Pa. Oct. 30, 1986).

Defense counsel will be expected to conduct discovery and other proceedings in a manner appropriate for such a *pro se* case.

ACCORDINGLY, this 15th day of September, 1992, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel is DENIED.

Not Reported in F.Supp., 1992 WL 236869 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

• 2:92cv01854 (Docket) (Mar. 31, 1992)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.