IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1350 GMS |
| | ) | |
| DR. SYLVIA FOSTER, STAFF | ) | |
| MEMBERS, THE DELAWARE | ) | |
| PSYCHIATRIC CENTER, and MR. GREY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM**

**I.    INTRODUCTION**

Jimmie Lewis ("Lewis") is presently incarcerated at the Delaware Correctional Center (the "DCC"), which is located in Smyrna, Delaware. On October 13, 2004, Lewis filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This action arises out of incidents that allegedly occurred while Lewis was confined to the Delaware Psychiatric Center (the "DPC"), in order to undergo a mental health evaluation pursuant to a court order. In his complaint (D.I. 2) and amended complaint (D.I. 10), Lewis alleges that Sylvia Foster, M.D. ("Dr. Foster"), Robert Gray ("Gray"), and other DPC staff members ("DPC Staff Members") have violated his constitutional rights.

Presently before the court is Lewis' motion for the appointment of counsel. For the reasons stated below, the court will deny Lewis' motion for appointment of counsel.

**II.    BACKGROUND**

Lewis' original complaint alleges that, after being confined to the DPC, Dr. Foster examined and diagnosed him as "malingering."[1] According to Lewis, Dr. Foster's report, which he attached to his complaint, states that he received no "psychotropic" medication during his stay at the DPC, because he "revealed no evidence of mood disorder." (D.I. 2 ¶ 4.) However, Lewis alleges that, contrary to Dr. Foster's diagnosis, he was "strapped down with restraints and injected with psychotropic drugs[,] such as Haldol, Ativan and Geodon." (Id.) He requests the court to investigate his claim and award him monetary relief for pain and suffering because he was "violated." (Id. ¶ 5.)

On March 8, 2005, Lewis filed an amended complaint naming Dr. Foster, as well as several DPC Staff Members, including Gray, as defendants. (See D.I. 10.) The amended complaint alleges that, "Judge Charles H. Toliver IV ordered that [Lewis] be transferred to the Delaware Psychiatric Center for a psychiatric evaluation to determine [his] competency [to assist in the defense of criminal charges against him] and to receive treatment." (D.I. 10, at 1.) Lewis also alleges that after he arrived at the DPC he "was ill and couldn't complete the admissions interview," which resulted in a "disciplinary restriction." (Id.)

According to the amended complaint, on June 6, 2004, Lewis was "strapped down with four point restraint [sic] and injected with psychotropic medicines for disciplinary reasons, not for psychiatric reasons per Dr. Foster." (Id.) The amended complaint then documents several occasions during which Lewis was "strapped down with four point restraints and injected with psychotropic

---

[1] Malingering is defined as "the purposeful exaggeration of physical or psychological complaints in order to receive some kind of reward." *Psychology Today*, available at www.psychologytoday.com/conditions/malingering.html (last visited January 24, 2006).

medicines." (Id. at 2.) Lewis alleges that Dr. Foster ordered him restrained for disciplinary, rather than psychiatric reasons, amounting to deliberate indifference on her part. (Id. at 1-2.)

Additionally, Lewis alleges that, on or about June 13, 2004, "Nurse Helen" instructed four or five DPC Staff Members to forcibly remove a bag of M&Ms candy from his hand because he was on disciplinary restriction. (Id. at 2.) According to Lewis, one of the DPC Staff Members, "Grey [sic]," choked him while the other staff members assaulted him. (Id.) After he was subdued, one or several unnamed DPC Staff Members put him in restraints and injected him with psychotropic medicine. (Id.)

On June 25, 2004, the DPC released Lewis and transferred him back to the DCC. (Id. at 3.) Lewis makes several allegations regarding the absence of a court order for his transfer, as well as erroneous responses to a Writ of Habeas Corpus filed in the state court. However, he does not explain the significance of these events to the case at bar. (See id.)

On November 10, 2005, Lewis filed the motion for appointment of counsel that is presently before the court. (D.I. 40) In response, Gray filed an opposition to the motion, asserting that Lewis has a clear understanding of the issues involved in this case, which is demonstrated through the numerous pleadings he has filed. Gray's opposition also states that the factual and legal issues involved are straightforward and, therefore, do not warrant the appointment of counsel.

