IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS,

V.                                    CA. NO. 04-1350 (GMS)

DR. SYLVIA FOSTER, ET AL,

RESPONSE TO DEFENDANTS
BRIAN JOHNSON, DAVID MOFFETT,
LANCE SAGERS AND ROBERT GRAY'S
ANSWER TO THE PLAINTIFF'S
SECOND AMENDED COMPLAINT

COMES NOW THE PLAINTIFF JIMMIE LEWIS PRO-SE IN RESPONSE TO DEFENDANTS BRIAN JOHNSON, DAVID MOFFETT, LANCE SAGERS AND ROBERT GRAY'S ANSWER TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT, AND IN SUPPORT THEREOF ASSERTS THE FOLLOWING:

1.) THE DEFENDANTS ERRONEOUSLY RESPONDED TO THE PLAINTIFF'S AMENDED COMPLAINT, BY STATING TRIAL BY JURY DEMAND, WHEN IN FACT THE AMENDED COMPLAINT CLEARLY DOCUMENTS THAT I THE PLAINTIFF SELECTED "A TRIAL BY JUDGE".

2.) THE DEFENDANTS STATE THAT THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED. THIS IS A MISINTERPRETATION OF THE FACTS. THE SECOND AMENDED COMPLAINT CLEARLY STATES PLEADINGS, THAT THE FORCE THAT WAS UTILIZED AGAINST THE PLAINTIFF, WAS UTILIZED MALICIOUSLY AND SADISTICLY.

(A) THERE WASN'T A NEED FOR THE APPLICATION OF FORCE AT ALL, BECAUSE THERE WAS NO IMMEDIATE NEED TO RESTORE DISCIPLINE.

(B) BECAUSE THERE WASNT A NEED FOR THE APPLICATION OF FORCE AT ALL, CHOCKING, PUNCHING AND KICKING CAN ONLY BE VIEWED MALICIOUSLY AND SADISTICLY.

(C) THE ISSUE OF THE PLAINTIFF BEING IN POSSESSION OF A BAG OF M+M CANDY, PRESENTED NO REASONABLE THREAT.

(D) THERE WAS ABSOLUTELY NO OTHER EFFORT UTILIZED TO RESOLVE THE ISSUE OF THE PLAINTIFF BEING IN POSSESSION OF A BAG OF M+M CANDY, EVEN THOUGH HE WAS UNCONSTITUTIONALLY PLACED ON VENDING MACHINE RESTRICTION.

THEREFORE, THE PLAINTIFF'S 3/13/06 AMENDED COMPLAINT HAS NOT FAILED TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

3.) THE DEFENDANTS STATE THAT THE PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES UNDER THE PRISON LITIGATION REFORM ACT 42 U.S.C § 1997e, BUT THE THIRD CIRCUIT HAS HELD THAT SECTION 1997e(e)'s PHYSICAL INJURY REQUIREMENT APPLIES ONLY TO CLAIMS FOR COMPENSATORY DAMAGES. CLAIMS SEEKING NOMINAL OR PUNITIVE DAMAGES ARE TYPICALLY NOT FOR MENTAL OR EMOTIONAL INJURY, BUT RATHER TO VINDICATE CONSTITUTIONAL RIGHTS OR TO DETER OR PUNISH EGREGIOUS VIOLATIONS OF CONSTITUTIONAL RIGHTS.

1997e(e) DOES NOT APPLY TO CLAIMS SEEKING INJUNCTIVE OR DECLATORY RELIEF.

THUS, SECTION 1997e(e)'s PHYSICAL INJURY REQUIREMENT WILL NOT EFFECT ANY NOMINAL, PUNITIVE OR INJUCTIVE RELIEF THAT THE PLAINTIFF HAS REQUESTED.

