```
                    SUPERIOR COURT CRIMINAL DOCKET                    Page
                          ( as of  05/27/2005 )

State of Delaware v.  JIMMY LEWIS                              DOB: 12/25/196
State's Atty: BRIAN J ROBERTSON , Esq.          AKA:
Defense Atty: JOHN S EDINGER , Esq.


         Event
No.      Date           Event                                    Judge
----------------------------------------------------------------------------
 37      05/13/2004
            PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
            SUBMITTED BY:  DONALD NAPOLIN, MENTAL HEALTH SUPERVISOR
            AND ORDER REQUESTING DEFENDANT BE TRANSFERED TO MITCHELL BUILDING
            GRANTED BY JUDGE TOLIVER ON 5-13-04
 38      05/14/2004
            DEFENDANT'S LETTER FILED.
            LETTER REGARDING NAMES AND PLACE EMPLOYMENT OF BAILIFF'S WHO PROVIDED
            COURT ON 10/21 10/23 FOR A WRIT OF MANDAMUS TO BE FILED.
            *SEE FULL LETTER IN FILE.
(40)     06/16/2004
            LETTER FROM DIANNE STACHOWSKI TO JUDGE TOLIVER, REQUESTING DEFT
            BE TRANSFERED BACK TO DOC.
 39      06/28/2004
            PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
            SUBMITTED BY:  SYLVIA FOSTER MD
            COPY SENT TO ATTORNEY AND JUDGE TOLIVER
(41)     06/29/2004
            LETTER FROM DIANNE STACHOWSKI TO JUDGE TOLIVER REQUESTING DEFENDANT
            BE TRANSFERRED BACK TO DOC.
 42      07/06/2004
            LETTER FROM COMMISSIONER WHITE TO COUNSEL GIVING THEM 10 DAYS TO
            REQUEST A COMPETENCY HEARING AND INFORMING OF THE SENTENCING DATE
            OF 8-27-04 AT 9:30 WITH JUDGE TOLIVER.
 43      07/19/2004
            MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER FILED.
            BY BRIAN J ROBERTSON,DAG
            MOTION PUT IN FILE TO BE HEARD AT SENTENCING
 44      07/26/2004
            PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
            COPY RECEIVED FROM DEFENDANT LEWIS
            SEALED BY ORDER OF SUPERIOR COURT
 45      08/02/2004
            CONTINUANCE REQUEST FILED BY J EDINGER - GRANTED PER JUDGE ABLEMAN
            (SENTENCING)
 46      08/09/2004
            MOTION TO DISMISS COUNSEL FILED PRO SE.  REFERRED TO JUDGE ABLEMAN
 47      08/17/2004
            MOTION FOR COMPETENCY HEARING FILED PRO SE.  REFERRED TO JUDGE ABLEMAN
 48      08/17/2004
            MOTION FOR DISCOVERY FILED PRO SE. REFERRED TO JUDGE ABLEMAN
 49      08/20/2004                                           ABLEMAN PEGGY L.
```

45

Initially, Mr. Lewis was prescribed no psychotropic medication, as there was no evidence of a mood disorder, and no evidence of psychosis. However, Seroquel was begun after it became evident that Mr. Lewis had difficulty managing his anger, and controlling his impulses.

## CURRENT MENTAL STATUS EXAM:

Mr. Lewis presented with shaved head, and was appropriately dressed. He was cooperative, and able to sit quietly for the examination with no abnormal motor activity. His speech was normal in rate, tone and volume, and there was no evidence of loud, pressured speech. He stated that his mood was "sensitive, and easily irritated." His affect was full range. His thought processes, assessed by the verbalizations of his thoughts and feelings, were goal directed; there was no evidence of loosening of associations or tangentiality. His thought content displayed no delusions. He was not thinking about suicide, although he maintained that he had been thinking about it. "But I don't really want to do it." He was not thinking about hurting others, and stated, "I'm not on the defensive unless there's a reason." He denied obsessions, compulsions, racing thoughts, paranoia, delusions, special powers, hyper-religiosity, and grandiosity. His cognitive functions were intact grossly. His insight and judgment were considered intact.

## COMPETENCY ASSESSMENT:

Mr. Lewis was presented the questions to the McGarry Criteria as cited in State of Delaware v. Joseph A. Shields, 593 A.2nd, 986 (Del. Super. 1990), p. 1000. Based upon the present examination, Mr. Lewis demonstrated that he does have sufficient present capacity to consult with an attorney with a reasonable degree of rational understanding of court procedures. He is fully able to understand the nature of the proceedings against him, to give evidence in his own defense and to instruct counsel on his behalf.

It should be noted that Mr. Lewis handed out a highly articulate, well-written explanation of his actions on the day of the alleged crime. It reveals a high level of education and intelligence, and highlights his excellent ability to give evidence in his own defense and to instruct counsel on his behalf.

## DIAGNOSIS:[1]

|         |                                                                                  |
|---------|----------------------------------------------------------------------------------|
| Axis I:   | Malingering; Alcohol Abuse; History of Conduct Disorder                        |
| Axis II:  | Antisocial Personality Disorder                                                |
| Axis III: | Hypertension                                                                   |
| Axis IV:  | Psychosocial and Environmental Problems: Incarceration                         |
| Axis V:   | Global Assessment of Functioning (GAF) Scale (1 – 100): 50                     |
|           | Serious impairment in social and occupational functioning                      |

---

[1] American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision. Washington, DC, American Psychiatric Association, 2000.

Forensic Psychiatric Evaluation: Jimmy Lewis       10 June 2004, Page 6 of 6

OPINION:

The opinions expressed in this report are held with a reasonable degree of medical certainty, and are based upon the direct examination of Mr. Lewis, the observations reported by staff and therapists on the Forensic Unit, and the previous reports and records available for review. These opinions are subject to change if additional information or records become available.

    Assessment:

The essential feature of Malingering is the intentional production of false or grossly exaggerated physical or psychological symptoms, motivated by external incentives such as getting out of prison into a psychiatric unit. Malingering should be strongly suspected in the presence of Antisocial Personality Disorder.

Mr. Lewis demonstrated no evidence of a mood disorder or psychosis during his admission to DPC, and it is not likely that he ever had Schizophrenia or any other chronic psychotic disorder.

SUMMARY OF OPINIONS AND RECOMMENDATIONS:

1.  Mr. Lewis is psychiatrically stable and can be returned to prison.

2.  It is my opinion that Mr. Lewis is competent to stand trial.

3.  It is my opinion that, as in the case of many people with Antisocial Personality Disorder, Mr. Lewis may need to remain on his medication to help with anger management and impulse control

4.  Any threats made by Mr. Lewis to harm himself or others should be taken seriously as he is highly manipulative and will stop at little to obtain his goals.

*[signature]*

Sylvia Foster, M.D.
Forensic Psychiatrist