IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1350-GMS |
| | ) | |
| DR. SYLVIA FOSTER, et al., | ) | |
| | ) | |
| Defendants. | ) | Trial by Jury Demanded |

DEFENDANTS' (JOHNSON, SAGERS, GRAY AND MOFFETT)
MOTION FOR PROTECTIVE ORDER

COME NOW, Defendants Johnson, Sagers, Gray and Moffett, by the undersigned, and hereby move this Honorable Court for a protective order pursuant to Federal Rule of Civil Procedure 26 (c). In support of this motion, Defendants offer the following:

1. Plaintiff Jimmie Lewis is an inmate in the custody of the Department of Correction ("DOC") presently incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

2. On August 9, 2006, Lewis filed a "motion to depose defendants and witnesses." (D.I. 76). In this motion, Lewis seeks to depose the 5 named defendants, as well as 14 additional witnesses, on October 11, 2006. Subpoenas may only be served on non-parties. FED. R. CIV. P. 45(b)(1). Defendants, however, have treated the subpoenas directed to them as notices of deposition, and are not requesting that this Court deny Plaintiff's request on an hyper-technical or overly formalistic application of the Federal Rules of Civil Procedure.

3. Federal Rule of Civil Procedure 26(b)(2)(i) places limits on "discovery sought [that] is

obtainable from some other source that is more convenient." The Rule goes on to provide that when "the burden or expense of proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues," the Court may further limit discovery requests. FED. R. CIV. P. 26(b)(2)(iii).

4. Defendants Johnson, Sagers, Gray, and Moffett will respond to any written requests for admission or written interrogatories submitted by Lewis. Given Lewis' *in forma pauperis* status, it is clear that he would not be able to hire a court reporter for the depositions that he desires. Lewis can obtain much of the same information that he seeks from the defendants through interrogatories and requests for admission without the costs associated with depositions and without the transportation and security issues raised by his request to travel to the federal courthouse.

5. Defendants have already provided responses to Lewis' "motion for discovery," as well as substantial document production. Lewis' subpoena requests are not necessary to his ability to conduct discovery against the above-defendants to proceed with his excessive force claim.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/_____
Gregory E. Smith, ID No. 3869
Deputy Attorney General
820 North French Street, 6th Floor
Carvel State Building
Wilmington, Delaware 19801
(302) 577-8398
Attorney for Defendants Johnson,
Moffett, Sagers, and Gray

Dated: September 15, 2006