IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS,

- VS -    CA NO. 04-1350 (GMS)

DR. SYLVIA FOSTER, ET AL.



PLAINTIFF'S MOTION FOR DISCOVERY # V

---

COMES NOW, THE PLAINTIFF JIMMIE LEWIS, PRO-SE AND SUBMITS THE MOTION FOR DISCOVERY, IN ACCORDANCE TO THE HONORABLE COURTS COURT ORDER FOR DISCOVERY INFORMATION, AND ASSERTS THE FOLLOWING IN ORDER TO OBTAIN THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH IN THIS CASE.

DATE: 10/17/06

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

1.) The plaintiff seeks to present the truth, the whole truth, and nothing but the truth to the honorable court, in order to ensure that justice is mutually served in accordance to the plaintiff's U.S.CA rights, as well as in accordance to the defendants U.S.CA rights. Therefore, Mr. Moffitt, R. Gray, Sagers, and Mr. Johnson, your May 31, 2006 answers to the plaintiffs second amended complaint, numbers (2), (4), and (5) of the said complaint, i.e., denied, are viewed as insufficient and evasive, and gives reason for the plaintiff hereby requesting specific details of your individual discriptions of exactly what happened, as stated in numbers (2), (4) and (5) of the plaintiffs second amended complaint.

2.) During African studies group at the D.P.C., Florence S. Cobb, Rose Ares and Pat Riley witnessed a patient (name unknown), jump up and attempted to assult me and blurted out several offensive statements directed to me. Due to the patients actions, he was placed in seclusion, (4) point restrained and injected with psychotropic drugs. Questions, what was the patients name, what date did this incident happen, and what was he given psychotropic drugs for.

3.) Provide a photo copy of the insurance policy that the D.P.C utilizes for its staff.

4) The plaintiff seeks to present the truth, the whole truth, and nothing but the truth to the Honorable court, in order to ensure that justice is mutually served in accordance to the plaintiff's U.S.C.A rights, as well as in accordance to the defendants U.S.C.A rights. Therefore, Dr. Foster, because your June 15, 06 answers to the plaintiff's second amended complaint, number's 1-8 of said complaint, i.e, denied, are viewed as insufficient and evasive, and gives reason for the plaintiff hereby requesting specific details of your discription of exactly what happened as stated in numbers 1-8 of the plaintiff's second amended complaint.

5.) Is it indeed correct that Helen Hanlon stoped all the patients on the plaintiff side of Mitchell building, then openly accused the plaintiff of stealing a patient name Tyree's money, i.e., (I quote, because Mr. Lewis doest have money, unquote.) But about (15) minutes there after, Tyree found his money exactly where he left it before he went to the shower, in his shoe.

6.) DR. FOSTER DID YOU PLAYGIARIZE THE INFORMATION YOU NOTED ABOUT THE PLAINTIFF IN YOUR JUNE 10, 04 FORENSIC REPORT, UNDER THE TITLE "CURRENT MENTAL STATUS EXAM", FROM ANNEBEL LEE FIELDS MAY 24, 04 TP 3 PSYCHOLOGICAL ASSESSMENT, IF YES, WHY DIDN'T YOU PERSONALLY EXAMINE THE PLAINTIFF YOUR SELF, BEFORE YOU AUTHORED YOUR REPORT.

7.) IS IT CORRECT THAT MARGRET WILSON NOTED THAT THE PLAINTIFF REQUESTED A PRINTOUT OF SIDE EFFECTS.

8.) IS IT CORRECT THAT THE PLAINTIFF WAS MOVED TO ROOM 71 ON 5/23/04, AFTER REPORTING TO N.A PAT RILEY THAT HIS ROOM MATE WAS MASTERBATING IN PLAIN VIEW.

9.) DID DR. FOSTER NOTE THE PLAINTIFF REPORTING THAT HE WAS ASSULTED ON OR ABOUT 6/3/04 BY A PATIENT NAMED "TIM", IF YES, WHEN DID THE PLAINTIFF GET CHECKED FOR THE INJURIES HE REPORTED BY THE PHYSICIAN.

10.) ON OR ABOUT 5/27/04, DID THE PLAINTIFF REPORT WHAT HE THOUGHT TO BE SIDE EFFECTS OF PSYCHOTROPIC DRUGS TO R. GRAY AND FLORENCE S. COBB.

11.) Provide photo copies of the D.P.C register when a D.P.C patient has to sign for legal mail, dating from 5/21/04 thru 6/25/04 (Mitchell Building only).

