IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS,

- VS -

CA. NO. 04-1350 (GMS)

DR. SYLVIA FOSTER, ET AL.

PLAINTIFF'S MOTION FOR DISCOVERY # VIII

---

COMES NOW, THE PLAINTIFF JIMMIE LEWIS PRO-SE AND SUBMITS THIS MOTION FOR DISCOVERY, IN ACCORDANCE TO THE HONORABLE JUDGE GREGORY M. SLEET'S JULY 28, 06 COURT ORDER, IN ORDER TO OBTAIN THE TRUTH, THE WHOLE TRUTH AND NOTHING BUT THE TRUTH IN THIS CIVIL MATTER, AND ASSERTS THE FOLLOWING:

DATE: 11/1/2006

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

1.) On June 4, '04 the plaintiff signed a patient participation form stating that the D.P.C master treatment plan dated June 3, 04 was explained to the plaintiff by members of the D.P.C treatment team. Question, Does said master treatment plan give the authority to administer psychotropic drugs.

2) Was Dr. Foster present when the plaintiff signed the June 4, 04 D.P.C master treatment plan acknowledgement form, if yes, why didn't Dr. Foster acknowledge her presence with her signature.

3) Dr. Foster the PRN medicine administration sheet notes aggitation as being the reason the plaintiff was involuntarily administered psychotropic drugs dating from 5/26/04 to 6/24/04, do you admit to having knowledge of this.

4) Were the defendants, Gray - Sager's - Moffet and Johnson ever involved in any other incident (besides the 6/14/04 incident cited in the plaintiff's second amended complaint) that resulted in report(s), and or the plaintiff's actions being noted in the D.P.C progress notes, if yes, provide the details of said incident, witnesses, as well as photocopies of said notes.

5) Defendants, provide a photo copy of the Plaintiff's signed informed consent for anti-psychotic medication for the D.P.C

6) While the Plaintiff was at the H.R.Y.C.I, according to F.C.M Mental Health Staff notes, is it correct that the Plaintiff was refusing the psychotropic's prescribed to him by the psychiatrist at the H.R.Y.C.F. Dr. Joshi.

7) While the Plaintiff was at the D.P.C, is it correct that the Plaintiff refused the psychotropic drug Effexor, if yes, state the reason noted for the Plaintiff's said refusal.

8) Does the June 3, 04 D.P.C treatment plan note that the Plaintiff reported experiencing paranoid delusions, as well as both auditory and visual hallucinations, if yes, does this fact contridict statement noted in Dr. Foster's forensic report authored just (7) days thereafter; if no, state why not.

9.) On 6/20/04 the plaintiff filed a grievance at the D.P.C regarding the 6/14/04 incident stated in the plaintiff's second amended complaint involving Mr. R. Gray, et al.; The response was that the incident was being investigated. On 6/25/04 the defendants abruptly transferred the plaintiff back to the D.O.C without an official court order being filed with the N.C.C superior court prothonotary clerk and docketed on the plaintiff's S.ct criminal docket sheet. Question, do the defendants view the aforementioned events as stated, as the plaintiff's custodians preventing him from completing the grievance process, if no, state why.

10) On 6/24/04 the plaintiff repeatedly stated that he was going to sue the defendants for injuries and U.S.CA violations. On 6/25/04 the defendants abruptly transferred the plaintiff back to the D.O.C without an official court order from a commissioner and or superior court judge being filed with the N.CC superior court prothonotary clerk and docketed on the plaintiff's S.ct criminal docket sheet granting the defendants the due process judicial authority. Question, in the defendants opinion, can this be construed to define that the plaintiff's custodians prevented the plaintiff from exhausting his administrative remedies under the PLRA and the Mental Health Patients Bill of Rights available to the plaintiff only at the D.P.C, if no, state your claim and the judicial reason in support thereof.

11.) DEFENDANTS, DISCRIBE THE SCENERIO OF THE PLAINTIFF'S ALLEGED BEHAVIOR ON 6/6/04 THAT CALLED FOR THE D.P.C MEDICAL STAFF TO DEFINE THE PLAINTIFF AS AGGITATED?

12) DEFENDANTS, DISCRIBE THE SCENERIO OF THE PLAINTIFF'S ALLEGED BEHAVIOR ON 6/13/04 THAT CALLED FOR THE D.P.C MEDICAL STAFF TO DEFINE THE PLAINTIFF AS AGGITATED?

