IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS,

— VS —

DR. SYLVIA FOSTER, ET AL.

CA. NO. 04-1350 (GMS)

FILED
2006 NOV -2 PM 4:
To be Scanned
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PLAINTIFF'S AMENDED RESPONSE TO DEFENDANTS
BRIAN JOHNSON, DAVID MOFFETT, LANCE SAGER'S AND
ROBERT GRAY'S ANSWER TO THE PLAINTIFF'S
SECOND AMENDED COMPLAINT

COMES NOW, THE PLAINTIFF JIMMIE LEWIS PRO-SE AND
SUBMITS HIS AMENDED RESPONSE TO DEFENDANTS BRIAN-
JOHNSON, DAVID MOFFETT, LANCE SAGER'S AND ROBERT GRAY'S
ANSWER TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT, AND
HEREBY GIVES NOTICE THAT HE INTENDS TO RELY UPON SUCH OTHER
AND FURTHER AFFIRMATIVE DEFENSES WHICH BECOME AVAILABLE
OR APPARENT DURING PRE-TRIAL DISCOVERY OR LITIGATION —
PROCEEDINGS IN THIS ACTION AND HEREBY RESERVES THE RIGHT
TO ASSERT ANY SUCH AFFIRMATIVE DEFENSE WHICH ARE
INCORPORATED BY REFERENCE AND MADE A PART HERE OF AS
THOUGH SET FORTH FULLY HEREIN, AND ASSERTS THE FOLLOWING
IN SUPPORT THEREOF:

DATE: 11/1/06

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

1.) THE PLAINTIFF IN THIS CASE JIMMIE LEWIS SEEKS TO PRESENT THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH TO THE HONORABLE JUDGE GREGORY M. SLEET, IN ORDER TO ENSURE THAT JUSTICE IS SERVED FULL AND FAIR IN ACCORDANCE TO THE PLAINTIFFS U.S.C.A RIGHTS, AS WELL AS IN ACCORDANCE TO THE DEFENDANTS U.S.C.A RIGHTS.

THEREFORE, BECAUSE THE DEFENDANTS JOHNSON, MOFFETT, SAGERS AND GRAY ANSWERS TO THE PLAINTIFFS SECOND AMENDED COMPLAINT, NUMBERS 2, 4, AND 5 OF NUMBERS 1 THRU 8 OF THE SAID COMPLAINT, i.e,- "DENIED" ARE INSUFFICIENT AND EVASIVE, THE PLAINTIFF HEREBY REQUEST THAT THE HONORABLE COURT NOT TAKE THE DEFENDANTS ANSWERS AS EVIDENCE AGAINST THE PLEADINGS STATED IN HIS COMPLAINT, WHEN A DECISION IS RENDERED IN REGARDS TO THEIR ANSWERS, BECAUSE THE DEFENDANTS HAVE FAILED TO SHOW AND PROVE TO THE COURT THAT THERE IS NO TRIABLE DISPUTE OF MATERIAL FACT REGARDING THE PLAINTIFFS CLAIMS AGAINST THE DEFENDANTS.

2.) THE DEFENDANTS NOTES AS DEFENSE, THAT THE PLAINTIFF HAS FAILED TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

IN RESPONSE; ON JULY 5,06 THE HONORABLE JUDGE GREGORY M. SLEETS SUBMITTED HIS AMENDED MEMORANDUM TO THE LITIGATING PARTIES, STATING THAT THE PLAINTIFF HAS INDEED STATED CLAIMS FOR WHICH RELIEF CAN BE GRANTED AGAINST THE DEFENDANTS.

(SEE THE HONORABLE JUDGE SLEETS JULY 5,06 AMENDED MEMORANDUM PAGES 5-6, AND 15-17 ATTACHED AS EXHIBIT)

3.) THE DEFENDANTS NOTES AS DEFENSE, THAT THE PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES, UNDER THE PRISON LITIGATION REFORM ACT 42 USC 1997e, AND THE MENTAL HEALTH PATIENTS BILL OF RIGHTS 16 DEL-C § 5161(c).

IN RESPONSE, ON 6/24/2004 THE PLAINTIFF REPEATEDLY STATED THAT HE WAS GOING TO SUE THE DEFENDANTS AS NAMED IN THE PLAINTIFF'S SECOND AMENDED COMPLAINT, AND IN RESPONSE, THE DEFENDANTS ABRUPTLY TRANSFERED THE PLAINTIFF BACK TO THE D.O.C. WITHOUT AN OFFICIAL COURT ORDER FROM A COMMISSIONER AND OR A SUPERIOR COURT JUDGE GRANTING THE JUDICIAL PROCEDURAL DUE PROCESS AUTHORITY TO THE DEFENDANTS, THAT WAS SUBMITTED TO THE CLERK OF THE SUPERIOR COURT OFFICE OF PROTHONOTARY AND DOCKETED. (SEE, THE PLAINTIFF'S S.CT CRIMINAL DOCKET #'S 26, 40 AND 41; SEE, ALSO THE PLAINTIFF'S FIRST AMENDED COMPLAINT # 37.- D.CT DOCKET # 10.)

THEREFORE, THE DEFENDANTS PREVENTED THE PLAINTIFF FROM BEING ABLE TO PROPERLY ADHERE TO THE PLRA AND OR THE MENTAL HEALTH PATIENT BILL OF RIGHTS, DUE TO THE DEFENDANTS SAID ACTIONS.

THEREFORE, THE PLAINTIFF DID EXHAUST HIS ADMINISTRATIVE REMEDIES. SEE, BROWN V. CROAK, 312 F.3d 109, 113 (3RD CIR 2002) AVAILABLE REMEDY MUST BE CAPABLE OF USE OF HAND. MITCHELL V. HORN, 318, F.3d 523, 529, (3RD CIR 2003), A REMEDY THAT PRISON OFFICIALS PREVENT A PRISONER FROM UTILIZING, IS NOT AN AVAILABLE REMEDY UNDER PLRA, MILLER V. NORRIS, 247.F.3d- 736, 740 (8TH CIR 2001). (SEE ALSO, THE HONORABLE GREGORY M SLEET JULY 5, 06 AMENDED MEMO SUBMITTED TO THE LITIGATING PARTIES EXPLAINING EXACTLY WHY THE DEFENDANTS P.L.R.A DEFENSE WILL NOT BE CONSIDERED WITH REGARDS TO THE COURT DISMISSING THE PLAINTIFF'S COMPLAINT - ATTACHED HEREIN AS EXHIBIT.)

NOTE: THE PLAINTIFF DIDN'T ACTUALLY BECOME AWARE THAT HIS CONSTITUTIONAL RIGHTS WERE BEING VIOLATED, UNTIL HE RECEIVED A COPY OF DR. FOSTER'S JUNE 10, 04 FORENSIC REPORT, FOR WHICH NOTES MALINGERING AS THE OVER ALL DIAGNOSIS. THEREFORE, SAID DEFENSE SHOULD NOT BE AVAILABLE TO THE DEFENDANTS.

NOTE: THE PLAINTIFF RECEIVED DR. FOSTER'S FORENSIC REPORT 9/2004

4.) THE DEFENDANTS NOTE AS DEFENSE, THAT THEY ARE ENTITLED TO QUALIFIED IMMUNITY.

IN RESPONSE, DEFENDANTS JOHNSON, MOFFETT, SAGERS, AND GRAY WERE ALL EMPLOYEE'S OF THE D.P.C DURING THE TIME AND DATES DEPICTED IN THE PLAINTIFFS SECOND AMENDED COMPLAINT, IN WHICH IS A STATE AGENCY, THEREFORE THE DEFENDANTS WERE ALL PERSONS ACTING UNDER COLOR OF STATE LAW, HENCE.

UNDER THE DOCTRINE OF QUALIFIED IMMUNITY, STATE OFFICIALS MAY NOT BE SUED IN THEIR INDIVIDUAL CAPACITIES FOR ACTIONS MADE DURING THE PERFORMANCE OF THEIR OFFICIAL DUTIES UNLESS THE CONDUCT VIOLATED "CLEARLY ESTABLISHED" RIGHTS. SEE ANDERSON V. CREIGHTON, 488 U.S., 635, 639 (1987.). THE RIGHT TO BE FREE FROM THE USE OF EXCESSIVE PHYSICAL FORCE IN VIOLATION OF THE CRUEL AND UNUSUAL PUNISHMENT CLAUSE, WAS CLEARLY ESTABLISHED IN THE PLAINTIFF PLEADINGS, AN THEREFORE THE COURT SHOULD CONCLUDE THAT THE DOCTRINE OF QUALIFIED IMMUNITY IS NOT AVAILABLE TO DEFENDANTS. (IN SUPPORT THEREOF SEE THE HONORABLE JUDGE SLEETS JULY 5, 06 AMENDED MEMO).

