IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Jimmie Lewis,

— vs —                                    CA. NO. 04-1350 (GMS)

Dr. Sylvia Foster, et al.

FILED 2006 NOV -2 PM 12:25 CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE

PLAINTIFF'S SECOND AMENDED RESPONSE TO
DR. SYLVIA FOSTER'S ANSWER TO THE PLAINTIFF'S
SECOND AMENDED COMPLAINT

COMES NOW, THE PLAINTIFF JIMMIE LEWIS PRO-SE AND SUBMITS
HIS SECOND AMENDED RESPONSE TO DR. FOSTER'S ANSWER TO
THE PLAINTIFF'S SECOND AMENDED COMPLAINT, HAVING PREVIOUSLY
GIVEN NOTICE THAT HE INTENDS TO RELY UPON SUCH OTHER AND
FURTHER AFFIRMATIVE DEFENSES WHICH BECOME AVAILABLE OR
APPARENT DURING PRE-TRIAL DISCOVERY OR LITIGATION PROCEEDINGS
IN THIS ACTION AND HEREBY RESERVES THE RIGHT TO ASSERT
ANY SUCH AFFIRMATIVE DEFENSE WHICH ARE INCORPORATED
BY REFERENCE AND MADE A PART HERE OF AS THOUGH SET FORTH
FULLY, AND ASSERTS THE FOLLOWING IN SUPPORT THEREOF:

DATE: 11/1/06

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

1.) THE PLAINTIFF IN THIS CASE JIMMIE LEWIS SEEKS TO PRESENT THE TRUTH, THE WHOLE TRUTH AND NOTHING BUT THE TRUTH TO THE HONORABLE JUDGE GREGORY M. SLEET, IN ORDER TO ENSURE THAT JUSTICE IS MUTUALLY SERVED FULL AND FAIR IN ACCORDANCE TO THE PLAINTIFFS U.S.C.A RIGHTS, AS WELL AS IN ACCORDANCE TO THE DEFENDANTS U.S.C.A RIGHTS.

THEREFORE, BECAUSE THE DEFENDANT DR. FOSTERS ANSWERS TO THE PLAINTIFFS SECOND AMENDED COMPLAINT, NUMBERS 1-8 OF NUMBERS 1-8 OF THE SAID COMPLAINT, I.e DENIED, ARE INSUFFICIENT AND EVASIVE. THE PLAINTIFF HEREBY REQUEST THAT THIS HONORABLE COURT NOT TAKE THE DEFENDANTS ANSWERS INTO CONSIDERATION AS EVIDENCE AGAINST THE PLAINTIFFS PLEADINGS AS STATED IN HIS SECOND AMENDED COMPLAINT, REGARDING THE DEFENDANTS AFFIRMATIVE DEFENSES, WHEN DECISIONS ARE RENDERED, DUE TO THE DEFENDANTS FAILURE TO PROPERLY ADDRESS THE PLAINTIFFS CLAIMS, AS WELL AS DUE TO THE DEFENDANTS FAILURE TO SHOW AND PROVE TO THIS HONORABLE COURT THAT THERE IS NO GENUINE TRIABLE DISPUTE OF MATERIAL FACT FOR TRIAL; OVER ALL.

2.) THE DEFENDANT NOTES AS DEFENSE THAT THE PLAINTIFF HAS FAILED TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED. IN RESPONSE, ON JULY 5, 06 THE HONORABLE JUDGE GREGORY M. SLEET SUBMITTED HIS AMENDED MEMORANDUM TO THE LITIGATING PARTIES, STATING THAT THE PLAINTIFF HAS INDEED STATED CLAIMS AGAINST THE DEFENDANT FOR WHICH RELIEF CAN BE GRANTED, FOR WHICH SUPPORTS JUDGEMENT THAT SAID DEFENSE IS UNAVAILABLE TO THE DEFENDANT.

( IN SUPPORT THEREOF, SEE THE HONORABLE JUDGE SLEETS JULY 5, 06 AMENDED MEMORANDUM, PAGES 5-6, 7-13, 15-17, ATTACHED HEREIN AS EXHIBIT. )

3.) THE DEFENDANT NOTES AS DEFENSE, THAT THE PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES, UNDER THE PRISON LITIGATION REFORM ACT 42 USC 1997e, AND MENTAL HEALTH PATIENTS BILL OF RIGHTS 16 DEL-C § 5161 (C).

IN RESPONSE, ON 6/24/2004 THE PLAINTIFF REPEATEDLY STATED THAT HE WAS GOING TO SUE THE DEFENDANT AS NAMED IN THE PLAINTIFF'S SECOND AMENDED COMPLAINT, AND IN RESPONSE, THE DEFENDANT ABRUPTLY TRANSFERED THE PLAINTIFF BACK TO THE D.O.C. WITHOUT AN OFFICIAL COURT ORDER FROM A COMMISSIONER AND OR A SUPERIOR COURT JUDGE GRANTING THE JUDICIAL PROCEDURAL DUE PROCESS AUTHORITY TO THE DEFENDANT, THAT WAS SUBMITTED TO THE CLERK OF THE SUPERIOR COURT OFFICE OF PROTHONOTARY AND DOCKETED. (SEE, THE PLAINTIFF'S S.CT CRIMINAL DOCKET #'S 26, 40 AND 41, SEE ALSO, THE PLAINTIFF'S FIRST AMENDED COMPLAINT # 37 - D.CT DOCKET # 10.)

THEREFORE, THE DEFENDANTS PREVENTED THE PLAINTIFF FROM BEING ABLE TO PROPERLY ADHERE TO THE PLRA AND OR THE MENTAL HEALTH PATIENT BILL OF RIGHTS, DUE TO THE DEFENDANTS SAID ACTIONS.

THEREFORE, THE PLAINTIFF DID EXHAUST HIS ADMINISTRATIVE REMEDIES. SEE BROWN V. CROAK, 312 F.3d 109, 113 (3RD CIR 2002). AVAILABLE REMEDY MUST BE CAPABLE OF USE OF HAND. MITCHELL V. HORN, 318 F.3d 523, 529 (3RD CIR 2003) A REMEDY THAT A PRISON OFFICIAL PREVENTS A PRISONER FROM UTILIZING, IS NOT AN AVAILABLE REMEDY UNDER PLRA, MILLER V. NORRIS, 247 F.3d 736, 740 (8TH CIR 2001). SEE ALSO, THE HONORABLE GREGORY M. SLEETS JULY 5, 06 AMENDED MEMO SUBMITTED TO THE LITIGATING PARTIES EXPLAING EXACTLY WHY THE DEFENDANTS PLRA DEFENSE WILL NOT BE CONSIDERED WITH REGARDS TO THE COURT DISMISSING THE PLAINTIFF'S COMPLAINT - ATTACHED HEREIN AS EXHIBIT ).

NOTE: THE PLAINTIFF DIDNT ACTUALLY BECOME AWARE THAT HIS CONSTITUTIONAL RIGHTS WERE BEING VIOLATED, UNTIL HE RECEIVED A COPY OF DR. FOSTER'S JUNE 10, 04 FORENSIC REPORT, FOR WHICH NOTES MALINGERING AS THE OVERALL DIAGNOSIS. THEREFORE, SAID DEFENSE SHOULD NOT BE AVAILABLE TO THE DEFENDANT.

NOTE: THE PLAINTIFF RECEIVED THE DEFENDANT DR. FOSTER'S FORENSIC REPORT 9/2004.

4.) THE DEFENDANT NOTES AS DEFENSE, THAT SHE IS ENTITLED TO Qualified immunity.

IN RESPONSE, THE DEFENDANT WAS AN EMPLOYEE AT THE D.P.C DURING THE DATE AND TIME DEPICTED IN THE PLAINTIFF'S SECOND AMENDED COMPLAINT, IN WHICH IS A STATE AGENCY. THEREFORE THE DEFENDANT WAS A PERSON ACTING UNDER COLOR OF STATE LAW. UNDER THE DOCTRINE OF Qualified immunity STATE OFFICIALS MAY NOT BE SUED IN THEIR INDIVIDUAL CAPACITIES FOR ACTIONS MADE DURING THE PERFORMANCE OF THEIR OFFICIAL DUTIES, UNLESS THEIR CONDUCT VIOLATE CLEARLY ESTABLISHED RIGHTS. SEE ANDERSON V. CREIGHTON, 483 U.S. 635, 639 (1987). THE RIGHT TO BE FREE FROM THE USE OF EXCESSIVE PHYSICAL FORCE IN VIOLATION OF CRUEL AND UNUSUAL PUNISHMENT CLAUSE, FOR WHICH SAID ACTIONS ARE CLEARLY STATED IN THE PLAINTIFFS PLEADINGS. THEREFORE, THE COURT SHOULD CONCLUDE THAT THE DOCTRINE OF Qualified immunity IS NOT AVAILABLE TO THE DEFENDANT. (IN SUPPORT THEREOF, SEE THE HONORABLE JUDGE SLEET'S JULY 5, 06 AMENDED MEMO.)

5.) THE DEFENDANT NOTES AS DEFENSE, THAT SHE IS ENTITLED TO FULL IMMUNITY PRIVILEGE FOR REPORTING JUDICIAL PROCEEDINGS:

IN RESPONSE, THE DEFENDANT DR. FOSTER SHOULD NOT BE ENTITLED TO FULL IMMUNITY PRIVILEGE DUE TO HER VIOLATING THE PLAINTIFFS CLEARLY ESTABLISHED RIGHTS, AS STATED IN THE PLAINTIFF'S SECOND AMENDED COMPLAINT, THEREFORE DEFINING THAT DR. FOSTER ACTED OUTSIDE THE ESTABLISHED GUIDELINES OF HER AUTHORITY ESTABLISHED UNDER 11 DEL C § 468.

(IN SUPPORT THEREOF, SEE THE PLAINTIFF'S SECOND AMENDED COMPLAINT.)

6.) THE DEFENDANT NOTES AS DEFENSE, THAT THE PLAINTIFF'S CLAIMS IN FULL OR IN PART ARE BARRED BY THE DOCTRINE OF COMPARATIVE NEGLIGENCE AND OR ASSUMPTION OF RISK. (DENIED BY THE PLAINTIFF).

(A.) IN RESPONSE, THE PLAINTIFF SUBMITTED A FUNDEMENTAL EXPLANATION, (I.e DISCIPLINARY REASONS), FOR ONE OF THE REASONS HE THINKS THE DEFENDANT DR. FOSTER ORDERED THE PLAINTIFF TO BE CONFINED IN ISOLATION, (4) POINT RESTRAINED AND INJECTED WITH COCKTAILS OF PSYCHOTROPIC DRUGS. THE PLAINTIFF DOES NOT TAKE RESPONSIBILITY IN FULL OR IN PART FOR THE INJURIES HE RECEIVED DUE TO THE DEFENDANTS VIOLATIONS.

