IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1350-GMS |
| | ) | |
| DR. SYLVIA FOSTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' (JOHNSON, SAGERS, GRAY AND MOFFETT)
RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY IV**

1. Was any of the information noted in Dr. Foster's June 10, 04 Forensic Report of the plaintiff video recorded, if yes provide a copy for review to the court.

   Response: This question appears to be directed only to Dr. Foster, not answering defendants, and therefore no response is required. To the extent a response is required, answering defendants are without sufficient knowledge or information.

2. Was any of the information noted in Dr. Foster's June 10, 04 Forensic report of the plaintiff audio recorded, if yes, provide a copy for review to the court.

   Response: This question appears to be directed only to Dr. Foster, not answering defendants, and therefore no response is required. To the extent a response is required, answering defendants are without sufficient knowledge or information.

3. What are the side effects of Effexor. This is a duplicate from discovery motion # II, #141, due to it not being legible.

   Response: Answering defendants are without sufficient knowledge or information.
.
4. Dr. Foster's June 10, 04 Forensic Report states, that Mr. Lewis' mother told the team social worker that he had been attention seeking as a youth, and that he felt no one ever paid enough attention to him. And that he always felt that whatever someone was doing, they should stop and attend to his need. (Denied by the plaintiff, and the plaintiff's mother.) Does Dr. Foster have a signed affidavit from the plaintiff's mother, and is Florence S. Cobbs the team social worker willing to testify to this claim.

    Response: This question appears to be directed only to Dr. Foster, not answering defendants, and therefore no response is required. To the extent a response is required, answering defendants are without sufficient knowledge or information.

5. Provide a photocopy of Dr. Fosters insurance agreements and policy or policies.

    Response: This question appears to be directed only to Dr. Foster, not answering defendants, and therefore no response is required. To the extent a response is required, answering defendants are without sufficient knowledge or information.

6. Provide a photocopy of R. Gray's insurance agreements and policy or policies.

    Response: Robert Gray has no insurance policy that covers his employment with the Department of Health and Social Services.

7. Provide a photocopy of Moffitt's insurance agreements and policy or policies.

    Response: David Moffett has no insurance policy that covers his employment with the Department of Health and Social Services.

8. Provide a photocopy of Sager's insurance agreements and policy or policies.

    Response: Lance Sagers has no insurance policy that covers his employment with the Department of Health and Social Services.

9. Provide a photocopy of Johnson's insurance agreements and policy or policies.

    Response: Brian Johnson has no insurance policy that covers his employment with the Department of Health and Social Services.

10. Names, addresses and phone #'s of individuals who worked at the D.P.C. from 5/21/04 to 6/25/04 during the plaintiff's stay at the D.P.C., for the purpose to be subpoena as witnesses: Dr. Kathryn Sheneman, Diane Stachowksi, Dr. Sandhu, Dr. Overishi, Dr. Sheth, Helen Hanlon, Jame Evans, Donna Laurence RN, Florence S. Cobbs, Margret Wilson, Tonya Wilson, Mark Diggs, Gloria Banks, Rose Ares, Pat Riley, Sejal, C. Oates, Alicia James, Karen Chamlin, Curtis Cornish,

    Response: 1901 N. DuPont Highway
               New Castle, DE 19720

11. Names, addresses and phone #'s of each witness and or expert witness that the defendants may call to present evidence during pre-trial or trial, along with all documents or reports intended to be utilized during pre-trial procedures or at trial.

Response: The defendants themselves (Robert Gray, Brian Johnson, David Moffett, and Lance Sagers); Dr. Sylvia Foster; Dr. Charlotte Selig; NA, Michael Ericksen; RM, Ken Creasey; Charge Nurse, Helen Hanlon, Unit director (Mitchell), Diane Stachowski; SW, Florence Scott-Cobb; Shift Super Dave Saxton; NA, Clarence Oates; Nurse Manager (Mitchell), Curtis Cornish; NA, William Evans; Psychologist Dr. Katherine Sheneman; Head Nutritionist, Nancy Anderson. By way of further response, answering defendants do not have additional documents that are not already part of document production provided to plaintiff.

