IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS,

    VS

                                  CA.NO. 04-1350(GMS)

DR. SYLVIA FOSTER, ET AL.



```
FILED
DEC 0 1 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

AMENDED MOTION FOR
APPOINTMENT OF COUNSEL

COMES NOW, THE PLAINTIFF JIMMIE LEWIS, PRO-SE
AND SUBMITS THIS AMENDED MOTION TO THIS HONORABLE
COURT FOR APPOINTMENT OF COUNSEL, AND IN SUPPORT
THEREOF ASSERTS THE FOLLOWING:

DATE: 11/29/06

Jimmie Lewis
SBI# 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

## BRIEF STATEMENT OF FACTS

THE COMPLAINT ALLEGES THAT THE PLAINTIFF JIMMIE LEWIS WAS SUBJECTED TO NUMEROUS U.S.C.A RIGHT VIOLATIONS BY SYLVIA FOSTER, BRIAN JOHNSON, DAVE MOFFETT, LANCE SAGERS, AND ROBERT GRAY DURING HIS STAY AT THE (D.P.C), I.e, THE PLAINTIFF CLAIMS THE DEFENDANTS UTILIZED EXCESSIVE FORCE, VIOLATED HIM BY COMMITING ASSAULT AND BATTERY APON HIM PHYSICALY, INJECTED PSYCHOTROPIC DRUGS INTO HIS BODY AGAINST HIS WILL ON NUMEROUS OCCASSIONS, RESTRAINED HIM AND INJECTED PSYCHOTROPIC DRUGS INTO HIS BODY AGAINST HIS WILL ON NUMEROUS OCCASSIONS, FOR WHICH WERE NOT FOR PSYCHIATRIC REASONS AND NOT FOR MEDICAL TREATMENT OF MOOD DISORDER, DUE TO DR. SYLVIA FOSTERS JUNE 10,04 PSYCHIATRIC REPORT FOR WHICH NOTED THAT THE PLAINTIFF REVEALED NO EVIDENCE OF PSYCHOSIS AND NO EVIDENCE OF MOOD DISORDER DURING HIS STAY AT THE D.P.C, ALONG WITH NOTING THAT THE PLAINTIFFS PRINCIPAL DIAGNOSIS WAS AND OR IS MALINGERING.

## "ARGUMENT"

IN DECIDING WHETHER TO APPOINT COUNSEL FOR AN INDIGENT LITIGANT, THE COURT SHOULD CONSIDER THE FACTUAL COMPLEXITY OF THE CASE, THE ABILITY OF THE INDIGENT TO INVESTIGATE THE FACTS, THE EXISTANCE OF CONFLICTING TESTIMONY, IN ADDITION COURTS HAVE SUGGESTED THAT THE MOST IMPORTANT FACTOR IS WHETHER THE CASE APPEARS TO HAVE MERIT. EACH OF THESE FACTORS WEIGHS IN FAVOR OF APPOINTING PRO BONO COUNSEL IN THIS CASE, BUT THE MOST ESSENTIAL FACTORS PERTAINING TO THE PLAINTIFF IS THAT HIS INDIGENT STATUS AND HIS NOT BEING LEARNED IN THE FIELD OF FEDERAL LAW CAN AND OR WILL PREVENT HIM FROM BEING ABLE TO BRING FORTH THE TRUTH, THE WHOLE TRUTH AND NOTHING BUT THE TRUTH, IN THE SEARCH FOR TRUTH IN THIS MATTER FOR WHICH IS VITALLY ESSENTIAL.

1.) THE PLAINTIFF IS AN INDIGENT PRISONER WHO THIS HONORABLE COURT HAS ALLOWED TO FILE COMPLAINT 04-1350 (GMS) IN LIEU OF INFORMA PAUPERIS.

2.) THE PLAINTIFF WAS RECEIVING FINANCIAL SUPPORT FROM HIS PARENTS, BUT THEY ARE ON FIXED INCOMES DUE TO THEIR BEING RETIRED CITIZENS. RECENTLY, BOTH HAVE ENCOUNTERED SERIOUS MEDICAL DILEMMAS ACCOMPANIED BY ASTRONOMICALY EXPENSIVE MEDICAL BILLS FOR MEDICAL CARE AND MEDICATIONS, FOR WHICH IS THE DIRECT REASON FOR THE PLAINTIFF NOT BEING ABLE TO PURCHASE THE PROPER TYPE OF LEGAL SUPPLIES AND OR THE PROPER AMOUNT OF LEGAL SUPPLIES.

3.) AS AN INDIGENT PRISONER I AM PERMITTED TO OBTAIN $3.74 WORTH OF LEGAL SUPPLIES EACH MONTH, i.e. (4) 12 X 9.5 MANILLA ENVELOPES, (4) LG ENVELOPES, 2. PENS, 1 WRITING PAD, (4) $39 STAMPS, BUT FOR THE LAST PAST (4) MONTHS THE PLAINTIFF HAS BEEN FORCED TO TRADE A PORTION OF THE 12 X 9.5 MANILLA ENVELOPES FOR 12 X 15.5 MANILLA ENVELOPES DUE TO HIS BEING MORE THAN $320.00 IN DEPT FOR POSTAL FEE'S. (SEE THE ATTACHED ACCOUNT STATEMENTS.)

4.) THE PLAINTIFF IS AN INDIGENT PRISONER WHO'S LITIGATION OF HIS CRIMINAL COURT FELONY APPEAL IN THE SUPREME COURT WAS UNDERMINDED BY BRIAN ENGRAM THE DCC LAW LIBRARIAN WHOM REFUSED TO PROVIDE LEGAL MAILING SUPPLIES I NOTIFIED HIM I NEEDED TO MAKE MY 9/29/06 POSTCONVICTION APPEAL DEADLINE AND OR A NOTATION EXPLAINING THE DILEMMA, FOR WHICH AS OF TO DATE THUSFAR HAS RESULTED IN THE SUPREME COURT CLERK SENDING ME NOTICE TO SHOW CAUSE —

(CONT # 4)

WHY MY POSTCONVICTION APPEAL, THE APPEAL
THE PLAINTIFF WAS FORCED TO WAIT 2 1/2 YEARS TO
SUBMIT SHOULDN'T BE DISMISSED IN ACCORDANCE TO
SUPREME COURT RULE 6, DUE TO SAID APPEAL ARRIVING
AT THE SUPREME COURT ON 10/02/06, DUE TO NOT BEING
ABLE TO SEND THE POSTCONVICTION APPEAL AND ATTACHED
EXHIBITS AND UNIT A FELLOW INMATE PRISONER LOANED
THE PLAINTIFF A 12 X 15.5 MANILLA ENVELOPE.
(SEE THE ATTACHED NOTICE TO SHOW CAUSE EXHIBITS)


5.)   THE PLAINTIFF HAS CONTACTED THE D.C.C WARDEN
THOMAS L. CARROL, DEPUTY WARDENS MR. PIERCE AND
BETTY BURRIS REQUESTING THAT THEY EITHER CONTACT
MR. ANDREWS THE COMMISSARY OFFICER FOR HIM TO
MAKE AVAILABLE ADDITION LEGAL SUPPLIES, THAT THEY
CONTACT THE LAW LIBRARIAN FOR HIM TO MAKE
AVAILABLE ADDITION LEGAL SUPPLIES AND OR FOR THEM
TO WAIVE THE $320.00 POSTAL FEE, IN ORDER TO ALLOW
THE PLAINTIFF TO BE ABLE TO PURCHASE THE PROPER TYPE
AND AMOUNT OF LEGAL SUPPLIES, BUT TO NO AVAIL.


6.)   DUE TO THE PLAINTIFF NOT BEING LEARNED IN THE FIELD
OF FEDERAL LAW, ISSUES REGARDING THE PLAINTIFFS PLEADINGS
HAVE RESULTED IN AMENDMENTS, FOR WHICH HAVE OCCUPIED
VALUABLE TIME IN WAYS THAT HAVE HINDERED THE
ADVANCEMENT OF THE COURTS CALINDER. CIRCUMSTANCES
THAT CAUSE A HINDERENCE OF PROCEDURES SHOULD
BE AVOIDED.

7.) DEFENDANTS, JOHNSON, MOFFETT, SAGERS AND GRAY HAVE MOTIONED TO DEPOSE THE PLAINTIFF, AND SAID MOTION WAS GRANTED BY THIS HONORABLE COURT. SAID DEPOSITION IS SCHEDULED FOR DEC 18, 2006. IN REGARDS TO SAID MOTION TO DEPOSE, THE PLAINTIFF HEREBY REQUEST FOR THE APPOINTMENT OF PRO-BONO COUNSEL, IN ORDER TO PREVENT THE DEFENDANTS FROM SEEKING TO DEPOSE THE PLAINTIFF REGARDING ISSUES THAT ARE IRRELAVANT AND OR OBJECTIONABLE ISSUES THAT MAY RESULT IN A HINDERENCE OF PROCEDURES.

8.) THIS HONORABLE COURT SHOULD ALSO TAKE INTO CONSIDERATION THE VALIDITY OF THE MERITS, AS STATED IN THE CLAIMS NOTED IN THE PLAINTIFFS COMPLAINT. DISCOVERY EVIDENCE SHOULD BE TAKEN INTO CONSIDERATION, THE ARTFULNESS OF THE DEFENDANTS MOTIONS, I.E MOTIONS FOR PROTECTIVE ORDER - MOTION TO DISMISS - MOTION TO DISMISS FOR LACK OF JURISDICTION, THE INSUFFICIENT AND EVASIVE ANSWERS SUBMITTED BY THE DEFENDANTS, AS WELL AS THE FACT THAT THERE IS NO DOUBT THAT THERE ARE NUMEROUS GENUINE TRIABLE DISPUTES OF MATERIAL FACTS FOR TRIAL. A MATERIAL FACT IS GENUINE "IF THE EVIDENCE IS SUCH THAT A REASONABLE JURY COULD RETURN A VERDICT FOR THE NONMOVING PARTY."

9.) IN RETROSPECT, I HAVE CONTACTED NUMEROUS ATTORNEY'S SEEKING THEIR LEGAL COUNSEL, BUT TO NO AVAIL. (SEE ATTACHED NOTATIONS AND RESPONSES.)

10.) THE FOREGOING REASONS SUPPORT THE PLAINTIFFS REQUEST FOR THIS HONORABLE COURT TO GRANT THE PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF PRO-BONO COUNSEL.

## CERTIFICATE OF SERVICE

I, THE UNDERSIGNED PLAINTIFF JIMMIE LEWIS PRO-SE
$\underline{\text{Sue}}$ HEREBY CERTIFY ON THIS _____ 29TH _____, DAY OF _____ NOV _____,
2006, THAT I DID MAIL ONE TRUE AND CORRECT COPY OF
THE PLAINTIFF'S AMEND MOTION FOR APPOINTMENT OF
COUNSEL, TO THE FOLLOWING BY U.S POSTAL :

CLERK OF THE COURT (GMS)
UNITED STATES DISTRICT COURT
J. CALEB BOGGS FEDERAL BUILDING
844. N. KING ST, LOCKBOX 18
WILMINGTON, DELAWARE 19801

CYNTHIA G. BEAM ESQ
1001 JEFFERSON PLAZA, SUITE 202
WILMINGTON, DELAWARE 19801

GREGORY E. SMITH
DEPUTY ATTORNEY GENERAL
820 N. FRENCH ST, 7TH FL.
WILMINGTON, DELAWARE 19801

DATE: 11/29/06

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

## SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

October 27, 2006

SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

Loren C. Meyers, Esquire
Deputy Attorney General
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, Delaware 19801

RE:    *Jimmie Lewis v. State*
No. 536, 2006

Dear Counselor:

Copies of appellant's response and additional response to notice to show cause, which were filed on October 10 and October 18, 2006, have been previously forwarded to you. The Court requests you to reply to appellant's response by **November 6, 2006.**

Very truly yours,

Audrey F. Bacino

cc:    Mr. Jimmie Lewis

IN THE SUPREME COURT OF THE STATE OF DELAWARE

JIMMIE LEWIS,
  DEFENDANT BELOW,
    APPELLANT,

- VS -                                  536, 2006.

STATE OF DELAWARE,
  PLAINTIFF BELOW,
    APPELLEE.

---

DEFENDANTS RESPONSE TO THE
SUPREME COURTS NOTICE TO
SHOW CAUSE

COMES NOW, THE DEFENDANT JIMMIE LEWIS, PRO-SE
IN RESPONSE TO THE SUPREME COURTS NOTICE TO
SHOW CAUSE, AND ASSERTS THE FOLLOWING:

1.) ON OR ABOUT AUG 30, 2006 I RECEIVED
    JUDGE ABLEMAN'S AUG 29, 2006 POSTCONVICTION
    DECISION.

2.) LATER THAT EVENING ON AUG 30, 06 I WAS
    TRANSFERRED TO THE WHOLE, AND SUBSEQUENTLY
    EIGHT HOURS LATER I WAS TRANSFERRED TO
    THE INFIRMARY.

3.) ON OR ABOUT SEPT 14, 06 I WAS TRANSFERRED TO BUILDING 18, SHU C-U-2 TO THE TRANSITION UNIT WITHOUT MY PERSONAL PROPERTY.

4.) FROM AUG 30, 2006 TO SEPT 21, 2006 I WAS WITHOUT MY PERSONAL PROPERTY.

5.) ON SEPT 21, 2006 MY PERSONAL PROPERTY WAS DELIVERED TO ME AT BUILDING 18, SHU C-U-2 THE TRANSITION UNIT.

6.) I SENT NUMEROUS REQUEST BY WAY OF SGT BAMBI THOMAS, SGT WILLIAMS, THE HOUSING SGT'S FOR BUILDING 18 SHU, TO THE LAW LIBRARIAN "BRIAN INGRAM", REQUESTING FOR HIM TO SEND ME MANILA ENVELOPES SO I COULD FORWARD MY NOTICE OF APPEAL AND ATTACHED DOCUMENTS TO HIM TO BE PHOTOCOPIED FOR MY PERSONAL RECORD AS WELL AS SO THAT I COULD MAIL THE ORIGINAL NOTICE OF APPEAL ALONG WITH THE ATTACHED DOCUMENTS TO THE SUPREME COURT CLERK TO BE DOCKETED FOR REVIEW BY THE SUPREME COURT JUSTICES, AND A COPY OF THE NOTICE OF APPEAL TO THE STATE'S ATTORNEY GENERAL AT THE DEPT OF JUSTICE.

7.) MY DISCIPLINARY HISTORY, HOUSING HISTORY,
THE PROPERTY OFFICER MS. SUMMER 8AM TO 4PM
MON THRU FRI, BUILDING 18 SHU SGT'S, SGT WILLIAM +
SGT BAMBI THOMAS 8 AM TO 4PM TUE THUR SUN,
+ MR BRIAN ENGRAM SHU LAW LIBRARIAN
8 AM TO 4 PM MON THRU FRI, CAN BE CONTACTED
HERE AT THE D.C.C.

D.CC DELAWARE CORRECTIONAL CENTER
SMYRNA LANDING ROAD
SMYRNA, DE  19977
PHONE # 302 - 653 - 9261

8.) THE DEFENDANT HAS BEEN DILIGENTLY SEEKING
TO HAVE THE NUMEROUS GROUNDS TO BE REVIEWED
FOR WHICH HE HAS HAD TO PATIENTLY WAIT FOR
MORE THAN 2½ YEARS, AND IN THAT 2½ YEARS
THE DEFENDANTS "PRO-SE" PETITIONS AND OR MOTIONS
HAVE BEEN IN ACCORDANCE TO THE COURT'S
RULES OF PROCEDURE.

IN THE INTREST OF JUSTICE THE FOREGOING
REASONS SHOULD BE CONSIDERED IN REGARDS
TO THE DEFENDANTS MERITOUS CLAIMS AS
STATED IN THE PETITION FOR POST CONVICTION
RELIEF. BEING REVIEWED.

DATE:

SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

CERTIFICATE OF SERVICE

I THE UNDERSIGNED, DUE HEREBY CERTIFY ON THIS
_____, DAY OF _____, 2006, THAT I
MAILED (1) TRUE AND CORRECT COPY OF THE DEFENDANTS
RESPONSE TO THE SUPREME COURTS NOTICE TO SHOW
CAUSE, TO THE FOLLOWING :


CLERK OF THE SUPREME COURT
P.O BOX 476
DOVER, DE 19977


DATE :                          SBI # 506622
                                DEL. CORR. CENTER
                                1181 PADDOCK RD
                                SMYRNA, DE 19977

# TABLE OF CONTENTS

1.) DISCIPLINARY REPORT # 1027067, THE SANCTION
    FOR THE INFRACTION THAT OCCURED ON 8/30/2006.

2.) D.C.C INMATE PROPERTY RECEIPTS DATE 8/30/2006

3.) A 'D.C.C INDIVIDUAL ACCOUNT STATEMENT
    PRINTOUT FOR THE MONTH OF AUG 2006
    DATED 8/30/2006 VARIFING THAT I WAS
    IN BUILDING 23 ON THE 30TH OF AUG 2006,

4.) A D.C.C INDIVIDUAL ACCOUNT STATEMENT
    PRINTOUT FOR THE MONTH OF AUG 2006
    DATED 9/20/2006 VARIFING THAT I WAS
    IN BUILDING 18 ON THE 20TH OF SEPT 2006,

5.) A D.C.C PROPERTY/ CONFISCATION SHEET
    DATED 9/21/2006 VARIFING THE DATE
    THE PROPERTY/ OFFICE MS. SUMMER VISITED
    ME AT BUILDING 18 SHU C-U-2.

**IN THE SUPREME COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| **JIMMIE LEWIS,** | ) |
| | ) |
| Defendant Below, | ) |
| Appellant | ) |
| | ) |
| v. | )   No. 536, 2006 |
| | ) |
| **STATE OF DELAWARE,** | ) |
| | ) |
| Plaintiff Below, | ) |
| Appellee | ) |

## MEMORANDUM IN
## SUPPORT OF DISMISSAL

1.   The grand jury in June 2003 indicted Jimmie Lewis, charging
him with carjacking, theft, and resisting arrest.   Super. Ct. Dkt.
Item ("DI") 2.   In October 2003, a Superior Court jury convicted Lewis
of all three charges.   DI 19.   Lewis was sentenced in February 2005
(DI 75), and the convictions were affirmed on appeal in September
2005.   In January 2006, Lewis moved for state post-conviction relief.
DI 95. Superior Court denied the motion on August 29, 2006; the order
was filed that same day. DI 111.   The notice of appeal accordingly
had to be filed on or before September 28, 2006.   Del. Supr. Ct. R.
6(a)(iii).

2.   Lewis' appeal was received by the Clerk on October 2, 2006.
That day, the Clerk issued a notice to show cause, directing Lewis to
explain why the appeal should not be dismissed as being untimely.   In
his response, filed October 10, Lewis explains that he received the
Superior Court order on August 30, 2006, but because he was in
administrative segregation for disciplinary reasons until September
21, 2006, he could not file a timely notice of appeal.   In his
supplemental response, filed October 18, Lewis states that he mailed
the notice of appeal on September 25.

3.   Under clearly settled state law, the timely filing of the
notice of appeal is a jurisdictional requirement.  *E.g., Eller v.
State*, 531 A.2d 951, 952 (Del. 1987).  Unless Lewis can show that his
failure to file a timely notice of appeal is attributable to the
actions of judicial personnel, the appeal must be dismissed.  *E.g.,
Bey v. State*, 402 A.2d 362, 363 (Del. 1979).  Under prior decisions of
this Court, explanations such as that tendered now by Lewis have been
held insufficient to excuse the untimely filing of the notice of
appeal.  *Drummond v. State*, 2006 WL 1519357 (Del. May 31, 2006);
*Taylor v. State*, 2000 WL 275636 (Del. Mar. 2, 2000); *Luby v. State*,
1994 WL 416510 (Del. July 15, 1994); *Morrisey v. State*, 1994 WL 91159
(Del. Mar. 3, 1994).  Given this line of authority, it is clear that
Lewis' explanation thus offers no basis to excuse his untimely filing
of the notice of appeal.  To the extent that Lewis attributes the
untimely filing to the prison mail system, that too is insufficient.
*E.g., Cubbage v. Carroll*, 2006 WL 1375079 (Del. May 18, 2006).

4.   The rule to show cause should accordingly be made absolute
and the appeal should be dismissed.

Loren C. Meyers
Del. Bar ID 2210
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500

November 1, 2006



901 A.2d 119                                                                                          Page 1

901 A.2d 119, 2006 WL 1519357 (Del.Supr.)
**(Cite as: 901 A.2d 119)**

Drummond v. StateDel.Supr.,2006.(The decision of
the Court is referenced in the Atlantic Reporter in a
'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Devon M. DRUMMOND, Defendant
Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
**No. 181,2006.**

Submitted: April 21, 2006.
Decided: May 31, 2006.

**Background:** Following his criminal conviction,
movant sought post-conviction relief. The Superior
Court, New Castle County, denied motion, and
movant appealed.

**Holding:** The Supreme Court, Holland, J., held that
movant's failure timely to file notice of appeal was
not attributable to court-related personnel.

Appeal dismissed.

**Criminal Law 110 ☞1081(6)**

110 Criminal Law
    110XXIV Review
        110XXIV(F) Proceedings, Generally
            110k1081 Notice of Appeal
                110k1081(4) Time of Giving
                    110k1081(6) k. Excuse for Delay;
Extension of Time and Relief from Default. Most
Cited Cases
Post-conviction movant's failure timely to file
notice of appeal from denial of his motion was not
attributable to court-related personnel, as required
to permit late filing, where movant alleged that his
failure timely to file appeal was result of his having
been in solitary confinement, without access to his
personal documents, at time of his receipt of order
denying his motion. Sup.Ct.Rules, Rule 6.

Court Below-Superior Court of the State of
Delaware, in and for New Castle County, Cr. ID
0405006433.

Before STEELE, Chief Justice, HOLLAND, and
BERGER, Justices.

