IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS

V.                    CA. NO. 04-1350 (GMS)

DR. SYLVIA FOSTER, ET AL

MOTION FOR INTERROGATORY
ANSWERS #3

_____

DATE: 1/8/07                 Jimmie Lewis
                             S01 # 506622
                             DEL. CORR. CENTER
                             1181 PADDOCK RD
                             SMYRNA, DE 19977

1. During the plaintiff's stay at the D.P.C dating from 5/21/04 to 6/25/04, did Dr. Foster have the authority to order the use of force.

2.) Does the defendants think a psychologically competent and emotionally stable person, who has not revealed any evidence of mood disorder or no evidence of psychosis, and who has not been deemed a danger to self and or others, would and or could become, ("aggitated"), if that said person was involuntarily administered psychotropic drugs introveineously against his will, if no state why no.

3.) Defendants Moffett and Gray, who were the additional staff members whom surrounded the plaintiff and to him to the floor on 6/14/04 at or about 9:00 PM, as stated in your 11/30/06 response to motion for discovery #V, D.I. 91.

4.) On 6/20/04 the plaintiff filed a grievance at the D.P.C regarding the 6/14/04 incident stated in the plaintiffs second amended complaint involving Mr. R. Gray, et al., the response was that the incident was being investigated. On 6/25/04 the defendants abruptly transferred the plaintiff back to the D.O.C without an official court order being filed with the N.C.C Superior Court Prothonotary Clerk and docketed on the plaintiff's S.ct criminal docket sheet. Question, do the defendants view the aforementioned events as stated, as the plaintiff's custodians preventing him from completing the grievance process, if no, state why.

5.) On 6/24/04 the plaintiff repeatedly stated that he was going to sue the defendants for injuries and U.S.CA violations. On 6/25/04 the defendants abruptly transferred the plaintiff back to the D.O.C without an official court order from a commissioner and or Superior Court Judge being filed with the N.CC Superior Court Prothonotary Clerk and docketed on the plaintiffs S.ct criminal docket sheet granting the defendants the due process judicial authority. Question, in the defendants opinion, can this be construed to define that the plaintiff's custodians prevented the plaintiff from exhausting his administrative remedies under the PLRA and the Mental Health Patients Bill of Rights available to the plaintiff only at the D.P.C, if no, state your claim and the judicial reason in support thereof.

6.) WHAT IS LANCE SAGERS ACCOUNT OF THE INCIDENT AS IT IS STATED IN THE PLAINTIFF'S COMPLAINT, ON 6/14/04 AT OR ABOUT 9:00 PM.

7.) DEFENDANTS MOFFETT AND GRAY, WHO WERE THE MEDICAL STAFF THAT ESCORTED THE PLAINTIFF TO THE SECLUSSION ROOM, ON 6/14/04 AT OR ABOUT 9:00 PM AS STATED IN YOUR 11/30/06 RESPONSE TO MOTION FOR DISCOVERY # V, DI. 91

8.) DEFENDANTS MOFFETT AND GRAY WHO WERE THE MEDICAL STAFF WHO HELPED THE PERSON WHO INJECTED THE PLAINTIFF WITH PSYCHOTROPIC DRUGS ON 6/14/04, AT OR ABOUT 9:00 PM

9.) DEFENDANT BRIAN JOHNSON WHO CALLED YOU TO COME TO THE MITCHELL BUILDING FOR ASSISTANCE ON 6/14/04 AT OR ABOUT 11:00 PM.

10.) DEFENDANT BRIAN JOHNSON WHO WERE THE OTHER STAFF MEMBERS THAT ESCORTED THE PLAINTIFF TO THE SECLUSSION ROOM 6/14/04 AT OR ABOUT 11:00 PM AS STATED IN THE PLAINTIFF'S COMPLAINT.

11.) DEFENDANT MOFFETT, YOUR RESPONSE TO THE PLAINTIFF'S MOTION FOR DISCOVERY #II, DI.91., DATED 11/30/06 PARAGRAPH #1, IS COMBINED WITH DEFENDANT GRAY'S RESPONSE, FOR WHICH CAN MANIFEST A MISINTERPRETATION OF THE FACTS, DUE TO SAID RESPONSE NOT BEING DISTINGUISHED. MR. MOFFETT PROVIDE YOUR DISTINGUISHED INDIVIDUAL ACCOUNT OF THE INCIDENT NOTED IN THE PLAINTIFF'S COMPLAINT ON 6/14/04 AT OR ABOUT 9:00 PM.

12.) Defendant Gray, your response to the plaintiff's motion for discovery #I, D.I. 91, dated 11/30/06 paragraph #1, is combined with Defendant Moffett's response, for which can manifest a misinterpretation of the facts, due to said response not being distinguished. Mr. Gray provide your distinguished individual account of the incident noted in the plaintiff's complaint on 6/14/04 at or about 9:00 pm.

13.) Defendant Lance Sagers were you present at the D.P.C on 6/14/04 at or about 9:00 pm

14.) Defendants Moffett, Sagers and Gray is Helen Hanlon the D.P.C staff member who utilized the walkie talkie to call for emergency assistance., on 6/14/04 at or about 9:00 pm yes or no?, if no who was the D.P.C staff member who called for emergency assistance?

CERTIFICATE OF SERVICE

I, THE UNDERSIGNED PLAINTIFF JIMMIE LEWIS DUE HEREBY CERTIFY ON THIS __8TH__ DAY OF __JAN__, 2007, THAT I DID MAIL ONE TRUE AND CORRECT COPY OF THE MOTION FOR INTERROGATORY ANSWERS #3, BY U.S. POSTAL TO THE FOLLOWING:

CLERK OF THE COURT (GMS)
UNITED STATES DISTRICT COURT
844 N. KING ST, LOCKBOX 18
WILMINGTON, DELAWARE 19801

LOUIS J. RIZZO JR
1001 JEFFERSON PLAZA
SUITE 202
WILMINGTON, DELAWARE 19801

GREGORY E. SMITH
DEPUTY ATTORNEY GENERAL
820 N. FRENCH ST, 7TH FL
WILM, DE 19801

DATE: 1/8/07

Jimmie Lewis
S81 #506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977