IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS

    V.                   CA. NO. 04-1350(GMS)

DR. SYLVIA FOSTER, ET AL.

## MOTION FOR ADMISSIONS #1

```
┌─────────────────────────┐
│        FILED            │
│   ┌─────────────────┐   │
│   │   JAN 18 2007    │   │
│   └─────────────────┘   │
│   U.S. DISTRICT COURT   │
│  DISTRICT OF DELAWARE   │
└─────────────────────────┘
```
SO scanned

DATE: 1/16/07

Jimmie Lewis
SBI #506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

1.) DR. FOSTER, DO YOU ADMIT THAT YOU DID NOT DISCONTINUE THE P.R.N PRESCRIPTION FOR PSYCHOTROPIC DRUGS YOU ORDERED FOR THE PLAINTIFF, I.E, — GEODON - ATIVAN - HALDOL, AFTER YOU AUTHORED YOUR JUNE 10, 04 REPORT.

2.) DR. FOSTER, DO YOU ADMIT THAT THE 11/17/03 DATE YOU NOTED IN YOUR JUNE 10, 04 REPORT AS THE DATE OF THE PLAINTIFF'S ARREST, DOES NOT RELATE TO ANYTHING JUDICIAL REGARDING THE OFFENSES THE PLAINTIFF IS INCARCERATED FOR, EXCEPT THAT THE STATES DISTRICT ATTORNEY WAS SEEKING TO OBTAIN FELONY CONVICTION INFORMATION FROM MIAMI, FL ON 11/18/03 TO HAVE THE PLAINTIFF SENTENCE TO LIFE INPRISONMENT AS AN HABITUAL OFFENDER AS OPPOSED TO THE EIGHT YEARS HE WAS FACING, CAN BE VIEWED NOT JUST AS A COINCIDENCE, BUT AS CONSPIRACY.

3.) DR. FOSTER, DO YOU ADMIT THAT AN ALLERGIC REACTION TO PSYCHOTROPIC DRUGS CAN KILL.

4.) DR. FOSTER, DO YOU ADMIT THAT THE INFORMATION UTILIZED BY THE F.C.M MENTAL HEALTH EXAMINER, AND THEREAFTER UTILIZED BY YOU TO AUTHOR YOU JUNE 10, 04 REPORT, WAS NOT SUPPORTED BY FACTUAL AFFIDAVITS THAT YOU RECEIVED AND CAN UTILIZE AS DISCOVERY EVIDENCE TO SUPPORT YOU CLAIMS WHEN YOU REFER TO THE F.C.M MENTAL HEALTH EXAMINER, AS STATED IN YOUR JUNE 10, 04 REPORT.

5.) DR. FOSTER, DO YOU ADMIT THAT YOUR JUNE 10, 04 REPORT CONTAINS ERRORS THAT THE NEW CASTLE COUNTY SUPERIOR COURT JUDGE PEGGY L. ABLEMAN REFLECTED UPON BEFORE SENTENCING THE PLAINTIFF.

6.) DR. FOSTER, DO YOU ADMIT THAT YOUR JUNE 10, 04 REPORT STATES THAT NO PSYCHOTROPIC MEDICATION WAS PRESCRIBED, FOR WHICH IS INCORRECT BECAUSE YOU DID PRESCRIBE THE PLAINTIFF THE PSYCHOTROPIC DRUGS SEROQUEL, ATIVAN, HALDOL, EFFEXOR, AND GEODON THAT WAS GIVEN TO HIM THROUGH OUT THE COURSE OF HIS STAY AT THE D.P.C.

7.) DR. FOSTER, AS NOTED IN YOUR JUNE 10, 04 REPORT, DO YOU ADMIT THAT THE PLAINTIFF REVEALED NO EVIDENCE OF A MOOD DISORDER AND NO EVIDENCE OF PSYCHOSIS.

8.) DR. FOSTER, DO YOU ADMIT THAT YOUR JUNE 10, 04 REPORT DOES NOT REFLECT THAT THE GUATNEY AND OR THE McGARRY FUNCTIONS WAS PRESENTED TO THE PLAINTIFF BEFORE HIS 10/21-23/03 TRIAL.

9.) DR. FOSTER, DO YOU ADMIT THAT YOU HAD THE AUTHORITY TO ORDER THE USE OF FORCE AGAINST A INMATE PATIENT DURING YOUR WORKING AS FORENSIC PSYCHIATRIST AT THE D.P.C BETWEEN THE DATES 5/21/04 THRU 6/25/04.

