IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 04-1350 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| SYLVIA FOSTER, LANCE SAPERS, | ) | |
| DAVE MOFFITT, R. GRAY, | ) | |
| MR. JOHNSON, JOHN JOE, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT DR. SYLVIA FOSTER'S RESPONSE TO PLAINTIFF'S MOTION FOR ADMISSIONS #2

COME NOW, Defendant, Dr. Sylvia Foster, by and through her undersigned counsel and responds to Plaintiff's Motion for Admissions #2, and in support thereof, avers the following:

1.  Denied. Dr. Foster is not in a position to elaborate on what information was used by the New Castle County Court in its determination of sentencing for the Plaintiff.

2.  Denied. Dr. Foster is not in a position to elaborate on what information was used by Judge Ableman in her determination of denying a new trial to the Plaintiff.

3.  Denied. Dr. Foster has no bearing on what information was presented to the Superior Court for review. Additionally, the report referenced in this request speaks for itself and does not required additional commentary.

4.  Objection. Plaintiff has failed to define what arrest is referenced in this request; therefore, any response would be made without full explanation of what information is being requested.

5.  Objection. The report referenced in this request speaks for itself and therefore does not require additional commentary from Dr. Foster.

6. Objection. This request calls for a legal conclusion not within the purview of Dr. Foster's abilities. Additionally, Dr. Foster is not in a position to determine what is or should be used in evaluating a person's competency.

7. Objection. The request fails to define the term "psychotropic drugs" and calls for a legal conclusion in regards to the use of the term "involuntarily". Additionally, the entire file relating to the Plaintiff's stay at the Delaware Psychiatric Center has been provided previously and the documents therein speak for themselves and do not require additional commentary.

8. Objection. The records referred in this request speak for themselves and do not require additional commentary. Additionally, the Plaintiff is requesting Dr. Foster to make arguments in support of Plaintiff's position which are better suited for the Plaintiff's expert to elaborate and analyze.

9. Objection. The Plaintiff's file reflecting his treatment and/or care while at the Delaware Psychiatric Center has been previously provided. These documents speak for themselves and do not require additional commentary. Additionally, the Plaintiff has failed to define the term "psychotropic drugs" and calls for a legal conclusion from Dr. Foster in the use of the term "involuntarily".

10. Objection. Plaintiff has failed to define the term "psychotropic drugs". Additionally, the records reflecting the treatment and/or care of the Plaintiff while at the Delaware Psychiatric Center have been previously produced and the documents contained therein speak for themselves.

11. Objection. Plaintiff has failed to define the term "psychotropic drugs" and calls for a legal conclusion with the use of the term "involuntarily". Additionally, the records previously submitted reflecting the Plaintiff's stay at the Delaware Psychiatric Center speak for

themselves and do not require additional commentary.

12.     Objection. The records reflecting the Plaintiff's stay at the Delaware Psychiatric Center speak for themselves and do not require additional commentary.

13.     Objection. The report referenced in this request speaks for itself and therefore does not require additional commentary. Additionally, the psychological assessment notes referenced in this request speaks for itself as well and does not require additional commentary; especially from someone who was not responsible for the creation of said note.

14.     Denied. Dr. Foster is not in a position to comment on the conversation Plaintiff had with any other individuals; unless said conversation was had with Dr. Foster. Additionally, any information regarding conversations Plaintiff had with other individuals which was documented is included in the file which relates to the Plaintiff's stay at the Delaware Psychiatric Center.

15.     Objection. The records reflecting the Plaintiff's stay at the Delaware Psychiatric Center speak for themselves and do not require additional commentary.

16.     Objection. Plaintiff fails to define the term "psychotropic drugs" and calls for a legal conclusion in the use of the term "involuntarily". Additionally, Dr. Foster is not in a position to comment regarding the rationale for the Plaintiff's agitation at a specific time.

17.     Objection. Plaintiff fails to define the term "psychotropic drugs" and calls for a legal conclusion in the use of the term "involuntarily". Additionally, the file relating to the Plaintiff's stay at the Delaware Psychiatric Center includes documents which speak for themselves and do not require additional commentary.

18.     Objection. Plaintiff fails to define the term "psychotropic drugs" and calls for a legal conclusion in the use of the term "involuntarily". Additionally, the file relating to the

Plaintiff's stay at the Delaware Psychiatric Center includes documents which speak for themselves and do not require additional commentary.

19. Objection. The file relating to the Plaintiff's stay at the Delaware Psychiatric Center includes documents reflecting his treatment and/or care. Those documents speak for themselves and do not require additional commentary.

20. Objection. The records filed with the Superior Court relating to the Plaintiff's position and designation as a habitual offender speak for themselves. Dr. Foster is not in a position to comment on the underlying rationales why someone else takes certain steps in relation to the designation for the Plaintiff in the criminal justice system.

                RESPECTFULLY SUBMITTED,

                REGER RIZZO KAVULICH & DARNALL LLP

                /s/ Louis J. Rizzo, Jr.
                Louis J. Rizzo, Jr., Esquire
                Delaware State Bar I.D. No. 2565
                Ronald W. Hartnett, Jr., Esquire
                Delaware State Bar I.D. No. 4497
                1001 Jefferson Plaza, Suite 202
                Wilmington, DE 19801
                (302) 652-3611
                Attorney for Defendant Dr. Sylvia Foster

Dated: February 16, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) C.A. No.: 04-1350 (GMS) |
| | ) |
| v. | ) |
| | ) |
| SYLVIA FOSTER, LANCE SAPERS, | ) |
| DAVE MOFFITT, R. GRAY, | ) |
| MR. JOHNSON, JOHN JOE, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on this 16th day of , 2007 that a true and correct copy of Defendant Dr. Sylvia Foster's Response to Plaintiff's Motion for Admissions #2 has been served electronically and/or by first class mail, postage prepaid, to the following:

Jimmie Lewis
SBI#506622
1181 Paddock Road
Delaware Correctional Center
Smyrna, DE 19977

Gregory E. Smith
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Office Building
Wilmington, DE 19801

REGER RIZZO KAVULICH & DARNALL LLP

/s/ Louis J. Rizzo, Jr.
Louis J. Rizzo, Jr., Esquire
Delaware State Bar I.D. No.
Ronald W. Hartnett, Jr., Esquire
Delaware State Bar I.D. No. 4497
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant Dr. Sylvia Foster