IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1350-GMS |
| | ) | |
| DR. SYLVIA FOSTER, NURSE | ) | |
| ASSISTANT ROBERT N. GRAY, | ) | |
| MR. JOHNSON 1, MR. JOHNSON | ) | |
| 2, LANCE SAPERS, and DAVE | ) | |
| MOFFITT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

## I.    INTRODUCTION

Jimmie Lewis ("Lewis"), an inmate presently incarcerated at the Delaware Correctional

Center ("DCC"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  His claim

arises out of incidents that allegedly occurred while he was confined at the Delaware Psychiatric

Center to undergo a mental health evaluation pursuant to court order by a state judge.  Lewis

alleges that the defendants violated his constitutional rights, and he also raises supplemental state

claims.

On July 28, 2006, the court entered a scheduling order providing that all discovery be

initiated so that it will be completed on or before January 29, 2007.  (D.I. 72.)  Since that time

Lewis has filed numerous "motions for discovery".  Presently before the court are Lewis'

motions for discovery (D.I. 75, 85, 86, 87, 91, 95, 96, 99, 105, 115), motions for disclosure (D.I.

89, 90, 120, 124, 138), motion to depose defendants and witnesses (D.I. 76), motions to compel

(D.I. 116, 121, 122, 123, 125, 150), motion to seal (D.I. 126) and motions for appointment of

counsel (D.I. 88, 114).  Also before the court is a motion for protective order filed by the

defendant, Dr. Sylvia Foster ("Dr. Foster").  (D.I. 94.)

## II.     DISCOVERY MOTIONS

### A. Motions for Discovery

Initially, the court notes that the  defendants have responded to the majority of the

discovery motions filed by Lewis despite the fact that none of the discovery motions indicate

under which discovery rule Lewis proceeds.  The August 9, 2006 motion for discovery was filed

pursuant to Fed. R. Civ. P. 34, production of documents and things, and was responded to by the

defendants Brian Johnson ("Johnson"), Lance Sagers ("Sagers")[1], Robert Gray ("Gray"), David

Moffett[2] and Dr. Foster on September 8, 2006, and September 26, 2006, respectively.  (D.I. 75,

77, 81.)  Lewis' prayer for relief in this discovery motion at D.I. 75 is that the discovery request

be responded to, and the defendants have done so.  Johnson, Sagers, Gray and Moffett also

responded to motions for discovery II, III, IV, V, VI, and VII (D.I. 85, 86, 87, 91, 95, 96, 105) at

D.I. 106, 107, 108, 109, 110, and 111.  Dr. Foster did not respond to the discovery pending a

ruling on her motion for protective order discussed later in this memorandum.  Accordingly, the

court will deny as moot those motions for discovery.   (D.I. 75, 85, 86, 87, 91, 95, 96, 105.)

Lewis' motion for discovery VIII contains a mixture of thirty-nine interrogatories,

requests for production of documents and requests for admission.  (D.I. 99.)  The discovery

motion does not indicate under what Federal Rule of Civil Procedure Lewis proceeds, and it is

directed to all the defendants.  Similarly,  the motion for discovery IX is a mixture of

---

[1]Lance Sagers is incorrectly named by the plaintiff as Sapers.  *See* D.I. 60.

[2]The plaintiff misspelled Moffett's last name as Moffitt.  *See* D.I. 61.

interrogatories and requests for production with twenty-one listed items, each request directed to a specific defendant or defendants. (D.I. 115.)

Pursuant to Fed.R.Civ.P. 26(b)(1) "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim. . .of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . .Relevant information need not be admissible at the trial if the discovery appears *reasonably calculated* to lead to the discovery of admissible evidence." The Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware provide that "[u]nless otherwise ordered by the Court, there shall be no limitation upon the permissible number of document requests, requests for admission or depositions, but no party shall propound more than 50 interrogatories to any other party. Each subpart shall be counted as a separate interrogatory." D. Del. LR 26.1(b).

As is evident from the foregoing motions for discovery, Lewis has not complied with the Local Rules of this Court. He has propounded far more than the allowed fifty interrogatories and intertwined them with requests for production of documents and requests for admissions. Notably, Lewis did not seek leave of court to exceed the discover limits. Therefore, the court will deny, without prejudice, the two outstanding motions for discovery (D.I. 99, 115.)

Should Lewis find it necessary to propound additional interrogatories, he shall abide by the rules of this court and seek leave before doing so. Lewis is also reminded that he must sequentially number any interrogatories served in the future. Lewis is further instructed that when seeking discovery he shall indicate under which federal rule he proceeds, be it Rule 33,

interrogatories to parties; Rule 34, production of documents and things; or Rule 36, requests for admission. Also, Lewis' discovery requests shall indicate to whom they are directed; that is, whether all defendants or a specific defendant.

