IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS

V. CA. NO. 04-1350 (GMS)

DR. SYLVIA FOSTER, ET AL

MOTION FOR INTERROGATORY
ANSWERS # 3 FOR DR. FOSTER
PURSUANT TO FED R. CIV P # 33

FILED
FEB 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

DATE: 2/23/07

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DEL 19977

1.) DR FOSTER IS IT OKAY TO HOLD THE PLAINTIFF DOWN WITH (FORCE AND OR 4 POINT RESTRAINTS), AND INJECT HIM WITH THE PSYCHOTROPIC DRUGS GEODON, ATIVAN AND HALDOL AFTER YOU REPORTED HE REVEALED NO EVIDENCE OF A MOOD DISORDER AND OR PSYCHOSIS. IN YOUR JUNE 10, 04 REPORT.

2.) DR. FOSTER AT THE D.P.C ON 6/6/04 DISCRIBE THE SAID INCIDENT THAT GAVE AUTHORITY TO HAVE THE PLAINTIFF INJECTED WITH THE PSYCHOTROPIC DRUGS HE RECEIVED ON THAT DATE.

3) DR. FOSTER WHAT WOULD YOUR COURSE OF ACTION BE FOR A PATIENT WHO HAS BEEN DEEMED PSYCHOTIC, A DANGER TO HIMSELF AND OTHERS.

4.) DR. FOSTER AT THE D.P.C ON 6/24/04 DISCRIBE THE SAID INCIDENT THAT GAVE AUTHORITY TO HAVE THE PLAINTIFF INJECTED WITH PSYCHOTROPIC DRUGS HE RECEIVED ON THAT DATE.

5) DR. FOSTER AT THE D.P.C ON 6/14/04 AT OR ABOUT 8:00 PM DISCRIBE THE SAID INCIDENT THAT GAVE AUTHORITY TO HAVE THE PLAINTIFF INJECTED WITH THE PSYCHOTROPIC DRUGS HE RECEIVED ON THAT DATE.

6.) DR. FOSTER AT THE D.P.C ON 6/14/04 AT OR ABOUT 11:00 PM DISCRIBE THE SAID INCIDENT THAT GAVE AUTHORITY TO HAVE THE PLAINTIFF INJECTED WITH THE PSYCHOTROPIC DRUGS HE RECEIVED ON THAT DATE.

7.) DR. FOSTER AT THE D.P.C ON 6/21/04 DISCRIBE THE SAID INCIDENT THAT GAVE AUTHORITY TO HAVE THE PLAINTIFF INJECTED WITH THE PSYCHOTROPIC DRUGS HE RECEIVED ON THAT DATE.

8) DR. FOSTER AT THE D.P.C ON 6/22/04 DISCRIBE THE SAID INCIDENT THAT GAVE AUTHORITY TO HAVE THE PLAINTIFF INJECTED WITH THE PSYCHOTROPIC DRUGS HE RECEIVED ON THAT DATE.

9) DR FOSTER, DOES A HYPERDERMIC NEEDLE UTILIZED TO INJECT PSYCHOTROPIC DRUGS BREAK THE SKIN IN A WAY THAT A PERSON WOULD CONSIDER PAINFULL

10) DR. FOSTER, WHAT IS THE 11/17/03 DATE NOTED ON YOUR JUNE 10, 04 REPORT RELEVANT TO.

11) DR. FOSTER, WAS THE PLAINTIFF NOTED AS BEING MORE AGGITATED BEFORE 6/6/04, WHEN THE ADMINISTRATION OF THE PSYCHOTROPIC DRUGS HALDOL, ATIVAN AND GEODON BEGAN, OR MORE AGGITATED AFTER 6/6/04.

12) DR. FOSTER WHY DOESNT YOUR JUNE 10, 04 REPORT MAKE REFERENCE TO THE PLAINTIFF'S STATE OF MIND AT THE 5/26/03 OFFENSES

13.) DR. FOSTER,
ON 6/20/04 THE PLAINTIFF FILED A GRIEVANCE AT THE D.P.C REGARDING THE 6/14/04 INCIDENT STATED IN THE PLAINTIFFS SECOND. AMENDED COMPLAINT INVOLVING MR R. GRAY, ET AL., THE RESPONSE WAS THAT THE INCIDENT WAS BEING INVESTIGATED. ON 6/25/04 THE DEFENDANTS ABRUPTLY TRANSFERED THE PLAINTIFF BACK TO THE D.O.C WITHOUT AN OFFICIAL COURT ORDER BEING FILED WITH THE N.C.C SUPERIOR COURT PROTHONOTARY CLERK AND DOCKETED ON THE PLAINTIFFS S.CT CRIMINAL DOCKET SHEET. QUESTION, DO'S THE DEFENDANT VIEW THE AFOREMENTIONED EVENTS AS STATED, AS THE PLAINTIFF'S CUSTODIANS PREVENTING HIM FROM COMPLETING THE GRIEVANCE PROCESS, [illegible].

