IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 04-1350 (GMS) |
| ) | |
| v. ) | |
| ) | |
| SYLVIA FOSTER, LANCE SAPERS, ) | |
| DAVE MOFFITT, R. GRAY, ) | |
| MR. JOHNSON, JOHN JOE, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT DR. SYLVIA FOSTER'S RESPONSE TO PLAINTIFF'S MOTION FOR ADMISSIONS #1

COME NOW, Defendant, Dr. Sylvia Foster, by and through her undersigned counsel and responds to Plaintiff's Motion for Admissions #1, and in support thereof, avers the following:

1. Objection. The Plaintiff has been provided all the medical documentation regarding his treatment/care with Dr. Sylvia Foster. The documents contained in said medical file speak for themselves and illustrate any treatment and/or care rendered by Dr. Foster. This request amounts to another request for discovery; to which, Dr. Foster has filed a Motion for Protective Order which is currently pending with the Court.

2. Objection. The request calls for a legal conclusion which is not supported by any evidence at this time. Additionally, the report referenced in Plaintiff's request speaks for itself and does not require any elaboration by Dr. Foster.

3. Objection. The request does not elaborate what is referred to as a "psychotropic drug", nor does Plaintiff define what is meant by an "allergic reaction". Therefore, this request for admission is deemed denied.

4. Objection. The information utilized in developing the report referenced in this

request has been provided previously to Plaintiff. Additionally, the request calls for a legal conclusion in regards to the support for the report included therein; therefore, the request is calling for a legal conclusion. This request amounts to another request for discovery; to which, Dr. Foster has filed a Motion for Protective Order which is currently pending with the Court.

5. Denied.

6. Objection. The report and supplemental medical file, which have been previously produced, speak for themselves and do not require commentary by Dr. Foster as to the legitimacy of those documents.

7. Objection. The report referenced in this request speaks for itself and does not require any additional commentary.

8. Objection. The report referenced in this request speaks for itself and does not require any additional commentary.

9. Objection. This request asks for a generalization about the duties and obligations of Dr. Foster during a specific period of time. It does not relate to any admissible evidence which would be presented in the above referenced matter.

10. Objection. The report referenced in this request speaks for itself and does not require any additional commentary.

11. Objection. The report referenced in this request speaks for itself and does not require any additional commentary.

12. Objection. This request calls for a legal conclusion which is not within the purview of Dr. Foster. Additionally, the request fails to define the term "psychotropic drugs".

13. Denied. Dr. Foster is not in a position to comment on what evidence and/or information Plaintiff would have, or could have, presented at a given time.

14. Objection. The entire medical file relating to the treatment/care received by the Plaintiff while at the Delaware Psychiatric Center has been previously produced. The documents contained therein speak for themselves and do not require additional commentary. This request amounts to another request for discovery; to which, Dr. Foster has filed a Motion for Protective Order which is currently pending with the Court.

15. Objection. The medical file relating to the treatment and care of the Plaintiff at the Delaware Psychiatric Center has been produced and the documents contained therein speak for themselves and do not require additional commentary. Additionally, this request fails to define the term "psychotropic drugs" and calls for a legal conclusion with the use of the word "involuntary". This request amounts to another request for discovery; to which, Dr. Foster has filed a Motion for Protective Order which is currently pending with the Court.

16. Objection. The entire medical file relating to the Plaintiff's treatment and/or care at the Delaware Psychiatric Center has been previously produced; the documents contained therein speak for themselves and do not require additional commentary. This request amounts to another request for discovery; to which, Dr. Foster has filed a Motion for Protective Order which is currently pending with the Court.

17. Objection. The entire file relating to the Plaintiff's stay and eventual departure from the Delaware Psychiatric Center has been previously produced. The documents contained therein speak for themselves and do not require additional commentary. This request amounts to another request for discovery; to which, Dr. Foster has filed a Motion for Protective Order which is currently pending with the Court.