## II.    STANDARD OF REVIEW

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993). Nevertheless, under certain circumstances, the court may in its discretion appoint an attorney to represent an indigent civil litigant. *See* 28 U.S.C. § 1915(e)(1).

In *Tabron* and, again in *Parham*, the Third Circuit Court of Appeals articulated the standard for evaluating a motion for the appointment of counsel filed by a *pro se* plaintiff. Initially, the court must examine the merits of a plaintiff's claim to determine whether it has some arguable merit in fact and law. *See Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 157); *accord Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981) (per curiam) (cited with approval in *Parham* and *Tabron*). Only if the court is satisfied that the claim is factually and legally meritorious should it then examine the following factors: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Parham*, 126 F.3d at 457-58 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list, of course, is illustrative and, by no means, exhaustive. *See id.* at 458. Nevertheless, it provides a sufficient foundation for the court's decision.

### III. DISCUSSION

#### A. The Factual and Legal Merit of Lewis' Claims

After reviewing the complaint and amended complaint (the "complaints"), the court believes that Lewis' claims have arguable merit in both fact and law. In fact, the court has already considered and addressed the merits of Lewis' claims in a Memorandum and Order (D.I. 52), dated February 7, 2006. Specifically, the court found that some of Lewis' claims were sufficient to survive Dr. Foster's and Gray's motions to dismiss. Accordingly, those claims that the court did not dismiss have both legal and factual merit. The court will, therefore, evaluate the factors articulated in the *Parham* and *Tabron* decisions.

### 2. The Remaining *Parham* and *Tabron* Factors

As an initial matter, the court notes that Lewis made a request to proceed *in forma pauperis* on October 13, 2004. He was directed to pay a partial filing fee on October 25, 2005. Thus, it would appear that Lewis is unable to afford legal representation. *Cf. Tabron*, 6 F.3d at 157 n.5 ("If counsel is easily attainable and affordabl[e to] the litigant, but the plaintiff simply has made no effort to retain an attorney, then counsel should not be appointed by the court.") (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)). Nevertheless, the majority of factors weigh against Lewis' need for the appointment of counsel at this stage of the litigation process.

Notwithstanding his lack of formal schooling in the law, Lewis appears to be sufficiently capable of presenting this case without assistance. For example, in his complaint, Lewis has clearly laid out the facts which he believes entitle him to relief. He has also filed motions to amend his complaint, answering briefs to the defendants' motions to dismiss, and a motion for discovery. Moreover, the court was persuaded to add further defendants to his case, as a result of his arguments in his motion to amend.

Additionally, after reviewing the pleadings, the court does not believe that this case is either so factually or legally complex at the present time as to warrant the appointment of counsel. Many of the relevant facts are within Lewis' personal knowledge, and the tools of written discovery should provide him with sufficient means to obtain the facts he requires to support his claims. *See, e.g.,* FED. R. CIV. P. 31 (written depositions); FED. R. CIV. P. 33 (interrogatories); FED. R. CIV. P. 34 (document requests); FED. R. CIV. P. 36 (requests for admissions). In this respect, the factual investigation needed in this matter does not appear so extensive at this stage as to warrant the appointment of counsel. Finally, it does not appear that this case will turn on credibility

determinations. Thus, the court will deny his motion at this time.

For the foregoing reasons, the court declines to appoint counsel at this stage in the litigation. The court, however, recognizes that as discovery proceeds, the factual or legal issues may become more complex than they presently appear. Thus, the appointment of counsel may become necessary at some later point in the ligation. *See Tabron*, 6 F.3d at 156 (recognizing that, under Section 1915, the court may *sua sponte* appoint counsel at "any point in the litigation"). If such need arises, the court will entertain a renewed motion for appointed counsel at that time.


Dated: June 5, 2006                                         /s/ Gregory M. Sleet
                                                            UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1350 GMS |
| | ) | |
| DR. SYLVIA FOSTER, STAFF MEMBERS, THE DELAWARE PSYCHIATRIC CENTER, and MR. GREY | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The plaintiff's Motion to Appoint Counsel (D.I. 40) is DENIED.


Dated: June 5, 2006                                   /s/ Gregory M. Sleet
                                                      UNITED STATES DISTRICT JUDGE