ALSO; DURING THE PLAINTIFF'S STAY AT THE DELAWARE PSYCHIATRIC CENTER, THROUGHOUT THE NUMEROUS INCIDENTS CITED IN THE PLAINTIFFS 3/13/06 AMENDED COMPLAINT, REGARDING THE PLAINTIFF BEING STRAPPED DOWN WITH (4) POINT RESTRANTS AND INJECTED WITH PSYCHOTROPIC MEDICINES,

THE PLAINTIFF WAS LEAD TO THINK BY DR FOSTER, NURSE HELEN HANLON, DIANE STOCOWSKI, (AS WELL AS OTHER STAFF MEMBERS), THAT DR. FOSTER WAS PRESCRIBING THAT I BE STRAPPED DOWN WITH (4) POINT RESTRAINTS AND INJECTED WITH COCKTAILS OF PSYCHOTROPIC MEDICINES FOR PSYCHIATRIC REASONS, EVEN THOUGH THE PLAINTIFF DISAGREED EACH AND EVERY TIME WHEN SAID TREATMENT WAS UTILIZED ON HIM.

ON THE DAY BEFORE THE PLAINTIFF WAS TRANSFERED BACK TO THE D.O.C WITHOUT AN OFFICAL COURT ORDER, IS WHEN THE PLAINTIFF YELLED OUT THAT HE WAS GOING TO SUE WHEN THIS TREATMENT WAS BEING UTILIZED AGAINST HIM. FOR WHICH GIVES FACTUAL REASON FOR WHY GRIEVANCES WHERE NOT FILED IN ACCORDANCE TO THE PLRA. NOTE: AS SOON AS THE PLAINTIFF MADE MENTION OF ~~BRINGING~~ SUEING, HE WAS TRANSFERED BACK TO THE D.O.C WITHOUT AN OFFICIAL COURT ORDER; THIS IS EVIDENT IN THE PREVIOUS COMPLAINTS FILED BY THE PLAINTIFF. FURTHERMORE, THE PLAINTIFF DID NOT BECOME AWARE THAT THE ACTIONS THAT WERE COMMITTED AGAINST HIM WERE VIOLATIONS, UNTIL HE RECEIVED A COPY OF DR. FOSTERS PSYCH EVAL THAT WAS SUBMITTED

TO THE NEW CASTLE COUNTY SUPERIOR COURT. "THE PLAINTIFF RECEIVED A COPY OF DR. FOSTERS PSYCH EVAL IN JULY 2004, ABOUT 4 TO 6 WEEKS AFTER HE HAD ALREADY BEEN TRANSFERED OUT OF THE D.P.C ON JUNE 25, 2004 . SEE ATTACHED EXHIBITS), A-1 & 2

4.) THE DEFENDANTS ALSO CITED THAT THE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES UNDER THE MENTAL HEALTH BILL OF RIGHTS 16 DEL C § 5161 (C).
(SEE #3 AS STATED HEREIN).
ALSO; EVEN THOUGH THE DEFENDANTS CITING 16 DEL C 5161(C) IS ERRONEOUS IN LAW, DUE TO THE FACT THAT THERE IS NO 16 DEL C 5161(C). THE PLAINTIFF CAN INTERPRETE 16 DEL C 5161(C), AS BEING 16 DEL (C) 5161 6 (C), FOR WHICH ONLY ADDS SUPPORT TO THE CLAIMS OF THE PLAINTIFF'S PLEADINGS AND INCRIMINATES THE DEFENDANT ACCORDING TO SAID STATUTE.

5.) THE DEFENDANTS ARE CONTRACT EMPLOYEES OF THE STATE WHOM ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

ALSO THE DEFENDANTS SHOULD NOT BE ENTITLED TO QUALIFIED IMMUNITY DUE TO THEIR ACTING OUTSIDE OF THE AUTHORITY GRANTED TO THEM BY 11 DEL C § 468, AS WELL AS DUE TO THEIR MALICIOUS DISREGARD FOR THE PLAINTIFF'S U.S.C.A RIGHTS.