12.) Was the plaintiff ever involved with an incident at the O.P.C, were he claimed he was being denied his legal mail, if yes, discribe the incident.

13.) What is an overdose of Ativan, for 235 lbs.

14.) What is an overdose of Geodon, for 235 lbs.

15.) What is an overdose of Haldol, for 235 lbs.

16.) How long does it take to conduct a competency evaluation, discribe the scenerio's of the various amounts of different times it takes.

17.) If a person is reported to have become mentally ill after incarceration, does it mean that that person is malingering, if no, state why.

18.) If a person is reported to have become mentally ill after incarceration, does it mean that that person has a mental health history, if yes, state why.

19.) WHAT IS THE D.P.C STAFFS COURSE OF ACTION WHEN THEY HAVE DEEMED THAT A PATIENT IS PSYCHOTIC.

20.) WHAT IS THE D.P.C STAFF COURSE OF ACTION WHEN THEY HAVE DEEMED THAT A PATIENT IS PSYCHOTIC, A DANGER TO HIMSELF AND OTHERS.

21.) IS IT POSSIBLE FOR THE INVOLUNTARY ADMINISTRATION OF PSYCHOTROPIC DRUGS TO CAUSE ANTISOCIAL BEHAVIOR, IF NO, STATE WHY.

22.) IS IT POSSIBLE FOR THE INVOLUNTARY ADMINISTRATION OF PSYCHOTROPIC DRUGS TO CAUSE AGGRESSIVE BEHAVIOR, IF NO, STATE WHY.

23.) ON 6/3/04 AT LUNCH TIME, WAS THE D.P.C PATIENT NAMED "TIM" PUT IN SECLUSION AND GIVEN PSYCHOTROPIC DRUGS AFTER HE ALLEGEDLY ASSAULTED THE PLAINTIFF IN THE DINNING HALL.

24.) WHAT ARE THE DATES FLORENCE S. COBB CONDUCTED HER AFRICAN STUDIES GROUP, BETWEEN DATES 5/21/04 THRU 6/25/04.

25.) WHEN A PATIENT IS AGGRESSIVE AND ASSULTIVE TOWARDS STAFF AND OTHER PATIENTS, CAN IT BE DEEMED NECESSARY TO ASSIGN ONE OR TWO ATTENDANTS TO MONITOR HIS BEHAVIOR 24 HOURS A DAY, IF YES, WERE ONE OR TWO ATTENDANTS ASSIGNED TO MONITOR THE PLAINTIFFS BEHAVIOR 24 HOURS A DAY.

26.) WHAT DATE WAS THE PLAINTIFF CHECKED AND OR RECEIVED THERAPY FROM THE TEAM PSYCHOLOGIST AFTER HE REPORTED BEING ASSULTED BY THE PATIENT NAMED "TIM", AND PROVIDE WHAT THE TEAM PSYCHOLOGIST STATED TO THE PLAINTIFF ABOUT THE ALLEGED INCIDENT.

27.) DOES A HYPERDERMIC NEEDLE UTILIZED TO INJECT PSYCHOTROPIC DRUGS, BREAK THE SKIN IN A WAY THAT PEOPLE FIND IT PAINFUL.

28.) DOES A HYPERDERMIC NEEDLE UTILIZED TO INJECT PSYCHOTROPIC DRUGS, PENETRATE MUSCLE; IF NOT, STATE WHY NOT.

CERTIFICATE OF SERVICE

I, THE UNDERSIGNED PLAINTIFF JIMMIE LEWIS DUE HEREBY CERTIFY ON THIS 17TH, DAY OF OCT, 2006, THAT I DID MAIL ONE TRUE AND CORRECT COPY OF THE PLAINTIFF'S MOTION FOR DISCOVERY #V BY U.S POSTAL TO THE FOLLOWING:

CLERK OF THE COURT (GMS)
U.S DISTRICT COURT
J. CALEB BOGGS FEDERAL BUILDING
844 N. KING ST, LOCKBOX 18
WILM, DE 19801

CYNTHIA G. BEAM ESQ
1001 JEFFERSON PLAZA, SUITE 202
WILM, DE 19801

GREGORY E. SMITH
DEPUTY ATTORNEY GENERAL
820 N. FRENCH ST, 7TH FL.
WILM, DE 19801

DATE: 10/17/06

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

I/M Jimmie Lewis
SBI# 506622 UNIT BLD 17, C-U-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



CLERK OF THE COURT (GMS)
U.S DISTRICT COURT
844 N. KING ST, LOCKBOX 18
WILMINGTON, DELAWARE
   19801