13) DEFENDANTS, DISCRIBE THE SCENERIO OF THE PLAINTIFF'S ALLEGED BEHAVIOR ON 6/14/04 AT OR ABOUT 8:00 PM, THAT CALLED FOR THE D.P.C MEDICAL STAFF TO DEFINE THE PLAINTIFF AS AGGITATED?

14) DEFENDANTS, DISCRIBE THE SCENERIO OF THE PLAINTIFF'S ALLEGED BEHAVIOR ON 6/14/04 AT OR ABOUT 11:00 PM, THAT CALLED FOR THE D.P.C MEDICAL STAFF TO DEFINE THE PLAINTIFF AS AGGITATED?

15) DEFENDANTS, DISCRIBE THE SCENERIO OF THE PLAINTIFF'S ALLEGED BEHAVIOR ON 6/21/04 THAT CALLED FOR THE D.P.C MEDICAL STAFF TO DEFINE THE PLAINTIFF AS AGGITATED?

16) DEFENDANT, THE HONORABLE JUDGE GREGORY M. SLEET'S JULY 5, 06 AMENDED MEMORANDUM STATES THAT THE PLAINTIFF'S HAS STATED CLAIM FOR CIVIL AND BATTERY UNDER DELAWARE LAW, DO YOU HAVE ANY CONTENTIONS REGARDING JUDGE SLEET'S RULING AS STATED, IF YES, STATE YOUR CLAIM AND THE JUDICIAL REASON WHY IN SUPPORT THEREOF.

17) WOULD THE DEFENDANTS OBJECT TO THE PLAINTIFF SUBMITTING THE ANSWERS TO HIS MOTIONS FOR DISCOVERY INTO EXHIBIT FOR THE JURY TO REVIEW, IF YES, STATE YOUR CLAIM WHY AND THE JUDICIAL REASON WHY IN SUPPORT THEREOF.

18) DEFENDANTS, THE HONORABLE JUDGE GREGORY M. SLEET'S JULY 5, 06 AMENDED MEMORANDUM STATES THAT THE PLAINTIFF HAS STATED CLAIMS AGAINST DR. FOSTER AND GRAY UNDER SECTION 1983, DO YOU HAVE ANY CONTENTIONS REGARDING JUDGE SLEET'S RULING AS STATED, IF YES, STATE YOUR CLAIM AND THE JUDICIAL REASON WHY IN SUPPORT THEREOF.

19) DEFENDANTS, THE HONORABLE JUDGE GREGORY M. SLEET'S JULY 5, 06 AMENDED MEMORANDUM STATES THAT THE PLAINTIFF HAS SUFFICIENTLY STATED CLAIM THAT DR. FOSTER'S ORDER TO HAVE HIM INJECTED WITH PSYCHOTROPIC MEDICATION AGAINST HIS WILL VIOLATES HIS FOURTEENTH AMENDMENT RIGHTS, DO YOU HAVE ANY CONTENTIONS REGARDING JUDGE SLEET'S RULING AS STATED, IF YES, STATE YOUR CLAIM AND THE JUDICIAL REASON WHY IN SUPPORT THEREOF.

20) Defendants, the Honorable Judge Gregory M. Sleet's July 5, 06 Amended Memorandum states that the plaintiff has sufficiently stated a claim that Dr. Foster's order to have him restrained and injected with anti-psychotic medicines violates his E16th Amendment right to be free from cruel and unusual punishment, do you have contentions regarding Judge Sleets ruling as stated? If yes, state your claim and the judicial reason why in support thereof.

21) Defendants, the Honorable Judge Gregory M. Sleet's July 5, 06 Amended Memorandum states that the plaintiff has sufficiently stated claim that Gray used excessive force against him, thereby violating his Eighth Amendment right to be free from cruel and unusual punishment, do you have any contentions regarding Judge Sleets ruling as stated? If yes, state your claim and the judicial reason why in support thereof.

22) Defendants, the Honorable Judge Gregory M. Sleet's July 5, 06 Amended Memorandum states that 42 USC § 1997e does not bar the plaintiff from recovery for alleged constitutional violations, do you have any contentions regarding Judge Sleets ruling as stated, if yes, state your claim and the judicial reason why in support thereof.