5.) THE PLAINTIFF HEREBY GIVES NOTICE THAT HE INTENDS TO RELY UPON SUCH OTHER AND FURTHER AFFIRMATIVE DEFENSES WHICH BECOME AVAILABLE OR APPARENT DURING PRETRIAL DISCOVERY OR LITIGATION IN THIS CIVIL ACTION, AND HEREBY RESERVES THE RIGHT TO ASSERT ANY SUCH AFFIRMATIVE DEFENSES WHICH ARE INCORPORATED HEREIN BY REFERENCE AND MADE PART HEREOF AS THOUGH SET FORTH FULLY HEREIN.

FOR THE FOREGOING REASONS STATED HEREIN, THE PLAINTIFF HEREBY REQUEST THAT THIS HONORABLE COURT TO RENDER JUDGEMENT THAT THE DEFENDANTS HAVE FAILED TO AT LEAST SHOW AND PROVE THAT THERE IS AT LEAST SOME METAPHYSICAL DOUBT AS TO THE MATERIAL FACTS OF THE PLAINTIFFS CLAIMS AS STATED IN HIS SECOND AMENDED COMPLAINT, FOR WHICH VALIDATES AND SUPPORT THE COURTS JUDGEMENT THAT THERE ARE GENUINE ISSUES FOR TRIAL.

CERTIFICATE OF SERVICE

I, THE UNDERSIGNED PLAINTIFF JIMMIE LEWIS DUE HEREBY CERTIFY ON THIS ___1ST___, DAY OF __NOV__, 2006, THAT I DID MAIL ONE TRUE AND CORRECT COPY OF THE PLAINTIFF'S AMENDED RESPONSE TO DEFENDANTS BRIAN JOHNSON, DAVID MOFFETT, LANCE SAGER'S AND ROBERT GRAY'S ANSWER TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT," TO THE FOLLOWING:

CLERK OF THE COURT (GMS)
UNITED STATES DISTRICT COURT
J. CALEB BOGGS FEDERAL BUILDING
844. N. KING ST, LOCKBOX 18
WILMINGTON, DELAWARE 19801

GREGORY E. SMITH
DEPUTY ATTORNEY GENERAL
CARVEL STATE BUILDING
820 N. FRENCH ST, 7TH FL.
WILMINGTON, DELAWARE 18801

DATE: 11/1/06

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    3
                      ( as of  05/27/2005 )
```

State of Delaware v.  JIMMY LEWIS                          DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.       AKA:
Defense Atty: JOHN S EDINGER , Esq.


```
       Event
No.    Date        Event                              Judge
---------------------------------------------------------------------------
       1 COURT EXHIBIT. GAVE TO EDGAR JOHNSON TO PUT IN VAULT.
       AG/ROBERTSON - PD/EDINGER - CR/FELDMAN, DONNELLY & MAURER - CC/CARUSO.
       JUDGE HERLIHY TOOK THE VERDICT FOR JUDGE ABLEMAN
24     10/21/2003
       LETTER FROM: MARGOT R. MILLAR, OFFICE OF DISCIPLINARY COUNSEL
       TO: DEFENDANT.
       RE: DISCIPLINARY COMPLAINT AGAINST DEFTS. COURT APPOINTED ATTY.
       *SEE FULL LETTER IN FILE*
20     10/23/2003                             ABLEMAN PEGGY L.
       CHARGE TO THE JURY FILED.
21     10/23/2003
       VOIR DIRE QUESTIONS FILED.
       STATE'S PROPOSED VOIR DIRE.
23     11/04/2003
       LETTER FROM SUPREME COURT TO JIMMY LEWIS
       RE: THE SUPREME COURT IS IN RECEIPT OF YOUR LETTER
       DATED OCTOBER 24, 2003. THE SUPREME COURT IS AN APPELLATE COURT
       WHICH RECEIVES APPEALS AND RELATED DOCUMENTS FILED PURSUANT
       TO SUPREME COURT RULES. ACCORDING TO THE SUPREME COURT RECORDS,
       YOU DO NOT HAVE AN APPEAL PENDING AT THIS TIME. BY COPY OF THIS
       LETTER I AM PROVIDING COPIES OF YOUR LETTER TO YOUR ATTORNEY, AND
       THE DEPUTY ATTORNEY GENERAL, THE PROTHONOTARY.
25     11/14/2003
       MOTION FOR PSYCHOLOGICAL/PSYCHIATRIC EXAM FILED.
       BY JOHN S EDINGER JR,ESQ
       REFERRED TO JUDGE TOLIVER-OFFICE JUDGE SENT UP (11/24/03)
26     12/01/2003                             TOLIVER CHARLES H. IV
       ORDER: ORDERED THAT JIMMY LEWIS THE DEFENDANT, BE TRANSFERRED TO THE
       DELAWARE STATE HOSPITAL FOR PSYHIATRIC EVALUATION FOR THE PURPOSE OF
       DETERMINING COMPETENCY, AND TO OBTAIN TREATMENT FOR HIS OWN WELL-BEING
       AS SOON AS DELAWARE STATE HOSPITAL NOTIFIES GANDER HILL OF AN
       AVAILABLE OPENING, JIMMY LEWIS IS TO BE TRANSPORTED AND EVALUATED.
27     12/03/2003
       MOTION FOR TRANSCRIPT FILED PROSE.  REFERRED TO JUDGE ABLEMAN.
       * NOTE FROM CHAMBERS-JUDGE REVIEWED BOTH LETTERS 12/22/03 NO ACTION
       NEEDED. AMH
28     12/16/2003
       DEFENDANT'S LETTER FILED.
29     01/13/2004
       DEFENDANT'S LETTER FILED.
30     03/01/2004
       LETTER FROM: JOHN S. EDINGER, ESQ.       TO: JUDGE ABLEMAN
```

```
                   SUPERIOR COURT CRIMINAL DOCKET                Page    4
                      ( as of  02/27/2006 )

State of Delaware v.  JIMMY LEWIS                          DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA:
Defense Atty: JOHN S EDINGER , Esq.


        Event
No.     Date          Event                          Judge
---------------------------------------------------------------------------
        RE:  ON 12/01/03, THE COURT ORDERED THAT THE DEFENDANT BE TRANSFERRED
        TO THE DELAWARE STATE HOSPITAL FOR PSYCHIATRIC EVALUATION.  TO DATE,
        HE HAS NOT BEEN TRANSPORTED FOR AN EVALUATION.
        (LETTER AND FILE REFERRED TO JUDGE ABLEMAN 03/01/04)
31   03/11/2004
        MOTION FOR JUDGMENT OF ACQUITTAL FILED PROSE.  REFERRED TO JUDGE
        ABLEMAN
32   03/23/2004                                  ABLEMAN PEGGY L.
        LETTER/ORDER ISSUED BY JUDGE: ABLEMAN
        RE: THE COURT HAS CONSIDERED YOUR PRO SE MOTION FOR JUDGEMENT OF
        ACQUITTAL.  NORMALLY, THE COURT WILL NOT CONSIDER ANY PLEADINGS THAT
        YOU FILE PRO SE SINCE YOU ARE REPRESENTED BY COUNSEL, JOHN EDINGER.
        YOU SHOULD CONSULT WITH HIM FOR THE FILING OF ANY MOTIONS OR PLEADINGS
        IN THIS CASE, YOUR MOTION FOR JUDGEMENT OF ACQUITTAL IS UNTIMELY AND
        IS THEREFORE HEREBY DENIED.  IT IS SO ORDERED JUDGE ABLEMAN.
33   04/19/2004
        PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
        REFERRED TO JUDGE CARPENTER.
        DATE REFERRED: 4/21/04
        CIVIL CASE NO: 04M-04-054
34   04/26/2004                                  CARPENTER WILLIAM C. JR.
        LETTER/ORDER ISSUED BY JUDGE CARPENTER.
        RE: HABEAS CORPUS PETITION 04M-04-054 IS DENIED.
        YOUR REQUEST FOR HABEAS CORPUS RELIEF HAS BEEN FORWARDED TO ME FOR A
        DECISION. A REVIEW OF THE DOCKET IN THIS MATTER CLEARLY INDICATES THAT
        YOU WERE CONVICTED ON OCTOBER 21, 2003 ON THE CHARGES OF CARJACKING
        SECOND DEGREE, THEFT, AND RESISTING ARREST AND THE TRIAL WAS PRESIDED
        OVER BY JUDGE ABLEMAN. IN NOVEMBER, 2003, YOUR COUNSEL, MR. EDINGER,
        FILED A MOTION FOR A PSYCHIATRIC EXAMINATION WHICH WAS APPROVED BY
        JUDGE TOLIVER ON DECEMBER 1, 2003. WHILE I APPRECIATE THAT YOU ARE
        UPSET REGARDING THE DELAY THAT HAS OCCURED WITH REGARD TO THIS
        EVALUATION, IT DOES NOT PROVIDE YOU WITH A BASIS FOR HABEAS CORPUS
        RELIEF. SINCE IT IS CLEAR BASED UPON THE ABOVE THAT YOU ARE PRESENTLY
        BEING HELD CONSISTENT WITH YOUR CONVICTION ON THE ABOVE CHARGES AND
        YOUR FAILURE TO POST APPROPRIATE BAIL, YOUR REQUEST IS HEREBY DENIED.
        I WILL FORWARD A COPY OF THIS LETTER TO JUDGE ABLEMAN AND JUDGE
        TOLIVER SO THAT THEY MAY BE AWARE OF THE DELAY THAT IS OCCURRING. WCC
35   04/26/2004
        NOTICE OF SERVICE
        RE: COPY OF GROUNDS FOR APPEAL
36   05/07/2004
        DEFENDANT'S LETTER FILED.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET                Page
                       ( as of  05/27/2005 )

State of Delaware v.  JIMMY LEWIS                       DOB: 12/25/196
State's Atty: BRIAN J ROBERTSON , Esq.      AKA:
Defense Atty: JOHN S EDINGER , Esq.