THERE IS ABSOLUTELY NO DOUBT THAT THE DEFENDANT ACTED RECKLESS EACH AND EVERY TIME THE DEFENDANT ORDERED THE PLAINTIFF TO BE INJECTED WITH PSYCHOTROPIC DRUGS, HAVING ALREADY DIAGNOSED THE PLAINTIFF AS MALINGERING. THIS SHOULD BE TAKEN INTO CONSIDERATION WITH THE FACT THAT THE PLAINTIFF COULD NOT HARM HIMSELF OR ANYONE ELSE WHILE (4) POINT RESTRAINED. AND OR ISOLATED IN THE ISOLATION ROOM (DUE TO HIS NOT BEING DEEMED SUICIDAL.), AS WELL AS BECAUSE THE PLAINTIFF COMPLAINED ON NUMEROUS OCCASSIONS TO THE DEFENDANT OF SIDE EFFECTS THAT CAUSED PAIN AND SUFFERING SUCH AS; EAR RINGING, DELUSIONS, TREMORS, HALLUCINATIONS, DIZZINESS AND OR VERTIGO, SPEECH PROBLEMS, PAIN IN HIS TESTICALS AND PAIN DURING URINATION.

(B) THE DEFENDANT ASSERTS THAT THE PLAINTIFF IN THIS CASE MANIFESTED CONTRIBUTORY NEGLIGENCE, WITHOUT SUBMITTING PLEADINGS OF SPECIFIC DETAILS OF THE PLAINTIFF'S ALLEGED ACTIONS THAT WOULD COMPEL THE PLAINTIFF TO ANSWER, AND THEREFORE GRANT THE COURT THE JUDICIAL OPPORTUNITY TO DETERMINE IF THE PLAINTIFFS ALLEGED ACTIONS, IN FACT AND OR IN LAW DOES OR DOESN'T DEFINE COMPARATIVE NEGLIGENCE AND OR ASSUMPTION OF RISK, FOR WHICH SUPPORTS THE PLAINTIFFS PLEADING. DEFENSE AS STATED HEREIN IS INSUFFICIENT, AND SHOULD NOT BE AN AVAILABLE DEFENSE.

( CONT # 6, )

(C). . UNDER DELAWARE LAW, IF CONDUCT OF DEFENDANT
IS RECKLESS, DEFENSE OF COMPARATIVE NEGLIGENCE
DOES NOT APPLY. SEE, O'BRIEN V. DELAWARE OLD. INC. -
1993, 833, F. SUPP 447. ALSO, ASSUMPTION OF RISK,
SUBSUMED WITH COMPARATIVE NEGLIGENCE, SEE, PATTON V. -
SIMONE, 1992, 626 A. 2d 844.

7.) THE DEFENDANT NOTES AS DEFENSE, IF PLAINTIFF SUSTAINED
INJURIES AS ALLEGED IN HIS COMPLAINT, WHICH IS HEREIN
STRICKLY DENIED, PLAINTIFF'S INJURIES WERE CAUSED BY
INDIVIDUALS OVER WHICH ANSWERING DEFENDANT HAD NO CONTROL.
IN RESPONSE, THE DEFENDANTS DEFENSE AS STATED
HEREIN IS INSUFFICIENT AND EVASIVE, DUE TO THE LACK OF SPECIFIC
DETAILS OF HER INDIVIDUAL ACCOUNT OF THE INCIDENTS AS STATED
IN THE PLAINTIFF'S SECOND AMENDED COMPLAINT. BUT IN RETROSPECT,
THE DEFENDANT IN HER JUNE 15, 06 ANSWER TO THE PLAINTIFF'S
SECOND AMENDED COMPLAINT PAGE 2 # 14 STATES AS HER SIXTH
AFFIRMATIVE DEFENSE THAT, PLAINTIFF'S INJURIES WERE CAUSED BY
INDIVIDUALS OVER WHICH ANSWERING DEFENDANT HAD NO CONTROL.
THE PLAINTIFF VIEW THE DEFENDANTS SIXTH AFFIRMATIVE
DEFENSE AS A DETRIMENTAL CONTRIDICTION TO HER PREVIOUS
PLEADINGS DATED JUNE 20, 2005 "MOTION TO DISMISS." FOR WHICH
THE DEFENDANT DR. FOSTER AVAILED HERSELF IN DEFENSE UNDER
COLOR OF STATE LAW 11 DEL C§ 468 (3)(5), AND (7) FOR WHICH
NOTES THAT (A CHIEF FORENSIC PSYCHIATRIST SUCH AS DR. FOSTER)
IS PERMITTED AUTHORITY TO ORDER THE USE OF FORCE. THE PLAINTIFF
FINDS THIS TO BE INCRIMINATING DUE TO THE FACT THAT DR. FOSTER
DID NOT INITIALLY CHOOSE TO AVAIL HERSELF IN ACTUAL INNOCENCE,
NOR DID DR. FOSTER CHOOSE TO AVAIL HERSELF IN DEFENSE UNDER
COLOR OF STATE LAW 11 DEL C§ 468 (2) AND (4) —

(CONT #7)

IN WHICH WOULD HAVE DISCRIBED MAINTENANCE OF REASONABLE DISCIPLINE, PREVENTION OF MISCONDUCT, OR AUTHORITY AS A DOCTOR WHO WAS ADMINISTERING TREATMENT?

REVIEWING THE DEFENDANTS PLEADINGS OF AVAILING HERSELF UNDER COLOR OF STATE LAW(S) 11 DEL C§ 468 (3)(5) + (7), IS VITALLY ESSENTIAL IN DETERMINING IF DR. FOSTER'S ACTION VIOLATED THE PLAINTIFF'S CLEARLY ESTABLISHED RIGHT, FOR WHICH SUPPORTS JUDGEMENT THAT THERE ARE GENUINE ISSUES FOR TRIAL.

8.)    THE DEFENDANTS NOTES AS DEFENSE, THAT THE PLAINTIFFS CLAIMS ARE BARRED BY THE DOCTRINES OF LACHES, ESTOPPEL, ACQUIESCENCE, RATIFICATION, UNCLEAN HAND AND WAIVER, (DENIED BY THE PLAINTIFF).

(A.)        IN RESPONSE REGARDING THE DOCTRINE OF LACHES, THE DEFENDANT HAS FAILED TO SUBMIT PLEADINGS THAT DEFINE ANY SORT OF ACTION ALLEGEDLY COMMITTED BY THE PLAINTIFF CAUSED HER TO BE PREJUDICED BY UNREASONABLE DELAY, THEREFORE, THE DOCTRINE OF LACHES SHOULD BE UNAVAILABLE TO THE DEFENDANT AS DEFENSE AS A MATTER OF FACT AND LAW.

NOTE: THE PLAINTIFF FILED HIS INITIAL COMPLAINT IMMEDIATELY THEREAFTER HE RECEIVED A COPY OF DR. FOSTER'S JUNE 10, 04 FORENSIC REPORT FROM HIS ATTORNEY, 9/2004.

(B.)       IN RESPONSE REGARDING THE DOCTRINE OF ESTOPPEL, THE DEFENDANT HAS FAILED TO SUBMIT PLEADING THAT DEFINE THAT THE PLAINTIFFS SECOND AMENDED COMPLAINT CAN BE OR HAS CONTRIDICTED THE PLAINTIFFS INITIAL COMPLAINT AND OR HIS FIRST AMENDED COMPLAINT, THEREFORE THE DOCTRINE OF ESTOPPEL SHOULD BE UNAVAILABLE TO THE DEFENDANT AS DEFENSE AS A MATTER OF FACT AND LAW.

NOTE: THE PLAINTIFFS CLAIMS AS STATED IN HIS SECOND AMENDED COMPLAINT ARE SUPPORTED BY THE D.P.C. DOCTORS NOTES AND PROGRESS NOTES AND THE DEFENDANTS JUNE 10, 04 FORENSIC REPORT.

(CONT # 8)

(C.)    IN RESPONSE REGARDING ACQUIENSCENCE;

TO ESTABLISH A CLAIM UNDER 1983 THE PLAINTIFF MUST ALLEGE SOME EVIDENCE OF PERSONAL INVOLVEMENT, KNOW ACQUIENSCENCE OR PARTICIPATION OF EACH DEFENDANT, SEE — PENNSYLVANIA V. PORTER, 659, F. 2d 306, 336. (3RD CIR' 1981). THE OFFICIALS MISCONDUCT CAN NOT BE MERELY A FAILURE TO ACT SUCH OFFICIALS MUST HAVE PLAYED AN AFFIRMATIVE ROLE IN DEPRIVATION OF THE PLAINTIFF'S RIGHTS. THERE MUST BE A CASUAL LINK BETWEEN THE ACTIONS OF THE RESPONSIBLE OFFICIALS, IN THIS CASE AGAINST THE DEFENDANT, THE PLAINTIFF'S CLAIMS STATED IN HIS SECOND AMENDED COMPLAINT CLEARLY ESTABLISHES THE NECESSARY CRITERIA.
( IN SUPPORT THEREOF, SEE JUDGE SLEET'S JULY 5/06 AMENDED MEMO )
PAGES 5-6, 7-13, 15-17 ATTACHED HEREIN AS EXHIBIT

ALSO, THE PLAINTIFF NEVER STOOD IDILY BY TACIT OR IN PASSIVE ACCEPTANCE WHEN HE WAS BEING INJURED AND OR VIOLATED, THE PLAINTIFF VERBALIZED EACH AND EVERY TIME, NO, NO, NO! I DON'T WANT TO BE INJECTED WITH PSYCHOTROPIC DRUGS, STOP, STOP, STOP! THERE IS ALSO A VALID INFERENCE THAT CAN BE DRAWN FROM THIS MATTER, THE D.P.C STAFF WOULD NOTE THAT THE PLAINTIFF WAS AGGITATED AS HIS RESPONSE TO BEING INVOLUNTARILY ADMINISTERED PSYCHOTROPIC DRUGS.
( SEE ATTACHED PRN ADMINISTRATION MEDICATION SHEET'S )
THIS ALONG WITH THE FACT THAT THE DEFENDANT HAS FAILED TO SUBMIT PLEADING IN HER BEHALF, SUPPORTS JUDGEMENT THAT THE DOCTRINE OF ACQUIENSCENCE SHOULD BE UNAVAILABLE TO THE DEFENDANT AS DEFENSE, AS A MATTER OF FACT, AND LAW.

(D.)    IN RESPONSE REGARDING RATIFICATION.