12. Defendant(s) Dr. Foster, R. Gray, Sagers, Moffitt, Johnson, provide photo copies of your D.P.C. work schedules for dates 5/21/04 to 6/25/04.

    Response: *See* pp. 222-239 of Document Production.

13. Provide the work schedule for the following individuals who were employee's at the D.P.C. dating from 5.21.04 to 6/25/04, for the purpose of determining who may be qualified to be subpoenaed as a witness for the plaintiff and or the defendants:
    Mr. Curtis Cornish, Helen Hanlon, Gloria Banks, Diane Stchowski, Florence S. Cobbs, Mark Diggs, Tonya Wilson, Margret Wilson, Karen Chamblin, Kathryn Sheneman, Donna Laurence, Sejal J., James Evans, C. Oates, Pat Riley, Dr. Overeishi, Dr. Sheth, Dr. Sandhu, Rose Ares, Alicia James.

    Response: Objection. The request is overly broad, unduly burdensome, and not likely to lead to the production of admissible materials.

14. Defendant(s), Dr. Foster, R.Gray, Sagers, Moffitt, Johnson, provide photo copies of your; bonds, leases, bank account statements for the past 12 months, bequests, devises, annuities, pension and retirement benefits, notes, insurance benefits, all documents of titles, deeds, stocks, warehouse and or storage receipts, debentures, certificates, mortgages, bills, deposit of banks, savings and loan statements, judgments of liens, security instruments and other debts and obligations in writing of whatever kind, indorsements, acquittances, 1040 or 1040 EZ and W2 tax forms.

    Response: Objection. This request for production is irrelevant, unduly burdensome, and not likely to result in the in the production of admissible materials.

15. Provide Dr. Foster's previous civil complaint action number(s) date(s), and final judgment decision(s), of civil complaints placed against you.

    Response: This question appears to be directed only to Dr. Foster, not answering defendants, and therefore no response is required. To the extent a response is

required, answering defendants are without sufficient knowledge or information.

16. Provide R. Gray's previous civil complaint action number(s), date(s), and final judgment decision(s) of civil complaints placed against you.

    Response: Robert Gray has never previously been sued.

17. Provide Moffitts previous civil complaint action number(s), date(s) and final judgment decision(s) of civil complaint(s) placed against you.

    Response: David Moffett has never previously been sued.

18. Provide Sager's previous civil complaint action number(s), date(s), and final judgment decision(s) of civil complaint(s) placed against you.

    Response: Lance Sagers has never previously been sued.

19. Provide Johnson's previous civil action complaint number(s), date(s), and final judgment decision(s) of civil complaints placed against you.

    Response: Brian Johnson has never previously been sued.

20. Defendants, provide photocopies of your job contracts for the D.P.C. for which should cover dates 5/21/04 to 6/25/04, as well as expected duties and obligations.

    Response: All answering defendants are Merit Employees and do not have employment contracts with the Department of Health and Social Services.

21. Defendants, what were your job titles for dates 5/21/04 to 6/25/04.

    Response: Sagers--Nursing Attendant; Gray--Nursing Attendant; Moffett--Nursing Attendant; Johnson--Active Treatment Facilitator.

22. Would Dr. Foster object to a board certified forensic psychiatrist analyzing the D.P.C. doctors notes, the D.P.C. progress notes, and her June 10, 04 forensic report, then submitting a report on the said materials, if yes, state the reason why.

Response: This question appears to be directed only to Dr. Foster, not answering defendants, and therefore no response is required. To the extent a response is required, answering defendants are without sufficient knowledge or information.

          STATE OF DELAWARE
          DEPARTMENT OF JUSTICE

          /s/_____
          Gregory E. Smith, ID No. 3869
          Deputy Attorney General
          820 North French Street, 6th Floor
          Carvel State Building
          Wilmington, Delaware  19801
          (302) 577-8398
          Attorney for Defendants Johnson,
Dated: November 30, 2006      Moffett, Sagers, and Gray