*ORDER*

HOLLAND, Justice.
*1 This 31st day of May 2006, it appears to the
Court that:

(1) On April 7, 2006, the Court received Devon
Drummond's notice of appeal from a Superior Court
order, dated February 28, 2006, which denied his
motion for postconviction relief. Pursuant to
Supreme Court Rule 6, a timely notice of appeal
should have been filed on or before March 30, 2006.

(2) The Clerk issued a notice pursuant to Supreme
Court Rule 29(b) directing Drummond to show
cause why the appeal should not be dismissed as
untimely filed.[FN1] Drummond filed a response to
the notice to show cause on April 18, 2006. He
states that, although he received a copy of the
Superior Court's order on March 9, he was unable
to timely file his notice appeal because he had been
sent to solitary confinement for a disciplinary
infraction and he did not have access to his personal
documents.

    FN1. Del.Supr. Ct. R. 6(a)(ii).

(3) The State has filed a reply to Drummond's
response. The State contends that Drummond's
explanation is insufficient to excuse his untimely
filing because his failure to file his notice of appeal
in a timely manner is not attributable in any way to
court personnel.

(4) Time is a jurisdictional requirement.[FN2] A
notice of appeal must be received by the Office of
the Clerk of this Court within the applicable time

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

901 A.2d 119                                                                                                    Page 2

901 A.2d 119, 2006 WL 1519357 (Del.Supr.)
**(Cite as: 901 A.2d 119)**

period in order to be effective.[FN3] An appellant's
pro se status does not excuse a failure to comply
strictly with the jurisdictional requirements of
Supreme Court Rule 6.[FN4] Unless the appellant
can demonstrate that the failure to file a timely
notice of appeal is attributable to court-related
personnel, his appeal cannot be considered.[FN5]

> FN2. *Carr v. State,* 554 A.2d 778, 779
> (Del.), *cert. denied,* 493 U.S. 829, 110
> S.Ct. 98, 107 L.Ed.2d 61(1989).

> FN3. Del.Supr. Ct. R. 10(a).

> FN4. *Carr v. State,* 554 A.2d at 779.

> FN5. *Bey v. State,* 402 A.2d 362, 363
> (Del.1979).

(5) There is nothing in the record to reflect that
Drummond's failure to file a timely notice of appeal
in this case is attributable to courtrelated
personnel. Consequently, this case does not fall within the
exception to the general rule that mandates the
timely filing of a notice of appeal. Thus, the Court
concludes that the within appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, pursuant
to Supreme Court Rule 29(b), that the within appeal
is DISMISSED.

Del.Supr.,2006.
Drummond v. State
901 A.2d 119, 2006 WL 1519357 (Del.Supr.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



748 A.2d 408                                                              Page 1

748 A.2d 408, 2000 WL 275636 (Del.Supr.)
**(Cite as: 748 A.2d 408)**

Taylor v. StateDel.Supr.,2000.(The decision of the
Court is referenced in the Atlantic Reporter in a '
Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Jeffery L. TAYLOR, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 62, 2000.**

Submitted Feb. 28, 2000.
Decided March 2, 2000.

Court Below: Superior Court of the State of
Delaware, in and for Sussex County, Cr. A. Nos.
S98-12-0131.

Before VEASEY, Chief Justice, WALSH and
HOLLAND, Justices.

*ORDER*

**\*1** This 2nd day of March 2000, it appears to the
Court that:

(1) On February 14, 2000, the Court received the
appellant's untimely notice of appeal from the
Superior Court's order of October 8, 1999. Pursuant
to Supreme Court Rule 6, a timely notice of appeal
should have been filed on or before November 8,
1999.[FN*]

> [FN*] An independent review of the
> Superior Court docket indicates that
> defendant's motion for reduction of
> sentence was denied on December 1, 1999.
> In defendant's notice of appeal, he did not
> indicate that he wished to appeal this
> decision; however, even if he had, that
> appeal, too, would have been untimely,
> since an appeal from a December 1, 1999,
> decision would have been due in the

Supreme Court on or before December 31,
1999.

(2) On February 14, 2000, the Clerk issued a notice
pursuant to Supreme Court Rule 29(b) directing the
appellant to show cause why the appeal should not
be dismissed as untimely filed. The appellant's
response to the notice to show cause was filed on
February 28, 2000.

(3) In appellant's response to the notice to show
cause he states that he had no physical access to the
law library due to the fact that he was in isolation
confinement, during which time he did not have
access to any personal legal papers or anything
pertaining to his legal work. Time is a jurisdictional
requirement. *Carr v. State,* Del.Supr., 554 A.2d 778,
*cert. denied,* 493 U.S. 829 (1989). A notice of
appeal *must* be received by the Office of the Clerk
of the Supreme Court within the applicable time
period in order to be effective. Supr. Ct. R. 10(a).

(4) An appellant's *pro se* status does not excuse a
failure to comply strictly with the jurisdictional
requirements of Supreme Court Rule 6. *Carr v.
State, supra.* Unless the appellant can demonstrate
that his failure to file a timely notice of appeal is
attributable to court-related personnel, his appeal
cannot be considered. *Bey v. State,* Del.Supr., 402
A.2d 362, 363 (1979).

(5) There is nothing in the record that reflects that
appellant's failure to file a timely notice of appeal in
this case is attributable to court-related personnel.
Consequently, this case does not fall within the
exception to the general rule that mandates the
timely filing of a notice of appeal. Thus, the Court
concludes that the within appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, pursuant
to Supreme Court Rules 6 and 29(b), that the within
appeal is DISMISSED.

Del.Supr.,2000.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



648 A.2d 425                                                                                    Page 1

648 A.2d 425, 1994 WL 416510 (Del.Supr.)
**(Cite as: 648 A.2d 425)**

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Michael P. LUBY, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
No. 127, 1994.

Submitted: May 23, 1994.
Decided: July 15, 1994.

Court Below: Superior Court of the State of Delaware, in and for Sussex County; Cr.A. No. VS85-07-000501.
Superior Court, Sussex County.

DISMISSED.

Before VEASEY, C.J., and HOLLAND and HARTNETT, JJ.

*ORDER*

HARTNETT, Justice.
*1 This 15th day of July, 1994, it appears to the Court that:

1. On April 19, 1994, the Court received the appellant's untimely notice of appeal from the Superior Court's resentencing of the defendant on March 18, 1994, after a violation of probation hearing. Pursuant to Supreme Court Rule 6, a timely notice of appeal was due to be filed on or before April 18, 1994.

2. On April 20, 1994, the Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing the appellant to show cause why the appeal should not be dismissed as untimely filed. The appellant filed his response to the notice to show cause on May 23,

1994.

3. The appellant's response appears to advance two arguments why the delay in the filing of his appeal should be excused. First, the appellant argues that the appeal should be considered as timely filed because the appeal papers were placed in the mail on April 14, 1994, four days in advance of the April 18 deadline. Second, the appellant argues that he had limited access to legal materials and therefore was unable to prepare the appeal papers in a timely fashion. In conclusion, the appellant requests the appointment of counsel to represent him on appeal.

4. The appellant's arguments are unpersuasive and contrary to settled Delaware law and the Rules of this Court. "[U]nder Delaware law and procedure, a notice of appeal is considered filed when it is received and filed by the office of the Clerk, not at the moment it is placed in the mail." *Carr v. State,* Del.Supr., 554 A.2d 778, 779 (1989); See Supr.Ct.R. 10(a).

5. The argument that the appellant's alleged limited access to legal materials should justify an enlargement of the jurisdictional appeal period must be rejected as well. The Clerk of this Court generally dockets, upon receipt, any paper evidencing a desire to appeal. The only legal material which is arguably vital to the filing of a notice of appeal is the decision from which the appeal is taken. The appellant does not allege that he was denied access to the decision on appeal. Consequently, the record does not support the appellant's contention that he was denied access to the legal resources needed to docket a timely notice of appeal in this Court. *Morrisey v. State,* Del.Supr., No. 24, 1994, Holland, J. (March 3, 1994).

6. The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused "in the absence of unusual circumstances which are not attributable to the appellant or the appellant's

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

648 A.2d 425                                                                 Page 2

648 A.2d 425, 1994 WL 416510 (Del.Supr.)
**(Cite as: 648 A.2d 425)**

attorney." *Riggs v. Riggs,* Del.Supr., 539 A.2d 163, 164 (1988). Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered. The failure to file a timely notice of appeal in this case is not attributable to court-related personnel nor is it the result of unusual circumstances which are not attributable to the appellant.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED. The appellant's request for the appointment of counsel is denied as MOOT.

Del.,1994.
Luby v. State
648 A.2d 425, 1994 WL 416510 (Del.Supr.)

**END OF DOCUMENT**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



640 A.2d 655

640 A.2d 655, 1994 WL 91159 (Del.Supr.)
(Cite as: 640 A.2d 655)

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
Norman E. MORRISEY, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
No. 24,1994.

Submitted: Feb. 18, 1994.
Decided: March 3, 1994.

Court Below-Superior Court of the State of Delaware, in and for New Castle County.
Superior Court, New Castle County

APPEAL DISMISSED.

Before VEASEY, Chief Justice, and WALSH and HOLLAND, Justices.

*ORDER*

HOLLAND, Justice.
*1 This third day of March, 1994, it appears to the Court that:

1) On January 24, 1994, the court received from the defendant-appellant, Norman E. Morrisey (" Morrisey"), an untimely notice of appeal. Morrisey sought review of the Superior Court's denial of his motion for post-conviction relief dated December 3, 1993. Pursuant to Supreme Court Rule 6, a timely notice of appeal was due to be filed no later than January 3, 1994.

2) On January 25, 1994, the clerk issued a notice which directed Morrisey to show cause why this appeal should not be dismissed as untimely pursuant to Supreme Court Rule 29(b). Morrisey's response, filed on February 7, 1994, stated that he was in Maximum Security Unit ("MSU") protective custody during the thirty-day appeal period and thus was unable to file a timely notice of appeal.

3) This Court lacks jurisdiction to consider an appeal when the notice of appeal is not filed in a timely manner, unless the appellant can demonstrate that the failure to file a timely notice of appeal was attributable to court-related personnel, *Bey v. State,* Del.Supr., 402 A.2d 362, 363 (1979), or was the result of "unusual circumstances which are not attributable to the appellant or the appellant's attorney." *Riggs v. Riggs,* Del.Supr., 539 A.2d 163, 164 (1988). The failure to file a timely appeal in this case is clearly not attributable to court-related personnel, nor does it appear to be the result of unusual circumstances which are not attributable to Morrisey. *See Abdul-Akbar v. Watson,* 4 F.3d 195, 203 (3d Cir.1993) ("With the availability of basic [legal reference materials], along with some degree of paralegal assistance and a 'paging system' ..., we are persuaded that even a prisoner in a segregated unit such as the MSU would not be denied legal access to the courts.").

Also, although Morrisey generally alleges that he was "not afforded his legal work" while in the MSU, he does not allege that prison officials failed to give him the Superior Court's order. Under these circumstances, the record does not support Morrisey's contention that he was denied access to the legal resources needed to docket a timely notice of appeal in this Court. Thus, this case does not fall within the exceptions to the general rule which mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rules 6 and 29(b), that the within appeal is DISMISSED.

Del.,1994.
Morrisey v. State
640 A.2d 655, 1994 WL 91159 (Del.Supr.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

901 A.2d 119                                                                                  Page 1

901 A.2d 119, 2006 WL 1375079 (Del.Supr.)
**(Cite as: 901 A.2d 119)**

Cubbage v. CarrollDel.Supr.,2006.(The decision of
the Court is referenced in the Atlantic Reporter in a
'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Jarid L. CUBBAGE, Plaintiff Below, Appellant,
v.
Warden Thomas CARROLL and Sgt. Larry
Connelly, Defendants Below, Appellees.
**No. 153,2006.**

Submitted: April 10, 2006.
Decided: May 18, 2006.

Court Below-Superior Court of the State of
Delaware, in and for New Castle County in New
Castle County. C.A. No. 05A-09-007.

Before STEELE, Chief Justice, HOLLAND and
BERGER, Justices.

*ORDER*

HOLLAND, Justice.
*1 This 18th day of May 2006, upon consideration
of the notice of appeal filed by the appellant, the
notice to show cause issued by the Clerk, and the
appellant's response to the notice, it appears to the
Court that:

(1) The appellant, Jarid L. Cubbage, is an inmate at
a Delaware correctional facility. On March 24,
2006, the Court received Cubbage's notice of appeal
from a Superior Court order dated February 17,
2006 and docketed on February 21, 2006.

(2) On March 24, 2006, the Clerk issued a notice
directing that Cubbage show cause why the appeal
should not be dismissed for his failure to file the
notice of appeal within thirty days of the Superior
Court's order.[FN1] In his response to the notice,
Cubbage contends that prison staff is responsible
for the delay in filing the notice of appeal.

FN1. Supr. Ct. R. 6(a)(i).

(3) Under Delaware law and procedure, a notice of
appeal must be received by the office of the Clerk
of this Court within the applicable time period. [FN2]
Unless an appellant can demonstrate that the failure
to file a timely notice of appeal is attributable to
court-related personnel, the untimely appeal cannot
be considered .[FN3]

FN2. Supr. Ct. R. 6(a), 10(a); *Carr v. State,*
554 A.2d 778, 779 (Del.1989).

FN3. *Bey v. State,* 402 A.2d 362, 363
(Del.1979).

(4) The record does not reflect that Cubbage's
failure to file the notice of appeal within thirty days
is related to court-related personnel.[FN4] This case
does not fall within the exception to the general rule
that mandates the timely filing of a notice of appeal.

FN4. *See Brown v. State,* 2004 WL
1535757 (Del.Supr.) (dismissing untimely
appeal after concluding that prison law
library personnel are not court-related
personnel); *Deputy v. Roy,* 2004 WL
1535479 (Del.Supr.) (citing *Carr v. State,*
554 A.2d 778, 779 (Del.1989) (dismissing
untimely appeal after concluding that delay
in prison mail system cannot enlarge
jurisdictional appeal period).

NOW, THEREFORE, IT IS ORDERED, pursuant
to Supreme Court Rule 29(b), that the appeal is
DISMISSED.

Del.Supr.,2006.
Cubbage v. Carroll
901 A.2d 119, 2006 WL 1375079 (Del.Supr.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page      1
                       ( as of  10/31/2006 )
```