10.) DR. FOSTER, DO YOU ADMIT THAT THE PLAINTIFF STOOD TRIAL OCT 21-23, 03, BUT YOU MADE ABSOLUTELY NO MENTION OF THIS FACT IN YOUR JUNE 10, 04 REPORT.

11.) DR. FOSTER, DO YOU ADMIT THAT YOUR JUNE 10, 04 FORENSIC EVALUATION TO DETERMINE THE PLAINTIFF'S COMPETENCY WAS NOT DONE RETRO ACTIVELY TO THE PLAINTIFF'S OCT 21-23, 03 TRIAL.

12.) DR. FOSTER, DO YOU ADMIT THAT THE PLAINTIFF HAS THE CONSTITUTIONAL RIGHT TO REFUSE PSYCHOTROPIC DRUGS.

13.) DR. FOSTER, DO YOU ADMIT THAT IF THE PLAINTIFF HAD BEEN GIVEN A COMPETENCY HEARING AT THE D.P.C, HE WOULD HAVE BEEN ABLE TO CHALLENGE YOUR JUNE 10, 04 REPORT, DURING SAID COMPETENCY HEARING.

14.) DR. FOSTER, DO YOU ADMIT THAT THE PLAINTIFF NEVER RECEIVED ANY WRITTEN NOTICES OF DISCIPLINARY SANCTIONS, INFORMING HIM OF (a) HIS RIGHTS, (B) WRITTEN DISCRIPTION OF SAID DISCIPLINARY VIOLATIONS, (C) HIS RIGHT TO APPEAL, (D) FACT FINDING EVIDENCE, (E) — HIS RIGHT TO COUNSEL, (F) HIS RIGHT TO BE PRESENT AT THE DISCIPLINARY HEARING.

15.) DR. FOSTER, DO YOU ADMIT THAT THE PLAINTIFF RECEIVED INVOLUNTARY INJECTIONS OF PSYCHOTROPIC DRUGS ON, 6/6/04, 6/14/04 AT OR ABOUT 8:00 PM, 6/14/04 AT OR ABOUT 11:00 PM, 6/21/04, 6/22/04 AND 6/24/04, BECAUSE IT WAS CONCLUDED THAT "AGGITATION" WAS RESPONSABLE FOR THE PLAINTIFF'S BEHAVIOR.

16.) DR. FOSTER, DO YOU ADMIT THAT THE
    PLAINTIFF DIDN'T GO BEFORE ANY SORT OF A
    COMMITTEE CONSISTING OF A PSYCHIATRIST,
    A PSYCHOLOGIST AND A OFFICIAL, IN ORDER TO
    CONDUCT A JUDICIAL HEARING TO INFORM THE
    PLAINTIFF BY WAY OF WRITTEN NOTICE(S),
    (a) THE NATURE OF THE JUDICIAL HEARING TO
    INVOLUNTARILY ADMINISTER PSYCHOTROPIC DRUGS TO HIM,
    (B) HIS RIGHT TO ATTEND, (C) HIS RIGHT TO PRESENT
    EVIDENCE, (D) HIS RIGHT TO CROSS EXAMINE WITNESSES,
    (E) HIS RIGHT TO BE REPRESENTED BY AN
    DISINTRESTED LAY ADVISER, (F) HIS RIGHT TO APPEAL,
    (G) HIS RIGHT TO PERIODIC REVIEW OF THE
    INVOLUNTARY ADMINISTRATION OF PSYCHOTROPIC DRUGS,
    AT ANY TIME DURING HIS STAY AT THE D.P.C
    BETWEEN THE DATES OF 5/21/04 THRU 6/25/04.

17.) DR. FOSTER, DO YOU ADMIT THAT YOU DID NOT
    RECEIVE AN OFFICIAL COURT ORDER FROM THE
    NEW CASTLE COUNTY SUPERIOR COURT, THAT WAS
    FILED WITH THE CLERK OF THE PROTHONOTARY AND
    DOCKETED ON THE PLAINTIFFS SUPERIOR COURT
    CRIMINAL DOCKET SHEET BEFORE HE WAS
    TRANSFERED BACK TO THE D.O.C ON 6/25/04

18.) DR. FOSTER, DO YOU ADMIT THAT YOU DON'T HAVE DOCUMENTATION SUCH AS DISCIPLINARY REPORTS AND OR NOTORIZED AFFIDAVITS TO FACTUALLY VALIDATE THAT ON 5/26/03 THE DATE OF THE PLAINTIFF ARREST, THAT HE ASSAULTED A CORRECTIONAL OFFICER, AND WAS TRANSFERED TO THE H.R.Y.C.I INFIRMARY, AS NOTED IN YOUR JUNE 10, 04 REPORT.