## B. Motions for Disclosure

Lewis also filed four motions entitled "motion for order of disclosure." (D.I. 89, 90, 124, 138.) Lewis takes exceptions to "denials" in answers to the second amended complaint filed by Moffett, Sagers, Gray, Johnson, and Dr. Foster. (D.I. 59, 66.) Lewis requests details from the defendants and wants an "account of exactly what they say happened during each incident pertaining to them individually" (D.I. 89), and details of Dr. Foster's account of "what she says happened during each incident." (D.I. 90.) The Federal Rules of Civil Procedure do not require elaborate explanations when answering a complaint. Rule 8 states that, "[a] party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Fed. R. Civ. P. 8(b). Therefore, the court will deny the motions. (D.I. 89, 90.)

The remaining motions for disclosure (D.I. 124, 138) ask the court to order Dr. Foster to provide typed copies of handwritten discovery previously provided to Lewis. Rule 34 of the Federal Rules of Civil Procedure provides that documents be produced, not that they be produced in the particular form desired by the individual seeking the discovery. Nevertheless, if not typed, the documents must be produced in a form that is useful; that is, legible. Therefore, the court will deny the motions. (D.I. 124, 138.)

## C. Motions to Compel

Lewis filed a "motion for disclosure pursuant to Rule 37" which the court construes as a

motion to compel.  (D.I. 120.)  Lewis takes exception to defendants Johnson, Sagers, Gray, and

Moffett's responses to discovery IV, question 11 regarding proposed witnesses.  The court has

reviewed the response and finds it adequate.  The response lists the Johnson, Sagers, Gray,

Moffett and Dr. Foster as witnesses, as well as thirteen other individuals.  Lewis also takes

exception to the discovery responses made by defendants Johnson, Sagers, Gray, and Moffett to

discovery requests II, III, IV, V, VI, and VII.  Lewis does not indicate which responses he finds

inadequate, but advises the court that the responses indicate these defendants did not provide

responses because the discovery request appeared to be directed to Dr. Foster.  Lewis has

concerns that the foregoing defendants will not disclose the information requested, and then will

use that very information at trial.

Defendants Foster, Sagers, Gray, and Moffitt did not respond to the motion.  Dr. Foster

awaits a ruling on her pending motion for protective order before providing additional discovery

responses.  (D.I. 148.)

As previously noted, Lewis' discovery requests were not directed to a particular

defendant.  The defendants cannot be faulted for not responding to a discovery request when the

same did not appear to be directed toward them.  Moreover, Lewis has not informed the court of

the specific responses he finds inadequate.  Therefore, the court will deny the motion (D.I. 120)

without prejudice.  Lewis is given leave to propound four interrogatories to each defendant to

obtain witness information.  Lewis is advised that directing an interrogatory to a specific

defendant will aid in obtaining the discovery he seeks.

Lewis filed a motion for an order of contempt (D.I. 150) which the court construes as a

motion to compel Dr. Foster to respond to requests for admissions served on January 18, 2007

and January 25, 2007 (D.I. 143, 149). Lewis' motions are premature. Pursuant to Fed. R. Civ. P.
36, a matter is admitted unless, within 30 days after service of the request, the party to whom the
request is directed serves upon the party requesting the admission a written answer or objection
addressed to the matter. In other words, a party has 30 days in which to respond to requests for
admissions. As of the date of this order the 30 day time period has not expired. Therefore, the
court will deny the motion as premature. (D.I. 150.)

### D. Protective Order and Motions to Compel as to Dr. Foster

Dr. Foster moves for a protective order on the basis that Lewis has propounded
interrogatories in excess of the number permitted by the Local Rules and the Federal Rules of
Civil Procedure. (D.I. 94.) She seeks an order prohibiting Lewis from propounding more than
fifty interrogatories in total. Lewis responds that in Dr. Foster's first motion for a protective
order (D.I. 82), she advised the court that rather than be deposed she would respond to
interrogatories and requests for admission. Lewis' position is well-taken. Dr. Foster indicated to
the court her willingness to answer interrogatories and requests for production of documents in
lieu of a deposition, yet contrary to her statement, and unlike her co-defendants, refused to
answer additional discovery requests. Therefore, the court will deny the motion. (D.I. 94.)
Lewis is given leave of court to propound an additional seventy-five interrogatories upon Dr.
Foster. Additionally, the court will amend the scheduling order to give the parties additional
time to file summary judgment motions.