14.) ON 6/24/04 THE PLAINTIFF REPEATEDLY STATED THAT HE WAS GOING TO SUE THE DEFENDANTS FOR INJURIES AND U.S.CA VIOLATIONS. ON 6/25/04 THE DEFENDANTS ABRUPTLY TRANSFERED THE PLAINTIFF BACK TO THE D.O.C WITHOUT AN OFFICIAL COURT ORDER FROM A COMMISSIONER AND OR SUPERIOR COURT JUDGE BEING FILED WITH THE N.CC SUPERIOR COURT PROTHONOTARY CLERK AND DOCKETED ON THE PLAINTIFFS S.CT CRIMINAL DOCKET SHEET GRANTING THE DEFENDANTS THE DUE PROCESS, JUDICIAL AUTHORITY. QUESTION, IN THE DEFENDANTS OPINION, CAN THIS BE CONSTRUED TO DEFINE THAT THE PLAINTIFF'S CUSTODIANS PREVENTED THE PLAINTIFF FROM EXHAUSTING HIS ADMINISTRATIVE REMEDIES UNDER THE PLRA AND THE MENTAL HEALTH PATIENTS BILL OF RIGHTS AVAILABLE TO THE PLAINTIFF ONLY AT THE D.P.C, [illegible].

15) DR. FOSTER WHY DOESNT YOUR JUNE 10, 04 REPORT MAKE REFERENCE TO THE PLAINTIFF'S STATE OF MIND DURING HIS OCT 21-23-03 TRIAL.

16) DR. FOSTER IS PSYCHOTHERAPY SUPPOSE TO FOLLOW WHEN SOMEONE IS ADMINISTERED PSYCHOTROPIC DRUGS.

17) DR. FOSTER CAN EITHER ONE OF THE PSYCHOTROPIC DRUGS ATIVAN, GEODON OR HALDOL CAUSE PHYSICAL DAMAGE

18) DR. FOSTER CAN EITHER ONE OF THE PSYCHOTROPIC DRUGS ATIVAN, GEODON OR HALDOL CAUSE PSYCHOLOGICAL DAMAGE

19.) DR. FOSTER DID YOU AUTHOR THE DEPARTMENT OF HEALTH AND SOCIAL SERVICES DIVISION OF MENTAL HEALTH DELAWARE PSYCHIATRIC CENTER RELEASE SUMMARY NOTED AS BEING TYPED ON 7/29/04

20.) DR. FOSTER DID ANOTHER PSYCHIATRIST FROM THE D.P.C FILE A COMPETENCY REPORT AT THE NEW CASTLE COUNTY SUPERIOR COURT OF THE STATE OF DELAWARE REGARDING THE PLAINTIFF JIMMIE LEWIS'.

21.) DR. FOSTER PLEASE POINT OUT ANY CLAIMS YOU THINK HAS BEEN ERRONEOUSLY BLAIMED ON YOU.

22.) DR. FOSTER PLEASE POINT OUT ANY CLAIMS YOU THINK THE PLAINTIFF MADE THAT IS JUST A LIE.

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office. 11/18/03 AD 20__
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk

CIRCUIT AND COUNTY COURTS DADE COUNTY, FLORIDA

Department of Health and Social Services
Division of Mental Health
Delaware Psychiatric Center

CONFIDENTIAL INFORMATION
For professional use by authorized persons only - - not to be duplicated or released to others

Release Summary

LEWIS, JIMMY 12 25 66
46443 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 UNK M AF D
4 EDWIN PLACE NEWARK NJ 07112
MELBA JEAN LEWIS MOTHER AREA 5
973 481 5028 05 21 04

| MAY 21, 2004 | JUNE 25, 2004 | DIRECT DISCHARGE |
|---|---|---|
| Date of Admission | Date of Discharge | Disposition |

---

IDENTIFYING DATA: This 37 year old black, divorced male was admitted to Delaware Psychiatric Center for his first admission on a court commitment on May 21, 2004.

CHIEF COMPLAINT: Patient refused to speak upon admission. He was selectively mute.

HISTORY OF PRESENT ILLNESS: Mr. Lewis had been jailed at Gander Hill for several months prior to his admission to the Mitchell Building. He had been evaluated by the prison psychiatrist and found to be, "psychotic and delusional, a danger to self and others, refusing to take medication". He had assaulted a CO and was transferred to the infirmary. Patient reported at the time, "I can't distinguish between right and wrong; I'm hearing voices telling me to hurt myself and I'm seeing shadows". He had been incarcerated on 11/17/03 for Car Jacking 2nd Degree, Theft $1000 or Greater and Resisting Arrest.

On 5/26/03, he was picked up by a male driver who was allegedly out looking for a male companion for the evening. Mr. Lewis allegedly attempted to rob the driver, at which point the driver jumped out of the vehicle in fear and Mr. Lewis allegedly drove off with the car. Mr. Lewis allegedly resisted arrest when caught, and was identified by the driver of the car as the person who had stolen his vehicle.

The examiners at First Correctional Medical, while he was in prison, described Mr. Lewis as, "flirtatious at times, requiring redirection for asking personal questions of mental health personnel". He was confronted with his, "narcissism and attention seeking behaviors". The CO questioned the diagnosis of Schizophrenia which had been given to

Cont…

CONFIDENTIAL INFORMATION
For professional use by authorized persons only - - not to be duplicated or released to others

him by the prison doctor. Mr. Lewis refused all medications, requesting only Xanax and Valium. He also asked for art materials and pornography, stating, "that would be very helpful". The CO's described him as, "with broad mood and good eye contact with no suicidal or homicidal ideation and no alteration in perception". He was, however, argumentative and loud. He was observed wearing paper horns, saying that the horns made him feel more comfortable. "It helps me deal with what I'm going through. It's like a mask; if I deal with these things within me, I'll be a better person. I'm being unjustly accused." During his time in prison, he was calm and controlled and spoke of hearing voices but stated, "I don't know whether it's voices or just my thoughts".