18. Objection. The report referred to in this request speaks for itself and does not require additional commentary.

19. Objection. The report referred to in this request speaks for itself and does not require additional commentary.

20. Denied.

21. Objection. The Medication Administered Sheet and the Report referenced in this request both speak for themselves and do not require additional commentary. Additionally, the request fails to define the term "psychotropic drugs" and calls for a legal conclusion regarding whether a transfer was warranted to the Department of Corrections. Finally, the request calls for a legal conclusion in regards to the use of the word "involuntary".

22. Objection. The report referred to in this request speaks for itself and therefore does not require additional commentary. Additionally, the request calls for a legal conclusion.

23. Objection. The report referred to in this request speaks for itself and does not require additional commentary. Additionally, the entire file relating to the Plaintiff's treatment and/or care while at the Delaware Psychiatric Center has been produced. This request amounts to another request for discovery; to which, Dr. Foster has filed a Motion for Protective Order which is currently pending with the Court.

24. Objection. Any documentation within the Plaintiff's file during the time of his stay has been previously produced to Plaintiff. Additionally, the report referenced in this request speaks for itself and does not require additional commentary. This request amounts to another request for discovery; to which, Dr. Foster has filed a Motion for Protective Order which is currently pending with the Court.

25. Objection. The documents available and utilized by Dr. Foster during the Plaintiff's stay at the Delaware Psychiatric Center have been produced to the Plaintiff. This request amounts to another request for discovery; to which, Dr. Foster has filed a Motion for

Protective Order which is currently pending with the Court.

RESPECTFULLY SUBMITTED,

REGER RIZZO KAVULICH & DARNALL LLP


/s/ Louis J. Rizzo, Jr.
Louis J. Rizzo, Jr., Esquire
Delaware State Bar I.D. No. 2565
Ronald W. Hartnett, Jr., Esquire
Delaware State Bar I.D. No. 4497
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant Dr. Sylvia Foster

Dated:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) C.A. No.: 04-1350 (GMS) |
| | ) |
| v. | ) |
| | ) |
| SYLVIA FOSTER, LANCE SAPERS, | ) |
| DAVE MOFFITT, R. GRAY, | ) |
| MR. JOHNSON, JOHN JOE, | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on this 16th day of February, 2007 that a true and correct copy of Defendant Dr. Sylvia Foster's Response to Plaintiff's Motion for Admissions #1 has been served electronically and/or by first class mail, postage prepaid, to the following:

Jimmie Lewis
SBI#506622
1181 Paddock Road
Delaware Correctional Center
Smyrna, DE 19977

Gregory E. Smith
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Office Building
Wilmington, DE 19801

REGER RIZZO KAVULICH & DARNALL LLP

/s/ Louis J. Rizzo, Jr.
Louis J. Rizzo, Jr., Esquire
Delaware State Bar I.D. No.
Ronald W. Hartnett, Jr., Esquire
Delaware State Bar I.D. No. 4497
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant Dr. Sylvia Foster

Dated:

(154)

**Other Documents**
1:04-cv-01350-GMS Lewis v. Foster
PaperDocuments

## U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Rizzo, Louis on 2/16/2007 at 3:07 PM EST and filed on 2/16/2007
**Case Name:** Lewis v. Foster
**Case Number:** 1:04-cv-1350
**Filer:** Sylvia Foster
**Document Number:** 154

**Docket Text:**
OBJECTIONS by Sylvia Foster *Response to Plaintiff's Motion for Admissions #1*. (Rizzo, Louis)

**1:04-cv-1350 Notice has been electronically mailed to:**

Louis J. Rizzo , Jr    lrizzo@rrkdlaw.com

Gregory E. Smith    greg.smith@state.de.us

**1:04-cv-1350 Notice has been delivered by other means to:**

Jimmie Lewis
SBI#506622
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=2/16/2007] [FileNumber=344727-0]
[a4ddfd4c1366271f93d8d6b9b6e5162f38a5551dcad2b7076f384c8663d879da97a2
44404ab502f9cdec642580475cd0255c9d1b2b677fd75c72646f5bc3c1a6]]