6.) THE DEFENDANTS RESPONSE TO #'S 2 & 5 OF THE PLAINTIFF'S 3/13/06 AMENDED COMPLAINT ARE FACTUALLY INSUFFICIENT, DUE TO THE LACK OF SPECIFIC DETAILS, AND THEREFORE THE COURT SHOULD NOT CONSIDER SAID RESPONSES AS EVIDENCE AGAINST THE PLAINTIFF'S PLEADINGS WHEN A DECISION IN THIS MATTER IS RENDERED. BUT THE PLAINTIFF WOULD LIKE FOR THE COURT TO CONSIDER AS CIRCUMSTANTIAL EVIDENCE, THE FACT THAT THE DEFENDANT DR. SYLVIA FOSTER, IN HER JUNE 15, 2006 RESPONSE TO THE PLAINTIFF'S AMENDED COMPLAINT DATED 3/13/06 CITED AS HER SIXTH

AFFIRMATIVE DEFENSE #14, STATES THAT, THE PLAINTIFF'S ALLEGED INJURIES WERE CAUSED BY INDIVIDUALS FOR WHICH SHE HAD NO CONTROL? THIS IS A DIRECT CONTRIDICTION OF DR FOSTERS PREVIOUS PLEADINGS (DATED JUNE 20, 2005 - MOTION TO DISMISS), WERE AND WHEN DR. FOSTER AVAILED HERSELF IN DEFENSE UNDER 11 DEL C § 468-(3); (5); AND (7) IN WHICH STATES THAT SHE WAS PERMITTED TO ORDER THE USE OF FORCE. (SEE ATTACHED EXHIBIT), (B).

NOTE: 11 DEL C § 468 (3); (5) AND (7) ARE ALL SUBTITLES THAT SPECIFICLY MAKE REFERENCE TO A DEFENDANT WITH THE AUTHORTY OF THE DEFENDANT DR. SYLVIA FOSTER AUTHORIZING THE USE OF FORCE. IN RETROSPECT THIS IS INDEED INCRIMINATING DUE TO THE FACT THAT DR. FOSTER DID NOT CHOOSE TO AVAIL HERSELF IN ACTUAL INNOCENCE, NOR DID DR. FOSTER CHOOSE TO AVAIL HERSELF IN DEFENSE UNDER 11 DEL C § 468 (2); (3) OR (4) IN WHICH WOULD HAVE DETAILED MAINTENANCE OF REASONABLE DISCIPLINE, PREVENTION OF MISCONDUCT OR AS A DOCTOR WHO WAS ADMINISTERING TREATMENT.

THIS DRAWS AN INFERENCE TO THE ISSUE THAT DR. FOSTER INDEED DOES HAVE KNOWLEDGE THAT THE PLAINTIFF COMPLAINED OF BEING VIOLATED AND RECEIVING INJURIES;

FOR THE FOREGOING REASONS THE PLAINTIFF HEREBY ASKS THIS HONORABLE COURT TO DENY THE POINTS RAISED BY THE DEFENDANTS.

DATE: 7/6/06

Jimmie Lewis
SBI #506622
DEL. CORR. CENTER
1181 PADDOCK. RD
SMYRNA, DELAWARE
19977

## CERTIFICATE OF SERVICE

I, JIMMIE LEWIS, THE UNDERSIGNED PLAINTIFF HEREBY CERTIFY ON THIS ___6TH___ DAY OF __7/06__, THAT I DID FILE A TRUE AND CORRECT COPY OF THE "REPONSE TO DEFENDANTS BRIAN JOHNSON, DAVID MOFFETT, LANCE SABERS, AND ROBERT BRAY'S ANSWER TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT," WITH THE CLERK OF THE COURT USING CM/ECF WHICH WILL SEND NOTIFICATION OF SUCH FILING TO THE FOLLOWING; THAT I HAVE MAILED BY UNITED STATES POSTAGE TO THE FOLLOWING:

GREGORY E. SMITH ID NO 3869
DEPUTY ATTORNEY GENERAL
820 N. FRENCH ST, 7TH FLOOR
WILMINGTON, DELAWARE 19801

U.S DISTRICT COURT (GMS)
844 N. KING ST, LOCKBOX 18
WILMINGTON, DELAWARE 19801

DATE: 7/6/06

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DELAWARE
19977



IM Jimmie Lewis
SBI# 506622 UNIT D-U-2, BUO 23
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S DISTRICT COURT CLERK (GMS)
J. CALEB BOGGS FEDERAL BUILDING
844 N. KING ST, LOCKBOX 18
WILMINGTON, DELAWARE
19801