23) Do the defendants have a contract with the plaintiff's signature, stating that the plaintiff acknowledged waiving his rights to sue.

24.) DEFENDANTS, DR. FOSTER NOTES IN HER JUNE 10, 04 FORENSIC REPORT UNDER THE TITLE "BACKGROUN INFORMATION" THAT DR. JOSHI DISCRIBED MR. LEWIS ON (27 MAY 2003) AS PSYCHOTIC AND DELUSIONAL, A DANGER TO SELF AND OTHERS, REFUSING TO TAKE MEDICATION. HE HAD ASSAULTED A CORRECTIONAL OFFICER AND WAS TRANSFERRED TO THE INFIRMARY. MR. LEWIS WAS DISCRIBED AS SAYING I CAN'T DISTINGUISH BETWEEN RIGHT AND WRONG. I AM HEARING VOICES TELLING ME TO HURT MYSELF, AND IM SEEING SHADOWS. MAY 27, 2003 IS THE DAY AFTER THE PLAINTIFF'S ARREST ON MAY 26, 2003. THE PLAINTIFF WAS PSYCHOLOGICLY ASSESSED BY DR. JOSHI LESS THAN 24 HOURS AFTER THE ARRESTING OFFICERS, OFFICES GODWIN AND SANTANA TRANSFERRED HIM TO THE INFIRMARY. (SEE THE WILM POLICE DEPT ASSESSMENT RECEIPT). AS NOTED IN ANNEBEL LEE FIELDS TP3 PSYCHOLOGICAL ASSESSMENT DATED MAY 24, 2004 (SEE ATTACHED AS EXHIBIT), THE PLAINTIFF EXPLAINED THAT THE OFFICERS NAMES REMINDED HIM OF GOD AND SATAN, ALSO BELIEVING HE WAS IN A STRUGGLE BETWEEN GOOD AND EVIL BECAUSE OF THESE OFFICERS. QUESTION, DUE THE FACTS AS STATED HEREIN, VALIDATE THE PLAINTIFFS CLAIM THAT DR. FOSTERS JUNE 10, 04 FORENSIC REPORT SHOULD NOT BE JUDICIALLY RELIED UPON BY A COURT FOR THE PURPOSE OF DETERMINING HIS COMPETENCY, BECAUSE IT CONTAINS TO MANY DETRIMENTAL ERRORS.

25.) DEFENDANTS, DISCRIBE THE SCENERIO OF THE PLAINTIFF'S ALLEGED BEHAVIOR ON 6/22/04 THAT CALLED FOR THE D.P.C MEDICAL STAFF TO DEFINE THE PLAINTIFF AS AGGITATED?

26.) DEFENDANTS, DISCRIBE THE SCENERIO OF THE PLAINTIFF'S ALLEGED BEHAVIOR ON 6/22/04 THAT CALLED FOR THE D.P.C MEDICAL STAFF TO DEFINE THE PLAINTIFF AS SEVERELY AGGITATED?

27.) Do the defendants think a psychologically competent and emotionally stable person, who has not been deemed a danger to self or others, would and or could become aggitated if that said person was involunarily administered psychotropic drugs introveineously against their will, if no, state why no.

28.) Dr. Foster can a licenced registered nurse give a person and or patient PRN of psychotropic drugs without a psychiatrist's order.

29.) If the mental health treatment of psychotropic drugs suppose to be followed up with psychotherapy, why was the plaintiff transferred back to the D.O.C on 6/25/2004 after being injected with psychotropic drugs on 6/13-14-21-22-24/04.

30.) During the plaintiff's stay at the D.P.C dating from 5/21/04 to 6/25/04, did Dr. Foster have the authority to order the use of force.

31.) If a patient at the DPC slides his food tray of the table, and said food tray hits the wall, and if said patient is not deemed psychotic, what would the D.P.C medical staff's course of action be for said incident.

32.) WAS DR. FOSTER PROVIDED WITH A PHOTO COPY OF THE PLAINTIFF'S CRIMINAL STATUS SHEET.