        Event
No.    Date              Event                        Judge
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
37   05/13/2004
     PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
     SUBMITTED BY:__ DONALD NAPOLIN, MENTAL HEALTH SUPERVISOR
     AND ORDER REQUESTING DEFENDANT BE TRANSFERRED TO MITCHELL BUILDING
     GRANTED BY JUDGE TOLIVER ON 5-13-04
38   05/14/2004
     DEFENDANT'S LETTER FILED.
     LETTER REGARDING NAMES AND PLACE EMPLOYMENT OF BAILIFF'S WHO PROVIDED
     COURT ON 10/21 10/23 FOR A WRIT OF MANDAMUS TO BE FILED.
     *SEE FULL LETTER IN FILE.
40   06/16/2004
     LETTER FROM DIANNE STACHOWSKI TO JUDGE TOLIVER, REQUESTING DEFT
     BE TRANSFERRED BACK TO DOC.
39   06/28/2004
     PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
     SUBMITTED BY:  SYLVIA FOSTER MD
     COPY SENT TO ATTORNEY AND JUDGE TOLIVER
41   06/29/2004
     LETTER FROM DIANNE STACHOWSKI TO JUDGE TOLIVER REQUESTING DEFENDANT
     BE TRANSFERRED BACK TO DOC.
42   07/06/2004
     LETTER FROM COMMISSIONER WHITE TO COUNSEL GIVING THEM 10 DAYS TO
     REQUEST A COMPETENCY HEARING AND INFORMING OF THE SENTENCING DATE
     OF 8-27-04 AT 9:30 WITH JUDGE TOLIVER.
43   07/19/2004
     MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER FILED.
     BY BRIAN J ROBERTSON,DAG
     MOTION PUT IN FILE TO BE HEARD AT SENTENCING
44   07/26/2004
     PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
     COPY RECEIVED FROM DEFENDANT LEWIS
     SEALED BY ORDER OF SUPERIOR COURT
45   08/02/2004
     CONTINUANCE REQUEST FILED BY J EDINGER - GRANTED PER JUDGE ABLEMAN
     (SENTENCING)
46   08/09/2004
     MOTION TO DISMISS COUNSEL FILED PRO SE.  REFERRED TO JUDGE ABLEMAN
47   08/17/2004
     MOTION FOR COMPETENCY HEARING FILED PRO SE.  REFERRED TO JUDGE ABLEMAN
48   08/17/2004
     MOTION FOR DISCOVERY FILED PRO SE. REFERRED TO JUDGE ABLEMAN
49   08/20/2004                              ABLEMAN PEGGY L.
```

A5

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:04-cv-01350-GMS
### Internal Use Only

Lewis v. Foster
Assigned to: Honorable Gregory M. Sleet
Demand: $0
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 10/13/2004
Jury Demand: None
Nature of Suit: 555 Prisoner: Prison
Conditions
Jurisdiction: Federal Question

**Plaintiff**

**Jimmie Lewis**                        represented by **Jimmie Lewis**
SBI#506622
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977
PRO SE

V.

**Defendant**

**Dr. Sylvia Foster**                    represented by **Cynthia G. Beam**
Reger & Rizzo, LLP
1001 Jefferson Plaza
Suite 202
Wilmington, DE 19801
(302) 652-3611
Email: cbeam@regrizlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nurse Assistant Robert N. Gray**       represented by **Aleph Ann Woolfolk**
Department of Justice
820 N. French Street, 8th Floor
Carvel Office Building
Wilmington, DE 19801
(302) 577-8500
Email: ann.woolfolk@state.de.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Phebe S. Young**
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
Email: phebe.young@state.de.us
*TERMINATED: 10/27/2005*

*LEAD ATTORNEY*

**Defendant**

**Delaware Psychiatric Center**          represented by  **Aleph Ann Woolfolk**
*TERMINATED: 11/21/2005*                                (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Phebe S. Young**
                                                        (See above for address)
                                                        *TERMINATED: 10/27/2005*
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Mr. Johnson 1**

**Defendant**

**Mr. Johnson 2**

**Defendant**

**Lance Sapers**

**Defendant**

**Dave Moffitt**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/13/2004 | 1 | MOTION by Jimmie Lewis to Proceed in Forma Pauperis (mwm) (Entered: 10/14/2004) |
| 10/13/2004 | 2 | COMPLAINT filed (mwm) (Entered: 10/14/2004) |
| 10/20/2004 | 3 | CASE assigned to Judge Gregory M. Sleet . Notice to all parties. (rjb) (Entered: 10/20/2004) |
| 10/25/2004 | 4 | ORDER granting [1-1] motion to Proceed in Forma Pauperis and assessing $150.00 filing fee. An initial partial filing fee of $8.49 shall be required. Pltf shall return the attached payment authorization w/in 30 days. Failure to return payment authorization shall result in dismissal of action w/out prejudice. Set Notice of Compliance deadline to 12/3/04 for Jimmie Lewis ( signed by Judge Gregory M. Sleet ) copy to: Pltf w/Mag. Consent form (mmm) (Entered: 11/03/2004) |
| 11/03/2004 | | FILING FEE $ 150.00 assessed. (mmm) (Entered: 11/03/2004) |
| 11/09/2004 | 5 | AUTHORIZATION form received by Jimmie Lewis (asw) (Entered: 11/10/2004) |
| 12/21/2004 | | FILING FEE $ 8.49 RECEIPT # 137381 paid by Jimmie Lewis (cc: Prison Business Office) (btg) (Entered: 12/21/2004) |

| 12/29/2004 | 6 | Letter to the Court from the Plaintiff requesting "citizen's guide" for instructions; Copies to Pro Se Law Clerk & file (asw) (Entered: 12/30/2004) |
|---|---|---|
| 01/11/2005 | | FILING FEE $ 8.49 RECEIPT # 137586 paid by Jimmie Lewis (cc: Prison Business Office) (rbe) (Entered: 01/11/2005) |
| 01/19/2005 | 7 | This document, originally filed as an amended complaint in this case by Jimmie Lewis, should have been filed in another case. The document has been removed from the docket and the file. (Entered: 01/20/2005) |
| 02/22/2005 | 9 | Letter to Clerk from Jimmie Lewis regarding status of case and Civil Procedures. (asw) (Entered: 02/28/2005) |
| 02/24/2005 | 8 | ORDER, plaintiff shall return to Clerk original USM 285 form(s). Upon receipt, the U.S. Marshal shall serve process as directed by plaintiff. Signed by Judge Gregory M. Sleet on 2/22/05. (mmm) (Entered: 02/24/2005) |
| 03/08/2005 | 10 | AMENDED COMPLAINT against Sylvia Foster- filed by Jimmie Lewis. (mmm) (Entered: 03/08/2005) |
| 04/18/2005 | 11 | Letter to Clerk of the Court from Jimmie Lewis regarding change of address. (mmm) (Entered: 05/05/2005) |
| 05/18/2005 | 12 | Letter to Jimmie Lewis from Clerk of the Court regarding service of process. (mmm) (Entered: 05/18/2005) |
| 06/09/2005 | 13 | NOTICE of Appearance by Cynthia G. Beam on behalf of Sylvia Foster (Beam, Cynthia) (Entered: 06/09/2005) |
| 06/10/2005 | 14 | WAIVER OF SERVICE returned executed for Sylvia Foster. Waiver sent on 6/9/2005, answer due 8/8/2005. (mmm) (Entered: 06/13/2005) |
| 06/17/2005 | 15 | MOTION to Dismiss for Lack of Jurisdiction Over the Person - filed by Sylvia Foster. (Beam, Cynthia) (Entered: 06/17/2005) |
| 06/20/2005 | 16 | MOTION to Dismiss for Failure to State a Claim - filed by Sylvia Foster. (Beam, Cynthia) (Entered: 06/20/2005) |
| 06/21/2005 | 17 | Return of Service Executed as to the Attorney General of the State of Delaware. (mmm) (Entered: 06/21/2005) |
| 06/21/2005 | 18 | WAIVER OF SERVICE with 285 form returned executed for Robert N. Gray. Waiver sent on 6/6/2005, answer due 8/5/2005. (mmm) (Entered: 06/21/2005) |
| 07/07/2005 | 19 | MOTION Requesting Permission to Amend Complaint - filed by Jimmie Lewis. (mmm) (Entered: 07/11/2005) |
| 08/04/2005 | 20 | ADDITIONAL POINTS to Support re [7] Amended Complaint filed by Jimmie Lewis.Answering Brief/Response due date per Local Rules is 8/18/2005. (asw ) (Entered: 08/05/2005) |
| 08/05/2005 | 21 | MOTION to Dismiss for Failure to State a Claim *and*, MOTION to |

| | | |
|---|---|---|
| | | Dismiss for Lack of Jurisdiction Over the Person - filed by Delaware Psychiatric Center. (Young, Phebe) (Entered: 08/05/2005) |
| 08/05/2005 | ◑22 | MEMORANDUM in Support re 21 MOTION to Dismiss for Failure to State a Claim *and* MOTION to Dismiss for Lack of Jurisdiction Over the Person filed by Delaware Psychiatric Center.Answering Brief/Response due date per Local Rules is 8/19/2005. (Young, Phebe) (Entered: 08/05/2005) |
| 08/05/2005 | ◑23 | MOTION to Dismiss for Failure to State a Claim - filed by Robert N. Gray. (Young, Phebe) (Entered: 08/05/2005) |
| 08/05/2005 | ◑24 | MEMORANDUM in Support re 23 MOTION to Dismiss for Failure to State a Claim filed by Robert N. Gray.Answering Brief/Response due date per Local Rules is 8/19/2005. (Young, Phebe) (Entered: 08/05/2005) |
| 08/23/2005 | ◑25 | RESPONSE to Motion re 19 MOTION to Amend/Correct *Defendant Sylvia Foster, M.D.'s Response to Plaintiff's "Additional Points to Support Motion and Requesting Permission to Amend the Complaint"* filed by Sylvia Foster. (Beam, Cynthia) (Entered: 08/23/2005) |
| 08/26/2005 | ◑26 | NOTICE of filing the following document(s) in paper format: Amended Complaint. Original document(s) on file in Clerk's Office. (mmm) (Entered: 08/26/2005) |
| 09/06/2005 | ◑27 | CERTIFICATE OF SERVICE of Amended Complaint sent to Phebe S. Young, Deputy Attorney General, on 8/27/05 by Jimmie Lewis. (mmm) (Entered: 09/06/2005) |
| 09/06/2005 | ◑28 | MOTION for Discovery - filed by Jimmie Lewis. (mmm) (Entered: 09/06/2005) |
| 09/14/2005 | ◑29 | REQUEST for SUBPOENA filed by Jimmie Lewis directed to Sylvia Foster, M.D. (mmm) (Entered: 09/14/2005) |
| 10/03/2005 | ◑30 | Summons Returned Unexecuted as to Sylvia Foster. (mmm, ) (Entered: 10/03/2005) |