THE PLAINTIFF NEVER VERBALLY AGREED TO THE TREATMENT HE RECEIVED, NOR DID HE SIGN A CONTRACT EXPRESSING THAT HE WAS IN AGREEMENT WITH BEING INJURED OR VIOLATED. THIS ALONG WITH THE FACT THAT THE DEFENDANT HAS FAILED TO SUBMIT A SIGNED CONTRACT OR PLEADINGS IN BEHALF OF SAID DEFENSE, SUPPORTS JUDGEMENT THAT THE DOCTRINE OF RATIFICATION SHOULD BE UNAVAILABLE TO THE DEFENDANT AS DEFENSE, AS A MATTER OF FACT AND LAW.

(CONT # 8)

(E). IN RESPONSE, REGARDING CLEAN HANDS,
        THE PLAINTIFF HEREBY DENIES VIOLATING ANY
EQUITABLE PRINCIPLES THAT GAVE THE DEFENDANTS ANY
JUSTIFIABLE REASONS TO ACT IN THE MANNER DISCRIBED IN THE
PLAINTIFF'S SECOND AMENDED COMPLAINT, FOR WHICH STATES THAT
THE PLAINTIFF WAS INDEED INJURED AND VIOLATED AGAINST HIS WILL,
THIS ALONG WITH THE FACT THAT THE DEFENDANT HAS FAILED TO
SUBMIT PLEADING IN BEHALF OF SAID DEFENSE, SUPPORTS JUDGEMENT
THAT THE DOCTRINE OF CLEAN HANDS SHOULD BE UNAVAILABLE TO
THE DEFENDANT AS DEFENSE, AS A MATTER OF FACT AND LAW.

(F). IN RESPONSE, REGARDING WAIVER,
        THE PLAINTIFF NEVER VERBALIZED WAIVING HIS RIGHTS,
NOR DID THE PLAINTIFF SIGN A CONTRACT STATING HE WAIVED HIS
RIGHTS, OF SUING THE DEFENDANT FOR THE INJURIES AND VIOLATIONS
COMMITTED AGAINST HIM BY THE DEFENDANT AS STATED IN THE
PLAINTIFF'S SECOND AMENDED COMPLAINT. THIS ALONG WITH THE
FACT THAT THE DEFENDANT HAS FAILED TO SUBMIT A SIGNED
CONTRACT AND OR AGREEMENT, THAT THE PLAINTIFF IN HIS RIGHT
STATE OF MIND (I.E MEANING A COMPETENT STATE OF MIND.),
STATING THE PLAINTIFF ACKNOWLEDGED SAID INJURIES AND VIOLATIONS
STATED IN HIS SECOND AMENDED COMPLAINT, AND THEREAFTER
WAIVED SEEKING RELIEF, SUPPORTS JUDGEMENT THAT THE DOCTRINE
OF WAIVER SHOULD BE UNAVAILABLE TO THE DEFENDANT AS DEFENSE,
AS A MATTER OF FACT AND LAW.

9.)  THE PLAINTIFF HEREBY GIVES NOTICE THAT HE INTENDS TO RELY
UPON SUCH OTHER FURTHER AFFIRMATIVE DEFENSES WHICH BECOME
AVAILABLE OR APPARENT DURING PRETRIAL DISCOVERY OR LITIGATION
PROCEEDINGS IN THIS CIVIL ACTION, AND HEREBY RESERVES THE RIGHT
TO ASSERT ANY SUCH AFFIRMATIVE DEFENSES WHICH ARE
INCORPORATED HEREIN BY REFERENCE AND MADE PART HEREOF
AS THOUGH SET FORTH FULLY HEREIN.

FOR THE FOREGOING REASONS STATED HEREIN
THE PLAINTIFF HEREBY REQUEST THAT THIS HONORABLE
COURT TO RENDER JUDGEMENT THAT THE DEFENDANTS
HAVE FAILED TO AT LEAST SHOW AND PROVE THAT
THERE IS AT LEAST SOME METAPHYSICAL DOUBT
AS TO THE MATERIAL FACTS OF THE PLAINTIFF'S CLAIMS
AS STATED IN HIS SECOND AMENDED COMPLAINT,
 FOR WHICH VALIDATES AND SUPPORT THE COURT
RENDERING JUDGEMENT THAT THERE ARE GENUINE
ISSUES FOR TRIAL.

CERTIFICATE OF SERVICE

I, THE UNDERSIGNED PLAINTIFF JIMMIE LEWIS
DUE HEREBY CERTIFY ON THIS ___1ST___, DAY OF __NOV__,
2006, THAT I DID MAIL BY U.S. MAIL ONE TRUE AND
CORRECT COPY OF THE PLAINTIFF'S SECOND AMENDED RESPONSE
TO DR. SYLVIA FOSTER'S ANSWER TO THE PLAINTIFF'S
SECOND AMENDED COMPLAINT, TO THE FOLLOWING:

CLERK OF THE COURT (GMS)
UNITED STATES DISTRICT COURT
J. CALEB BOGGS FEDERAL BUILDING
844. N. KING ST, LOCKBOX 18
WILMINGTON, DELAWARE 19801

CYNTHIA G. BEAM ESQ
1001 JEFFERSON PLAZA, SUITE 202
WILMINGTON, DE 19801

DATE: 11/1/06

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

```
                        SUPERIOR COURT CRIMINAL DOCKET              Page    3
                           ( as of  01/13/2006 )
```

State of Delaware v.  JIMMY LEWIS                          DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA:
Defense Atty: JOHN S EDINGER , Esq.

```
         Event
No.      Date          Event                              Judge
----------------------------------------------------------------------------
            1 COURT EXHIBIT. GAVE TO EDGAR JOHNSON TO PUT IN VAULT.
            AG/ROBERTSON - PD/EDINGER - CR/FELDMAN, DONNELLY & MAURER - CC/CARUSO.
            JUDGE HERLIHY TOOK THE VERDICT FOR JUDGE ABLEMAN
24       10/21/2003
            LETTER FROM: MARGOT R. MILLAR, OFFICE OF DISCIPLINARY COUNSEL
            TO: DEFENDANT.
            RE: DISCIPLINARY COMPLAINT AGAINST DEFTS. COURT APPOINTED ATTY.
            *SEE FULL LETTER IN FILE*
20       10/23/2003                              ABLEMAN PEGGY L.
            CHARGE TO THE JURY FILED.
21       10/23/2003
            VOIR DIRE QUESTIONS FILED.
            STATE'S PROPOSED VOIR DIRE.
23       11/04/2003
            LETTER FROM SUPREME COURT TO JIMMY LEWIS
            RE: THE SUPREME COURT IS IN RECEIPT OF YOUR LETTER
            DATED OCTOBER 24, 2003. THE SUPREME COURT IS AN APPELLATE COURT
            WHICH RECEIVES APPEALS AND RELATED DOCUMENTS FILED PURSUANT
            TO SUPREME COURT RULES. ACCORDING TO THE SUPREME COURT RECORDS,
            YOU DO NOT HAVE AN APPEAL PENDING AT THIS TIME. BY COPY OF THIS
            LETTER I AM PROVIDING COPIES OF YOUR LETTER TO YOUR ATTORNEY, AND
            THE DEPUTY ATTORNEY GENERAL, THE PROTHONOTARY.
25       11/14/2003
            MOTION FOR PSYCHOLOGICAL/PSYCHIATRIC EXAM FILED.
            BY JOHN S EDINGER JR,ESQ
            REFERRED TO JUDGE TOLIVER-OFFICE JUDGE SENT UP (11/24/03)
26       12/01/2003                              TOLIVER CHARLES H. IV
            ORDER: ORDERED THAT JIMMY LEWIS THE DEFENDANT, BE TRANSFERRED TO THE
            DELAWARE STATE HOSPITAL FOR PSYHIATRIC EVALUATION FOR THE PURPOSE OF
            DETERMINING COMPETENCY, AND TO OBTAIN TREATMENT FOR HIS OWN WELL-BEING
            AS SOON AS DELAWARE STATE HOSPITAL NOTIFIES GANDER HILL OF AN
            AVAILABLE OPENING, JIMMY LEWIS IS TO BE TRANSPORTED AND EVALUATED.
27       12/03/2003
            MOTION FOR TRANSCRIPT FILED PROSE.  REFERRED TO JUDGE ABLEMAN.
            * NOTE FROM CHAMBERS-JUDGE REVIEWED BOTH LETTERS 12/22/03 NO ACTION
            NEEDED. AMH
28       12/16/2003
            DEFENDANT'S LETTER FILED.
29       01/13/2004
            DEFENDANT'S LETTER FILED.
30       03/01/2004
            LETTER FROM: JOHN S. EDINGER, ESQ.      TO: JUDGE ABLEMAN
```

SUPERIOR COURT CRIMINAL DOCKET                    Page    4
( as of  01/13/2006 )

State of Delaware v.  JIMMY LEWIS                          DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.        AKA:
Defense Atty: JOHN S EDINGER , Esq.

| No. | Event Date | Event | Judge |
|-----|-----------|-------|-------|

RE:  ON 12/01/03, THE COURT ORDERED THAT THE DEFENDANT BE TRANSFERRED
TO THE DELAWARE STATE HOSPITAL FOR PSYCHIATRIC EVALUATION.  TO DATE,
HE HAS NOT BEEN TRANSPORTED FOR AN EVALUATION.
(LETTER AND FILE REFERRED TO JUDGE ABLEMAN 03/01/04)

31   03/11/2004
MOTION FOR JUDGMENT OF ACQUITTAL FILED PROSE.  REFERRED TO JUDGE
ABLEMAN

32   03/23/2004                              ABLEMAN PEGGY L.
LETTER/ORDER ISSUED BY JUDGE: ABLEMAN
RE: THE COURT HAS CONSIDERED YOUR PRO SE MOTION FOR JUDGEMENT OF
ACQUITTAL.  NORMALLY, THE COURT WILL NOT CONSIDER ANY PLEADINGS THAT
YOU FILE PRO SE SINCE YOU ARE REPRESENTED BY COUNSEL, JOHN EDINGER.
YOU SHOULD CONSULT WITH HIM FOR THE FILING OF ANY MOTIONS OR PLEADINGS
IN THIS CASE, YOUR MOTION FOR JUDGEMENT OF ACQUITTAL IS UNTIMELY AND
IS THEREFORE HEREBY DENIED.  IT IS SO ORDERED JUDGE ABLEMAN.