State of Delaware v.  JIMMY LEWIS                              DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.        AKA:
Defense Atty: JOHN S EDINGER , Esq.


Assigned Judge:

Charges:
| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0305016966 | IN03060175R1 | CARJACKING 2ND | GLTY | 10/23/2003 |
| 002 | 0305016966 | IN03060176R1 | THEFT $1000 OR> | GLTY | 10/23/2003 |
| 003 | 0305016966 | IN03060177R1 | RESIST ARREST | GLTY | 10/23/2003 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|

1   06/03/2003
        CASE ACCEPTED IN SUPERIOR COURT.
        ARREST DATE: 05/26/2003
        PRELIMINARY HEARING DATE: 060203
        BAIL:  SECURED BAIL-HELD                   12,000.00 100%
        NO CONDITION
2   06/30/2003
        INDICTMENT, TRUE BILL FILED.NO 6
        SCHEDULED FOR CASE REVIEW AND ARRAIGNMENT 07/28/03 AT 9:00
3   07/03/2003
        ACKNOWLEDGEMENT OF RECEIPT OF DISCOVERY RESPONSE.
        JOHN EDINGER
4   07/14/2003
        SUMMONS MAILED.
        07/28/2003                                 COOCH RICHARD R.
        CASE REVIEW & ARRAIGNMENT CALENDAR: SET FOR FINAL CASE REVIEW.
        DATE: 8/18/03 @ 9:00
6   08/12/2003
        DEFENDANT'S LETTER FILED.
        08/18/2003                                 GEBELEIN RICHARD S.
        FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL_10/21/2003.
5   08/18/2003
        ORDER SCHEDULING TRIAL FILED.
        TRIAL DATE:_10/21/03
        CASE CATEGORY:_____2
        ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):
        UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
        OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
        FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
        CONTINUANCE REQUESTS WILL BE DENIED.
8   08/29/2003

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    2
                        ( as of  10/31/2006 )
```

State of Delaware v.  JIMMY LEWIS                          DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA:
Defense Atty: JOHN S EDINGER , Esq.