19.) DR. FOSTER, DO YOU ADMIT THAT YOUR JUNE 10, 04 REPORT FOR WHICH IS ABOUT 7 BAGES, ONLY UTILIZES 6 SENTENCES TO MAKE REFERENCE REGARDING THE OFFENSE(S) THAT THE PLAINTIFF WAS ORDERED TO BE EVALUATED FOR, DOE'S NOT MAKE ANY REFERENCE REGARDING THE PLAINTIFF'S STATE OF MIND AT THE TIME OF THE ALLEGED OFFENSES.

20.) DR. FOSTER, DO YOU ADMIT THE NEWS PAPER MISSING PERSONS AD DEPICTING THE PLAINTIFF AS A MENTAL HEALTH PERSON JUST SEVEN DAYS (MAY 19, 2003) BEFORE HIS MAY 26, 2003 ARREST SHOULD HAVE BEEN TAKEN INTO CONSIDERATION REGARDING THE PLAINTIFFS STATE OF MIND AT THE TIME OF THE ALLEGED OFFENSES NOTED IN YOUR JUNE 10, 04 REPORT.

21.) DR. FOSTER, ACCORDING TO THE D.P.C
P.R.N MEDICATION ADMINISTERED SHEET,
THE PLAINTIFF RECEIVED INVOLUNTARY
ADMINISTERED PSYCHOTROPIC DRUGS, 5 OUT OF
THE LAST 10 DAYS OF HIS STAY AT THE D.P.C
DATING 6/15/04 THRU 6/25/04, DO YOU ADMIT
THAT THE PLAINTIFF WAS NOT STABLE AND
SHOULD NOT HAVE BEEN TRANSFERED TO THE
DEPARTMENT OF CORRECTIONS AT THAT TIME,
AS IS STATED IN YOUR JUNE 10, 04 REPORT.

22.) DR. FOSTER, DO YOU ADMIT THAY YOU
DID NOT AND OR DO NOT HAVE ANY
FORENSIC PROOF SUCH AS AFFIDAVITS AND OR
ORTHER DOCUMENTS THAT CAN BE PROVIDED
VIA DISCOVERY, REGARDING THE PLAINTIFFS
ALLEGED OUT OF STATE LEGAL HISTORY TO SUPPORT
YOUR CLAIMS, AS IS STATED IN YOUR
JUNE 10, 04 REPORT

23.) DR. FOSTER, DO YOU ADMIT THAT YOU
     WERE NOT PRESENT AND HAVE NO FACTUAL
     PROOF SUCH AS AFFIDAVIT, VIDEO AND OR AUDIO
     RECORDINGS THAT YOU COULD PROVIDE VIA
     DISCOVERY REQUEST THAT WOULD SUPPORT
     YOUR STATING ; QUOTE, THE PLAINTIFF
     REFUSED ALL MEDICATIONS AND REQUESTED
     ONLY XANAX AND VALUIM, HIGHLY ADDICTIVE
     DRUGS OF THE BENZODIAZEPHINE FAMILY, AS IS
     STATED IN YOUR JUNE 10, 04 REPORT.

24.) DR. FOSTER, DO YOU ADMIT THAT YOU
     DO NOT HAVE A PHOTO COPY OF THE
     ALLEGED HIGHLY ARTICULATE WELL WRITTEN
     EXPLANATION THAT ~~THROWAWAY~~ YOU STATED
     THE PLAINTIFF AUTHORED AND HANDED OUT
     REGARDING HIS ACTIONS OF THE ALLEGED
     CRIME HE'S INCARCERATED FOR, AS IS
     STATED IN YOUR JUNE 10, 04 REPORT.

25.) DR. FOSTER, DO YOU ADMIT THAT
THE WILMINGTON DEPARTMENT OF
POLICE DETAINEE ASSESSMENT/PROPERTY
RECEIPT IS THE ONLY DOCUMENT AVAILABLE
THAT STATES EXACTLY WHY THE PLAINTIFF
WAS TRANSFERRED TO THE H.R.Y.C.I
ON MAY 26,03 THE DATE OF HIS
~~ATTRATION~~ ARREST

CERTIFICATE OF SERVICE

I, THE UNDERSIGNED PLAINTIFF JIMMIE LEWIS
DUE HEREBY CERTIFY ON THIS __16TH__, DAY OF,
__JAN__, 2007, THAT I DID MAIL ONE TRUE
AND CORRECT COPY OF THE MOTION FOR
ADMISSION # 1, BY U.S. POSTAL TO EACH
OF THE FOLLOWING :