Because of the pending motion for protective order, Dr. Foster did not respond to Lewis'
discovery requests. Obviously frustrated by his inability to obtain discovery from Dr. Foster,
Lewis filed the following motions: motion for order compelling discovery docketed as a motion

for discovery (D.I. 116), motion for order finding Dr. Foster in contempt of court docketed as a

motion to compel (D.I. 121), motion for interrogatories number 1 docketed as a motion to

compel (D.I. 122), motion for order finding Dr. Foster in contempt of court docketed as a motion

to compel (D.I. 123), and motion for interrogatories number 2 docketed as a motion to compel

(D.I. 125). The court will deny the motions (D.I. 116, 121, 122, 123, 125) given the fact that

Lewis will be given leave to propound additional interrogatories upon Dr. Foster.

### E. Motion to Depose Defendants and Witnesses

Lewis moves the court to depose the defendants Dr. Foster, Gray, Moffett, Johnson, and

Sagers. (D.I. 76.) He also seeks leave to depose several witnesses, including two inmates, for a

total of twenty deponents.[3] (D.I. 76.) On September 27, 2006, the court entered a protective

order that Dr. Foster was not required to appear in court for a deposition in light of her statement

that she would respond to interrogatories and requests for admission submitted by Lewis. (D.I.

82, 83.) Therefore, the motion will be denied as to Dr. Foster.

*Pro se* litigants may use any of the discovery methods prescribed in the Federal Rules of

Civil Procedure. The court, however, has no authority to finance or pay for a party's discovery

expenses even though the party has been granted leave to proceed *in forma pauperis* under 28

U.S.C. § 1915(a). *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa.1991) (§ 1915 does not

require the government to advance funds for deposition expenses); *Doe v. United States*, 112

F.R.D. 183, 184-85 (S.D.N.Y. 1986) (*in forma pauperis* statute does not require government to

advance funds for deposition expenses); *Toliver v. Community Action Comm'n to Help the*

---

[3]Rule 30 provides that a party must obtain leave of court to depose a person confined in
prison and if a proposed deposition would result in more than ten depositions being taken by the
plaintiff or defendants. Fed. R. Civ. P. 30(a)(2).

*Econ.*, 613 F.Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of

discovery costs for *pro se in forma pauperis* plaintiff); *Ronson v. Commissioner of Corr. for*

*State of N.Y.*, 106 F.R.D. 253, 254 (S.D.N.Y. 1985) (indigent prisoner's motion to depose

physician at corrections facility denied); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975)

(28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition.");

*Ebenhart v. Power,* 309 F.Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether

Section 1915 authorizes this court to order the appropriation of Government funds in civil suits

to aid private litigants in conducting pre-trial discovery.").

The taking of depositions would entail stenographic or court reporter expenses which this

court is not authorized to pay. Therefore, Lewis is given thirty days from the date of this order to

make a showing that he is able to pay the expenses for the taking of the depositions. Lewis is

advised it is his responsibility to pay for the costs associated with the taking of depositions.

Alternatively, Lewis is given the option to depose the **<u>defendants</u>**[4] Gray, Moffett,

Johnson, and Sagers by deposition upon written question. If Lewis opts to take the route of

deposition by written questions, he will be allowed to submit twenty questions for each of the

deponent defendants (i.e., Gray, Moffett, Johnson, and Sagers). Again, Lewis is given thirty days

to advise the court if wishes to depose the defendants by written questions pursuant to Fed. R.

Civ. P. 31.

Based upon the foregoing, the court reserves its ruling on Lewis' motion to depose

---

[4]Lewis cannot take the deposition of non-defendants without issuing subpoenas. An inmate proceeding *in forma pauperis* in a civil action may not issue subpoenas without paying the required fees. *See Pedraza v. Jones*, 71 F.3d 194, 196 n.4 (5th Cir. 1995); *Fernandez v. Kash N' Karry Food Stores, Inc.*, 136 F.R.D. 495, 496 (M.D. Fla.1991) (witness and mileage fees required to be paid by indigent plaintiff).

defendants Gray, Moffett, Johnson, Sagers, and the proposed deponent witnesses pending a showing by Lewis of either his financial ability to pay for the costs associated with the depositions or exercising his option to depose the foregoing listed defendants by written questions. The court will deny the motion as to Dr. Foster.

**F. Motion to Seal Lewis' Deposition**

Lewis moves to have the transcript of his deposition sealed and for a finding that Dr. Foster is in contempt of court orders. The basis of this motions seems to be that over his objection, Lewis was improperly deposed by Dr. Foster's attorney. Specifically, Lewis contends that Dr. Foster did not file an appropriate application or motion to take his deposition. (D.I. 126, 137.)

The motion is without merit. The court entered an order granting leave to depose Lewis, and the order specifically gave Dr. Foster leave to depose Lewis. *See* D.I. 74. Moreover, even if Dr. Foster had not been included in the court's order, as a party defendant she was entitled to be present and inquire of Lewis at the deposition that had been approved by the court. Therefore, the court will deny the motion. (D.I. 126.)