PAST PSYCHIATRIC AND FAMILY HISTORY: Mr. Lewis stated that he had been seen at Crisis a few times but was never an inpatient at a psychiatric hospital. He said he went to Crisis for having hallucinations, hopeless feelings and suicidal thoughts.

He had been an outpatient as a child in New Jersey but did not know why.

ALCOHOL AND DRUG HISTORY: Mr. Lewis reported that he began drinking alcohol in his teens with his last use just prior to incarceration. He had history of blackouts, but did not elaborate. He denied heavy use. He also admitted to smoking marijuana 16 years previously but denied all other illicit drug use. It was considered probable that he was minimizing his addiction issues.

MENTAL STATUS AT TIME OF ADMISSION: The mental status was obtained four days after admission as Mr. Lewis refused to answer any questions upon admission and just sat staring at the floor. Four days after admission, his mood was stated as sensitive and easily irritated. His affect was constricted. Thought content revealed negative thoughts about himself. He stated that he felt hopeless and helpless to make himself feel any better. He said he was having both auditory and visual hallucinations but only at night when he was upset. He said that he was having current suicidal thoughts. "I was thinking about it, but I didn't really want to do it." He was not having any current violent thoughts. "I was just upset with the guy that attacked me and the CO's blamed me." He denied obsessions, compulsions, paranoid, delusions, special powers, hyperreligiosity and grandiosity. "I'm not on the defensive unless there's a reason." Thought process was normal and there was no evidence of loosening of associations, flight of ideas or tangentiality. Sensorium was alert and he was oriented in three spheres. His immediate memory was intact as he remembered 3/3 objects immediately and 2/3 objects after five minutes. He was able to spell the word "world" backwards but only got the current president. He assessed the similarities between an apple and an orange, as "you eat

Cont...

CONFIDENTIAL INFORMATION
For professional use by authorized persons only -- not to be duplicated or released to others.

them". He was unable to give an answer to the glass house proverb. Insight and judgment were considered average to poor and his fund of knowledge poor. Intellectual functioning was considered average.

MEDICAL HISTORY AND PHYSICAL EXAMINATION: The patient complained of having irritable bowel syndrome and hypertension.

LABORATORY DATA AND OTHER DIAGNOSTIC EXAMS: Mr. Lewis complained of some urinary frequency during the admission and a urology consult was written. However, he was discharged before being evaluated. He was treated with Bactrim during the admission with resolution of the symptoms. However, as he had complained of these urinary tract symptoms frequently in the past, he was to undergo a urology consult which did not happen, as stated above. Mr. Lewis was treated for hypertension throughout the admission with good results.

Urinalysis revealed a 1+ protein and 1+ bilirubin. However, the urine C&S revealed no growth. The medical doctor wrote no evidence of the urinary tract infection. The CBC and differential and the comprehensive metabolic panel were completely unremarkable. The hepatic function panel and the thyroid function studies with TSH were all normal. Vitamin B12 and folate levels were normal and the RPR was nonreactive.

PROVISIONAL CLINICAL DIAGNOSIS: Axis I: Alcohol Abuse. Rule out Dependence. Rule out Depressive Disorder. Rule out Malingering. Axis II: Deferred. Axis III: Hypertension. Axis IV: Severity of Psychosocial Stressors: Legal. Axis V: Global Assessment of Functioning: Current GAF – 20. Highest Level Last Year – Unknown.

SUMMARY OF CLINICAL COURSE: Mr. Lewis was verbally unresponsive, selective mute and categorically refused to answer any questions on the day of admission. He also refused the initial physical examination. Later the same day, he was observed interacting in a normal manner on the unit. Several days later, the initial examinations were completed without problem. He eventually explained that he had not felt like speaking on the first day, and therefore simply did not.

Mr. Lewis' hospital course was complicated by his aggressive, assaultive behavior. He was overheard making physical threats and observed taunting and laughing at peers, apparently taking pleasure in embarrassing them. He was sexually inappropriate, seductive and flirtatious with certain female staff members. He complained of hearing

Cont…

CONFIDENTIAL INFORMATION
For professional use by authorized persons only -- not to be duplicated or released to others

voices sporadically but displayed no evidence of preoccupation with internal stimuli when he believed he was not being observed.

The team psychologist described Mr. Lewis in the following manner in his anger management group: arrogant, disruptive and instigating. While the other older patients tried to have a calming influence, Mr. Lewis displayed no sense of boundaries or respect for authority. The psychologist added that there was nothing odd or bizarre about his behavior that would suggest a psychotic disorder. Other therapists noted that he was disruptive in the group setting, talking out of turn and making obscene comments while watching educational videos. When evaluated by the team, he made it clear that he would rather be at DPC than in jail in order to, "get some help". When asked what help he needed or what we could do for him, he answered he didn't know.