33.) PROVIDE A PHOTOCOPY OF, R. GRAY'S, D. MOFFETT, HELEN HANLON, MARGRET WILSON, TONYA WILSON, KAREN CHAMBLIN, DONNA LAURENCE, B. JOHNSON, DR SYLVIA FOSTER, FLORENCE S. COBB, DR KATHRYN SHENEMAN, DR. SHETH, CURTIS CORNISH, DIANE STACHOWSKI'S, D.P.C EMPLOYEE'S CONTRACT IN ORDER TO SPECIFICLY IDENTIFY EACH EMPLOYEE'S JOB DUTIES AND OR CRITERIA.

34.) AT THE D.P.C ON 6/13/2004 WHO WAS THE PERSON OR PERSONS SAFETY THAT WAS PUT IN JEOPARDY BY THE PLAINTIFF, DISCRIBE THE SAID INCIDENT, AND WHO WITNESSED THE ALLEGED INCIDENT.

35.) DR. FOSTER, DUE TO THE D.P.C MEDICAL STAFF WORKING AS A TEAM, NAME THE D.P.C STAFF MEMBERS WHO YOU NOTIFIED THAT YOU DIAGNOSED THE PLAINTIFF AS MALINGERING DURING THE PLAINTIFF'S STAY AT THE D.P.C DATING FROM 5/21/04 TO 6/25/04.

36.) DEFENDANTS, PROVIDE THE D.P.C INCIDENT REPORTS INVOLVING THE PLAINTIFF FOR DATES 6/13-14 AT 8:00 PM - 14 AT 11:00 PM - 21-22-24/04, FOR WHICH SHOULD NOTE THE STATUS, LOCATION, TYPE OF INCIDENT, PRECAUTIONS, DISCRIPTION OF INCIDENT, DATE, TIME OF INCIDENT, NOTIFICATIONS, PHYSICIANS REPORT, SEVERITY OF INJURY, FAMILY GUARDIAN NOTIFIED, NURSE IN CHARGE, SUPERVISORS SIGNATURE, UNIT DIRECTOR/TREATMENT TEAM REVIEW - FINDINGS - ACTIONS - RECOMMENDATIONS, THE UNIT DIRECTOR'S SIGNATURE - DATE + TIME.
IF THE PLAINTIFF WAS ACTUALY INVOLVED IN ANY INCIDENT AT THE D.P.C, THIS FORM IS SUPPOSE TO BE ABLE TO HELP IDENTIFY WHAT IS SAID TO HAVE HAPPENED.
( SEE ATTACHED INCIDENT FORM AS EXHIBIT )

37.) DR. FOSTER, AS A FORENSIC PSYCHIATRIST, HOW MUCH WERE YOU PAYED FOR ONE HOUR WAGE WHILE EMPLOYEED AT THE D.P.C

38.) DR. FOSTER, IS A FORENSIC PSYCHIATRIST SUPPOSE TO DO RESEARCH TO VALIDATE INFORMATION, IF NO, STATE WHY NO?

39.) DR. FOSTER. WHAT WAS AND OR IS YOUR YEARLY WAGES WHILE EMPLOYEED AT THE D.P.C

CERTIFICATE OF SERVICE

I, THE UNDERSIGNED PLAINTIFF JIMMIE LEWIS DUE HEREBY CERTIFY ON THIS **1ST** , DAY OF **NOV** , 2006, THAT I DID MAIL BY U.S POSTAL ONE TRUE AND CORRECT COPY OF THE PLAINTIFF'S MOTION FOR DISCOVERY # **VIII** TO THE FOLLOWING:

CLERK OF THE COURT (GMS)
UNITED STATES DISTRICT COURT
J-CALEB BOGGS FEDERAL BUILDING
844. N. KING ST, LOCKBOX 18
WILMINGTON, DELAWARE 19801

CYNTHIA G. BEAM ESQ
1001 JEFFERSON PLAZA, SUITE 202
WILMINGTON, DELAWARE 19801

GREGORY E. SMITH
DEPUTY ATTORNEY GENERAL
CARVEL STATE BUILDING
820 N. FRENCH ST, 7TH FL.
WILMINGTON, DELAWARE 19801

DATE: 11/1/2006

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DELAWARE 19977

I/M Jimmie Lewis
SBI# 506622 UNIT C-U-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



Clerk of the Court (GMS)
United States District Court
844 N. King St, Lockbox 18
Wilmington, Delaware
19801