| 10/03/2005 | ◑31 | ORDER that the Plaintiff shall file answer briefs to Foster's, the Center's, and Gray's Motions to Dismiss within ten (10) days of this Order. Signed by Judge Gregory M. Sleet on 10/3/05. (asw ) (Entered: 10/03/2005) |
| 10/05/2005 | ◑32 | MOTION to Dismiss for Lack of Jurisdiction Over the Subject Matter - filed by Sylvia Foster. (Attachments: # 1 # 2 # 3)(Beam, Cynthia) (Entered: 10/05/2005) |
| 10/06/2005 | ◑33 | Letter to Jimmie Lewis from Clerk of the Court regarding return of summons. (mmm) (Entered: 10/06/2005) |
| 10/13/2005 | ◑48 | Letter dated 10/13/05 to Jimmie Lewis from Clerk of the Court regarding request for clarification. (mmm) Modified on 1/13/2006 (mmm). Inadvertently, this letter was not docketed on October 13, 2005 and, as a result, the D.I. numbers are out of sequence. (Entered: 01/13/2006) |
| 10/27/2005 | ◑34 | NOTICE OF SUBSTITUTION OF COUNSEL re Robert N. Gray, |

| | | |
|---|---|---|
| | | Delaware Psychiatric Center: Entry of appearance of attorney A. Ann Woolfork . Attorney Phebe S. Young terminated. (Young, Phebe) Modified on 10/27/2005 (dab, ). (Entered: 10/27/2005) |
| 10/27/2005 | ◑35 | NOTICE of Appearance by Aleph Ann Woolfolk on behalf of Robert N. Gray, Delaware Psychiatric Center (Woolfolk, Aleph) (Entered: 10/27/2005) |
| 10/27/2005 | ◑ | CORRECTING ENTRY: Name of Attorney entering appearance changed to A. Ann Woofolkin DI #34 (dab, ) (Entered: 10/27/2005) |
| 10/27/2005 | | *** Attorney Phebe S. Young terminated. (dab, ) (Entered: 10/27/2005) |
| 11/10/2005 | ◑36 | ANSWERING BRIEF in Opposition re 15 MOTION to Dismiss for Lack of Jurisdiction Over the Person filed by Jimmie Lewis.Reply Brief due date per Local Rules is 11/18/2005. (mmm) (Entered: 11/10/2005) |
| 11/10/2005 | ◑37 | ANSWERING BRIEF in Opposition re 21 MOTION to Dismiss for Failure to State a Claim *and* MOTION to Dismiss for Lack of Jurisdiction Over the Person, 23 MOTION to Dismiss for Failure to State a Claim, 16 MOTION to Dismiss for Failure to State a Claim filed by Jimmie Lewis.Reply Brief due date per Local Rules is 11/18/2005. (mmm) (Entered: 11/10/2005) |
| 11/10/2005 | ◑38 | ANSWERING BRIEF in Opposition re 32 MOTION to Dismiss for Lack of Jurisdiction Over the Subject Matter filed by Jimmie Lewis.Reply Brief due date per Local Rules is 11/18/2005. (mmm) (Entered: 11/10/2005) |
| 11/10/2005 | ◑39 | Letter to Clerk of the Court from Jimmie Lewis regarding return of complaints. (mmm) (Entered: 11/10/2005) |
| 11/10/2005 | ◑40 | MOTION to Appoint Counsel - filed by Jimmie Lewis. (Attachments: # 1)(mmm) (Entered: 11/10/2005) |
| 11/18/2005 | ◑41 | Letter to The Honorable Gregory M. Sleet from A. Ann Woolfolk regarding Response to Motion to Dismiss - re 21 MOTION to Dismiss for Failure to State a Claim *and* MOTION to Dismiss for Lack of Jurisdiction Over the Person, 37 Answering Brief in Opposition,. (Attachments: # 1 Text of Proposed Order Grant Motion to Dismiss) (Woolfolk, Aleph) (Entered: 11/18/2005) |
| 11/18/2005 | ◑42 | REPLY BRIEF re 23 MOTION to Dismiss for Failure to State a Claim *Memorandum of Points and Authorities in Reply to Answer to Motion to Dismiss* filed by Robert N. Gray. (Woolfolk, Aleph) (Entered: 11/18/2005) |
| 11/22/2005 | ◑43 | ORDER granting 21 Motion to Dismiss filed by the Delaware Psychiatric Center. Judgment is hereby entered in favor of the moving defendant and against the plaintiff. Signed by Judge Gregory M. Sleet on 11/21/05. (mmm) (Entered: 11/22/2005) |
| 11/22/2005 | ◑44 | Letter to Clerk of the Court from Jimmie Lewis regarding requesting docket sheets. (mmm) (Entered: 11/22/2005) |

| | | |
|---|---|---|
| 11/22/2005 | ❍45 | Letter to Clerk of the Court from Jimmie Lewis regarding request for docket sheet. (mmm) (Entered: 11/23/2005) |
| 11/22/2005 | ❍46 | Letter to Jimmie Lewis from Clerk of the Court regarding request for copywork - re 45 Letter, 20 Letter, 19 Letter, 21 Letter, 44 Letter, 19 Letter, 18 Letter, 20 Letter. (mmm) (Entered: 11/23/2005) |
| 12/05/2005 | ❍47 | RESPONSE to Motion re 40 MOTION to Appoint Counsel filed by Delaware Psychiatric Center. (Attachments: # 1)(Woolfolk, Aleph) (Entered: 12/05/2005) |
| 01/17/2006 | ❍49 | ORDER re 48 Letter . The Clerk is directed to return amended complaint and civil cover sheet to the plaintiff. Signed by Judge Gregory M. Sleet on 1/17/06. (mmm) (Entered: 01/17/2006) |
| 02/01/2006 | ❍50 | Request from Jimmie Lewis regarding request for extension of time. (mmm) (Entered: 02/03/2006) |
| 02/03/2006 | ❍51 | DEFICIENCY NOTICE by the Court issued to the plaintiff re 50 request for extension of time. (mmm) (Entered: 02/03/2006) |
| 02/07/2006 | ❍52 | MEMORANDUM OPINION and ORDER re 16 GRANTING IN PART AND DENYING IN PART MOTION to Dismiss for Failure to State a Claim filed by Sylvia Foster, 15 DENYING MOTION to Dismiss for Lack of Jurisdiction Over the Person filed by Sylvia Foster, 23 DENYING MOTION to Dismiss for Failure to State a Claim filed by Robert N. Gray, 32 DENYING AS MOOT MOTION to Dismiss for Lack of Jurisdiction Over the Subject Matter filed by Sylvia Foster, and 19 GRANTING IN PART AND DENYING IN PART MOTION to Amend/Correct filed by Jimmie Lewis . Signed by Judge Gregory M. Sleet on 2/7/06. (mmm) (Entered: 02/07/2006) |
| 02/09/2006 | ❍53 | Letter to Jimmie Lewis from Clerk of the Court regarding returning paper documents for failure to comply with the court's Memorandum and Order dated 2/7/06. (mmm) (Entered: 02/10/2006) |
| 02/28/2006 | ❍54 | Letter (deficiency) to Jimmie Lewis from Clerk of the Court regarding the filing of paper documents received by this court on 2/14/06. (mmm) (Entered: 02/28/2006) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS,                              )
                                          )
            Plaintiff,                     )
                                          )
    v.                                     )        Civil Action No. 04-1350 GMS
                                          )
DR. SYLVIA FOSTER, STAFF                   )
MEMBERS, and MR. GRAY,                     )
                                          )
            Defendants.                    )
                                          )

## AMENDED MEMORANDUM

**I.     INTRODUCTION**

Jimmie Lewis ("Lewis") is presently incarcerated at the Delaware Correctional Center (the

"DCC"), which is located in Smyrna, Delaware. On October 13, 2004, Lewis filed this *pro se* civil

rights action pursuant to 42 U.S.C. § 1983. This action arises out of incidents that allegedly occurred

while Lewis was confined to the Delaware Psychiatric Center (the "DPC") in order to undergo a

mental health evaluation, pursuant to a court order signed by Judge Charles Toliver. In his complaint

and amended complaint (D.I. 10) Lewis alleges that Sylvia Foster, M.D. ("Dr. Foster"), Robert Gray

("Gray"), and other DPC staff members ("DPC Staff Members") have violated his constitutional

rights.

Presently before the court are the following motions: (1) Dr. Foster's motion to dismiss for

lack of jurisdiction; (2) Dr. Foster's motion to dismiss for failure to state a claim; (3) Gray's motion

to dismiss for failure to state a claim; and (4) Lewis' motion to amend and supplement thereto. For

the reasons stated below, the court will deny Dr. Foster's motion to dismiss for lack of jurisdiction;

the court will grant in part and deny in part Dr. Foster's motion to dismiss for failure to state a claim;

(3) the court will deny Gray's motion to dismiss for failure to state a claim; and the court will grant in part and deny in part Lewis' motion to amend and supplement thereto.

## II.     BACKGROUND

Lewis' first complaint alleges that Dr. Foster diagnosed Lewis as "malingering"[1] and stated that he received no "psychotropic" medication during his stay at the DPC, because he "revealed no evidence of mood disorder." (D.I. 2 ¶ 4.)   Lewis further alleges that, contrary to Dr. Foster's diagnosis, he was "strapped down with restraints and injected with psychotropic drugs[,] such as Haldol, Ativan and Geodon." (*Id.*) He requests the court to investigate his claim and award him monetary relief for pain and suffering because he was "violated." (*Id.* ¶ 5.)

On March 8, 2005, Lewis filed an amended complaint naming Dr. Foster, as well as several DPC Staff Members, including Gray, as defendants. (*See* D.I. 10.) According to Lewis, "Judge Charles H. Toliver IV ordered that [he] be transfered [sic] to the Delaware Psychiatric Center for a psychiatric evaluation to determine [his] competency [to assist in the defense of criminal charges against him] and to receive treatment." (D.I. 10, at 1.) Lewis also alleges that after he arrived at the DPC he "was ill and couldn't complete the admissions interview," which resulted in a "disciplinary restriction." (*Id.*)

According to the amended complaint, on June 6, 2004, Lewis was "strapped down with four point restraint [sic] and injected with psychotropic medicines for disciplinary reasons, not for psychiatric reasons per Dr. Foster." (*Id.*) The amended complaint then documents several occasions during which Lewis was "strapped down with four point restraints and injected with psychotropic

---