33   04/19/2004
PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
REFERRED TO JUDGE CARPENTER.
DATE REFERRED: 4/21/04
CIVIL CASE NO: 04M-04-054

34   04/26/2004                              CARPENTER WILLIAM C. JR.
LETTER/ORDER ISSUED BY JUDGE CARPENTER.
RE: HABEAS CORPUS PETITION 04M-04-054 IS DENIED.
YOUR REQUEST FOR HABEAS CORPUS RELIEF HAS BEEN FORWARDED TO ME FOR A
DECISION. A REVIEW OF THE DOCKET IN THIS MATTER CLEARLY INDICATES THAT
YOU WERE CONVICTED ON OCTOBER 21, 2003 ON THE CHARGES OF CARJACKING
SECOND DEGREE, THEFT, AND RESISTING ARREST AND THE TRIAL WAS PRESIDED
OVER BY JUDGE ABLEMAN. IN NOVEMBER, 2003, YOUR COUNSEL, MR. EDINGER,
FILED A MOTION FOR A PSYCHIATRIC EXAMINATION WHICH WAS APPROVED BY
JUDGE TOLIVER ON DECEMBER 1, 2003. WHILE I APPRECIATE THAT YOU ARE
UPSET REGARDING THE DELAY THAT HAS OCCURED WITH REGARD TO THIS
EVALUATION, IT DOES NOT PROVIDE YOU WITH A BASIS FOR HABEAS CORPUS
RELIEF. SINCE IT IS CLEAR BASED UPON THE ABOVE THAT YOU ARE PRESENTLY
BEING HELD CONSISTENT WITH YOUR CONVICTION ON THE ABOVE CHARGES AND
YOUR FAILURE TO POST APPROPRIATE BAIL, YOUR REQUEST IS HEREBY DENIED.
I WILL FORWARD A COPY OF THIS LETTER TO JUDGE ABLEMAN AND JUDGE
TOLIVER SO THAT THEY MAY BE AWARE OF THE DELAY THAT IS OCCURRING. WCC

35   04/26/2004
NOTICE OF SERVICE
RE: COPY OF GROUNDS FOR APPEAL

36   05/07/2004
DEFENDANT'S LETTER FILED.

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    5
                    ( as of  01/13/2006 )
```

State of Delaware v.  JIMMY LEWIS                        DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.       AKA:
Defense Atty: JOHN S EDINGER , Esq.