```
      Event
No.   Date        Event                              Judge
-----------------------------------------------------------------------------
      DEFENDANT'S LETTER FILED.
12    09/30/2003
      DEFENDANT'S LETTER FILED.
7     10/06/2003
      SUBPOENA(S) MAILED.
9     10/07/2003
      DEFENDANT'S LETTER FILED.
13    10/07/2003
      STATE'S WITNESS SUBPOENA ISSUED.
22    10/10/2003
      DEFENDANT'S LETTER FILED.
15    10/14/2003
      MOTION FOR DISCOVERY AND MOTION TO SUPPRESS FILED PROSE. REFERELL MEMO
      (RULE 47) SENT TO P.D. OFFICE TO MR. EDINGER.
16    10/14/2003
      DEFENDANT'S LETTER FILED.
      TO: J. EDINGER
      LETTER REFERRED TO COUNSEL
10    10/15/2003
      DEFENDANT'S LETTER FILED.
11    10/15/2003
      DEFENDANT'S LETTER FILED.
14    10/17/2003
      REFERRAL TO COUNSEL MEMORANDUM FILED.
      ATTACHING LETTER/DOCUMENT FROM DEFENDANT.  REFERRED TO DEFENSE COUNSEL
      AS ATTORNEY OF RECORD.  COPY OF DEFENDANT'S LETTER NOT REVIEWED BY THE
      COURT AND NOT RETAINED WITH THE COURT'S FILE.  PLEASE ADVISE YOUR
      CLIENT THAT FURTHER COMMUNICATIONS REGARDING THIS CASE SHOULD BE
      DIRECTED TO YOU. J. EDINGER
      REFERRED BY: S. NAPIER
18    10/20/2003
      STATE'S WITNESS SUBPOENA RETURNED
17    10/21/2003                             ABLEMAN PEGGY L.
      TRIAL CALENDAR- WENT TO TRIAL JURY
19    10/21/2003                             ABLEMAN PEGGY L.
      JURY TRIAL HELD 10/21/03, 10/22/03, AND 10/23/03.
      JURY SWORN IN 10/21/03 AT 3:10 P.M.
      10/22/03 DEFENSE MOTION FOR ACQUITTAL ON ALL 3 COUNTS.  MOTION DENIED
      ON ALL 3 COUNTS.
      JURY FOUND DEFENDANT GUILTY OF CARJACKING 2ND (0175), THEFT (0176) AND
      RESISTING ARREST (0177).
      PSI ORDERED. SENTENCING SCHEDULED FOR 12/5/03 AT 9:30 A.M.
```

B2

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page      3
                       ( as of   10/31/2006 )
```

State of Delaware v.  JIMMY LEWIS                          DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA:
Defense Atty: JOHN S EDINGER , Esq.

```
       Event
No.    Date              Event                              Judge
--------------------------------------------------------------------------------
```

       1 COURT EXHIBIT. GAVE TO EDGAR JOHNSON TO PUT IN VAULT.
       AG/ROBERTSON - PD/EDINGER - CR/FELDMAN, DONNELLY & MAURER - CC/CARUSO.
       JUDGE HERLIHY TOOK THE VERDICT FOR JUDGE ABLEMAN
24     10/21/2003
       LETTER FROM: MARGOT R. MILLAR, OFFICE OF DISCIPLINARY COUNSEL
       TO: DEFENDANT.
       RE: DISCIPLINARY COMPLAINT AGAINST DEFTS. COURT APPOINTED ATTY.
       *SEE FULL LETTER IN FILE*
20     10/23/2003                                        ABLEMAN PEGGY L.
       CHARGE TO THE JURY FILED.
21     10/23/2003
       VOIR DIRE QUESTIONS FILED.
       STATE'S PROPOSED VOIR DIRE.
23     11/04/2003
       LETTER FROM SUPREME COURT TO JIMMY LEWIS
       RE: THE SUPREME COURT IS IN RECEIPT OF YOUR LETTER
       DATED OCTOBER 24, 2003. THE SUPREME COURT IS AN APPELLATE COURT
       WHICH RECEIVES APPEALS AND RELATED DOCUMENTS FILED PURSUANT
       TO SUPREME COURT RULES. ACCORDING TO THE SUPREME COURT RECORDS,
       YOU DO NOT HAVE AN APPEAL PENDING AT THIS TIME. BY COPY OF THIS
       LETTER I AM PROVIDING COPIES OF YOUR LETTER TO YOUR ATTORNEY, AND
       THE DEPUTY ATTORNEY GENERAL, THE PROTHONOTARY.
25     11/14/2003
       MOTION FOR PSYCHOLOGICAL/PSYCHIATRIC EXAM FILED.
       BY JOHN S EDINGER JR,ESQ
       REFERRED TO JUDGE TOLIVER-OFFICE JUDGE SENT UP (11/24/03)
26     12/01/2003                                        TOLIVER CHARLES H. IV
       ORDER: ORDERED THAT JIMMY LEWIS THE DEFENDANT, BE TRANSFERRED TO THE
       DELAWARE STATE HOSPITAL FOR PSYHIATRIC EVALUATION FOR THE PURPOSE OF
       DETERMINING COMPETENCY, AND TO OBTAIN TREATMENT FOR HIS OWN WELL-BEING
       AS SOON AS DELAWARE STATE HOSPITAL NOTIFIES GANDER HILL OF AN
       AVAILABLE OPENING, JIMMY LEWIS IS TO BE TRANSPORTED AND EVALUATED.
27     12/03/2003
       MOTION FOR TRANSCRIPT FILED PROSE.  REFERRED TO JUDGE ABLEMAN.
       * NOTE FROM CHAMBERS-JUDGE REVIEWED BOTH LETTERS 12/22/03 NO ACTION
       NEEDED. AMH
28     12/16/2003
       DEFENDANT'S LETTER FILED.
29     01/13/2004
       DEFENDANT'S LETTER FILED.
30     03/01/2004
       LETTER FROM: JOHN S. EDINGER, ESQ.       TO: JUDGE ABLEMAN

B3

SUPERIOR COURT CRIMINAL DOCKET                    Page      4
( as of  10/31/2006 )

State of Delaware v.  JIMMY LEWIS                    DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.        AKA:
Defense Atty: JOHN S EDINGER , Esq.

```
      Event
No.   Date        Event                                      Judge
-----------------------------------------------------------------------------
      RE:  ON 12/01/03, THE COURT ORDERED THAT THE DEFENDANT BE TRANSFERRED
      TO THE DELAWARE STATE HOSPITAL FOR PSYCHIATRIC EVALUATION.  TO DATE,
      HE HAS NOT BEEN TRANSPORTED FOR AN EVALUATION.
      (LETTER AND FILE REFERRED TO JUDGE ABLEMAN 03/01/04)
31    03/11/2004
      MOTION FOR JUDGMENT OF ACQUITTAL FILED PROSE.  REFERRED TO JUDGE
      ABLEMAN
32    03/23/2004                                 ABLEMAN PEGGY L.
      LETTER/ORDER ISSUED BY JUDGE: ABLEMAN
      RE: THE COURT HAS CONSIDERED YOUR PRO SE MOTION FOR JUDGEMENT OF
      ACQUITTAL.  NORMALLY, THE COURT WILL NOT CONSIDER ANY PLEADINGS THAT
      YOU FILE PRO SE SINCE YOU ARE REPRESENTED BY COUNSEL, JOHN EDINGER.
      YOU SHOULD CONSULT WITH HIM FOR THE FILING OF ANY MOTIONS OR PLEADINGS
      IN THIS CASE, YOUR MOTION FOR JUDGEMENT OF ACQUITTAL IS UNTIMELY AND
      IS THEREFORE HEREBY DENIED.  IT IS SO ORDERED JUDGE ABLEMAN.
33    04/19/2004
      PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
      REFERRED TO JUDGE CARPENTER.
      DATE REFERRED: 4/21/04
      CIVIL CASE NO: 04M-04-054
34    04/26/2004                                 CARPENTER WILLIAM C. JR.
      LETTER/ORDER ISSUED BY JUDGE CARPENTER.
      RE: HABEAS CORPUS PETITION 04M-04-054 IS DENIED.
      YOUR REQUEST FOR HABEAS CORPUS RELIEF HAS BEEN FORWARDED TO ME FOR A
      DECISION. A REVIEW OF THE DOCKET IN THIS MATTER CLEARLY INDICATES THAT
      YOU WERE CONVICTED ON OCTOBER 21, 2003 ON THE CHARGES OF CARJACKING
      SECOND DEGREE, THEFT, AND RESISTING ARREST AND THE TRIAL WAS PRESIDED
      OVER BY JUDGE ABLEMAN. IN NOVEMBER, 2003, YOUR COUNSEL, MR. EDINGER,
      FILED A MOTION FOR A PSYCHIATRIC EXAMINATION WHICH WAS APPROVED BY
      JUDGE TOLIVER ON DECEMBER 1, 2003. WHILE I APPRECIATE THAT YOU ARE
      UPSET REGARDING THE DELAY THAT HAS OCCURED WITH REGARD TO THIS
      EVALUATION, IT DOES NOT PROVIDE YOU WITH A BASIS FOR HABEAS CORPUS
      RELIEF. SINCE IT IS CLEAR BASED UPON THE ABOVE THAT YOU ARE PRESENTLY
      BEING HELD CONSISTENT WITH YOUR CONVICTION ON THE ABOVE CHARGES AND
      YOUR FAILURE TO POST APPROPRIATE BAIL, YOUR REQUEST IS HEREBY DENIED.
      I WILL FORWARD A COPY OF THIS LETTER TO JUDGE ABLEMAN AND JUDGE
      TOLIVER SO THAT THEY MAY BE AWARE OF THE DELAY THAT IS OCCURRING. WCC
35    04/26/2004
      NOTICE OF SERVICE
      RE: COPY OF GROUNDS FOR APPEAL
36    05/07/2004
      DEFENDANT'S LETTER FILED.
```

R4

```
                  SUPERIOR COURT CRIMINAL DOCKET              Page    5
                   ( as of  10/31/2006 )

State of Delaware v.  JIMMY LEWIS                    DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA:
Defense Atty: JOHN S EDINGER , Esq.


       Event
No.    Date          Event                           Judge
---------------------------------------------------------------------------
37   05/13/2004
       PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
       SUBMITTED BY:__DONALD NAPOLIN, MENTAL HEALTH SUPERVISOR
       AND ORDER REQUESTING DEFENDANT BE TRANSFERED TO MITCHELL BUILDING
       GRANTED BY JUDGE TOLIVER ON 5-13-04
38   05/14/2004
       DEFENDANT'S LETTER FILED.
       LETTER REGARDING NAMES AND PLACE EMPLOYMENT OF BAILIFF'S WHO PROVIDED
       COURT ON 10/21 10/23 FOR A WRIT OF MANDAMUS TO BE FILED.
       *SEE FULL LETTER IN FILE.
40   06/16/2004
       LETTER FROM DIANNE STACHOWSKI TO JUDGE TOLIVER, REQUESTING DEFT
       BE TRANSFERED BACK TO DOC.
39   06/28/2004
       PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
       SUBMITTED BY:  SYLVIA FOSTER MD
       COPY SENT TO ATTORNEY AND JUDGE TOLIVER
41   06/29/2004
       LETTER FROM DIANNE STACHOWSKI TO JUDGE TOLIVER REQUESTING DEFENDANT
       BE TRANSFERRED BACK TO DOC.
42   07/06/2004
       LETTER FROM COMMISSIONER WHITE TO COUNSEL GIVING THEM 10 DAYS TO
       REQUEST A COMPETENCY HEARING AND INFORMING OF THE SENTENCING DATE
       OF 8-27-04 AT 9:30 WITH JUDGE TOLIVER.
43   07/19/2004
       MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER FILED.
       BY BRIAN J ROBERTSON,DAG
       MOTION PUT IN FILE TO BE HEARD AT SENTENCING
44   07/26/2004
       PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
       COPY RECEIVED FROM DEFENDANT LEWIS
       SEALED BY ORDER OF SUPERIOR COURT
45   08/02/2004
       CONTINUANCE REQUEST FILED BY J EDINGER - GRANTED PER JUDGE ABLEMAN
       (SENTENCING)
46   08/09/2004
       MOTION TO DISMISS COUNSEL FILED PRO SE.  REFERRED TO JUDGE ABLEMAN
47   08/17/2004
       MOTION FOR COMPETENCY HEARING FILED PRO SE.  REFERRED TO JUDGE ABLEMAN
48   08/17/2004
       MOTION FOR DISCOVERY FILED PRO SE. REFERRED TO JUDGE ABLEMAN
49   08/20/2004                              ABLEMAN PEGGY L.
```