CLERK OF THE COURT (GMS)
UNITED STATES DISTRICT COURT
844 N. KING ST, LOCKBOX 18
WILMINGTON, DELAWARE 19801


LOUIS J. RIZZO JR
1001 JEFFERSON PLAZA
   SUITE 202
WILMINGTON, DELAWARE 19801


DATE: 1/16/07                    Jimmie Lewis
                                 SBI # 506622
                                 DEL. CORR. CENTER
                                 1181 PADDOCK RD
                                 SMYRNA, DE 19977

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the
original on file in this office. _____ day 20 ___
HARVEY RUVIN, Clerk of Circuit and County Courts
        Deputy Clerk _____

"JURY INSTRUCTION"

## STATE OF MIND

An element of a criminal offense deals with the state of mind of the defendant. It is, of course, difficult to know what is going on in another person's mind. Therefore, you are permitted to draw an inference, or in other words to reach a conclusion, about a defendant's state of mind from the facts and circumstances surrounding the act that the defendant is alleged to have done. In reaching this conclusion, you may consider whether a reasonable person acting in the defendant's circumstances would have had or would have lacked the requisite [intention, recklessness, knowledge or belief]. You should, however, keep in mind at all times that it is the defendant's state of mind which is at issue, and in order to convict the defendant you are required to find beyond a reasonable doubt that the defendant in fact had the [intention, recklessness, knowledge, or belief] required for a finding of guilt.

The fact that our law permits you to draw an inference about a defendant's state of mind in no way relieves the State of its burden of proving beyond a reasonable doubt every element of an offense.

SATURDAY, JULY 5, 2003

## NEWS BRIEFS

### Three injured in jump from burning boat

BRICK: Three people suffered minor burns and two others escaped injury when all five jumped from a boat that caught fire in the Barnegat Bay near the Metedeconk River yesterday, Brick Township police said.

The boat was about 30 yards out from an Ocean County marina about 4:30 p.m. when flames engulfed the craft, possibly the result of an explosion, said Sgt. Craig Lash.

All five boaters were rescued, the sergeant said. The boat, which was gutted, drifted to shore and beached itself.

### Public is asked to help find missing Newark man

NEWARK: Police are seeking the public's assistance in finding a city resident who suffers from schizophrenia and a bipolar disorder.

Jimmie Lewis Jr., 36, talked last with his mother by telephone on May 19, but wasn't reported missing until June 25, said Lt. Derek Glenn, a city police spokesman.  **LEWIS**

He said Lewis, described as manic depressive, is 6 feet 2 inches, weighs 230 pounds, has brown eyes, black hair and a dark skin.

Glenn said anyone with information should contact police at (973) 733-5172.

## WILMINGTON DEPARTMENT OF POLICE
### Detainee Assessment / Property Receipt

Detainee's Name: _Lewis, Jimmie_          Case #: _30-03-_
               Last, First Middle

Charges: _Carjacking, Theft_    Arresting Officer: _E. Godwin_

_____    Additional Officer: _J. Santana_

**Detainee's Physical Condition:**    OK ☑    Other ☐

Explain:   (Body deformities/Bruises/Sutures) : _____

Medication:  Yes ☑    No ☐    Type: _PSCHOTTOPIC_
_THORAZINE, DEPAKOTE, VISTORIL, RISPERDAL_

**Unusual Behavior:**
Explain:  _DETAINEE STATED THOUGHTS OF SUICIDE,_
_TRANSFERED TO M.P.C.J.F INFIRMARY_

**Detainee's Property**                    **Seized as Evidence**

Currency/Coin  U.S. Currency: _7.00_      U.S. Currency: _____
               U.S. Coin: _2.26_          U.S. Coin: _____
               Total: _9.26_              Total: _____
               (Have detainee initial next to totals)

Clothing: _BELT, WALLET WITH S.S CARD, LICENCES (NJ)._

Jewelry: _NECKLESS WITH EGYPTION CROSS, DEVIL HORNS and_
_CAT EYE CONTACT LENSES_
Miscellaneous: _3 SETS OF KEYS (ONE SET VICTIMS),_
_PSYCH TREATMENT PLAN, AMTRACK TRAIN TICKET_

_____    _05/26/03_    _06 ?/_   hours
Officer Receiving Property    Date        Time

_____                  _____   hours
Transporting Officer    Date           Time

I, _____, have received the above property from the Wilmington Department of Police, which
was taken from me on the above date. _____    _____ hours.
                                        Date            Time