**III.    APPOINTMENT OF COUNSEL**

Lewis renews and amends his motion for appointment of counsel. (D.I. 88, 144.) Lewis argues that the most essential factor regarding appointment of counsel is his indigent status because it "will prevent him from being able to present the truth the whole truth and nothing but the truth." (D.I. 88, at 2.) Lewis discusses his inability to purchase stamps for a post-conviction appeal to support his need for appointed counsel. He argues that his assignment to the Security Housing Unit ("SHU") limits his law library access. He argues that he is not schooled in federal

law. Finally, Lewis advises that he sought retained counsel, to no avail.

Lewis, a *pro se* litigant proceeding *in forma pauperis,* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson,* 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson,* 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock,* 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. *Tabron,* 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d at 499. Lewis has shown that he is able to articulate the alleged facts clearly. To date, the motions he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure. Therefore, at this time, the court will deny without prejudice the motions for appointment of counsel. (D.I. 88, 114.)

## IV.    CONCLUSION

For the foregoing reasons the court will deny as moot the motions for discovery found at D.I. 75, 85, 86, 87, 91, 95, 96, and 105. The court will deny without prejudice the motions for discovery found at D.I. 99 and 115. The court will also deny the motions for order of disclosure. (D.I. 89, 90, 124, 138.) The court will deny the motions to compel. (D.I. 116, 120, 150.) The court will deny Dr. Sylvia Foster's motion for protective order. (D.I. 94.) The court will deny the motions for interrogatories (D.I. 122, 125), and the court will deny the motions for a finding of contempt. (D.I. 121, 123.)

The court will deny the motion to depose defendants and witnesses (D.I. 76) as to Dr. Foster and will reserve the remainder of its ruling. The court will deny Lewis' motion to seal his deposition transcript. (D.I. 126.) Finally, the court will deny without prejudice the motions for appointment of counsel. (D.I. 88, 114). An appropriate order will follow.



UNITED STATES DISTRICT JUDGE

Feb 21        , 2007

Wilmington, Delaware

FILED

FEB 2 1 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )     Civil Action No. 04-1350-GMS
                                       )
DR. SYLVIA FOSTER, NURSE               )
ASSISTANT ROBERT N. GRAY,              )
MR. JOHNSON 1, MR. JOHNSON             )
2, LANCE SAPERS, and DAVE              )
MOFFITT,                               )
                                       )
            Defendants.                )

## ORDER

At Wilmington this 21st day of ___Feb.___, 2007, for the reasons set forth in the Memorandum issued this date,

    1. The motions for discovery (D.I. 75, 85, 86, 87, 91, 95, 96, 105) are DENIED as moot.

    2. The motions for discovery (D.I. 99, 115) are DENIED without prejudice for failure to comply with the Local Rules and the Federal Rules of Civil Procedure.

    3. The motions for order of disclosure (D.I. 89, 90, 124, 138) are DENIED.

    4. The motion to compel (D.I. 120) is DENIED without prejudice. Lewis is given leave to propound four interrogatories to each defendant to obtain witness information. The interrogatories shall be served on the defendants within **thirty days** from the date of this order.

    5. The motion to compel (D.I. 150) requests for admission is DENIED as premature.

    6. Dr. Sylvia Foster's motion for protective order (D.I. 94) is DENIED. Lewis is given leave to propound an additionally seventy-five interrogatories directed to Dr. Foster. The interrogatories shall be served on Dr. Foster within **thirty days** from the date of this order.

7. The motion for order compelling discovery (D.I. 116) is DENIED.

8. The motion for order finding Dr. Foster in contempt of court (D.I. 121) is DENIED.

9. The motion for interrogatories number 1 (D.I. 122) is DENIED.

10. The motion for order finding Dr. Foster in contempt of court (D.I. 123) is DENIED.

11. The motion for interrogatories number 2 (D.I. 125) is DENIED.

12. Lewis' motion to depose defendants and witness (D.I. 76) is DENIED as to Dr. Foster and held in abeyance as to the remaining defendants and proposed deponent witnesses pending a showing by Lewis of his financial ability to pay for the costs associated with deposition **or** by Lewis exercising his option to depose the defendants Gray, Moffett, Johnson and Sagers by written questions.  Lewis shall provide the information to the court within **thirty days** from the date of this order.

13. The motions for appointment of counsel (D.I. 88, 114) are DENIED without prejudice.

14. The motion to seal Lewis' deposition transcript (D.I. 126) is DENIED.

15. Upon entry of this order the court will amend the deadlines for filing summary judgment motions as set forth in the July 28, 2006 scheduling order (D.I. 72.)

UNITED STATES DISTRICT JUDGE



FILED

FEB 2 1 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

-2-