One staff member stated that she found Mr. Lewis to be engaging, intelligent and articulate, but noted his sense of entitlement and his demands that things be done his way. Mr. Lewis stated that he needed to do "outlandish things" to get attention, such as wearing paper horns and wearing his cat's eye lenses. It was explained to him that he would not be allowed to wear his paper horns at any time while at DPC, after he had placed them on his head at one point. He understood, and did not attempt to wear them again. He was noted to attempt to intimidate one female therapist by chasing her in the hallway and stating, "I just want to get my point across that whatever you said about me in team meeting was wrong and derogatory".

On 6/7/04, a special meeting with Mr. Lewis was called to address his grossly inappropriate behavior on the unit the night before. He was angered by not receiving a certain salad at dinner to which he believed he was entitled, and assaulted a peer and a staff member, escalating to the point where he was difficult to redirect. In summary, he was noted to be disruptive in the group setting, to taunt his peers, to intimidate and flirt with therapists and to make obscene comments. There were reports to the contrary by other staff members who reported that Mr. Lewis was cooperative and helpful in the milieu, tending to get loud and demanding at times when he felt his needs were not being met in a timely fashion.

Initially, Mr. Lewis was prescribed no psychotropic medication, as there was no evidence of a mood disorder and no evidence of psychosis. However, Seroquel was begun after it became evident that Mr. Lewis had difficulty managing his anger and controlling his impulses.

Cont…

CONFIDENTIAL INFORMATION
For professional use by authorized persons only -- not to be duplicated or released to others.

FINAL CLINICAL DIAGNOSIS:

AXIS I: MALINGERING. CODE NO. V65.2
ALCOHOL ABUSE. CODE NO. 305.00
HISTORY OF CONDUCT DISORDER.

AXIS II: ANTISOCIAL PERSONALITY DISORDER. CODE NO. 301.7

AXIS III: HYPERTENSION. CODE NO. 401.9

AXIS IV: SEVERITY OF PSYCHOSOCIAL STRESSORS: INCARCERATION.

AXIS V: GLOBAL ASSESSMENT OF FUNCTIONING: CURRENT GAF – 50 WITH SEVERE IMPAIRMENT IN SOCIAL AND OCCUPATIONAL FUNCTIONING.
HIGHEST LEVEL LAST YEAR – UNKNOWN.

CONDITION ON RELEASE: Mr. Lewis displayed no evidence of psychosis, depression or mania. He was still having difficulty with limit setting and boundaries, especially with respect to the rights of others. It was felt that he had not benefited from a psychiatric admission and had not been engageable in therapies. He was having no suicidal and no homicidal ideation and no auditory or visual hallucinations. He admitted during the admission that the "voices" he had been hearing were his thoughts. Mr. Lewis was considered highly manipulative and he would stop at nothing to obtain his demands.

MEDICATION ON RELEASE: Seroquel 50 mgs q 12 hours for anger management and impulse control. Tenormin 25 mgs q a.m. for hypertension. Mr. Lewis was on a lactose intolerance diet and there were no special restrictions on his physical activity.

PROGNOSIS: Guarded to poor as Mr. Lewis was considered threatening and dangerous to others.

RELEASE NOTE AND AFTERCARE PLAN: Mr. Lewis was returned to the care of Department of Corrections with Gerry Greg as a contact person; 995-8614. Mr. Lewis needs daytime socialization activities. Anticipated problems are that he may not be compliant with clinic appointments, may encounter legal difficulties, may encounter family problems and may return to using alcohol or drugs.

Sylvia Foster, M.D.
Staff Psychiatrist

Dict. 07/26/04
Typed 07/29/04
SF/gaf

SUPERIOR COURT
OF THE
STATE OF DELAWARE

PEGGY L. ABLEMAN
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0660

February 28, 2005

Brian J. Robertson, Esquire
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801

Mr. Jimmie Lewis
SBI# 506622
H.R.Y.C.I.
P.O. Box 9561
Wilmington, DE 19809

**RE:**   ***State v. Lewis***
         **I.D. No. 0305016966**

Dear Mr. Robertson and Mr. Lewis:

The Court has received and considered Defendant Jimmie Lewis' Motion for a New Trial pursuant to Superior Court Criminal Rule 33, filed on February 17, 2005. For the following reasons, the Motion is **DENIED**.

In this Motion, Lewis argues that he was incompetent to stand trial due to mental illness, and also that the State unlawfully withheld evidence during the trial. Lewis' competency was the subject of substantial debate during pre-trial motions, during the trial itself, and during sentencing. The Court accepts the voluminous evidence that Lewis was competent to stand trial, most notably, reports from the Delaware Psychiatric Center that his main problem is that he is narcissistic, violent, and abusive, and that his attempts to blame these traits on psychiatric illness represent malingering, i.e. faking. Lewis offers no grounds to revisit that determination, and I will not do so here.

Lewis also makes various evidentiary claims. Without exception, these claims are trivialities that were adequately explored, and had little relevance to and no effect on the outcome of the trial. Nothing in this Motion necessitates the grant of a new trial.

Brian J. Robertson, Esquire
Mr. Jimmie Lewis
February 28, 2005
Page 2

For these reasons, Defendant's Motion for a New Trial is **DENIED**.