[1] Malingering is defined as "the purposeful exaggeration of physical or psychological complaints in order to receive some kind of reward." *Psychology Today*, available at www.psychologytoday.com/conditions/malingering.html (last visited January 24, 2006).

medicines." (*Id.* at 2.) Lewis alleges that Dr. Foster ordered him restrained for disciplinary, rather than psychiatric reasons, amounting to deliberate indifference on her part. (*Id.* at 1-2.)

Additionally, Lewis alleges that, on or about June 13, 2004, "Nurse Helen" instructed four or five DPC Staff Members to forcibly remove a bag of M&Ms candy from his hand because he was on disciplinary restriction. (*Id.* at 2.) According to Lewis, one of the DPC Staff Members, "Grey [sic]," choked him while the other staff members assaulted him. (*Id.*) After he was subdued, one or several unnamed DPC Staff Members put him in restraints and injected with psychotropic medicine. (*Id.*)

On June 25, 2005, the DPC released Lewis and transferred him back to the DCC. (*Id.* at 3.) Lewis makes several allegations regarding the absence of a court order for his transfer, as well as erroneous responses to a Writ of Habeas Corpus filed in the state court. However, he does not explain the significance of these events to the case at bar. (*See id.*)

## III.    DISCUSSION

### A.    Dr. Foster's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Dr. Foster has filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Dr. Foster contends that Lewis' claims must be dismissed because the court is without jurisdiction to hear them. Specifically, Dr. Foster contends that Lewis has not presented a federal question because he seeks monetary damages only for pain and suffering. (D.I. 15 ¶ 3.) Dr. Foster further contends that Lewis raises no issues in his pleadings based on his imprisonment. Therefore, his complaint cannot even arguably be construed as stating claims under

42 U.S.C. § 1983. (*Id.* ¶ 4.)[2] Lastly, Dr. Foster contends that Lewis' complaint fails to meet the requirements under the diversity of citizenship statute, 28 U.S.C. § 1323, because it does not allege that the parties are citizens of different states. (*Id.* ¶¶ 6-7.)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Dr. Foster's motion makes several facial challenges to the complaint because her arguments are based solely upon the application of legal principles to the facts as alleged in the complaint. Such a motion requires the court to consider the allegations of the complaint as true and to make all reasonable inferences in the plaintiffs' favor. *See id.*

After having considered Lewis' allegations as true and drawing all reasonable inferences therefrom, the court concludes that Dr. Foster's motion is without merit. Federal courts are vested with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nothing in the language of section 1331 requires a plaintiff to plead any type of damages, i.e. compensatory or punitive. Lewis' amended complaint states that Dr. Foster was deliberately indifferent when she ordered him to be strapped down and given "psychotropic" medicines for disciplinary reasons. (D.I. 10, at 1.) Because Lewis is imprisoned and he complains, at the very least, about his conditions of confinement, his claims arise under 42 U.S.C. § 1983, a law of the United States. The court, therefore, has jurisdiction over Lewis' claims. Accordingly, the court will not address Dr. Foster's additional jurisdictional attacks.

---

[2] Dr. Foster contends in this motion that Lewis has not made any allegations in his pleadings based on his imprisonment. However, in her motion to dismiss for failure to state a claim Dr. Foster states that Lewis is a "prisoner" and that the court may construe his claims as being based on his imprisonment under the Civil Rights Act. (D.I. 16 ¶¶ 1, 5-6.) Thus, she concedes that Lewis' claims arise under 42 U.S.C. § 1983.

### B.     Whether Lewis has Stated Claims against Dr. Foster and Gray Under Section 1983

Dr. Foster and Gray have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993). Thus, as in the case of a Rule 12(b)(1) motion, the court must accept the factual allegations of the complaint as true. *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). In particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Tp.*, 838 F.2d 663, 666 (3d Cir.1988). However, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir.1997). A court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves*, 117 F.3d at 726; *Nami*, 82 F.3d at 65 (both citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Lewis filed his complaint and amended complaint against Dr. Foster and Gray, alleging civil rights violations pursuant to 42 U.S.C. § 1983. In order to recover against the defendants, Lewis

must show that he was deprived of a constitutional right by a person acting under the color of state

law. 42 U.S.C. § 1983; *see, e.g., Groman v. Tp. of Manalapan,* 47 F.3d 628, 633 (3d Cir. 1995)

(citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)). Here, it is clear that Dr. Foster and Gray were

acting under color of state law because, at the time of the alleged incidents, Dr. Foster was Chief

Forensic Psychiatrist for the State of Delaware and Gray was an employee of the DPC, an agency

of the State of Delaware. *See West v. Atkins,* 487 U.S. 42, 48-54 (1988). Therefore, the court next

turns to whether Lewis has sufficiently alleged that Dr. Foster and/or Gray deprived him of any

constitutional rights.

      1.      Whether Lewis has sufficiently stated a claim that Dr. Foster's order to restrain him
                violated his Fourteenth Amendment right to be free from restraint

Lewis alleges that Dr. Foster ordered several unnamed DPC staff members to strap him in

four point restraints on several occasions. Implicit in Lewis' allegation is a claim that Dr. Foster and

the DPC Staff Members violated his Fourteenth Amendment right to be free from restraint. Dr.

Foster concedes that Lewis has alleged a Fourteenth Amendment claim. However, she contends that

the claim must fail under a "freedom from restraint" analysis because Lewis cannot meet the

"atypical and significant hardship" requirement enunciated by the Supreme Court in *Sandin v.*

*Conner.* (*Id.*) (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). The court agrees.

"Liberty interests protected by the Fourteenth Amendment may arise from two sources, the

Due Process Clause itself and the laws of the States." *Hewitt v. Helms,* 459 U.S. 460, 466 (1983),

*overruled in part by Sandin v. Conner,* 515 U.S. 472 (1995); *Bd of Regents v. Roth,* 408 U.S. 564,

575 (1972). In *Sandin,* the Supreme Court explained that state created liberty interests under the due

process clause are limited to "freedom from restraint" that imposes "atypical and significant hardship

in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483. In determining whether

an inmate has suffered an "atypical and significant hardship" as a result of his confinement, the court

considers two factors: "1) the amount of time the prisoner was placed into disciplinary segregation,

and 2) whether the conditions of his confinement in disciplinary segregation were significantly more

restrictive than those imposed on other inmates in solitary confinement." *Shoats v. Horn*, 213 F.3d

140, 144 (3d Cir. 2000) (citing *Sandin*, 515 U.S. at 486).

In the present case, Lewis alleges only that Dr. Foster's decision to strap him down with four

point restraints was disciplinary. The complaint does not allege that Lewis was placed in restraints

for an unusual amount of time, or that he was treated differently than the other inmate patients at the

DPC. Thus, the court cannot conclude that Lewis suffered an "atypical and significant hardship"

when he was placed in restraints. Consequently, Lewis' "freedom from restraint" claim has no

arguable basis in law or in fact. As such, the court will grant Dr. Foster's motion to dismiss this

claim.

    2.      Whether Lewis has sufficiently stated a claim that Dr. Foster's order to have him
               injected with antipsychotic medicines against his will violates his Fourteenth
               Amendment rights ·

Lewis' amended complaint alleges that Dr. Foster's decision to have him injected with

psychotropic drugs was against his will, thereby violating his constitutional rights. It is clear that

a prisoner "possesses a significant liberty interest in avoiding the unwanted administration of

antipsychotic drugs under the Due Process Clause of the Fourteen Amendment." *Washington v.

Harper*, 494 U.S. 210, 221-22 (1990). In *Harper*, the Supreme court explained that this liberty

interest is protected by principles of both procedural and substantive due process. *Id.* at 220-23.

"[T]he Due Process Clause permits the State to treat a prison inmate who has a serious mental illness

with antipsychotic drugs against his will, [only] if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* at 227. Moreover, "forcing antipsychotic drugs on a convicted [or pretrial] prisoner is impermissible absent a finding of overriding justification and a determination of medical appropriateness." *Riggins v. Nevada*, 504 U.S. 127, 135 (1992).