```
        Event
No.   Date           Event                          Judge
------------------------------------------------------------------------
37    05/13/2004
      PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
      SUBMITTED BY:__DONALD NAPOLIN, MENTAL HEALTH SUPERVISOR
      AND ORDER REQUESTING DEFENDANT BE TRANSFERRED TO MITCHELL BUILDING
      GRANTED BY JUDGE TOLIVER ON 5-13-04
38    05/14/2004
      DEFENDANT'S LETTER FILED.
      LETTER REGARDING NAMES AND PLACE EMPLOYMENT OF BAILIFF'S WHO PROVIDED
      COURT ON 10/21 10/23 FOR A WRIT OF MANDAMUS TO BE FILED.
      *SEE FULL LETTER IN FILE.
40    06/16/2004
      LETTER FROM DIANNE STACHOWSKI TO JUDGE TOLIVER, REQUESTING DEFT
      BE TRANSFERED BACK TO DOC.
39    06/28/2004
      PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
      SUBMITTED BY:  SYLVIA FOSTER MD
      COPY SENT TO ATTORNEY AND JUDGE TOLIVER
41    06/29/2004
      LETTER FROM DIANNE STACHOWSKI TO JUDGE TOLIVER REQUESTING DEFENDANT
      BE TRANSFERRED BACK TO DOC.
42    07/06/2004
      LETTER FROM COMMISSIONER WHITE TO COUNSEL GIVING THEM 10 DAYS TO
      REQUEST A COMPETENCY HEARING AND INFORMING OF THE SENTENCING DATE
      OF 8-27-04 AT 9:30 WITH JUDGE TOLIVER.
43    07/19/2004
      MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER FILED.
      BY BRIAN J ROBERTSON,DAG
      MOTION PUT IN FILE TO BE HEARD AT SENTENCING
44    07/26/2004
      PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
      COPY RECEIVED FROM DEFENDANT LEWIS
      SEALED BY ORDER OF SUPERIOR COURT
45    08/02/2004
      CONTINUANCE REQUEST FILED BY J EDINGER - GRANTED PER JUDGE ABLEMAN
      (SENTENCING)
46    08/09/2004
      MOTION TO DISMISS COUNSEL FILED PRO SE.  REFERRED TO JUDGE ABLEMAN
47    08/17/2004
      MOTION FOR COMPETENCY HEARING FILED PRO SE.  REFERRED TO JUDGE ABLEMAN
48    08/17/2004
      MOTION FOR DISCOVERY FILED PRO SE. REFERRED TO JUDGE ABLEMAN
49    08/20/2004                               ABLEMAN PEGGY L.
```

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:04-cv-01350-GMS
## Internal Use Only

Lewis v. Foster
Assigned to: Honorable Gregory M. Sleet
Demand: $0
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 10/13/2004
Jury Demand: None
Nature of Suit: 555 Prisoner: Prison Conditions
Jurisdiction: Federal Question

**Plaintiff**

**Jimmie Lewis**                     represented by   **Jimmie Lewis**
                                                      SBI#506622
                                                      Delaware Correctional Center
                                                      1181 Paddock Road
                                                      Smyrna, DE 19977
                                                      PRO SE

V.

**Defendant**

**Dr. Sylvia Foster**               represented by   **Cynthia G. Beam**
                                                      Reger & Rizzo, LLP
                                                      1001 Jefferson Plaza
                                                      Suite 202
                                                      Wilmington, DE 19801
                                                      (302) 652-3611
                                                      Email: cbeam@regrizlaw.com
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Nurse Assistant Robert N. Gray**   represented by   **Aleph Ann Woolfolk**
                                                      Department of Justice
                                                      820 N. French Street, 8th Floor
                                                      Carvel Office Building
                                                      Wilmington, DE 19801
                                                      (302) 577-8500
                                                      Email: ann.woolfolk@state.de.us
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Phebe S. Young**
                                                      Department of Justice
                                                      820 N. French Street, 6th Floor
                                                      Wilmington, DE 19801
                                                      Email: phebe.young@state.de.us
                                                      *TERMINATED: 10/27/2005*

*LEAD ATTORNEY*

**Defendant**

**Delaware Psychiatric Center**          represented by **Aleph Ann Woolfolk**
*TERMINATED: 11/21/2005*                              (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Phebe S. Young**
                                                      (See above for address)
                                                      *TERMINATED: 10/27/2005*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Mr. Johnson 1**

**Defendant**

**Mr. Johnson 2**

**Defendant**

**Lance Sapers**

**Defendant**

**Dave Moffitt**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/13/2004 | 1 | MOTION by Jimmie Lewis to Proceed in Forma Pauperis (mwm) (Entered: 10/14/2004) |
| 10/13/2004 | 2 | COMPLAINT filed (mwm) (Entered: 10/14/2004) |
| 10/20/2004 | 3 | CASE assigned to Judge Gregory M. Sleet . Notice to all parties. (rjb) (Entered: 10/20/2004) |
| 10/25/2004 | 4 | ORDER granting [1-1] motion to Proceed in Forma Pauperis and assessing $150.00 filing fee. An initial partial filing fee of $8.49 shall be required. Pltf shall return the attached payment authorization w/in 30 days. Failure to return payment authorization shall result in dismissal of action w/out prejudice. Set Notice of Compliance deadline to 12/3/04 for Jimmie Lewis ( signed by Judge Gregory M. Sleet ) copy to: Pltf w/Mag. Consent form (mmm) (Entered: 11/03/2004) |
| 11/03/2004 | | FILING FEE $ 150.00 assessed. (mmm) (Entered: 11/03/2004) |
| 11/09/2004 | 5 | AUTHORIZATION form received by Jimmie Lewis (asw) (Entered: 11/10/2004) |
| 12/21/2004 | | FILING FEE $ 8.49 RECEIPT # 137381 paid by Jimmie Lewis (cc: Prison Business Office) (btg) (Entered: 12/21/2004) |

| 12/29/2004 | 6 | Letter to the Court from the Plaintiff requesting "citizen's guide" for instructions; Copies to Pro Se Law Clerk & file (asw) (Entered: 12/30/2004) |
|---|---|---|
| 01/11/2005 | | FILING FEE $ 8.49 RECEIPT # 137586 paid by Jimmie Lewis (cc: Prison Business Office) (rbe) (Entered: 01/11/2005) |
| 01/19/2005 | 7 | This document, originally filed as an amended complaint in this case by Jimmie Lewis, should have been filed in another case. The document has been removed from the docket and the file. (Entered: 01/20/2005) |
| 02/22/2005 | 9 | Letter to Clerk from Jimmie Lewis regarding status of case and Civil Procedures. (asw ) (Entered: 02/28/2005) |
| 02/24/2005 | 8 | ORDER, plaintiff shall return to Clerk original USM 285 form(s). Upon receipt, the U.S. Marshal shall serve process as directed by plaintiff. Signed by Judge Gregory M. Sleet on 2/22/05. (mmm) (Entered: 02/24/2005) |
| 03/08/2005 | 10 | AMENDED COMPLAINT against Sylvia Foster- filed by Jimmie Lewis. (mmm) (Entered: 03/08/2005) |
| 04/18/2005 | 11 | Letter to Clerk of the Court from Jimmie Lewis regarding change of address. (mmm) (Entered: 05/05/2005) |
| 05/18/2005 | 12 | Letter to Jimmie Lewis from Clerk of the Court regarding service of process. (mmm) (Entered: 05/18/2005) |
| 06/09/2005 | 13 | NOTICE of Appearance by Cynthia G. Beam on behalf of Sylvia Foster (Beam, Cynthia) (Entered: 06/09/2005) |
| 06/10/2005 | 14 | WAIVER OF SERVICE returned executed for Sylvia Foster. Waiver sent on 6/9/2005, answer due 8/8/2005. (mmm) (Entered: 06/13/2005) |
| 06/17/2005 | 15 | MOTION to Dismiss for Lack of Jurisdiction Over the Person - filed by Sylvia Foster. (Beam, Cynthia) (Entered: 06/17/2005) |
| 06/20/2005 | 16 | MOTION to Dismiss for Failure to State a Claim - filed by Sylvia Foster. (Beam, Cynthia) (Entered: 06/20/2005) |
| 06/21/2005 | 17 | Return of Service Executed as to the Attorney General of the State of Delaware. (mmm) (Entered: 06/21/2005) |
| 06/21/2005 | 18 | WAIVER OF SERVICE with 285 form returned executed for Robert N. Gray. Waiver sent on 6/6/2005, answer due 8/5/2005. (mmm) (Entered: 06/21/2005) |
| 07/07/2005 | 19 | MOTION Requesting Permission to Amend Complaint - filed by Jimmie Lewis. (mmm) (Entered: 07/11/2005) |
| 08/04/2005 | 20 | ADDITIONAL POINTS to Support re [7] Amended Complaint filed by Jimmie Lewis.Answering Brief/Response due date per Local Rules is 8/18/2005. (asw ) (Entered: 08/05/2005) |
| 08/05/2005 | 21 | MOTION to Dismiss for Failure to State a Claim *and*, MOTION to |

| | | |
|---|---|---|
| | | Dismiss for Lack of Jurisdiction Over the Person - filed by Delaware Psychiatric Center. (Young, Phebe) (Entered: 08/05/2005) |
| 08/05/2005 | ❏22 | MEMORANDUM in Support re 21 MOTION to Dismiss for Failure to State a Claim *and* MOTION to Dismiss for Lack of Jurisdiction Over the Person filed by Delaware Psychiatric Center.Answering Brief/Response due date per Local Rules is 8/19/2005. (Young, Phebe) (Entered: 08/05/2005) |
| 08/05/2005 | ❏23 | MOTION to Dismiss for Failure to State a Claim - filed by Robert N. Gray. (Young, Phebe) (Entered: 08/05/2005) |
| 08/05/2005 | ❏24 | MEMORANDUM in Support re 23 MOTION to Dismiss for Failure to State a Claim filed by Robert N. Gray.Answering Brief/Response due date per Local Rules is 8/19/2005. (Young, Phebe) (Entered: 08/05/2005) |
| 08/23/2005 | ❏25 | RESPONSE to Motion re 19 MOTION to Amend/Correct *Defendant Sylvia Foster, M.D.'s Response to Plaintiff's "Additional Points to Support Motion and Requesting Permission to Amend the Complaint"* filed by Sylvia Foster. (Beam, Cynthia) (Entered: 08/23/2005) |
| 08/26/2005 | ❏26 | NOTICE of filing the following document(s) in paper format: Amended Complaint. Original document(s) on file in Clerk's Office. (mmm) (Entered: 08/26/2005) |
| 09/06/2005 | ❏27 | CERTIFICATE OF SERVICE of Amended Complaint sent to Phebe S. Young, Deputy Attorney General, on 8/27/05 by Jimmie Lewis. (mmm) (Entered: 09/06/2005) |
| 09/06/2005 | ❏28 | MOTION for Discovery - filed by Jimmie Lewis. (mmm) (Entered: 09/06/2005) |
| 09/14/2005 | ❏29 | REQUEST for SUBPOENA filed by Jimmie Lewis directed to Sylvia Foster, M.D. (mmm) (Entered: 09/14/2005) |
| 10/03/2005 | ❏30 | Summons Returned Unexecuted as to Sylvia Foster. (mmm, ) (Entered: 10/03/2005) |
| 10/03/2005 | ❏31 | ORDER that the Plaintiff shall file answer briefs to Foster's, the Center's, and Gray's Motions to Dismiss within ten (10) days of this Order. Signed by Judge Gregory M. Sleet on 10/3/05. (asw ) (Entered: 10/03/2005) |
| 10/05/2005 | ❏32 | MOTION to Dismiss for Lack of Jurisdiction Over the Subject Matter - filed by Sylvia Foster. (Attachments: # 1 # 2 # 3)(Beam, Cynthia) (Entered: 10/05/2005) |
| 10/06/2005 | ❏33 | Letter to Jimmie Lewis from Clerk of the Court regarding return of summons. (mmm) (Entered: 10/06/2005) |
| 10/13/2005 | ❏48 | Letter dated 10/13/05 to Jimmie Lewis from Clerk of the Court regarding request for clarification. (mmm) Modified on 1/13/2006 (mmm). Inadvertently, this letter was not docketed on October 13, 2005 and, as a result, the D.I. numbers are out of sequence. (Entered: 01/13/2006) |
| 10/27/2005 | ❏34 | NOTICE OF SUBSTITUTION OF COUNSEL re Robert N. Gray, |

| | | |
|---|---|---|
| | | Delaware Psychiatric Center: Entry of appearance of attorney A. Ann Woolfork . Attorney Phebe S. Young terminated. (Young, Phebe) Modified on 10/27/2005 (dab, ). (Entered: 10/27/2005) |
| 10/27/2005 | ●35 | NOTICE of Appearance by Aleph Ann Woolfolk on behalf of Robert N. Gray, Delaware Psychiatric Center (Woolfolk, Aleph) (Entered: 10/27/2005) |
| 10/27/2005 | ● | CORRECTING ENTRY: Name of Attorney entering appearance changed to A. Ann Woofolkin DI #34 (dab, ) (Entered: 10/27/2005) |
| 10/27/2005 | | *** Attorney Phebe S. Young terminated. (dab, ) (Entered: 10/27/2005) |
| 11/10/2005 | ●36 | ANSWERING BRIEF in Opposition re 15 MOTION to Dismiss for Lack of Jurisdiction Over the Person filed by Jimmie Lewis.Reply Brief due date per Local Rules is 11/18/2005. (mmm) (Entered: 11/10/2005) |
| 11/10/2005 | ●37 | ANSWERING BRIEF in Opposition re 21 MOTION to Dismiss for Failure to State a Claim *and* MOTION to Dismiss for Lack of Jurisdiction Over the Person, 23 MOTION to Dismiss for Failure to State a Claim, 16 MOTION to Dismiss for Failure to State a Claim filed by Jimmie Lewis.Reply Brief due date per Local Rules is 11/18/2005. (mmm) (Entered: 11/10/2005) |
| 11/10/2005 | ●38 | ANSWERING BRIEF in Opposition re 32 MOTION to Dismiss for Lack of Jurisdiction Over the Subject Matter filed by Jimmie Lewis.Reply Brief due date per Local Rules is 11/18/2005. (mmm) (Entered: 11/10/2005) |
| 11/10/2005 | ●39 | Letter to Clerk of the Court from Jimmie Lewis regarding return of complaints. (mmm) (Entered: 11/10/2005) |
| 11/10/2005 | ●40 | MOTION to Appoint Counsel - filed by Jimmie Lewis. (Attachments: # 1)(mmm) (Entered: 11/10/2005) |
| 11/18/2005 | ●41 | Letter to The Honorable Gregory M. Sleet from A. Ann Woolfolk regarding Response to Motion to Dismiss - re 21 MOTION to Dismiss for Failure to State a Claim *and* MOTION to Dismiss for Lack of Jurisdiction Over the Person, 37 Answering Brief in Opposition,. (Attachments: # 1 Text of Proposed Order Grant Motion to Dismiss) (Woolfolk, Aleph) (Entered: 11/18/2005) |
| 11/18/2005 | ●42 | REPLY BRIEF re 23 MOTION to Dismiss for Failure to State a Claim *Memorandum of Points and Authorities in Reply to Answer to Motion to Dismiss* filed by Robert N. Gray. (Woolfolk, Aleph) (Entered: 11/18/2005) |
| 11/22/2005 | ●43 | ORDER granting 21 Motion to Dismiss filed by the Delaware Psychiatric Center. Judgment is hereby entered in favor of the moving defendant and against the plaintiff. Signed by Judge Gregory M. Sleet on 11/21/05. (mmm) (Entered: 11/22/2005) |