B5

SUPERIOR COURT CRIMINAL DOCKET                    Page    6
( as of  10/31/2006 )

State of Delaware v.  JIMMY LEWIS                          DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.        AKA:
Defense Atty: JOHN S EDINGER , Esq.

```
      Event
No.  ·Date          Event                              Judge
------------------------------------------------------------------------------
```
       LETTER FROM JUDGE ABLEMAN    TO JOHN EDINGER, ESQ.
       RE: STATE V. JIMMIE LEWIS
       ENCLOSED PLEASE FIND CORRESPONDENCE RECEIVED BY THE COURT FROM THE
       ABOVE DEFENDANT WHOM YOU REPRESENT. IT IS REFERRED TO YOU FOR SUCH
       ACTION AS YOU DEEM APPROPRIATE.
       SUPERIOR COURT RULE 47 PROVIDES IN PERTINENT PART, "THE COURT WILL NOT
       CONSIDER PRO SE APPLICATIONS BY DEFENDANTS WHO ARE REPRESENTED BY
       COUNSEL". PLEASE NOTIFY YOUR CLIENT THAT FURTHER CORRESPONDENCE OR
       MOTIONS SHOULD BE MAILED DIRECTLY TO YOUR OFFICE FOR APPROPRIATE
       ACTION. THANK YOU.
50    08/20/2004                                    ABLEMAN PEGGY L.
       LETTER FROM JUDGE ABLEMAN    TO JIMMIE LEWIS
       .RE: STATE V. JIMMIE LEWIS
       I HAVE YOUR MOTION FOR APPOINTMENT OF NEW COUNSEL. THE MOTION IS
       DENIED.  I HAVE REFERRED YOUR MOTION FOR COMPETENCY HEARING TO MR.
       EDINGER AS SUPERIOR COURT CRIMINAL RULE 47 DOES NOT PERMIT YOU TO FILE
       PRO SE APPLICATIONS WHEN YOU ARE REPRESENTED BY COUNSEL.
51    08/31/2004
       DEFENDANT'S LETTER FILED.
       TO: JUDGE ABLEMAN
       REGARDING PRESENTENCE REPORT.
52    09/07/2004
       MOTION FOR NEW TRIAL FILED PRO SE.  REFERRED TO COUNSEL
       09/08/2004
       MOTION FOR NEW TRIAL
53    09/08/2004
       REFERRAL TO COUNSEL MEMORANDUM FILED.
       ATTACHING LETTER/DOCUMENT FROM DEFENDANT.  REFERRED TO DEFENSE COUNSEL
       AS ATTORNEY OF RECORD.  COPY OF DEFENDANT'S LETTER NOT REVIEWED BY THE
       COURT AND NOT RETAINED WITH THE COURT'S FILE.  PLEASE ADVISE YOUR
       CLIENT THAT FURTHER COMMUNICATIONS REGARDING THIS CASE SHOULD BE
       DIRECTED TO YOU.  J. EDINGER
       REFERRED BY: S. NAPIER
54    09/21/2004
       MOTION TO DECLARE THE DEFENDANT NOT GUILTY BY REASON OF INSANITY FILED
       PROSE.  REFERRED TO COUNSEL OF RECORD.
55    09/29/2004
       REFERRAL TO COUNSEL MEMORANDUM FILED.
       ATTACHING LETTER/DOCUMENT FROM DEFENDANT.  REFERRED TO DEFENSE COUNSEL
       AS ATTORNEY OF RECORD.  COPY OF DEFENDANT'S LETTER NOT REVIEWED BY THE
       COURT AND NOT RETAINED WITH THE COURT'S FILE.  PLEASE ADVISE YOUR
       CLIENT THAT FURTHER COMMUNICATIONS REGARDING THIS CASE SHOULD BE

R L

SUPERIOR COURT CRIMINAL DOCKET                    Page      7
( as of   10/31/2006 )

State of Delaware v.  JIMMY LEWIS                         DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.        AKA:
Defense Atty: JOHN S EDINGER , Esq.

```
       Event
No.    Date          Event                               Judge
-----------------------------------------------------------------------------
       DIRECTED TO YOU.  JOHN EDINGER
       REFERRED BY: S. NAPIER
56     10/08/2004
       DEFENDANT'S REQUEST FILED.
       REQUEST TO HAVE DOCKET ENTRY #54 CORRECTED.  ERROR CORRECTED 10/12/04.
       NOTICE OF REQUESTED CORRECTION SENT TO DEFENDANT.
57     10/19/2004
       NOTICES OF SERVICE (SEVERAL SEE FILE)
       REQUEST FOR A FULL AND FAIR EVIDENTIARY HEARING TO DETERMINE MATERIAL
       FACTS TO ALLEDGED DENIALS OF CONSTITUTIONAL RIGHTS.
59     10/29/2004
       NOTICE OF SERVICE
58     11/02/2004
       NOTICE OF SERVICES
60     11/03/2004
       NOTICE OF SERVICES
61     11/09/2004
       NOTICE OF SERVICES.
62     11/15/2004
       NOTICE OF SERVICE
       APPLICATION FOR CERTIFICATION TO THE SUPREME COURT OF DELAWARE
63     11/16/2004
       NOTICE OF SERVICE
       DOCUMENTS THE DEFENDANT WANTS THE COURT TO REVIEW.
64     11/17/2004
       NOTICE OF SERVICE
66     11/19/2004
       NOTICE OF SERVICE
       DOCKET ENTRIES (RULE 55)
65     11/29/2004
       PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
       REFERRED TO JUDGE ABLEMAN, THEN TO JUDGE TOLIVER.
       DATE REFERRED: 11/30/04
       CIVIL CASE NO: 04M-11-098
67     12/03/2004
       NOTICE OF SERVICE
       AS OF TO DATE THE DEFENDANT HAS NOT REVIEWED THE PRE-SENTENCE REPORT
       AS IT IS REQUIRED BY SUPERIOR COURT CRIMINAL RULE 32(C)(3)
68     12/10/2004
       DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
       RE: NOTICE OF APPEAL FROM INTERLOCUTORY ORDER.
69     12/21/2004
```

SUPERIOR COURT CRIMINAL DOCKET                     Page     8
( as of   10/31/2006 )

State of Delaware v.  JIMMY LEWIS                           DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA:
Defense Atty: JOHN S EDINGER , Esq.

        Event
No.    Date              Event                              Judge
------------------------------------------------------------------------------
       DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
       DIRECTIONS TO COURT REPORTER OF PROCEEDURES BELOW TO
       BE TRANSCRIBED PURSUANT TO RULE 9 (E)
70    12/27/2004                                   TOLIVER CHARLES H. IV
       LETTER/ORDER ISSUED BY JUDGE TOLIVER. RE: HABEAS PETITION 04M-11-098.
       I HAVE NOW HAD THE OPPORTUNITY TO REVIEW YOUR PETITION SEEKING THE
       ISSUANCE OF A WRIT OF HABEAS CORPUS WHICH WAS FILED WITH THE
       PROTHONOTARY ON NOVEMBER 29, 2004. IT IS UPON THAT REVIEW THAT I MUST
       DECLINE THE RELIEF YOU SEEK. MORE SPECIFICALLY, YOUR PETITION SEEMS TO
       COMPLAIN THAT YOU WERE NOT RETURNED FROM THE DELAWARE PSYCHIATRIC
       CENTER TO THE CUSTODY OF THE DEPARTMENT OF CORRECTION AS REQUESTED BY
       MS. STACHOWSKI'S CORRECTPONDENCE. ON JUNE 29, THAT DOCUMENT WAS FILED
       WITH THE PROTHONOTARY. PLEASE REFER TO THE COPY OF THE ENCLOSED
       DOCKET, ENTRY NUMBER 41.
       IT APPEARS THAT YOUR PETITION DOES NOT CONTAIN ANY OTHER BASIS FOR
       RELIEF. ACCORDINGLY, YOUR PETITION MUST BE DENIED, AS IT DOES NOT
       STATE A CLAIM UPON WHICH SUCH A WRIT MAY BE ISSUED.
       IT IS SO ORDERED. CHT
71    01/06/2005
       PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
       REFERRED TO JUDGE TOLIVER.
       DATE REFERRED: 1/10/05
       CIVIL CASE NO: 05M-01-033
74    02/03/2005
       NOTICE OF SERVICE FILED PRO SE.  THE DEFENDANT HEREBY REQUEST THAT HIS
       COURT APPOINTED DEFENSE ATTORNEY PROVIDE OR MOTION FOR INFORMATION OR
       MATERIALS AT SENTENCING.
       02/11/2005                                   ABLEMAN PEGGY L.
       SENTENCING CALENDAR: DEFENDANT SENTENCED.
75    02/11/2005                                   ABLEMAN PEGGY L.
       SENTENCE ASOP ORDER SIGNED AND FILED 02/25/2005.
72    02/14/2005
       MANDATE FILED FROM SUPREME COURT:  APPEAL DISMISSED.
       SUPREME COURT CASE NO: 531, 2004
       SUBMITTED: JANUARY 10, 2005
       DECIDED: JANUARY 25, 2005
       BEFORE STEELE, CHIEF JUSTICE, HOLLAND, AND RIDGELY, JUSTICES.
73    02/17/2005
       MOTION FOR NEW TRIAL FILED PRO SE.  REFERRED TO JUDGE ABLEMAN.
       02/22/2005
       MOTION FOR NEW TRIAL
76    02/25/2005

SUPERIOR COURT CRIMINAL DOCKET                    Page      9
( as of   10/31/2006 )

State of Delaware v.  JIMMY LEWIS                          DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA:
Defense Atty: JOHN S. EDINGER , Esq.

```
       Event
No.    Date        Event                                   Judge
-------------------------------------------------------------------------------
       LETTER FROM SUPREME COURT TO KATHLEEN FELDMAN, COURT REPORTER
       RE: A NOTICE OF APPEAL WAS FILED ON 02/18/05, THE
       TRANSCRIPT IS DUE TO BE FILED IN THE PROTHONOTARY BY
       03/28/05.
77     02/28/2005                                   TOLIVER CHARLES H. IV
       LETTER/ORDER ISSUED BY JUDGE: TOLIVER
       I HAVE NOW HAD THE OPPORTUNITY TO REVIEW YOUR LATEST POSITION SEEKING
       THE ISSUANCE OF A WRIT OF HABEAS CORPUS WHICH WAS FILED WITH THE
       PROTHONOTARY ON JANUARY 9, 2005.  IT IS A MERE IMAGE OF THAT WHICH YOU
       FILED ON NOVEMBER 29, 2004.  FOR THAT REASON, I MUST AGAIN DECLINE TO
       GRANT THE RELIEF YOU SEEK AND FOR THE SAME REASONS STATED IN MY LETTER
       TO YOU OF DECEMBER 14, 2004.  BECAUSE THERE IS NOTHING ELSE FOR ME TO
       DECIDE, YOUR PETITION AGAIN IN THIS REGARD IS DENIED.  IT WILL NOT BE
       RECONSIDERED.  IT IS SO ORDERED JUDGE TOLIVER
78     02/28/2005                                   ABLEMAN PEGGY L.
       LETTER/ORDER ISSUED BY JUDGE: ABLEMAN
       DEFENDANT'S MOTION FOR A NEW TRIAL IS DENIED.  SEE FILE.
80     03/01/2005
       NOTICE OF APPEAL FILED IN SUPREME COURT (COPY)
79     03/07/2005
       TRANSCRIPT FILED.
       TRIAL TESTIMONY- OCTOBER 22, 2003
       BEFORE JUDGE ABLEMAN AND JURY
81     03/10/2005
       NOTICE OF SERVICE FOR A COPY OF TRANSCRIPTS.  REFERRED TO THE COURT
       REPORTER OFFICE.  COPY PLACED IN THE FILE.
82     03/18/2005
       TRANSCRIPT FILED.
       SENTENCING- FEBRUARY 11, 2005
83     03/21/2005
       TRANSCRIPT FILED.
       TRIAL PROCEEDINGS- OCTOBER 21,2003
       BEFORE JUDGE ABLEMAN
       03/21/2005
       RECORDS SENT TO SUPREME COURT.
84     03/28/2005
       RECEIPT FROM SUPREME COURT ACKNOWLEDGING RECORD.
85     05/05/2005
       MOTION FOR MODIFICATION OF SENTENCE FILED PRO-SE.
       REFERRED TO PRESENTENCE 05/20/05 FOR JUDGE ABLEMAN.
86     05/11/2005
       MOTION FOR MODIFICATION OF SENTENCE FILED PRO-SE.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    10
                        ( as of   10/31/2006 )


State of Delaware v.  JIMMY LEWIS                        DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.        AKA:
Defense Atty: JOHN S EDINGER , Esq.


       Event
No.    Date          Event                              Judge
-------------------------------------------------------------------------------
       REFERRED TO JUDGE ABLEMAN 05/20/05, DEFENTANT SENT IN MOTION 05/05/05
       THAT WENT TO PRESENTENCE 05/20/05.
87     06/01/2005                             ABLEMAN PEGGY L.
       ORDER MOTION FOR MODIFICATION OF SENTENCE DENIED.
       THE SENTENCE IS APPROPRIATE FOR ALL THE REASONS STATED AT THE TIME OF
       SENTENCING.
88     07/05/2005
       DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
89     10/05/2005                             ABLEMAN PEGGY L.
       LETTER/ORDER ISSUED BY JUDGE: ABLEMAN. YOUR MOTION TO IMPUGN THE
       AUTHENTICTY OF TRIAL TRANSCRIPT AND SENTENCING TRANSCRIPT. DENIED
       IT IS SO ORDERED.
90     10/19/2005
       MANDATE FILED FROM SUPREME COURT:   SUPERIOR COURT JUDGMENT AFFIRMED.
       SUPREME COURT CASE NO: 64, 2005
       SUBMITTED: JULY 25, 2005
       DECIDED: SEPTEMBER 29, 2005
       BEFORE HOLLAND, BERGER AND JACOBS, JUSTICES.
91     10/26/2005
       DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
       RE: NOTICE TO SHOW CAUSE WHY THE MATTER SHOULD
       NOT BE DISMISSED BASED ON THE COURTS LACK OF JURISDICTION
       TO ENTERTAIN A CRIMINAL INTERLOCUTORY APPEAL.
92     11/21/2005
       MOTION FOR MODIFICATION OF SENTENCE FILED PRO-SE.
       REFERRED TO PRESENTENCE 12/08/05 FOR JUDGE ABLEMAN.
93     12/12/2005                             ABLEMAN PEGGY L.
       ORDER MOTION FOR MODIFICATION OF SENTENCE DENIED.
       THE MOTION WAS FILED MORE THAN 90 DAYS AFTER IMPOSITION OF THE
       SENTENCE AND IS, THEREFORE, TIME-BARRED.
       THE SENTENCE IS APPROPRIATE FOR ALL THE REASONS STATED AT THE TIME OF
       SENTENCING.
94     01/04/2006
       MANDATE FILED FROM SUPREME COURT:  APPEAL DISMISSED.
       SUPREME COURT CASE NO: 515, 2005
       SUBMITTED: NOVEMBER 2, 2005
       DECIDED: DECEMBER 14, 2005
       BEFORE STEELE, CHIEF JUSTICE, BERGER AND JACOBS, JUSTICES
       THE COURT DOES NOT HAVE JURISDICTION TO REVIEW LEWIS'
       INTERLOCUTORY APPEAL IN THIS CRIMINAL CASE.
95     01/06/2006
       MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
```