Yours very truly,

Peggy L. Ableman

Peggy L. Ableman

PLA:ad
cc: Prothonotary

00188

## PRN MEDICATIONS ADMINISTERED AND MEDICATIONS NOT ADMINISTERED

| DATE | TIME | DRUG/ STRENGTH | REASON | EFFECTIVE | NURSE INT. | DATE | TIME | DRUG/ STRENGTH | REASON | EFFECTIVE | NURSE INT. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/25/04 | 2235 | Benadryl 50mg PO | sleep | | [illegible] | | | | | | |
| 5/26/04 | 1530 | Effexor XR 37.5mg | given @ 1545 | | wP | | | | | | |
| 5/29/04 | 08 | Effexor 3.75mg PO | Refused | | KC | | | | | | |
| ~~5/29/04~~ | ~~2000~~ | ~~Effexor XR~~ | ~~refused~~ | error (H) | ~~[illegible]~~ | | | | | | |
| 5/30/04 | 08 | Effexor 37.5mg PO | Refused | — | KC | | | | | | |
| 5/31/04 | 08 | Effexor 75mg PO | Refused | "it makes me sick" | KC | | | | | | |

00180

## PRN MEDICATIONS ADMINISTERED AND MEDICATIONS NOT ADMINISTERED

| DATE | TIME | DRUG/ STRENGTH | REASON | EFFECTIVE | NURSE INT. | DATE | TIME | DRUG/ STRENGTH | REASON | EFFECTIVE | NURSE INT. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/28/04 | 9:30 | refused all am meds | | — | [illegible] | | | | | | |
| 5/28/04 | 2100 | Ativan 2mg PO | Agitation | | [illegible] | | | | | | |
| 5/28/04 | 2100 | Benadryl 25mg PO | EPS | | [illegible] | | | | | | |
| 5/28/04 | 2100 | Haldol 5mg PO | Agitation | | [illegible] | | | | | | |
| 5/29/04 | 2000 | Haldol 5mg | voices | | [illegible] | | | | | | |

00182

PRN MEDICATIONS ADMINISTERED AND MEDICATIONS NOT ADMINISTERED

| DATE | TIME | DRUG/ STRENGTH | REASON | EFFECTIVE | NURSE INT. | DATE | TIME | DRUG/ STRENGTH | REASON | EFFECTIVE | NURSE INT. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/11/04 | 8 am | Effexor 25mg p.o. | | pt. refused | nf | | | | | | |
| 6/6/04 | 1820 | Haldol 5mg IM | | Agitation | wf | | | | | | |
| 6/6/04 | 1820 | Benadryl 50mg IM | | Agitation | ws | | | | | | |
| 6/6/04 | 1820 | Haldol 5mg IM | | Agitation | wf | | | | | | |
| 6/14/04 | 8:30 | Atenolol 25mg po held | | recond V/S | nf | | | | | | |
| 6/14/04 | 9:30 | Atenolol 25mg po. | | given B/P 117/90 | nf | | | | | | |
| 6/21/04 | 2030 | Ativan 2mg PO | | Agitation | wf | | | | | | |
| 6/21/04 | 2030 | Geodon 20mg PO | | Agitation | wf | | | | | | |
| 6/21/04 | 2030 | Benadryl 50mg PO | | Agitation | wf | | | | | | |
| 6/21/04 | 2255 | Ativan 2mg IM | ↑ Agitation | | wf | | | | | | |
| 6/21/04 | 2255 | Geodon 20mg IM | ↑ Agitation | | wf | | | | | | |
| 6/24/04 | 1pm | Geodon 20mg IM / Ativan 2mg IM | | severe agit. | nf | | | | | | |
| 6/24/04 | 1pm | Benadryl 50mg IM | | | nf | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

00186

## PRN MEDICATIONS ADMINISTERED AND MEDICATIONS NOT ADMINISTERED

| DATE | TIME | DRUG/ STRENGTH | REASON | EFFECTIVE | NURSE INT. | DATE | TIME | DRUG/ STRENGTH | REASON | EFFECTIVE | NURSE INT. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/16/04 | 1000 | ativan 2mg PO | agitation | yes | KC | | | | | | |
| 6/13/04 | 1000 | Geodon 20 mg PO | agitation | yes | KC | | | | | | |
| 6/13/04 | 11 45 | Ativan 2mg Im | | yes | [illegible] | | | | | | |
| 6/13/04 | 11 45 | Benadryl 50 mg Im | | Tapic | [illegible] | | | | | | |
| 6/13/04 | 11 45 | Geodon 20 mg [illegible] | | yes | [illegible] | | | | | | |
| 6/14/04 | 2100 | Geodon 20mg Im | ↑ Agitation | (+) Good | W | | | | | | |
| ✓ | 2100 | Ativan 2mg Im | ↑ Agitation | (+) Good | W | | | | | | |
| ✓ | 2100 | Benadryl 50mg Im | ↑ Agitation | (+) Good | W | | | | | | |
| | | MOM 30cc | PO PRN x 1 dose | for 24° | | | | | | | |
| 6/21/04 | 2000 | Seroquel | 50mg PO Pt refused | | WJ | | | | | | |
| 6/24/04 | 1530 | Benadryl 50mg IM | ↑ Agitation | (+) Good | J | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

State of Delaware v. JIMMY LEWIS DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq. AKA:
Defense Atty: JOHN S EDINGER , Esq.

Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|---|---|---|---|---|---|
| 001 | 0305016966 | IN03060175R1 | CARJACKING 2ND | GLTY | 10/23/2003 |
| 002 | 0305016966 | IN03060176R1 | THEFT $1000 OR> | GLTY | 10/23/2003 |
| 003 | 0305016966 | IN03060177R1 | RESIST ARREST | GLTY | 10/23/2003 |

| No. | Event Date | Event | Judge |
|---|---|---|---|

1 06/03/2003
CASE ACCEPTED IN SUPERIOR COURT.
ARREST DATE: 05/26/2003
PRELIMINARY HEARING DATE: 060203
BAIL: SECURED BAIL-HELD 12,000.00 100%
NO CONDITION

2 06/30/2003
INDICTMENT, TRUE BILL FILED.NO 6
SCHEDULED FOR CASE REVIEW AND ARRAIGNMENT 07/28/03 AT 9:00

3 07/03/2003
ACKNOWLEDGEMENT OF RECEIPT OF DISCOVERY RESPONSE.
JOHN EDINGER

4 07/14/2003
SUMMONS MAILED.

07/28/2003 COOCH RICHARD R.
CASE REVIEW & ARRAIGNMENT CALENDAR: SET FOR FINAL CASE REVIEW.
DATE: 8/18/03 @ 9:00

6 08/12/2003
DEFENDANT'S LETTER FILED.

08/18/2003 GEBELEIN RICHARD S.
FINAL CASE REVIEW: NO PLEA/SET FOR TRIAL_10/21/2003.

5 08/18/2003
ORDER SCHEDULING TRIAL FILED.
TRIAL DATE:__10/21/03
CASE CATEGORY:_______2
ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):
UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY FOR TRIAL. ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR CONTINUANCE REQUESTS WILL BE DENIED.

8 08/29/2003

B1

State of Delaware v. JIMMY LEWIS DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq. AKA:
Defense Atty: JOHN S EDINGER , Esq.

| No. | Event Date | Event | Judge |
|---|---|---|---|
| | | DEFENDANT'S LETTER FILED. | |
| 12 | 09/30/2003 | DEFENDANT'S LETTER FILED. | |
| 7 | 10/06/2003 | SUBPOENA(S) MAILED. | |
| 9 | 10/07/2003 | DEFENDANT'S LETTER FILED. | |
| 13 | 10/07/2003 | STATE'S WITNESS SUBPOENA ISSUED. | |
| 22 | 10/10/2003 | DEFENDANT'S LETTER FILED. | |
| 15 | 10/14/2003 | MOTION FOR DISCOVERY AND MOTION TO SUPPRESS FILED PROSE. REFERELL MEMO (RULE 47) SENT TO P.D. OFFICE TO MR. EDINGER. | |
| 16 | 10/14/2003 | DEFENDANT'S LETTER FILED.<br>TO: J. EDINGER<br>LETTER REFERRED TO COUNSEL | |
| 10 | 10/15/2003 | DEFENDANT'S LETTER FILED. | |
| 11 | 10/15/2003 | DEFENDANT'S LETTER FILED. | |
| 14 | 10/17/2003 | REFERRAL TO COUNSEL MEMORANDUM FILED.<br>ATTACHING LETTER/DOCUMENT FROM DEFENDANT. REFERRED TO DEFENSE COUNSEL AS ATTORNEY OF RECORD. COPY OF DEFENDANT'S LETTER NOT REVIEWED BY THE COURT AND NOT RETAINED WITH THE COURT'S FILE. PLEASE ADVISE YOUR CLIENT THAT FURTHER COMMUNICATIONS REGARDING THIS CASE SHOULD BE DIRECTED TO YOU. J. EDINGER<br>REFERRED BY: S. NAPIER | |
| 18 | 10/20/2003 | STATE'S WITNESS SUBPOENA RETURNED | |
| 17 | 10/21/2003 | TRIAL CALENDAR- WENT TO TRIAL JURY | ABLEMAN PEGGY L. |
| 19 | 10/21/2003 | JURY TRIAL HELD 10/21/03, 10/22/03, AND 10/23/03.<br>JURY SWORN IN 10/21/03 AT 3:10 P.M.<br>10/22/03 DEFENSE MOTION FOR ACQUITTAL ON ALL 3 COUNTS. MOTION DENIED ON ALL 3 COUNTS.<br>JURY FOUND DEFENDANT GUILTY OF CARJACKING 2ND (0175), THEFT (0176) AND RESISTING ARREST (0177).<br>PSI ORDERED. SENTENCING SCHEDULED FOR 12/5/03 AT 9:30 A.M. | ABLEMAN PEGGY L. |

State of Delaware v. JIMMY LEWIS DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq. AKA:
Defense Atty: JOHN S EDINGER , Esq.