Here, the amended complaint alleges that Dr. Foster ordered Lewis to be injected with unwanted psychotropic drugs. Lewis, therefore, has stated a claim for violation of his Fourteenth Amendment Due Process rights. Absent from Dr. Foster's motion to dismiss, however, is any discussion of this claim, or why the antipsychotic drugs were given to Lewis against his will. Thus, it appears to the court at this juncture that Lewis can prove a set of facts that would entitle him to relief with respect to this claim. Accordingly, the court will allow this claim to go forward.

3. Whether Lewis has sufficiently stated a claim that Dr. Foster's order to have him restrained and injected with antipsychotic medicines violates his Eighth Amendment right to be free form cruel and unusual punishment

The amended complaint also alleges that although Dr. Foster's report to the Delaware Superior Court stated that Lewis "demonstrated no evidence of a mood disorder or psychosis during his admission to [the] DPC,"[3] she ordered him strapped down with restraints and injected with psychotropic medicines for disciplinary reasons. (D.I. 10, at 1.) According to Lewis, Dr. Foster's order demonstrates deliberate indifference on her part. (*Id.*) Thus, Lewis alleges that Dr. Foster violated his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment of the United States Constitution governs penal measures and prison conditions, and prohibits use of penal measures and existence of conditions which violate civilized

---

[3] This quotation is from Dr. Foster's report that she submitted to the Delaware Superior Court. The report is attached as a non-numbered exhibit to Lewis' amended complaint.

8

standards and concepts of humanity and decency. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

In the prison context, however, "[n]ot every governmental action affecting the interest or well-being

of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319-20

(1986). Only those actions that impose an unnecessary and wanton infliction of pain rise to the level

of cruel and unusual punishment. *Id.*

 Lewis' claims constitute a challenge to his conditions of confinement at the DPC. As such,

the court analyzes the claims under the deliberate indifference standard of the Eighth Amendment.

Prison officials violate an inmate's rights under the Eighth Amendment when they act with deliberate

indifference or reckless disregard toward an inmate's rights, health or safety, and their conduct is

objectively serious, or has caused an objectively serious injury to the inmate. *See Farmer v.

Brennan*, 511 U.S. 825, 846-47 (1994). Under this partly objective, partly subjective test, a prison

official's conduct is "objectively serious" if it is "incompatible with 'contemporary standards of

decency.'" *Carrigan v. DavisS*, 70 F. Supp. 2d 448, 452 (D. Del. 1999) (citing *Helling v. McKinney*,

509 U.S. 25, 32 (1993)). The deliberate indifference prong of the test is met only if the prison

official "knows and disregards an excessive risk to inmate rights, health or safety; the official must

both be aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. The plaintiff must

show a sufficiently culpable state of mind which demonstrates an unnecessary and wanton infliction

of pain. *Wilson v. Seiter*, 501 U.S. 294 (1991). Mere allegations of negligence do not meet the

pleading standards for deliberate indifference. *See Estelle*, 429 U.S. at 105-106.

 Here, the amended complaint contains more than mere allegations of negligence. Indeed,

Lewis alleges that Dr. Foster acted with deliberate indifference when she disciplined him by ordering

him restrained and injected with medications. Based on these allegations, the court concludes that

Lewis may be able to show that Dr. Foster unnecessarily and wantonly inflicted pain on him, thereby

exhibiting deliberate indifference to his rights. Because Dr. Foster has not addressed this section

1983 claim in her motion to dismiss, the court cannot conclude at this juncture that Lewis has failed

to state a claim against her under the Eighth Amendment.[4]

4.      Whether Lewis has sufficiently stated a claim that Gray used excessive force against
        him, thereby violating his Eighth Amendment right to be free form cruel and unusual
        punishment

Gray asserts that the court should dismiss Lewis' claims against him because the complaint

fails to include any allegation sufficient to sustain recovery under 42 U.S.C. § 1983. According to

the motion, Lewis mentions Gray only on page two of his complaint, when describing an altercation

among Lewis and several other DPC Staff Members, including Gray. (D.I. 24 ¶ 3.) Gray also asserts

that Lewis fails to identify, either overtly or by implication, any constitutional or statutorily protect

right of which Gray deprived him. (*Id.* ¶ 4.) The court cannot agree.

After having read Lewis' amended complaint, the court concludes that it implicitly, if not

overtly, alleges a claim under the Eighth Amendment based on the use of excessive force. The

"altercation" between Lewis and Gray that the complaint describes concerns Gray forcibly removing

of a bag of M&Ms candy from Lewis' hand, and then choking Lewis. (D.I. 10, at 2.) While it is

difficult for the court to conclude that the removal of a bag of candy from a prisoner's hand is

"excessive," surely a prisoner's claim that he was choked is an allegation of excessive force.

---

[4] The court will allow Lewis to amend his complaint in order to allege any physical
injuries that resulted from Dr. Foster's alleged conduct. The court will discuss its rationale for
allowing Lewis to amend in section III.C. below.

The standard that the court must use to determine whether a state actor's conduct violated the Eighth Amendment is "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (citations omitted). The court must consider the following factors in applying this standard: (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, (4) the threat reasonably perceived by the responsible officials, and (5) the efforts made to temper the severity of a forceful response. *Davis v. Carroll*, 390 F. Supp. 2d 415, 419 (D. Del. 2005) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Accepting Lewis' allegations as true, the court concludes that his complaint alleges facts sufficient to state an excessive force claim under the Eighth Amendment. As previously explained, Lewis specifically alleges that Gray choked him while three or four other male DPC Staff Members assaulted him with their fists and feet. Gray's motion to dismiss contends only that Lewis has not alleged any deprivation of a constitutional right. In other words, Gray's motion neither mentions nor addresses any of the above-discussed factors regarding Lewis' excessive force allegation. Accordingly, the court will deny Gray's motion to dismiss at this time.

## C. Whether 42 U.S.C. § 1997e(e) Bars Lewis from Recovery for Alleged Constitutional Violations

Dr. Foster's motion contends that Lewis' complaint alleges no physical injury and, therefore, should be read as one for emotional damages. (D.I. 16 ¶ 9.)[5] Additionally, Dr. Foster contends that 42 U.S.C. § 1997e(e) acts as a complete bar to Lewis' constitutional claims that are

---

[5] Gray's motion to dismiss does not address this issue. However, this discussion applies to Lewis' Eighth Amendment claim against Gray, as it is an alleged constitutional violation.

premised on emotional injuries.

Section 1997e(e) of the Prison Litigation Reform Act provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injuries suffered while in custody without a prior showing of physical injury." **42** U.S.C. § 1997e(e). The Third Circuit has held that section 1997e(e)'s physical injury requirement applies only to claims for compensatory damages, because "[c]laims seeking nominal or punitive damages are typically not 'for' mental or emotional injury but rather 'to vindicate constitutional rights' or 'to deter or punish egregious violations of constitutional rights,' respectively." *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (quoting *Allah v. Al-Hafeez*, 226 F.3d 247, 252 (3d Cir. 2000)). Further, section 1997e(e) does not apply to claims seeking injunctive or declaratory relief. *Mitchell*, 318 F.3d at 533-34. Thus, section 1997e(e)'s "physical injury" requirement will not effect any nominal, punitive, or injunctive relief that a plaintiff has requested in his complaint.

Turning to Lewis' complaint, the relief that he requests is twenty million dollars for "pain and suffering," and for the court to "notify the Superior Court that [Dr. Foster's] report cannot be relied on by the doctor herself." (D.I. 10, at 4.) Lewis' complaint, therefore, requests compensatory damages and injunctive relief. With respect to Lewis' request for compensatory damages, the court agrees with Dr. Foster, and concludes that the complaint does not state a claim for physical injury. However, the court will grant Lewis leave to amend his complaint in order to provide allegations with respect to any physical injuries he received when he was restrained and injected with medicines, as well as when he was choked and assaulted.