| 11/22/2005 | ●44 | Letter to Clerk of the Court from Jimmie Lewis regarding requesting docket sheets. (mmm) (Entered: 11/22/2005) |

| | | |
|---|---|---|
| 11/22/2005 | ❖45 | Letter to Clerk of the Court from Jimmie Lewis regarding request for docket sheet. (mmm) (Entered: 11/23/2005) |
| 11/22/2005 | ❖46 | Letter to Jimmie Lewis from Clerk of the Court regarding request for copywork - re 45 Letter, 20 Letter, 19 Letter, 21 Letter, 44 Letter, 19 Letter, 18 Letter, 20 Letter. (mmm) (Entered: 11/23/2005) |
| 12/05/2005 | ❖47 | RESPONSE to Motion re 40 MOTION to Appoint Counsel filed by Delaware Psychiatric Center. (Attachments: # 1)(Woolfolk, Aleph) (Entered: 12/05/2005) |
| 01/17/2006 | ❖49 | ORDER re 48 Letter . The Clerk is directed to return amended complaint and civil cover sheet to the plaintiff. Signed by Judge Gregory M. Sleet on 1/17/06. (mmm) (Entered: 01/17/2006) |
| 02/01/2006 | ❖50 | Request from Jimmie Lewis regarding request for extension of time. (mmm) (Entered: 02/03/2006) |
| 02/03/2006 | ❖51 | DEFICIENCY NOTICE by the Court issued to the plaintiff re 50 request for extension of time. (mmm) (Entered: 02/03/2006) |
| 02/07/2006 | ❖52 | MEMORANDUM OPINION and ORDER re 16 GRANTING IN PART AND DENYING IN PART MOTION to Dismiss for Failure to State a Claim filed by Sylvia Foster, 15 DENYING MOTION to Dismiss for Lack of Jurisdiction Over the Person filed by Sylvia Foster, 23 DENYING MOTION to Dismiss for Failure to State a Claim filed by Robert N. Gray, 32 DENYING AS MOOT MOTION to Dismiss for Lack of Jurisdiction Over the Subject Matter filed by Sylvia Foster, and 19 GRANTING IN PART AND DENYING IN PART MOTION to Amend/Correct filed by Jimmie Lewis . Signed by Judge Gregory M. Sleet on 2/7/06. (mmm) (Entered: 02/07/2006) |
| 02/09/2006 | ❖53 | Letter to Jimmie Lewis from Clerk of the Court regarding returning paper documents for failure to comply with the court's Memorandum and Order dated 2/7/06. (mmm) (Entered: 02/10/2006) |
| 02/28/2006 | ❖54 | Letter (deficiency) to Jimmie Lewis from Clerk of the Court regarding the filing of paper documents received by this court on 2/14/06. (mmm) (Entered: 02/28/2006) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS,                              )
                                          )
            Plaintiff,                     )
                                          )
    v.                                     )        Civil Action No. 04-1350 GMS
                                          )
DR. SYLVIA FOSTER, STAFF                   )
MEMBERS, and MR. GRAY,                     )
                                          )
            Defendants.                    )
                                          )

RECEIVED
JUL 14 2006
H&F

## AMENDED MEMORANDUM

## I.    INTRODUCTION

Jimmie Lewis ("Lewis") is presently incarcerated at the Delaware Correctional Center (the

"DCC"), which is located in Smyrna, Delaware. On October 13, 2004, Lewis filed this *pro se* civil

rights action pursuant to 42 U.S.C. § 1983. This action arises out of incidents that allegedly occurred

while Lewis was confined to the Delaware Psychiatric Center (the "DPC") in order to undergo a

mental health evaluation, pursuant to a court order signed by Judge Charles Toliver. In his complaint

and amended complaint (D.I. 10) Lewis alleges that Sylvia Foster, M.D. ("Dr. Foster"), Robert Gray

("Gray"), and other DPC staff members ("DPC Staff Members") have violated his constitutional

rights.

Presently before the court are the following motions: (1) Dr. Foster's motion to dismiss for

lack of jurisdiction; (2) Dr. Foster's motion to dismiss for failure to state a claim; (3) Gray's motion

to dismiss for failure to state a claim; and (4) Lewis' motion to amend and supplement thereto. For

the reasons stated below, the court will deny Dr. Foster's motion to dismiss for lack of jurisdiction;

the court will grant in part and deny in part Dr. Foster's motion to dismiss for failure to state a claim;

(3) the court will deny Gray's motion to dismiss for failure to state a claim; and the court will grant

in part and deny in part Lewis' motion to amend and supplement thereto.

## II.    BACKGROUND

Lewis' first complaint alleges that Dr. Foster diagnosed Lewis as "malingering"[1] and stated

that he received no "psychotropic" medication during his stay at the DPC, because he "revealed no

evidence of mood disorder." (D.I. 2 ¶ 4.)   Lewis further alleges that, contrary to Dr. Foster's

diagnosis, he was "strapped down with restraints and injected with psychotropic drugs[,] such as

Haldol, Ativan and Geodon." (*Id.*) He requests the court to investigate his claim and award him

monetary relief for pain and suffering because he was "violated." (*Id.* ¶ 5.)

On March 8, 2005, Lewis filed an amended complaint naming Dr. Foster, as well as several

DPC Staff Members, including Gray, as defendants. (*See* D.I. 10.) According to Lewis, "Judge

Charles H. Toliver IV ordered that [he] be transfered [sic] to the Delaware Psychiatric Center for a

psychiatric evaluation to determine [his] competency [to assist in the defense of criminal charges

against him] and to receive treatment." (D.I. 10, at 1.) Lewis also alleges that after he arrived at the

DPC he "was ill and couldn't complete the admissions interview," which resulted in a "disciplinary

restriction." (*Id.*)

According to the amended complaint, on June 6, 2004, Lewis was "strapped down with four

point restraint [sic] and injected with psychotropic medicines for disciplinary reasons, not for

psychiatric reasons per Dr. Foster." (*Id.*) The amended complaint then documents several occasions

during which Lewis was "strapped down with four point restraints and injected with psychotropic

---

[1] Malingering is defined as "the purposeful exaggeration of physical or psychological
complaints in order to receive some kind of reward." *Psychology Today*, available at
www.psychologytoday.com/conditions/malingering.html (last visited January 24, 2006).

medicines." (*Id.* at 2.)  Lewis alleges that Dr. Foster ordered him restrained for disciplinary, rather than psychiatric reasons, amounting to deliberate indifference on her part.  (*Id.* at 1-2.)

Additionally, Lewis alleges that, on or about June 13, 2004, "Nurse Helen" instructed four or five DPC Staff Members to forcibly remove a bag of M&Ms candy from his hand because he was on disciplinary restriction.  (*Id.* at 2.)  According to Lewis, one of the DPC Staff Members, "Grey [sic]," choked him while the other staff members assaulted him.  (*Id.*)  After he was subdued, one or several unnamed DPC Staff Members put him in restraints and injected with psychotropic medicine.  (*Id.*)

On June 25, 2005, the DPC released Lewis and transferred him back to the DCC.  (*Id.* at 3.) Lewis makes several allegations regarding the absence of a court order for his transfer, as well as erroneous responses to a Writ of Habeas Corpus filed in the state court.  However, he does not explain the significance of these events to the case at bar.  (*See id.*)

### III.    DISCUSSION

#### A.    Dr. Foster's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Dr. Foster has filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).  Dr. Foster contends that Lewis' claims must be dismissed because the court is without jurisdiction to hear them.  Specifically, Dr. Foster contends that Lewis has not presented a federal question because he seeks monetary damages only for pain and suffering. (D.I. 15 ¶ 3.)  Dr. Foster further contends that Lewis raises no issues in his pleadings based on his imprisonment.  Therefore, his complaint cannot even arguably be construed as stating claims under

42 U.S.C. § 1983. (*Id.* ¶ 4.)[2]  Lastly, Dr. Foster contends that Lewis' complaint fails to meet the requirements under the diversity of citizenship statute, 28 U.S.C. § 1323, because it does not allege that the parties are citizens of different states. (*Id.* ¶¶ 6-7.)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Dr. Foster's motion makes several facial challenges to the complaint because her arguments are based solely upon the application of legal principles to the facts as alleged in the complaint. Such a motion requires the court to consider the allegations of the complaint as true and to make all reasonable inferences in the plaintiffs' favor. *See id.*

After having considered Lewis' allegations as true and drawing all reasonable inferences therefrom, the court concludes that Dr. Foster's motion is without merit. Federal courts are vested with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nothing in the language of section 1331 requires a plaintiff to plead any type of damages, i.e. compensatory or punitive. Lewis' amended complaint states that Dr. Foster was deliberately indifferent when she ordered him to be strapped down and given "psychotropic" medicines for disciplinary reasons. (D.I. 10, at 1.) Because Lewis is imprisoned and he complains, at the very least, about his conditions of confinement, his claims arise under 42 U.S.C. § 1983, a law of the United States. The court, therefore, has jurisdiction over Lewis' claims. Accordingly, the court will not address Dr. Foster's additional jurisdictional attacks.

---

[2] Dr. Foster contends in this motion that Lewis has not made any allegations in his pleadings based on his imprisonment. However, in her motion to dismiss for failure to state a claim Dr. Foster states that Lewis is a "prisoner" and that the court may construe his claims as being based on his imprisonment under the Civil Rights Act. (D.I. 16 ¶¶ 1, 5-6.) Thus, she concedes that Lewis' claims arise under 42 U.S.C. § 1983.

B.    Whether Lewis has Stated Claims against Dr. Foster and Gray Under Section 1983

Dr. Foster and Gray have filed motions to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6). The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits

of the case. *See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993). Thus, as in the case of a Rule

12(b)(1) motion, the court must accept the factual allegations of the complaint as true. *See Graves*

*v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). In

particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint

is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v.*

*Upper Darby Tp.*, 838 F.2d 663, 666 (3d Cir.1988). However, the court need not "credit a

complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v.*

*Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir.1997). A court should dismiss a complaint

"only if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations." *See Graves*, 117 F.3d at 726; *Nami*, 82 F.3d at 65 (both citing

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, *pro se* complaints are held to "less

stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure

to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of

his claim that would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Lewis filed his complaint and amended complaint against Dr. Foster and Gray, alleging civil

rights violations pursuant to 42 U.S.C. § 1983. In order to recover against the defendants, Lewis

5

must show that he was deprived of a constitutional right by a person acting under the color of state law. 42 U.S.C. § 1983; *see, e.g., Groman v. Tp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Here, it is clear that Dr. Foster and Gray were acting under color of state law because, at the time of the alleged incidents, Dr. Foster was Chief Forensic Psychiatrist for the State of Delaware and Gray was an employee of the DPC, an agency of the State of Delaware. *See West v. Atkins*, 487 U.S. 42, 48-54 (1988). Therefore, the court next turns to whether Lewis has sufficiently alleged that Dr. Foster and/or Gray deprived him of any constitutional rights.

        1.      Whether Lewis has sufficiently stated a claim that Dr. Foster's order to restrain him violated his Fourteenth Amendment right to be free from restraint

Lewis alleges that Dr. Foster ordered several unnamed DPC staff members to strap him in four point restraints on several occasions. Implicit in Lewis' allegation is a claim that Dr. Foster and the DPC Staff Members violated his Fourteenth Amendment right to be free from restraint. Dr. Foster concedes that Lewis has alleged a Fourteenth Amendment claim. However, she contends that the claim must fail under a "freedom from restraint" analysis because Lewis cannot meet the "atypical and significant hardship" requirement enunciated by the Supreme Court in *Sandin v. Conner*. (*Id.*) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The court agrees.

"Liberty interests protected by the Fourteenth Amendment may arise from two sources, the Due Process Clause itself and the laws of the States." *Hewitt v. Helms*, 459 U.S. 460, 466 (1983), *overruled in part by Sandin v. Conner*, 515 U.S. 472 (1995); *Bd of Regents v. Roth*, 408 U.S. 564, 575 (1972). In *Sandin*, the Supreme Court explained that state created liberty interests under the due process clause are limited to "freedom from restraint" that imposes "atypical and significant hardship

6

in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483. In determining whether an inmate has suffered an "atypical and significant hardship" as a result of his confinement, the court considers two factors: "1) the amount of time the prisoner was placed into disciplinary segregation, and 2) whether the conditions of his confinement in disciplinary segregation were significantly more restrictive than those imposed on other inmates in solitary confinement." *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000) (citing *Sandin*, 515 U.S. at 486).