SUPERIOR COURT CRIMINAL DOCKET
( as of   10/31/2006 )

State of Delaware v.  JIMMY LEWIS                         DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.        AKA:
Defense Atty: JOHN S EDINGER , Esq.

```
      Event
No.   Date        Event                                   Judge
--------------------------------------------------------------------------
      REFERRED TO JUDGE ABLEMAN
96    01/12/2006
      LETTER FROM A.HAIRSTON, PROTHONOTARY OFFICE   TO BRIAN ROBERTSON, DAG
      RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
97    02/09/2006                                  ABLEMAN PEGGY L.
      ORDER:IT IS ORDERED THAT: (1) DEFENDANT'S PRIOR COUNSEL, J. EDINGER, E
      ESQ, SHALL FILE AN AFFIDAVIT WITH THE PROTHONOTARY RESPONDING TO THE
      FACTUAL ALLEGATIONS OF THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS
      PURSUANT TO RULE 61(G)(2) ON OR BEFORE MARCH 8, 2006, SERVING THE
      AFFIDAVIT ON THE STATE AND ON THE MOVANT. (2) THE DEPT. OF JUSTICE
      SHALL FILE A LEGAL MEMORANDUM WITH THE PROTHONOTARY IN RESPONSE TO THE
      MOTION, TAKING INTO ACCOUNT THE FACTUAL ASSERTIONS IN BOTH THE MOTION
      TAKING INTO ACCOUNT THE FACTUAL ASSERTIONS IN BOTH THE MOTION AND
      TRIAL COUNSEL'S RESPONSE, PURSUANT TO RULE 61(F) ON OR BEFORE APRIL 10
      2006. (3) ANY REPLY BY THE NOVANT TO THE ABOVE AFFIDAVIT OR PRIOR
      COUNSEL AND TO THE STATE'S RESPONSE SHALL BE FILED WITH THE
      PROTHONOARY BY MAY 10, 2006.
98    02/10/2006                                  ABLEMAN PEGGY L.
      ORDER: MOTION FOR POSTCONVICTION RELIEF: IT IS ORDERED THAT: (1)
      DEFENDANT'S PRIOR COUNSEL, JOHN EDINGER, JR, ESQ, SHALL FILE AN
      AFFIDAVIT WITH THE PROTHONOTARY RESPONDING TO THE FACTUAL ALLEGATIONS
      OF THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS PURSUANT TO RULE 61(G)
      (2) ON OR BEFORE MARCH 8, 20006, SERVING THE AFFIDAVIT ON THE STATE
      AND ON THE MOVANT. (2) THE DEPT. OF JUSTICE SHALL FILE A LEGAL
      MEMORANDUM WITH THE PROTHONOTARY IN RESPONSE TO THE MOTION, TAKING
      INTO ACCOUNT THE FACTUAL ASSERTIONS IN BOTH THE MOTION AND TRIAL
      COUNSEL'S RESPONSE, PURSUANT TO RULE 61(F)ON OR BEFORE APRIL 10, 2006.
      (3) ANY REPLY BY THE MOVANT TO THE ABOVE AFFIDAVIT OF PRIOR COUNSEL
      AND TO THE STATE'S RESPONSE SHALL FILED WITH THE PROTHONOTARY BY
      MAY 10, 2006
99    02/10/2006
      DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
      RE: WRIT OF MANDAMUS
100   03/10/2006
      AFFIDAVIT RESPONDING TO ALLEGATIONS OF INEFFECTIVE COUNSEL
      FILED BY JOHN EDINGER, ESQ.
      (SEE FILE FOR ENTIRE AFFIDAVIT)
102   04/11/2006
      STATE'S RESPONSE FILED. RE: RULE 61.
      FILED BY BRIAN ROBERTSON, DAG
      REFERRED TO JUDGE ABLEMAN
101   04/12/2006
```

SUPERIOR COURT CRIMINAL DOCKET                    Page    12
( as of   10/31/2006 )

State of Delaware v.  JIMMY LEWIS                              DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA:
Defense Atty: JOHN S EDINGER , Esq.

```
      Event
No.   Date          Event                              Judge
-----------------------------------------------------------------------------
      NOTICE OF APPEAL FILED IN SUPREME COURT· (COPY)
103   04/21/2006                                  ABLEMAN PEGGY L.
      LETTER FROM JUDGE ABLEMAN    TO JOHN EDINGER, ESQ  RE: RULE 61
      PLEASE FILE WITH THE COURT AN AFFIDAVVIT, IN NARRATIVE FORM,
      RESPONDING TO THE FACTUAL ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF
      COUNSEL CLAIMS SET FORTH BY THE DEFENDANT AND HIS MOTION FOR POST-
      CONVICTION RELIEF ON OR BEFORE MAY 18, 2006
104   04/24/2006
      PETITION FOR 30 DAY POSTPONMENT REGARDING JUDGE ABLEMAN'S 2/8/06 ORDER
      FILED. PRO SE
      REFERRED TO JUDGE ABLEMAN
105   05/12/2006
      MANDATE FILED FROM SUPREME COURT:  APPEAL DISMISSED.
      SUPREME COURT CASE NO: 66, 2006
      BEFORE STEELE, CHIEF JUSTICE, JACOBS AND RIDGELY, JUSTICES.
      THERE IS NO BASIS UPON WHICH TO GRANT LEWIS' MANDAMUS PETITION.
      THIS COURT WILL NOT ISSUE A WRIT OF MANDAMUS TO COMPEL A TRIAL COURT
      TO PERFORM A PARTICULAR JUDICAL FUNCTION, TO DECIDE A MATTER
      IN A PATRICULAR WAY, OR TO DICATE THE CONTROL OF ITS DOCKET.
      MOREOVER, IN VIEW OF THE SUPERIOR COURT ORDER OF FEBRUARY 9, 2006.
      LEWIS PETITON FOR A WRIT OF MANDAMUS IS MOOT.
106   05/19/2006
      LETTER FROM JIMMIE LEWIS,  TO THE COURT. RE: REQUESTING POSTPONEMENT
      REGARDING THE DEFENDANT'S RULE 61 POSTCONVICTION MOTION.
      REFERRED TO JUDGE ABLEMAN
107   05/30/2006
      DEFENDANT'S LETTER FILED.
      REFERRED TO JUDGE ABLEMAN
      DEFENDANT'S RESPONSE TO THE STATES RESPONSE TO THE STATES RESPONSE TO
      THE DEFENDANT'S RULE 61  POSTCONVICTION RELIEF
108   06/05/2006
      AFFIDAVIT OF JOHN EDINGER, ESQ FILED. RE: RULE 61
      REFERRED TO JUDGE ABLEMAN
109   06/12/2006
      MANDATE FILED:  SUPEREME COURT APPEAL DISMISSED.
      SUPREME COURT CASE NO: 182, 2006
      SUBMITTED: APRIL 10, 2006
      DECIDED: MAY 18, 2006
      BEFORE STEELE, CHIEF JUSTICE, HOLLAND AND BERGER, JUSTICES.
110   06/27/2006
      DEFENDANT'S RESPONSE TO DEFENSE COUNSEL'S RESPONSE TO THE DEFENDANT'S
      RULE 61 POSTCONVICTION RELIEF MOTION FILED. PRO SE
```

SUPERIOR COURT CRIMINAL DOCKET                    Page    13
( as of  10/31/2006 )

State of Delaware v.  JIMMY LEWIS                      DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA:
Defense Atty: JOHN S EDINGER , Esq.

```
       Event
No.    Date       Event                              Judge
-------------------------------------------------------------------------------
       REFERRED TO JUDGE ABLEMAN
111    08/29/2006                               ABLEMAN PEGGY L.
       OPINION: UPON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF: DENIED.
       IT IS SO ORDERED.
112    09/29/2006
       DEFENDANT'S RESPONSE TO JUDGE ABLEMAN'S AUG. 29, 2006 POSTCONVICTION
       DECISION FILED.
       REFERRED TO JUDGE ABLEMAN.
113    10/04/2006
       NOTICE OF APPEAL FILED IN SUPREME COURT (COPY)

              *** END OF DOCKET LISTING AS OF  10/31/2006 ***
                   PRINTED BY: JAGVLCM
```

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the

Supreme Court of Delaware, hereby certifies that on November

1, 2006, he caused two copies of the attached document to be

placed in the U.S. Mail, first class postage prepaid,

addressed to the following:

Jimmie Lewis
No. 506622
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

Loren C. Meyers
Chief of Appeals Division
Dept. of Justice

TO: JEFFERY K. BARTELS

FROM: JIMMIE LEWIS



YOUR IN POSSESSION OF THIS NOTATION, BECAUSE I AM SEEKING TO RETAIN A CIVIL LAW ATTORNEY TO REPRESENT ME PERTAINING TO CASE REGARDING THE CIVIL COMPLAINT DOCUMENT THAT IVE FORWARDED WITH THIS NOTATION.

CA. NO. 04-1350 (GMS) IS JUST ABOUT READY FOR TRIAL, FOR WHICH MEANS IVE ALREADY DONE MAJORITY OF THE WORK.

CA. NO. 05-013 (GMS) WOULD HAVE BEEN JUST ABOUT READY FOR TRIAL, BUT BEING THE LAYMAN OF CIVIL LAW THAT I AM, I ENCOUNTERED A FEW DILEMMA'S. AT PRESENT TIME COURT IS AWAITING MY AMENDED COMPLAINT. BUT I FILED FOR 60 DAY POSTPONEMENT 6/26/06.

I SEEK AN EXPEDIANT APPOINTMENT FOR CONSULTATION, IN ORDER TO DETERMINE IF YOU CAN OR WILL REPRESENT ME?

I WOULD APPRECIATE IT VERY MUCH IF YOU WOULD SEND ME A NOTATION OF CONFIRMATION REGARDING THIS MATTER, I NEED TO KNOW AS SOON AS POSSIBLE IF YOU WILL OR WILL NOT SCHEDULE AN APPOINTMENT TO INTERVIEW ME.