| No. | Event Date | Event | Judge |
|---|---|---|---|
| | | 1 COURT EXHIBIT. GAVE TO EDGAR JOHNSON TO PUT IN VAULT. AG/ROBERTSON - PD/EDINGER - CR/FELDMAN, DONNELLY & MAURER - CC/CARUSO. JUDGE HERLIHY TOOK THE VERDICT FOR JUDGE ABLEMAN | |
| 24 | 10/21/2003 | LETTER FROM: MARGOT R. MILLAR, OFFICE OF DISCIPLINARY COUNSEL TO: DEFENDANT. RE: DISCIPLINARY COMPLAINT AGAINST DEFTS. COURT APPOINTED ATTY. *SEE FULL LETTER IN FILE* | |
| 20 | 10/23/2003 | CHARGE TO THE JURY FILED. | ABLEMAN PEGGY L. |
| 21 | 10/23/2003 | VOIR DIRE QUESTIONS FILED. STATE'S PROPOSED VOIR DIRE. | |
| 23 | 11/04/2003 | LETTER FROM SUPREME COURT TO JIMMY LEWIS RE: THE SUPREME COURT IS IN RECEIPT OF YOUR LETTER DATED OCTOBER 24, 2003. THE SUPREME COURT IS AN APPELLATE COURT WHICH RECEIVES APPEALS AND RELATED DOCUMENTS FILED PURSUANT TO SUPREME COURT RULES. ACCORDING TO THE SUPREME COURT RECORDS, YOU DO NOT HAVE AN APPEAL PENDING AT THIS TIME. BY COPY OF THIS LETTER I AM PROVIDING COPIES OF YOUR LETTER TO YOUR ATTORNEY, AND THE DEPUTY ATTORNEY GENERAL, THE PROTHONOTARY. | |
| 25 | 11/14/2003 | MOTION FOR PSYCHOLOGICAL/PSYCHIATRIC EXAM FILED. BY JOHN S EDINGER JR,ESQ REFERRED TO JUDGE TOLIVER-OFFICE JUDGE SENT UP (11/24/03) | |
| 26 | 12/01/2003 | ORDER: ORDERED THAT JIMMY LEWIS THE DEFENDANT, BE TRANSFERRED TO THE DELAWARE STATE HOSPITAL FOR PSYHIATRIC EVALUATION FOR THE PURPOSE OF DETERMINING COMPETENCY, AND TO OBTAIN TREATMENT FOR HIS OWN WELL-BEING AS SOON AS DELAWARE STATE HOSPITAL NOTIFIES GANDER HILL OF AN AVAILABLE OPENING, JIMMY LEWIS IS TO BE TRANSPORTED AND EVALUATED. | TOLIVER CHARLES H. IV |
| 27 | 12/03/2003 | MOTION FOR TRANSCRIPT FILED PROSE. REFERRED TO JUDGE ABLEMAN. * NOTE FROM CHAMBERS-JUDGE REVIEWED BOTH LETTERS 12/22/03 NO ACTION NEEDED. AMH | |
| 28 | 12/16/2003 | DEFENDANT'S LETTER FILED. | |
| 29 | 01/13/2004 | DEFENDANT'S LETTER FILED. | |
| 30 | 03/01/2004 | LETTER FROM: JOHN S. EDINGER, ESQ. TO: JUDGE ABLEMAN | |

State of Delaware v. JIMMY LEWIS DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq. AKA:
Defense Atty: JOHN S EDINGER , Esq.

| No. | Event Date | Event | Judge |
|---|---|---|---|
| | | RE: ON 12/01/03, THE COURT ORDERED THAT THE DEFENDANT BE TRANSFERRED TO THE DELAWARE STATE HOSPITAL FOR PSYCHIATRIC EVALUATION. TO DATE, HE HAS NOT BEEN TRANSPORTED FOR AN EVALUATION. (LETTER AND FILE REFERRED TO JUDGE ABLEMAN 03/01/04) | |
| 31 | 03/11/2004 | MOTION FOR JUDGMENT OF ACQUITTAL FILED PROSE. REFERRED TO JUDGE ABLEMAN | |
| 32 | 03/23/2004 | LETTER/ORDER ISSUED BY JUDGE: ABLEMAN RE: THE COURT HAS CONSIDERED YOUR PRO SE MOTION FOR JUDGEMENT OF ACQUITTAL. NORMALLY, THE COURT WILL NOT CONSIDER ANY PLEADINGS THAT YOU FILE PRO SE SINCE YOU ARE REPRESENTED BY COUNSEL, JOHN EDINGER. YOU SHOULD CONSULT WITH HIM FOR THE FILING OF ANY MOTIONS OR PLEADINGS IN THIS CASE, YOUR MOTION FOR JUDGEMENT OF ACQUITTAL IS UNTIMELY AND IS THEREFORE HEREBY DENIED. IT IS SO ORDERED JUDGE ABLEMAN. | ABLEMAN PEGGY L. |
| 33 | 04/19/2004 | PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE) REFERRED TO JUDGE CARPENTER. DATE REFERRED: 4/21/04 CIVIL CASE NO: 04M-04-054 | |
| 34 | 04/26/2004 | LETTER/ORDER ISSUED BY JUDGE CARPENTER. RE: HABEAS CORPUS PETITION 04M-04-054 IS DENIED. YOUR REQUEST FOR HABEAS CORPUS RELIEF HAS BEEN FORWARDED TO ME FOR A DECISION. A REVIEW OF THE DOCKET IN THIS MATTER CLEARLY INDICATES THAT YOU WERE CONVICTED ON OCTOBER 21, 2003 ON THE CHARGES OF CARJACKING SECOND DEGREE, THEFT, AND RESISTING ARREST AND THE TRIAL WAS PRESIDED OVER BY JUDGE ABLEMAN. IN NOVEMBER, 2003, YOUR COUNSEL, MR. EDINGER, FILED A MOTION FOR A PSYCHIATRIC EXAMINATION WHICH WAS APPROVED BY JUDGE TOLIVER ON DECEMBER 1, 2003. WHILE I APPRECIATE THAT YOU ARE UPSET REGARDING THE DELAY THAT HAS OCCURED WITH REGARD TO THIS EVALUATION, IT DOES NOT PROVIDE YOU WITH A BASIS FOR HABEAS CORPUS RELIEF. SINCE IT IS CLEAR BASED UPON THE ABOVE THAT YOU ARE PRESENTLY BEING HELD CONSISTENT WITH YOUR CONVICTION ON THE ABOVE CHARGES AND YOUR FAILURE TO POST APPROPRIATE BAIL, YOUR REQUEST IS HEREBY DENIED. I WILL FORWARD A COPY OF THIS LETTER TO JUDGE ABLEMAN AND JUDGE TOLIVER SO THAT THEY MAY BE AWARE OF THE DELAY THAT IS OCCURRING. WCC | CARPENTER WILLIAM C. JR. |
| 35 | 04/26/2004 | NOTICE OF SERVICE RE: COPY OF GROUNDS FOR APPEAL | |
| 36 | 05/07/2004 | DEFENDANT'S LETTER FILED. | |