Additionally, Lewis has not requested nominal or punitive damages from the defendants. With respect to the former, the court will also grant Lewis leave to amend his complaint to

specifically request punitive damages, based on the alleged violations of his Fourteenth and Eighth Amendment rights discussed above. As for the latter, "'it is not necessary to allege nominal damages.'" *Allah*, 226 F.3d at 251 (quoting *Basista v. Weir*, 340 F.2d 74, 87 (3d Cir. 1965)). Thus, at this juncture, Lewis may recover nominal damages to vindicate his constitutional rights, as well as the injunctive relief that he requests. Accordingly, the court will grant in part and deny in part Dr. Foster's motion to dismiss based on 42 U.S.C. § 1997e(e), as well as grant Lewis leave to amend his complaint in the manner previously discussed.

### D.     Lewis' State Law Claims

1.     Whether Lewis has stated a medical negligence claim against Dr. Foster

Lewis alleges that Dr. Foster's report states he received no psychotropic medication during his time at the DPC because he demonstrated no evidence of psychosis or mood disorder. Lewis further alleges, however, that on five or more occasions he was strapped down with four point restraints and injected with drugs. Next to these allegations appears the word "malpractice." (D.I. 2 ¶ IV.) A fair inference the court draws from this language is the allegation that Dr. Foster's order to have him restrained and injected with medicine against his will constitutes medical malpractice. Dr. Foster concedes that the complaint sets forth allegations regarding common law medical malpractice. Nonetheless, Dr. Foster maintains that Lewis' claim must be dismissed because he has not provided an affidavit of merit signed by an expert witness, as required by Del. Code Ann. tit. 18 § 8653. (D.I. 16 ¶ 14.)

Medical malpractice is a negligence action and is governed by the Delaware Health Care Negligence Insurance and Litigation Act (the "Act"). The Act defines medical negligence as:

any tort or breach of contract based on health care or professional services rendered,

13

or which should have been rendered, by a health care provider to a patient. The standard of skill and care required of every health care provider in rendering professional services or health care to a patient shall be that degree of skill and care ordinarily employed in the same or similar field of medicine as defendant, and the use of reasonable care and diligence.

Del. Code Ann. tit. 18 § 6801(7). When a party alleges medical negligence, Delaware law requires the party to produce expert medical testimony detailing: "(1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury." *Bonesmo v. Nemours Foundation*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted). Specifically, the Act requires that any complaint alleging medical negligence be accompanied by "[a]n affidavit of merit as to each defendant signed by an expert witness, as defined in § 6854 of this title, and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant." Del. Code Ann. tit. 18 § 8653. In addition, the Act directs the court to refuse to file and docket the complaint if it is not accompanied by an expert affidavit.

Here, Lewis alleges that Dr. Foster committed medical negligence. However, he did not include an affidavit of merit signed by an expert witness with his complaint. As such, the court will grant Dr. Foster's motion to dismiss Lewis' state law medical malpractice claims. *See Jackson v. First Correctional Med.*, 380 F. Supp. 2d 387, 392 n.2 (D. Del. 2005) (citing Del. Code Ann. tit. 18 § 6853).

14

2.    Whether Lewis has Stated a Claim for Civil Assault and Battery Under Delaware
Law

Lewis' amended complaint alleges that Gray choked him, while three or four other DPC Staff

Members assaulted him with their fists and feet. (D.I. 10, at 2.)  By implication, the complaint

alleges that these acts constituted a battery.  Lewis' statements that Dr. Foster ordered him to be

administered medicine against his will also allege a claim for battery.  The state of Delaware has

adopted the definition of battery from the Restatement (Second) of Torts, which states "[a]n actor

is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive

contact with the person . . . and (b) a harmful contact with the person of the other directly or

indirectly results."  *Brzoska v. Olson*, 668 A.2d 1355, 1360 (Del. 1995) (quoting *Restatement*

*(Second) of Torts* § 18 (1965)); *see* W. Page Keeton, et al., Prosser and Keeton on Torts § 9, at 39

(5th ed. 1984) ("A harmful or offensive contact with a person, resulting from an act intended to

cause the plaintiff or third person to suffer such a contact, or apprehension that such contact is

imminent, is a battery.").  Lack of consent is an essential element of battery. *Brzoska*, 668 A.2d at

1360.

In the present case, Lewis alleges that he was choked by Gray and beaten by several DPC

Staff Members without his consent.  This allegation is sufficient to state a claim for battery.  Gray's

motion to dismiss addresses only whether Lewis has stated a claim against him under 42 U.S.C. §

1983.  That is, Gray's motion is silent with respect to whether Lewis has appropriately pled any state

law claims against him.  Accordingly, the court will not dismiss Lewis' claim against Gray for

battery.

Further, Lewis alleges that Dr. Foster was responsible for the administration of medication to him without his consent. Dr. Foster recognizes that Lewis has alleged a claim for battery, but contends that the court should dismiss the claim as it pertains to her actions because Lewis does not allege that she ever made any physical contact with him. (D.I. 16 ¶ 15.) The court is not persuaded.

The definition of battery under Delaware law does not require physical contact between the plaintiff and the defendant. The definition requires only an *act intending to cause harmful or offensive contact* with a plaintiff, and harmful or offensive contact as a direct or indirect result. According to Lewis, Dr. Foster ordered DPC Staff Members to administer medicine to him without his consent. Thus, Dr. Foster committed an act intending to cause offensive contact. As a result of Dr. Foster's order, the medicine was administered to Lewis. That is, the harmful or offensive contact that Lewis complains about was a direct result of Dr. Foster's order. Thus, Lewis has alleged sufficient facts to state a claim for battery against Dr. Foster.

Dr. Foster also relies on Del. Code Ann. tit. 11 § 468(3), (5), and (7) as a ground supporting dismissal of Lewis' battery claims. Dr. Foster contends that a person in her position, who is responsible for the safety of Lewis, the staff and other DPC patients, is permitted to order the use of force necessary to safeguard the welfare of the patient, staff and other patients. (D.I. 16 ¶ 16.) The court disagrees. Del. Code Ann. tit. 11 § 468 sets forth several defenses to battery. However, it explicitly states that the defenses provided are defenses to *criminal* battery, not civil battery. Dr. Foster concedes this fact in her motion to dismiss, but contends that "since Lewis' complaint may be alleging common law battery[, she] can avail herself of the[] statutory defenses." (*Id.*) Remarkably, Dr. Foster offers no explanation why statutory defenses to criminal battery are applicable to a claim for civil battery. Moreover, absent from Dr. Foster's motion is any citation to

16

a civil battery case in which a Delaware court (federal or state) applied Del. Code Ann. tit. 11 §

468(3), (5), or (7). Further, after its own search of federal and Delaware case law, the court is unable

to find a civil battery case in which Del. Code Ann. tit. 11 § 468(3), (5), or (7) is discussed. Based

on its findings, the court is unwilling to apply defenses that are reserved to resist criminal battery

claims to a civil battery claim and, therefore, will deny Dr. Foster's motion to dismiss Lewis' battery

claim.

### E.    Motions to Amend

On July 7, 2005, Lewis filed a motion requesting permission to amend the complaint ("First

Motion") (D.I. 19). On August 4, 2005, Lewis filed another document, titled "Additional Points to

Support Motion Requesting Permission to Amend Complaint" ("Second Motion") (D.I. 20). The

court construes both documents as motions to amend. The motions request the court to amend the

complaint to include new claims and additional defendants. The court will address these requests

in turn.

Lewis first asks the court to amend his complaint by adding new claims in order to "cure

deficiencies" in his prior pleadings.[6] Rule 15 of the Federal Rules of Civil Procedure permits a party

---

[6] Lewis' First Motion requests the court to include the following claims: (1) First
Amendment freedom of religion and freedom of speech violations; (2) Fourth Amendment