In the present case, Lewis alleges only that Dr. Foster's decision to strap him down with four point restraints was disciplinary. The complaint does not allege that Lewis was placed in restraints for an unusual amount of time, or that he was treated differently than the other inmate patients at the DPC. Thus, the court cannot conclude that Lewis suffered an "atypical and significant hardship" when he was placed in restraints. Consequently, Lewis' "freedom from restraint" claim has no arguable basis in law or in fact. As such, the court will grant Dr. Foster's motion to dismiss this claim.

2.     Whether Lewis has sufficiently stated a claim that Dr. Foster's order to have him injected with antipsychotic medicines against his will violates his Fourteenth Amendment rights

Lewis' amended complaint alleges that Dr. Foster's decision to have him injected with psychotropic drugs was against his will, thereby violating his constitutional rights. It is clear that a prisoner "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteen Amendment." *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). In *Harper*, the Supreme court explained that this liberty interest is protected by principles of both procedural and substantive due process. *Id.* at 220-23. "[T]he Due Process Clause permits the State to treat a prison inmate who has a serious mental illness

7

with antipsychotic drugs against his will, [only] if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* at 227. Moreover, "forcing antipsychotic drugs on a convicted [or pretrial] prisoner is impermissible absent a finding of overriding justification and a determination of medical appropriateness." *Riggins v. Nevada*, 504 U.S. 127, 135 (1992).

Here, the amended complaint alleges that Dr. Foster ordered Lewis to be injected with unwanted psychotropic drugs. Lewis, therefore, has stated a claim for violation of his Fourteenth Amendment Due Process rights. Absent from Dr. Foster's motion to dismiss, however, is any discussion of this claim, or why the antipsychotic drugs were given to Lewis against his will. Thus, it appears to the court at this juncture that Lewis can prove a set of facts that would entitle him to relief with respect to this claim. Accordingly, the court will allow this claim to go forward.

3.    Whether Lewis has sufficiently stated a claim that Dr. Foster's order to have him restrained and injected with antipsychotic medicines violates his Eighth Amendment right to be free form cruel and unusual punishment

The amended complaint also alleges that although Dr. Foster's report to the Delaware Superior Court stated that Lewis "demonstrated no evidence of a mood disorder or psychosis during his admission to [the] DPC,"[3] she ordered him strapped down with restraints and injected with psychotropic medicines for disciplinary reasons. (D.I. 10, at 1.) According to Lewis, Dr. Foster's order demonstrates deliberate indifference on her part. (*Id.*) Thus, Lewis alleges that Dr. Foster violated his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment of the United States Constitution governs penal measures and prison conditions, and prohibits use of penal measures and existence of conditions which violate civilized

---

[3] This quotation is from Dr. Foster's report that she submitted to the Delaware Superior Court. The report is attached as a non-numbered exhibit to Lewis' amended complaint.

standards and concepts of humanity and decency. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976). In the prison context, however, "[n]ot every governmental action affecting the interest or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986). Only those actions that impose an unnecessary and wanton infliction of pain rise to the level of cruel and unusual punishment. *Id.*

Lewis' claims constitute a challenge to his conditions of confinement at the DPC. As such, the court analyzes the claims under the deliberate indifference standard of the Eighth Amendment. Prison officials violate an inmate's rights under the Eighth Amendment when they act with deliberate indifference or reckless disregard toward an inmate's rights, health or safety, and their conduct is objectively serious, or has caused an objectively serious injury to the inmate. *See Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994). Under this partly objective, partly subjective test, a prison official's conduct is "objectively serious" if it is "incompatible with 'contemporary standards of decency.'" *Carrigan v. Davis*S, 70 F. Supp. 2d 448, 452 (D. Del. 1999) (citing *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). The deliberate indifference prong of the test is met only if the prison official "knows and disregards an excessive risk to inmate rights, health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. The plaintiff must show a sufficiently culpable state of mind which demonstrates an unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294 (1991). Mere allegations of negligence do not meet the pleading standards for deliberate indifference. *See Estelle*, 429 U.S. at 105-106.

Here, the amended complaint contains more than mere allegations of negligence. Indeed, Lewis alleges that Dr. Foster acted with deliberate indifference when she disciplined him by ordering

him restrained and injected with medications. Based on these allegations, the court concludes that

Lewis may be able to show that Dr. Foster unnecessarily and wantonly inflicted pain on him, thereby

exhibiting deliberate indifference to his rights. Because Dr. Foster has not addressed this section

1983 claim in her motion to dismiss, the court cannot conclude at this juncture that Lewis has failed

to state a claim against her under the Eighth Amendment.[4]

> 4.    Whether Lewis has sufficiently stated a claim that Gray used excessive force against
> him, thereby violating his Eighth Amendment right to be free form cruel and unusual
> punishment

Gray asserts that the court should dismiss Lewis' claims against him because the complaint

fails to include any allegation sufficient to sustain recovery under 42 U.S.C. § 1983. According to

the motion, Lewis mentions Gray only on page two of his complaint, when describing an altercation

among Lewis and several other DPC Staff Members, including Gray. (D.I. 24 ¶ 3.) Gray also asserts

that Lewis fails to identify, either overtly or by implication, any constitutional or statutorily protect

right of which Gray deprived him. (*Id.* ¶ 4.) The court cannot agree.

After having read Lewis' amended complaint, the court concludes that it implicitly, if not

overtly, alleges a claim under the Eighth Amendment based on the use of excessive force. The

"altercation" between Lewis and Gray that the complaint describes concerns Gray forcibly removing

of a bag of M&Ms candy from Lewis' hand, and then choking Lewis. (D.I. 10, at 2.) While it is

difficult for the court to conclude that the removal of a bag of candy from a prisoner's hand is

"excessive," surely a prisoner's claim that he was choked is an allegation of excessive force.

---

[4] The court will allow Lewis to amend his complaint in order to allege any physical
injuries that resulted from Dr. Foster's alleged conduct. The court will discuss its rationale for
allowing Lewis to amend in section III.C. below.

The standard that the court must use to determine whether a state actor's conduct violated the Eighth Amendment is "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (citations omitted). The court must consider the following factors in applying this standard: (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, (4) the threat reasonably perceived by the responsible officials, and (5) the efforts made to temper the severity of a forceful response. *Davis v. Carroll*, 390 F. Supp. 2d 415, 419 (D. Del. 2005) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Accepting Lewis' allegations as true, the court concludes that his complaint alleges facts sufficient to state an excessive force claim under the Eighth Amendment. As previously explained, Lewis specifically alleges that Gray choked him while three or four other male DPC Staff Members assaulted him with their fists and feet. Gray's motion to dismiss contends only that Lewis has not alleged any deprivation of a constitutional right. In other words, Gray's motion neither mentions nor addresses any of the above-discussed factors regarding Lewis' excessive force allegation. Accordingly, the court will deny Gray's motion to dismiss at this time.

C.    **Whether 42 U.S.C. § 1997e(e) Bars Lewis from Recovery for Alleged Constitutional Violations**

Dr. Foster's motion contends that Lewis' complaint alleges no physical injury and, therefore, should be read as one for emotional damages. (D.I. 16 ¶ 9.)[5] Additionally, Dr. Foster contends that **42** U.S.C. § 1997e(e) acts as a complete bar to Lewis' constitutional claims that are

---

[5] Gray's motion to dismiss does not address this issue. However, this discussion applies to Lewis' Eighth Amendment claim against Gray, as it is an alleged constitutional violation.

premised on emotional injuries.

Section 1997e(e) of the Prison Litigation Reform Act provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injuries suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Third Circuit has held that section 1997e(e)'s physical injury requirement applies only to claims for compensatory damages, because "[c]laims seeking nominal or punitive damages are typically not 'for' mental or emotional injury but rather 'to vindicate constitutional rights' or 'to deter or punish egregious violations of constitutional rights,' respectively." *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (quoting *Allah v. Al-Hafeez*, 226 F.3d 247, 252 (3d Cir. 2000)). Further, section 1997e(e) does not apply to claims seeking injunctive or declaratory relief. *Mitchell*, 318 F.3d at 533-34. Thus, section 1997e(e)'s "physical injury" requirement will not effect any nominal, punitive, or injunctive relief that a plaintiff has requested in his complaint.

Turning to Lewis' complaint, the relief that he requests is twenty million dollars for "pain and suffering," and for the court to "notify the Superior Court that [Dr. Foster's] report cannot be relied on by the doctor herself." (D.I. 10, at 4.) Lewis' complaint, therefore, requests compensatory damages and injunctive relief. With respect to Lewis' request for compensatory damages, the court agrees with Dr. Foster, and concludes that the complaint does not state a claim for physical injury. However, the court will grant Lewis leave to amend his complaint in order to provide allegations with respect to any physical injuries he received when he was restrained and injected with medicines, as well as when he was choked and assaulted.

Additionally, Lewis has not requested nominal or punitive damages from the defendants. With respect to the former, the court will also grant Lewis leave to amend his complaint to

12

specifically request punitive damages, based on the alleged violations of his Fourteenth and Eighth

Amendment rights discussed above. As for the latter, "'it is not necessary to allege nominal

damages.'" *Allah*, 226 F.3d at 251 (quoting *Basista v. Weir*, 340 F.2d 74, 87 (3d Cir. 1965)). Thus,

at this juncture, Lewis may recover nominal damages to vindicate his constitutional rights, as well

as the injunctive relief that he requests. Accordingly, the court will grant in part and deny in part Dr.

Foster's motion to dismiss based on 42 U.S.C. § 1997e(e), as well as grant Lewis leave to amend his

complaint in the manner previously discussed.

### D.     Lewis' State Law Claims

1.     Whether Lewis has stated a medical negligence claim against Dr. Foster

Lewis alleges that Dr. Foster's report states he received no psychotropic medication during

his time at the DPC because he demonstrated no evidence of psychosis or mood disorder. Lewis

further alleges, however, that on five or more occasions he was strapped down with four point

restraints and injected with drugs. Next to these allegations appears the word "malpractice." (D.I.

2 ¶ IV.) A fair inference the court draws from this language is the allegation that Dr. Foster's order

to have him restrained and injected with medicine against his will constitutes medical malpractice.

Dr. Foster concedes that the complaint sets forth allegations regarding common law medical

malpractice. Nonetheless, Dr. Foster maintains that Lewis' claim must be dismissed because he has

not provided an affidavit of merit signed by an expert witness, as required by Del. Code Ann. tit. 18

§ 8653. (D.I. 16 ¶ 14.)

Medical malpractice is a negligence action and is governed by the Delaware Health Care

Negligence Insurance and Litigation Act (the "Act"). The Act defines medical negligence as:

any tort or breach of contract based on health care or professional services rendered,

13

> or which should have been rendered, by a health care provider to a patient. The standard of skill and care required of every health care provider in rendering professional services or health care to a patient shall be that degree of skill and care ordinarily employed in the same or similar field of medicine as defendant, and the use of reasonable care and diligence.

Del. Code Ann. tit. 18 § 6801(7). When a party alleges medical negligence, Delaware law requires the party to produce expert medical testimony detailing: "(1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury." *Bonesmo v. Nemours Foundation*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted). Specifically, the Act requires that any complaint alleging medical negligence be accompanied by "[a]n affidavit of merit as to each defendant signed by an expert witness, as defined in § 6854 of this title, and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant." Del. Code Ann. tit. 18 § 8653. In addition, the Act directs the court to refuse to file and docket the complaint if it is not accompanied by an expert affidavit.