P.S I AM THE ONE WHO INFORMED "LOUIS CHANCE JR'S" FAMILY, REGARDING WHAT HAPPENED TO HIM.

DATE: 7/15/06

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

RECEIVED

JUL 14 2006

H&F

TO: DAVID R. BATMAN

YOUR IN POSSESSION OF THIS NOTATION BECAUSE I AM SEEKING TO RETAIN A CIVIL LAW ATTORNEY TO REPRESENT ME PERTAINING TO CASES REGARDING THE CIVIL COMPLAINT DOCUMENTS THAT IVE FORWARDED WITH THIS NOTATION.

CA.NO 04-1350 (GMS) IS JUST ABOUT READY FOR TRIAL, FOR WHICH MEANS IVE ALREADY DONE MAJORITY OF THE WORK. CA.NO. 05-013 (GMS) WOULD HAVE BEEN JUST ABOUT READY FOR TRIAL ALSO, BUT BEING THE LAYMAN OF CIVIL LAW THAT I AM, I ENCOUNTERED A FEW DILEMMA'S. AT PRESENT THE COURT IS AWAITING MY AMENDED COMPLAINT, BUT INSTEAD I JUST FILED FOR 60 DAY POSTPONEMENT ON 6/26/06.

I SEEK AN EXPEDIANT APPOINTMENT FOR FREE CONSULTATION, IN ORDER TO DETERMINE IF YOU CAN REPRESENT ME.

I WOULD APPRECIATE IT VERY MUCH IF YOU COULD SEND ME A NOTATION OF CONFIRMATION TO INFORM ME IF YOU CAN OR CAN NOT SCHEDULE ME FOR AN APPOINTMENT.

DATE: 7/12/06

JIMMIE LEWIS

Jimmie Lewis

SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DELAWARE
19977

TO: MARVIN & MARTIN EMMET, LLP

Your in possession of this notation because I am seeking to retain a civil law attorney to represent me pertaining to cases regarding the civil complaint documents that I've forwarded with this notation.

CA. NO. 04-1350 (GMS) is just about ready for trial, for which means we already done majority of the work.

CA. NO. 05-013 (GMS) would have been just about ready for trial also, but being the layman of civil law that I am, I encountered a few dilemma's. At present the court is awaiting my amended complaint, but instead I just filed for 60 day postponement on 6/26/06.

I seek an expediant appointment for free consultation, in order to determine if you can represent me.

I would appreciate it very much if you could send me a notation of confirmation to inform me if you can or can not schedule me for an appointment.

Jimmie Lewis

Jimmie Lewis

DATE: 7/12/06

SBI #506622

Del. Corr. Center

1181 Paddock Rd

Smyrna, Delaware

19977

TO: DILWORTH PAXSON

FROM: MR. JIMMIE LEWIS

YOUR IN POSSESSION OF THIS NOTATION, BECAUSE I AM SEEKING TO RETAIN A CIVIL ATTORNEY TO REPRESENT ME PERTAINING TO CASES REGARDING THE CIVIL COMPLAINT DOCUMENTS THAT IVE FORWARDED ALONG WITH THIS NOTATION.

CA. NO. 04-1350 (GMS) IS JUST ABOUT READY FOR TRIAL, FOR WHICH MEANS IVE ALREADY DONE MAJORITY OF THE WORK.

CA NO. 05-013 (GMS) WOULD HAVE BEEN READY FOR TRIAL, BUT BEING THE LAYMAN THAT I AM, I ENCOUNTERED A FEW DILEMMA'S. AT PRESENT THE COURT IS AWAITING MY AMENDED COMPLAINT(S). I JUST FILED FOR A 60 DAY POSTPONEMENT 6/26/06.

I SEEK AN EXPEDIANT APPOINTMENT FOR CONSULTATION, IN ORDER TO DETERMINE IF YOU CAN OR WILL REPRESENT ME.

I WOULD APPRECIATE IT VERY MUCH IF YOU WOULD SEND ME A NOTATION OF CONFIRMATION REGARDING THIS MATTER. I NEED TO KNOW AS SOON AS POSSIBLE IF YOU WILL OR WILL NOT SCHEDULE AN APPOINTMENT TO INTERVIEW ME.

DATE: 6/28/06

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

*Jeffrey K. Bartels*

**ATTORNEY AT LAW**
**401 SOUTH MARYLAND AVENUE**
**WILMINGTON, DELAWARE 19804**

**TELEPHONE NUMBER**
**(302) 995-6211**

**FACSIMILE**
**(302) 995-6388**

July 21, 2006

Jimmie Lewis
SBI 506622
Unit D-U-2, Bldg. 23
Delaware Correctional Center
1811 Paddock Road
Smyrna, DE  19977

Dear Mr. Lewis:

I am in receipt of your letter and package of enclosures received by my office on July 18, 2006.  Please be advised I have no expertise whatsoever in cases such as yours.  Unfortunately, I do not know of any lawyers who handle those types of claims.  I have returned all of your documents to you so that you can forward them to some other attorney if you see fit.

Good luck with this matter.

Very truly yours,

Jeffrey K. Bartels

JKB/ldw
Enclosures

# HECKLER & FRABIZZIO

ATTORNEYS AT LAW

THE CORPORATE PLAZA

800 DELAWARE AVENUE

SUITE 200

POST OFFICE BOX 128

WILMINGTON, DELAWARE 19899-0128

GEORGE B. HECKLER, JR.
ANTHONY M. FRABIZZIO
MARIA PARIS NEWILL
RICHARD D. ABRAMS
WILLIAM D. RIMMER*
DANIEL P. BENNETT
JOHN GILBERT*
DAVID R. BATMAN
JOHN W. MORGAN
TIMOTHY H. ROHS
MIRANDA D. CLIFTON
CHERYL A. SYWY
STEPHEN J. MILEWSKI
CASEY W. LESIAK*
ROBERT J. DEARY*

AREA CODE 302
573-4800

'TELECOPIER
573-4806

*DELAWARE AND PENNSYLVANIA BAR
+PENNSYLVANIA BAR ONLY

July 18, 2006

Re:   Jimmie Lewis v. Dr. Sylvia Foster, et al.;
      CA No.: 04-1350 GMS
      Jimmie Lewis v. Warden Rafael Williams;
      CA No.: 05-013 GMS
      CA No.: 05-051 GMS
      CA No.: 05-052 GMS

Mr. Jimmie Lewis
SBI #506622
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dear Mr. Lewis:

This will acknowledge receipt of your 7/12/06 letter (received by me on 7/14/06) with which you provided information/pleadings in the above-captioned matters.

Unfortunately, <u>I must decline and cannot undertake any legal representation of you in any manner and specifically with respect to the above-captioned matters.</u>

You may wish to consider contacting the Lawyer Referral Service/Legal HelpLink at (302) 478-8850; Delaware Volunteer Legal Services, Inc. at (302) 478-8680; and/or the Community Legal Aid Society, Inc. at (302) 575-0660.

I have enclosed and am returning all of the materials you forwarded to me.

Very truly yours,

David R. Batman

DRB/clb/302614

FERRY, JOSEPH & PEARCE, P. A.

ATTORNEYS AT LAW
824 MARKET STREET
SUITE 904
P. O. BOX 1351
WILMINGTON, DELAWARE 19899

(302) 575-1555

DAVID J. FERRY, JR.*
MICHAEL B. JOSEPH+
ROBERT K. PEARCE
THEODORE J. TACCONELLI*
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS**
STEVEN G. WEILER++
THOMAS R. RIGGS

TELEFAX
(302) 575-1714

www.ferryjoseph.com

ARTHUR F. DISABATINO
(1938-2001)

July 14, 2006

(*ALSO PA BAR)
(+ALSO NJ BAR)
(**ALSO FL, MA AND NY BARS)
(++NJ BAR ONLY)

Jimmie Lewis
SBI #506622
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dear Mr. Lewis:

I received and reviewed your correspondence and suit papers. Unfortunately, our firm does not handle this type of litigation and does not have the necessary expertise to provide the representation you need. I am, therefore, returning your papers so that you can hopefully find other counsel. Perhaps you should seek a referral from the Delaware State Bar Association, 301 N. Market Street, Wilmington, DE 19801.

Very truly yours,

David J. Ferry, Jr.

DJFjr/jbd
Enclosure

# DILWORTH PAXSON LLP

LAW OFFICES

Martin J. Weis
mweis@dilworthlaw.com

July 15, 2006

Mr. Jimmie Lewis
SBI #506622
Delaware Correction Center
1181 Paddock Road
Smyrna, DE  19977

  RE: Lewis v. Warden Williams, et al.

Dear Mr. Lewis:

  Your June 28, 2006 letter and related materials have been forwarded to my attention. I have reviewed these materials and, based on my review, I have determined that this is not a matter which this firm can appropriately handle on your behalf.

  This should not be interpreted to mean that you do or do not have a case. If you wish to pursue this matter with the help of other counsel, you should contact that lawyer immediately so as to not prejudice your rights.

  Finally, as I read your papers, I noted that you were having difficulty with the cost of copying in the matter. Consequently, I am returning all of your copies to you at this time.

  I wish you the best of luck.

Sincerely,

Martin J. Weis

MJW:amp
Enclosure

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

KAREN LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
KRISTEN R. SALVATORE (PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE  19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-5028
DIRECT FAX: (302) 576-3509
mdugan@ycst.com

July 10, 2006

## VIA FIRST CLASS MAIL

Mr. Jimmie Lewis
SBI#506622
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dear Mr. Lewis:

This letter is in response to your inquiry regarding my possible representation of you in a civil action. Unfortunately, I am not able to represent you in this matter. I am therefore returning your letter and all copies of the enclosures you sent to me.

The Delaware State Bar Association Lawyer Referral Service (800-733-0606) may be able to assist you.

Respectfully yours,

Mary F. Dugan

MFD:y
Enclosures

# Individual Statement

Date Printed: 11/15/2006

## For Month of May 2006

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $2.72 |
|---|---|---|---|---|---|---|
| 00506622 | LEWIS | JIMMY | | | | |

Current Location: 23    Comments: QOL1

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | Pay To | Source Name |
|---|---|---|---|---|---|---|---|---|---|
| Supplies-MailP | 5/2/2006 | $0.00 | $0.00 | ($0.39) | $2.72 | 258476 | | 4/23/06 | |
| Supplies-MailP | 5/2/2006 | $0.00 | $0.00 | ($0.39) | $2.72 | 258552 | | 4/16/06 | |
| Supplies-MailP | 5/2/2006 | $0.00 | $0.00 | ($0.39) | $2.72 | 258555 | | 4/16/06 | |
| Supplies-MailP | 5/12/2006 | ($0.39) | $0.00 | $0.00 | $2.33 | 263350 | | 4/16/06 | |
| Supplies-MailP | 5/12/2006 | ($0.39) | $0.00 | $0.00 | $1.94 | 263348 | | 4/16/06 | |
| Supplies-MailP | 5/12/2006 | ($0.39) | $0.00 | $0.00 | $1.55 | 263453 | | 4/23/06 | |
| Canteen | 5/23/2006 | ($1.39) | $0.00 | $0.00 | $0.16 | 266549 | | | |
| Mail | 5/26/2006 | $50.00 | $0.00 | $0.00 | $50.16 | 270111 | 9307995O816 | | M. LEWIS |

Ending Mth Balance: **$50.16**

**Total Amount Currently on Medical Hold:** ($4.00)

**Total Amount Currently on Non-Medical Hold:** ($320.72)

Date Printed: 11/15/2006

**Individual Statement**

**For Month of June 2006**

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix |
|---|---|---|---|---|
| 00506622 | LEWIS | JIMMY | | |
| Current Location: | 23 | | Comments: QOL1 | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Supplies-MailP | 6/1/2006 | $0.00 | $0.00 | ($0.39) | $50.16 | 273657 | | 5/16/06 | |
| Supplies-MailP | 6/1/2006 | $0.00 | $0.00 | ($0.63) | $50.16 | 273658 | | 5/16/06 | |
| Supplies-MailP | 6/1/2006 | $0.00 | $0.00 | ($1.11) | $50.16 | 273759 | | 5/24/06 | |
| Supplies-MailP | 6/5/2006 | ($0.63) | $0.00 | $0.00 | $49.53 | 274940 | | 5/16/06 | |
| Supplies-MailP | 6/5/2006 | ($0.39) | $0.00 | $0.00 | $49.14 | 274939 | | 5/16/06 | |
| Supplies-MailP | 6/5/2006 | ($1.11) | $0.00 | $0.00 | $48.03 | 274989 | | 5/24/06 | |
| Canteen | 6/6/2006 | ($19.41) | $0.00 | $0.00 | $28.62 | 275429 | | | |
| Legal | 6/7/2006 | $0.00 | $0.00 | ($8.00) | $28.62 | 276471 | | | |
| Legal | 6/9/2006 | ($8.00) | $0.00 | $0.00 | $20.62 | 277559 | | | |
| Canteen | 6/13/2006 | ($20.54) | $0.00 | $0.00 | $0.08 | 278659 | | | |
| Supplies-MailP | 6/29/2006 | $0.00 | $0.00 | ($2.55) | $0.08 | 285617 | | 6/28/06 | |
| Supplies-MailP | 6/29/2006 | $0.00 | $0.00 | ($2.55) | $0.08 | 285618 | | 6/28/06 | |
| Supplies-MailP | 6/29/2006 | $0.00 | $0.00 | ($2.79) | $0.08 | 285619 | | 6/28/06 | |
| Supplies-MailP | 6/29/2006 | $0.00 | $0.00 | ($2.55) | $0.08 | 285625 | | 6/28/06 | |