B4

State of Delaware v. JIMMY LEWIS DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq. AKA:
Defense Atty: JOHN S EDINGER , Esq.

| No. | Event Date | Event | Judge |
|---|---|---|---|
| 37 | 05/13/2004 | PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED. SUBMITTED BY:__DONALD NAPOLIN, MENTAL HEALTH SUPERVISOR AND ORDER REQUESTING DEFENDANT BE TRANSFERED TO MITCHELL BUILDING GRANTED BY JUDGE TOLIVER ON 5-13-04 | |
| 38 | 05/14/2004 | DEFENDANT'S LETTER FILED. LETTER REGARDING NAMES AND PLACE EMPLOYMENT OF BAILIFF'S WHO PROVIDED COURT ON 10/21 10/23 FOR A WRIT OF MANDAMUS TO BE FILED. *SEE FULL LETTER IN FILE. | |
| 40 | 06/16/2004 | LETTER FROM DIANNE STACHOWSKI TO JUDGE TOLIVER, REQUESTING DEFT BE TRANSFERED BACK TO DOC. | |
| 39 | 06/28/2004 | PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED. SUBMITTED BY: SYLVIA FOSTER MD COPY SENT TO ATTORNEY AND JUDGE TOLIVER | |
| 41 | 06/29/2004 | LETTER FROM DIANNE STACHOWSKI TO JUDGE TOLIVER REQUESTING DEFENDANT BE TRANSFERRED BACK TO DOC. | |
| 42 | 07/06/2004 | LETTER FROM COMMISSIONER WHITE TO COUNSEL GIVING THEM 10 DAYS TO REQUEST A COMPETENCY HEARING AND INFORMING OF THE SENTENCING DATE OF 8-27-04 AT 9:30 WITH JUDGE TOLIVER. | |
| 43 | 07/19/2004 | MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER FILED. BY BRIAN J ROBERTSON,DAG MOTION PUT IN FILE TO BE HEARD AT SENTENCING | |
| 44 | 07/26/2004 | PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED. COPY RECEIVED FROM DEFENDANT LEWIS SEALED BY ORDER OF SUPERIOR COURT | |
| 45 | 08/02/2004 | CONTINUANCE REQUEST FILED BY J EDINGER - GRANTED PER JUDGE ABLEMAN (SENTENCING) | |
| 46 | 08/09/2004 | MOTION TO DISMISS COUNSEL FILED PRO SE. REFERRED TO JUDGE ABLEMAN | |
| 47 | 08/17/2004 | MOTION FOR COMPETENCY HEARING FILED PRO SE. REFERRED TO JUDGE ABLEMAN | |
| 48 | 08/17/2004 | MOTION FOR DISCOVERY FILED PRO SE. REFERRED TO JUDGE ABLEMAN | |
| 49 | 08/20/2004 | | ABLEMAN PEGGY L. |

B5

# CERTIFICATE OF SERVICE

I, THE UNDERSIGNED PLAINTIFF JIMMIE LEWIS DUE HEREBY CERTIFY ON THIS 23RD, DAY OF FEB, 2007, THAT I DID MAIL ONE TRUE AND CORRECT COPY OF THE MOTION FOR INTERROGATORY ANSWERS # 3 FOR DR. FOSTER PURSUANT TO FED R. CIV P # 33, BY U.S POSTAL TO THE FOLLOWING:

CLERK OF THE COURT (GMS)
UNITED STATES DISTRICT COURT
844 N. KING ST, LOCKBOX 18
WILMINGTON, DEL 19801

LOUIS J. RIZZO JR ESQ
1001 JEFFERSON PLAZA
SUITE 202
WILMINGTON, DEL 19801
ATTORNEY FOR DR. FOSTER

DATE: 2/23/07

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DEL 19977

I/M: Timmie Lewis
SBI# 506622 UNIT D42
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S. X-RAY

CLERK OF THE COURT (GMS)
UNITED STATES DISTRICT COURT
844 N. KING ST, LOCKBOX 18
WILMINGTON, DELAWARE
19801