violations for unreasonable searches and seizures; (3) Fifth Amendment due process violations;
(4) Sixth Amendment speedy trial violations; (5) Eighth Amendment violations for cruel and
unusual punishment; (6) Fourteenth Amendment due process violations; (7) statements of facts
of unconstitutional treatment; (8) relief in regard to the petition of habeas corpus filed in state
court; (9) a request for a jury trial; (10) a request for appointment of counsel; (11) a request for
declaratory judgment; (12) a statement of physical injury; (13) a statement of emotional damage;
(14) a request for expert psychiatric witnesses; (15) a claim for medical negligence; (16) a
request for an expert physician; (17) a civil rights statute; (18) several statutory statutes; (19)
statements that the plaintiff has been subjected to extended incarceration due to constitutional
violations; (20) a statement of atypical and significant hardships as a result of being assaulted
confined and restrained with four point restraints; (21) claims for the common law torts of

17

to amend the complaint by leave of court or by written consent of the adverse party. Leave to amend a complaint should be "freely given when justice so requires." FED. R. CIV. P. 15(a). The court has discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Specifically, an amendment would be futile for purposes of Rule 15(a) if, accepting all the well pleaded facts as true, the amended complaint fails to state a claim upon which relief may be granted. *See Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington*, 646 F. Supp. 118, 120 (D. Del. 1986). In other words, "the court should apply the same standards as are applied to Rule 12(b)(6) motions to dismiss." *Id.*

In the present case, there is no evidence of undue delay, bad fath, dilatory motive or undue prejudice to the defendants. However, even affording Lewis' requested claim additions the most liberal construction, it appears "beyond doubt that [he] can prove no set of facts in support of his claim[s] that would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Lewis has not included allegations regarding any of the claims he seeks to add. Rather, with respect to his constitutional claims, he merely writes the number and title of the amendment for which he seeks

---

assault, battery, libel and slander; (22) claims for several criminal offenses, such as assault, kidnapping, possession of a deadly weapon during the commission of a felony, attempted murder, and robbery; and (23) a request for polygraph testing. (D.I. 19 ¶¶ 1-20, 22-24.) Lewis' Second Motion asks the court to allow him to include the following: (1) specific details in regard to Dr. Foster and other persons he seeks to add as defendants "never"offering him a hearing before violating his civil rights; (2) valid factual documents that support the fact that Dr. Foster and other persons he seeks to add as defendants conspired to violate his civil rights; (3) detailed statements of atypical and significant hardships; (4) a request for liens on the defendants' assets; (5) specific details as to how each defendant violated his civil rights, as well as which rights each violated; (6) a civil cover sheet JS 44; and (7) a request for preliminary injunction. (D.I. 20 ¶¶ 2-8.)

to allege violations, and states that he would like to amend his complaint to include a violation of that amendment.[7] Further, with respect to his other claims, Lewis simply states he would like "to include" or "to request," and then lists his request.[8] Lewis does not provide any other information. Nor does he state the identity of the defendants involved in the violations. In fact, Lewis states in the Second Motion that he would like to amend the complaint "to include specific details of how each defendant violated [his] civil rights, as well as to specify exactly what right(s) they violated collectively or individually, under the color of law." (D.I. 20 ¶ 6.) Given the foregoing statement, it is clear to the court that the amended complaints fail to provide "a short and plain statement of the claims showing that [Lewis] is entitled to relief. . . ." Fed. R. Civ. P. 8(a); *see Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 105 (D. Del. 2005). Accordingly, both of Lewis' motions to amend fail to state claims upon which relief can be granted against the defendants and are, therefore, futile. *See* Fed. R. Civ. P. 12(b)(6). As such, the court will deny Lewis' motions to amend, without prejudice, insofar as they seek to add new claims.

Lewis' motions also seek to add new defendants to his claims under 42 U.S.C. § 1983.[9]

---

[7] For example, the first numbered paragraph of Lewis' First Motion states that he would like "to include violations against the plaintiff's right to freely exercise religion and freedom of speech; 1st Amendment U.S.C." (D.I. 19 ¶ 1.)

[8] Lewis' claims include requests for appointment of counsel, expert psychiatric witnesses, and an expert physician. These "claims" are not allegations against any of the defendants. Instead, they are requests that are properly raised in motions to the court, in order to allow the defendants an opportunity to address them.

[9] The First Motion seeks to add the following defendants: Nurse Helen, Pat Riley, Rose, Karen Chamberlin, Diane Stachowski, Dave Moffitt, Mark Diggs, Florence Scott Cobbs, "Caucasian" Mr. Johnson, Sagil, Gloria Banks, "African American" Mr. Johnson, Dr. Kathryn Sheneman, and Dr. Eugene Lopez. Lewis' Second Motion seeks to add some of the same people as defendants, as well as Michael S. Talmo DPC Director, Head Nurse Curtis Cornish, Lance Sapers, C. Oats, Dr. Ovreishi, Tanya Wilson, Donna Lawrence, Pat Riley, J. Conyer, Margaret

As previously discussed in the context of Dr. Foster's and Gray's motions to dismiss, in order for Lewis to state a section 1983 claim against those he seeks to add as defendants, he must show that: (1) the alleged defendants deprived him of a constitutional right; and (2) the alleged defendants were acting under the color of state law. 42 U.S.C. § 1983; *see, e.g., Groman v. Tp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). Additionally, Lewis must allege and prove a causal connection between the defendants and the alleged wrongdoing in order to recover. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A plaintiff establishes a causal connection by showing that the defendant was personally involved in the alleged wrongs through allegations of either personal direction or actual knowledge and acquiescence. *Id.* Finally, a plaintiff must allege personal involvement with particularity, stating the time, place, and persons responsible for the violations. *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980).

Here, each motion to amend contains a laundry list of names. However, Lewis alleges only that "Caucasian" Mr. Johnson ("Johnson One"), "African American" Mr. Johnson ("Johnson Two"), Lance Sapers ("Sapers"), and Dave Moffitt ("Moffitt") were personally involved in the incidents alleged in his amended complaint. The court will address these allegations below. With respect to the other people listed as defendants, Lewis has failed to indicate how they were personally involved in any deprivation of his constitutional rights. More important, Lewis has not alleged that any of them deprived him of a constitutional right. Thus, Lewis has not satisfied one of the essential elements of successfully pleading a section 1983 claim against those defendants. Accordingly, the court will deny his motion to amend, as it pertains to adding the following defendants: Nurse Helen, Pat Riley, Rose, Karen Chamberlin, Diane Stachowski, Mark Diggs, Florence Scott Cobbs, Sagil,

Wilson, and District Attorney Brian J. Robertson.

20

Gloria Banks, Dr. Kathryn Sheneman, Dr. Eugene Lopez, Michael S. Talmo DPC Director, Head Nurse Curtis Cornish, C. Oats, Dr. Ovreishi, Tanya Wilson, Donna Lawrence, J. Conyer, Margaret Wilson, and District Attorney Brian J. Robertson.

As previously mentioned, Lewis has included allegations with respect to Johnson One, Johnson Two, Sapers, and Moffitt. Specifically, the First Motion alleges that Johnson One and Johnson Two assisted several nurse assistants in assaulting, confining, and restraining Lewis on June 21, 2004, at eleven o'clock at night. (D.I. 19 ¶ 21.) The Second Motion alleges that Johnson Two, Sapers, and Moffitt "are the three men who were involved with the incident with Mr. Gray." (D.I. 20 ¶ 1.) The "Gray incident" is described in the amended complaint (D.I. 10), and discussed above, as occurring on or about June 13, 2004, at the DPC. (D.I. 10, at 2.) Because Lewis has stated the time (i.e. June 13, 2004 and June 21, 2004), place (i.e. DPC), and persons responsible (i.e. Johnson One, Johnson Two, Sapers, and Moffitt) for the constitutional violations he alleges, the court concludes that he has sufficiently stated section 1983 claims. Therefore, the court will grant Lewis' motion to amend, as it pertains to adding Johnson One, Johnson Two, Sapers, and Moffitt as defendants.

Dated: July _5_ , 2006

UNITED STATES DISTRICT JUDGE

21