Here, Lewis alleges that Dr. Foster committed medical negligence. However, he did not include an affidavit of merit signed by an expert witness with his complaint. As such, the court will grant Dr. Foster's motion to dismiss Lewis' state law medical malpractice claims. *See Jackson v. First Correctional Med.*, 380 F. Supp. 2d 387, 392 n.2 (D. Del. 2005) (citing Del. Code Ann. tit. 18 § 6853).

14

2.    Whether Lewis has Stated a Claim for Civil Assault and Battery Under Delaware Law

Lewis' amended complaint alleges that Gray choked him, while three or four other DPC Staff Members assaulted him with their fists and feet. (D.I. 10, at 2.) By implication, the complaint alleges that these acts constituted a battery. Lewis' statements that Dr. Foster ordered him to be administered medicine against his will also allege a claim for battery. The state of Delaware has adopted the definition of battery from the Restatement (Second) of Torts, which states "[a]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person . . . and (b) a harmful contact with the person of the other directly or indirectly results." *Brzoska v. Olson*, 668 A.2d 1355, 1360 (Del. 1995) (quoting *Restatement (Second) of Torts* § 18 (1965)); *see* W. Page Keeton, et al., Prosser and Keeton on Torts § 9, at 39 (5th ed. 1984) ("A harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff or third person to suffer such a contact, or apprehension that such contact is imminent, is a battery."). Lack of consent is an essential element of battery. *Brzoska*, 668 A.2d at 1360.

In the present case, Lewis alleges that he was choked by Gray and beaten by several DPC Staff Members without his consent. This allegation is sufficient to state a claim for battery. Gray's motion to dismiss addresses only whether Lewis has stated a claim against him under 42 U.S.C. § 1983. That is, Gray's motion is silent with respect to whether Lewis has appropriately pled any state law claims against him. Accordingly, the court will not dismiss Lewis' claim against Gray for battery.

Further, Lewis alleges that Dr. Foster was responsible for the administration of medication to him without his consent. Dr. Foster recognizes that Lewis has alleged a claim for battery, but contends that the court should dismiss the claim as it pertains to her actions because Lewis does not allege that she ever made any physical contact with him. (D.I. 16 ¶ 15.) The court is not persuaded.

The definition of battery under Delaware law does not require physical contact between the plaintiff and the defendant. The definition requires only an *act intending to cause harmful or offensive contact* with a plaintiff, and harmful or offensive contact as a direct or indirect result. According to Lewis, Dr. Foster ordered DPC Staff Members to administer medicine to him without his consent. Thus, Dr. Foster committed an act intending to cause offensive contact. As a result of Dr. Foster's order, the medicine was administered to Lewis. That is, the harmful or offensive contact that Lewis complains about was a direct result of Dr. Foster's order. Thus, Lewis has alleged sufficient facts to state a claim for battery against Dr. Foster.

Dr. Foster also relies on Del. Code Ann. tit. 11 § 468(3), (5), and (7) as a ground supporting dismissal of Lewis' battery claims. Dr. Foster contends that a person in her position, who is responsible for the safety of Lewis, the staff and other DPC patients, is permitted to order the use of force necessary to safeguard the welfare of the patient, staff and other patients. (D.I. 16 ¶ 16.) The court disagrees. Del. Code Ann. tit. 11 § 468 sets forth several defenses to battery. However, it explicitly states that the defenses provided are defenses to *criminal* battery, not civil battery. Dr. Foster concedes this fact in her motion to dismiss, but contends that "since Lewis' complaint may be alleging common law battery[, she] can avail herself of the[] statutory defenses." (*Id.*) Remarkably, Dr. Foster offers no explanation why statutory defenses to criminal battery are applicable to a claim for civil battery. Moreover, absent from Dr. Foster's motion is any citation to

a civil battery case in which a Delaware court (federal or state) applied Del. Code Ann. tit. 11 § 468(3), (5), or (7). Further, after its own search of federal and Delaware case law, the court is unable to find a civil battery case in which Del. Code Ann. tit. 11 § 468(3), (5), or (7) is discussed. Based on its findings, the court is unwilling to apply defenses that are reserved to resist criminal battery claims to a civil battery claim and, therefore, will deny Dr. Foster's motion to dismiss Lewis' battery claim.

### E.    Motions to Amend

On July 7, 2005, Lewis filed a motion requesting permission to amend the complaint ("First Motion") (D.I. 19). On August 4, 2005, Lewis filed another document, titled "Additional Points to Support Motion Requesting Permission to Amend Complaint" ("Second Motion") (D.I. 20). The court construes both documents as motions to amend. The motions request the court to amend the complaint to include new claims and additional defendants. The court will address these requests in turn.

Lewis first asks the court to amend his complaint by adding new claims in order to "cure deficiencies" in his prior pleadings.[6] Rule 15 of the Federal Rules of Civil Procedure permits a party

---

[6] Lewis' First Motion requests the court to include the following claims: (1) First Amendment freedom of religion and freedom of speech violations; (2) Fourth Amendment violations for unreasonable searches and seizures; (3) Fifth Amendment due process violations; (4) Sixth Amendment speedy trial violations; (5) Eighth Amendment violations for cruel and unusual punishment; (6) Fourteenth Amendment due process violations; (7) statements of facts of unconstitutional treatment; (8) relief in regard to the petition of habeas corpus filed in state court; (9) a request for a jury trial; (10) a request for appointment of counsel; (11) a request for declaratory judgment; (12) a statement of physical injury; (13) a statement of emotional damage; (14) a request for expert psychiatric witnesses; (15) a claim for medical negligence; (16) a request for an expert physician; (17) a civil rights statute; (18) several statutory statutes; (19) statements that the plaintiff has been subjected to extended incarceration due to constitutional violations; (20) a statement of atypical and significant hardships as a result of being assaulted confined and restrained with four point restraints; (21) claims for the common law torts of

to amend the complaint by leave of court or by written consent of the adverse party. Leave to amend

a complaint should be "freely given when justice so requires." FED. R. CIV. P. 15(a). The court has

discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue

prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371

U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Specifically, an amendment would be futile for purposes of Rule 15(a) if, accepting all the well

pleaded facts as true, the amended complaint fails to state a claim upon which relief may be granted.

*See Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington*, 646 F. Supp. 118, 120 (D. Del.

1986). In other words, "the court should apply the same standards as are applied to Rule 12(b)(6)

motions to dismiss." *Id.*

     In the present case, there is no evidence of undue delay, bad faith, dilatory motive or undue

prejudice to the defendants. However, even affording Lewis' requested claim additions the most

liberal construction, it appears "beyond doubt that [he] can prove no set of facts in support of his

claim[s] that would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Lewis has

not included allegations regarding any of the claims he seeks to add. Rather, with respect to his

constitutional claims, he merely writes the number and title of the amendment for which he seeks

---

assault, battery, libel and slander; (22) claims for several criminal offenses, such as assault,
kidnapping, possession of a deadly weapon during the commission of a felony, attempted
murder, and robbery; and (23) a request for polygraph testing. (D.I. 19 ¶¶ 1-20, 22-24.) Lewis'
Second Motion asks the court to allow him to include the following: (1) specific details in regard
to Dr. Foster and other persons he seeks to add as defendants "never"offering him a hearing
before violating his civil rights; (2) valid factual documents that support the fact that Dr. Foster
and other persons he seeks to add as defendants conspired to violate his civil rights; (3) detailed
statements of atypical and significant hardships; (4) a request for liens on the defendants' assets;
(5) specific details as to how each defendant violated his civil rights, as well as which rights each
violated; (6) a civil cover sheet JS 44; and (7) a request for preliminary injunction. (D.I. 20 ¶¶ 2-
8.)

to allege violations, and states that he would like to amend his complaint to include a violation of that amendment.[7]  Further, with respect to his other claims, Lewis simply states he would like "to include" or "to request," and then lists his request.[8]  Lewis does not provide any other information. Nor does he state the identity of the defendants involved in the violations.  In fact, Lewis states in the Second Motion that he would like to amend the complaint "to include specific details of how each defendant violated [his] civil rights, as well as to specify exactly what right(s) they violated collectively or individually, under the color of law." (D.I. 20 ¶ 6.)  Given the foregoing statement, it is clear to the court that the amended complaints fail to provide "a short and plain statement of the claims showing that [Lewis] is entitled to relief. . . ." Fed. R. Civ. P. 8(a); *see Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 105 (D. Del. 2005).  Accordingly, both of Lewis' motions to amend fail to state claims upon which relief can be granted against the defendants and are, therefore, futile.  *See* Fed. R. Civ. P. 12(b)(6).  As such, the court will deny Lewis' motions to amend, without prejudice, insofar as they seek to add new claims.

Lewis' motions also seek to add new defendants to his claims under 42 U.S.C. § 1983.[9]

---

[7] For example, the first numbered paragraph of Lewis' First Motion states that he would like "to include violations against the plaintiff's right to freely exercise religion and freedom of speech; 1st Amendment U.S.C." (D.I. 19 ¶ 1.)

[8] Lewis' claims include  requests for appointment of counsel, expert psychiatric witnesses, and an expert physician.  These "claims" are not allegations against any of the defendants.  Instead, they are requests that are properly raised in motions to the court, in order to allow the defendants an opportunity to address them.

[9] The First Motion seeks to add the following defendants: Nurse Helen, Pat Riley, Rose, Karen Chamberlin, Diane Stachowski, Dave Moffitt, Mark Diggs, Florence Scott Cobbs, "Caucasian" Mr. Johnson, Sagil, Gloria Banks, "African American" Mr. Johnson, Dr. Kathryn Sheneman, and Dr. Eugene Lopez.  Lewis' Second Motion seeks to add some of the same people as defendants, as well as Michael S. Talmo DPC Director, Head Nurse Curtis Cornish, Lance Sapers, C. Oats, Dr. Ovreishi, Tanya Wilson, Donna Lawrence, Pat Riley, J. Conyer, Margaret

As previously discussed in the context of Dr. Foster's and Gray's motions to dismiss, in order for Lewis to state a section 1983 claim against those he seeks to add as defendants, he must show that: (1) the alleged defendants deprived him of a constitutional right; and (2) the alleged defendants were acting under the color of state law. 42 U.S.C. § 1983; *see, e.g., Groman v. Tp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). Additionally, Lewis must allege and prove a causal connection between the defendants and the alleged wrongdoing in order to recover. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A plaintiff establishes a causal connection by showing that the defendant was personally involved in the alleged wrongs through allegations of either personal direction or actual knowledge and acquiescence. *Id.* Finally, a plaintiff must allege personal involvement with particularity, stating the time, place, and persons responsible for the violations. *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980).

Here, each motion to amend contains a laundry list of names. However, Lewis alleges only that "Caucasian" Mr. Johnson ("Johnson One"), "African American" Mr. Johnson ("Johnson Two"), Lance Sapers ("Sapers"), and Dave Moffitt ("Moffitt") were personally involved in the incidents alleged in his amended complaint. The court will address these allegations below. With respect to the other people listed as defendants, Lewis has failed to indicate how they were personally involved in any deprivation of his constitutional rights. More important, Lewis has not alleged that any of them deprived him of a constitutional right. Thus, Lewis has not satisfied one of the essential elements of successfully pleading a section 1983 claim against those defendants. Accordingly, the court will deny his motion to amend, as it pertains to adding the following defendants: Nurse Helen, Pat Riley, Rose, Karen Chamberlin, Diane Stachowski, Mark Diggs, Florence Scott Cobbs, Sagil,

Wilson, and District Attorney Brian J. Robertson.