Beg Mth Balance: $50.16

Ending Mth Balance: $0.08

Total Amount Currently on Medical Hold: ($4.00)
Total Amount Currently on Non-Medical Hold: ($320.72)

Date Printed: 11/15/2006

# Individual Statement

## For Month of July 2006

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $0.08 |
|-----|-----------|------------|-----|--------|-------------------|-------|
| 00506622 | LEWIS | JIMMY | | | | |

Current Location: 23    Comments: QOL.1

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|------------|------|------------------------------|--------------|------------------|---------|---------|--------------|-------|------------|
| Supplies-MailP | 7/7/2006 | $0.00 | $0.00 | ($2.31) | $0.08 | 289017 | | 6/21/06 | |
| Supplies-MailP | 7/13/2006 | $0.00 | $0.00 | ($3.57) | $0.08 | 291451 | | INDIGENT 7/6/06 | |
| Supplies-MailP | 7/17/2006 | $0.00 | $0.00 | ($4.05) | $0.08 | 292170 | | 7/13/06 | |
| Supplies-MailP | 7/17/2006 | $0.00 | $0.00 | ($4.05) | $0.08 | 292182 | | 7/13/06 | |
| Supplies-MailP | 7/18/2006 | $0.00 | $0.00 | ($4.05) | $0.08 | 292383 | | 7/16/06 | |
| Supplies-MailP | 7/18/2006 | $0.00 | $0.00 | ($3.78) | $0.08 | 292445 | | 6/27/06 | |
| Supplies-MailP | 7/19/2006 | ($0.08) | $0.00 | ($2.47) | $0.00 | 294246 | | 6/28/06 | |
| Supplies-MailP | 7/21/2006 | $0.00 | $0.00 | ($1.35) | $0.00 | 295455 | | 7/7/06 | |
| Supplies-MailP | 7/21/2006 | $0.00 | $0.00 | ($1.35) | $0.00 | 295456 | | 7/7/06 | |
| Supplies-MailP | 7/21/2006 | $0.00 | $0.00 | ($49.57) | $0.00 | 295659 | | 7/20/06 | |
| Supplies-MailP | 7/21/2006 | $0.00 | $0.00 | ($4.05) | $0.00 | 295749 | | 7/12/06 | |
| Supplies-MailP | 7/21/2006 | $0.00 | $0.00 | ($4.05) | $0.00 | 295750 | | 7/12/06 | |
| Supplies-MailP | 7/21/2006 | $0.00 | $0.00 | ($4.05) | $0.00 | 295751 | | 7/12/06 | |
| Supplies-MailP | 7/21/2006 | $0.00 | $0.00 | ($4.05) | $0.00 | 295753 | | 7/12/06 | |
| Supplies-MailP | 7/21/2006 | $0.00 | $0.00 | ($0.39) | $0.00 | 295768 | | 7/12/06 | |
| Supplies-MailP | 7/21/2006 | $0.00 | $0.00 | ($4.05) | $0.00 | 295840 | | 7/20/06 | |

Ending Mth Balance:    $0.00

Total Amount Currently on Medical Hold:    ($4.00)

Total Amount Currently on Non-Medical Hold:    ($320.72)

**Individual Statement**

Date Printed: 11/15/2006

Page 1 of 1

**For Month of August 2006**

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $0.00 |
|-----|-----------|------------|-----|--------|------------------|-------|
| 00506622 | LEWIS | JIMMY | | | | |

Current Location:    23    Comments: QOLI

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|------------|------|------------------------------|--------------|------------------|---------|---------|--------------|-------|------------|
| Supplies-MailP | 8/9/2006 | $0.00 | $0.00 | ($3.41) | $0.00 | 303841 | | INDIGENT 8/2/06 | |
| Supplies-MailP | 8/9/2006 | $0.00 | $0.00 | ($2.31) | $0.00 | 303866 | | 8/7/06 | |
| Supplies-MailP | 8/9/2006 | $0.00 | $0.00 | ($2.31) | $0.00 | 303867 | | 8/7/06 | |
| Supplies-MailP | 8/9/2006 | $0.00 | $0.00 | ($2.31) | $0.00 | 303891 | | 8/7/06 | |
| Supplies-MailP | 8/16/2006 | $0.00 | $0.00 | ($110.50) | $0.00 | 306990 | | 8/11/06 | |
| Supplies-MailP | 8/17/2006 | $0.00 | $0.00 | ($1.83) | $0.00 | 307933 | | 8/15/06 | |
| Medical | 8/25/2006 | $0.00 | ($4.00) | $0.00 | $0.00 | 310975 | | 8/23/06 | |

Total Amount Currently on Medical Hold: ($4.00)

Total Amount Currently on Non-Medical Hold: ($320.72)

Ending Mth Balance:    $0.00

Date Printed: 11/15/2006

# Individual Statement

## For Month of September 2006

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix |
|---|---|---|---|---|
| 00506622 | LEWIS | JIMMY | | |

Current Location:  23                    Comments:  QOL1

Beg Mth Balance:          $0.00

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Supplies-MailP | 9/6/2006 | $0.00 | $0.00 | ($0.87) | $0.00 | 315317 | | 8/24/06 | |
| Supplies-MailP | 9/6/2006 | $0.00 | $0.00 | ($1.59) | $0.00 | 315320 | | 8/24/06 | |
| Supplies-MailP | 9/6/2006 | $0.00 | $0.00 | ($6.40) | $0.00 | 315585 | | 8/22/06 | |
| Supplies-MailP | 9/6/2006 | $0.00 | $0.00 | ($1.83) | $0.00 | 315685 | | 8/28/06 | |
| Supplies-MailP | 9/6/2006 | $0.00 | $0.00 | ($0.39) | $0.00 | 315691 | | 8/25/06 | |
| Supplies-MailP | 9/6/2006 | $0.00 | $0.00 | ($6.40) | $0.00 | 315693 | | 8/25/06 | |
| Supplies-MailP | 9/6/2006 | $0.00 | $0.00 | ($4.80) | $0.00 | 315695 | | 8/25/06 | |

Ending Mth Balance:                    $0.00

Total Amount Currently on Medical Hold:  ($4.00)

Total Amount Currently on Non-Medical Hold:  ($320.72)

# Individual Statement

## For Month of October 2006

Date Printed: 11/15/2006

Page 1 of 2

| SBI | Last Name | First Name | MI | Suffix |
|---|---|---|---|---|
| 00506622 | LEWIS | JIMMY | | |

**Current Location:** 23    **Comments:** QOLI

**Beg Mth Balance:** $0.00

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Supplies-MailP | 10/10/2006 | $0.00 | $0.00 | ($4.20) | $0.00 | 329685 | | 9/26/06 | |
| Supplies-MailP | 10/10/2006 | $0.00 | $0.00 | ($0.39) | $0.00 | 329792 | | 10/1/06 | |
| Supplies-MailP | 10/10/2006 | $0.00 | $0.00 | ($0.39) | $0.00 | 329833 | | 9/26/06 | |
| Supplies-MailP | 10/10/2006 | $0.00 | $0.00 | ($0.39) | $0.00 | 329834 | | 9/27/06 | |
| Supplies-MailP | 10/10/2006 | $0.00 | $0.00 | ($0.39) | $0.00 | 329835 | | 9/26/06 | |
| Supplies-MailP | 10/10/2006 | $0.00 | $0.00 | ($0.39) | $0.00 | 329836 | | 9/26/06 | |
| Supplies-MailP | 10/10/2006 | $0.00 | $0.00 | ($4.20) | $0.00 | 329933 | | 9/29/06 | |
| Supplies-MailP | 10/13/2006 | $0.00 | $0.00 | ($3.57) | $0.00 | 332023 | | INDIGENT 10/2/06 | |
| Supplies-MailP | 10/18/2006 | $0.00 | $0.00 | ($1.59) | $0.00 | 333851 | | 10/12/06 | |
| Supplies-MailP | 10/18/2006 | $0.00 | $0.00 | ($0.63) | $0.00 | 333871 | | 10/12/06 | |
| Supplies-MailP | 10/18/2006 | $0.00 | $0.00 | ($0.39) | $0.00 | 333877 | | 10/14/06 | |
| Supplies-MailP | 10/18/2006 | $0.00 | $0.00 | ($0.39) | $0.00 | 333880 | | 10/14/06 | |
| Supplies-MailP | 10/18/2006 | $0.00 | $0.00 | ($0.39) | $0.00 | 333881 | | 10/14/06 | |
| Supplies-MailP | 10/18/2006 | $0.00 | $0.00 | ($4.20) | $0.00 | 333948 | | 10/3/06 | |
| Supplies-MailP | 10/18/2006 | $0.00 | $0.00 | ($4.05) | $0.00 | 333971 | | 10/5/06 | |
| Supplies-MailP | 10/19/2006 | $0.00 | $0.00 | ($1.59) | $0.00 | 334221 | | 10/10/06 | |
| Supplies-MailP | 10/19/2006 | $0.00 | $0.00 | ($2.07) | $0.00 | 334224 | | 10/10/06 | |
| Supplies-MailP | 10/19/2006 | $0.00 | $0.00 | ($2.07) | $0.00 | 334227 | | 10/10/06 | |
| Supplies-MailP | 10/19/2006 | $0.00 | $0.00 | ($0.39) | $0.00 | 334275 | | 10/6/06 | |
| Supplies-MailP | 10/24/2006 | $0.00 | $0.00 | ($2.31) | $0.00 | 337391 | | 10/19/06 | |
| Supplies-MailP | 10/24/2006 | $0.00 | $0.00 | ($2.31) | $0.00 | 337393 | | 10/19/06 | |
| Supplies-MailP | 10/24/2006 | $0.00 | $0.00 | ($2.31) | $0.00 | 337394 | | 10/19/06 | |
| Supplies-MailP | 10/24/2006 | $0.00 | $0.00 | ($1.83) | $0.00 | 337472 | | 10/17/06 | |
| Supplies-MailP | 10/24/2006 | $0.00 | $0.00 | ($2.79) | $0.00 | 337474 | | 10/17/06 | |
| Supplies-MailP | 10/24/2006 | $0.00 | $0.00 | ($4.05) | $0.00 | 337476 | | 10/17/06 | |
| Supplies-MailP | 10/24/2006 | $0.00 | $0.00 | ($0.63) | $0.00 | 337502 | | 10/12/06 | |
| Supplies-MailP | 10/26/2006 | $0.00 | $0.00 | ($0.63) | $0.00 | 338675 | | 10/20/06 | |
| Supplies-MailP | 10/26/2006 | $0.00 | $0.00 | ($0.63) | $0.00 | 338676 | | 10/20/06 | |
| Supplies-MailP | 10/26/2006 | $0.00 | $0.00 | ($0.63) | $0.00 | 338677 | | 10/20/06 | |
| Supplies-MailP | 10/26/2006 | $0.00 | $0.00 | ($1.35) | $0.00 | 338697 | | 10/23/06 | |

Date Printed: 11/15/2006

# Individual Statement

## For Month of October 2006

| | | | | Ending Mth Balance: | | | |
|---|---|---|---|---|---|---|---|
| Supplies-MailP | 10/26/2006 | $0.00 | $0.00 | ($1.35) | $0.00 | 338699 | 10/23/06 |
| Supplies-MailP | 10/26/2006 | $0.00 | $0.00 | ($1.35) | $0.00 | 338700 | 10/23/06 |

**Total Amount Currently on Medical Hold:** ($4.00)

**Total Amount Currently on Non-Medical Hold:** ($320.72)

$0.00

I/M _Jimmie Lewis_
SBI# _80 06 22_ UNIT _D-4-2_
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977





CLERK OF THE COURT (GMS)
UNITED STATES DISTRICT COURT
844 N. KING ST, LOCK BOX 18
WILMINGTON, DELAWARE
_19801_