IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| Plaintiff, | ) C.A. No.: 04-1350 (GMS) |
| v. | ) |
| SYLVIA FOSTER, LANCE SAPERS, DAVE MOFFITT, R. GRAY, MR. JOHNSON, JOHN JOE, | ) |
| Defendants. | ) |

**DEFENDANT DR. SYLVIA FOSTER'S RESPONSE TO PLAINTIFF'S MOTION FOR INTERROGATORY ANSWERS #1 FOR DR. FOSTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE #33**

COME NOW, Defendant, Dr. Sylvia Foster, by and through her undersigned counsel and responds to Plaintiff's Motion for Interrogatory Answers #1 for Dr. Foster Pursuant to Federal Rule of Civil Procedure #33, and in support thereof, avers the following:

1. Answering Defendant was not afforded any specific dates from Plaintiff regarding his alcoholic intake prior to admission. Plaintiff spoke in generalities and did not refer to any specific time or date.

2. Answering Defendant is not in a position to know whether the "alleged false or grossly exaggerate psychological symptoms" were presented as evidence at the Plaintiff's trial. This request is better suited for inquisition to the prosecutor of Plaintiff's criminal trial.

3. Answering Defendant made a general statement which was deduced from the plaintiff's use of accoutrements (i.e. paper horns) to intimidate others.

4. Answering Defendant utilized Seroquel rather than Benadryl because Seroquel is frequently used in anger management and impulse control; Benadryl is not.

5. Answering Defendant continued the medication to help the Plaintiff control his anger and aggression.

6. Objection. Request calls for assumptions on the part of Answering Defendant which are not completely accurate. For further response without waiving the objection, following the administration of PRN medication for agitation, a patient is closely monitored.

7. Answering Defendant is not in a position to know what functions were used in regards to the Plaintiff's trial.

8. See Answering Defendant's response to Request for Production of Documents. Answering Defendant has supplied all documentation regarding the treatment/evaluation of the plaintiff during his stay at the Delaware Psychiatric Center. Any documents falling under this request would be found within said packet.

9. See Answering Defendant's response to Interrogatory #8.

10. No.

11. Yes.

12. Yes. The registered nurse could call a resident-on-call and/or physician to obtain an order for the PRN medication.

13. Objection. Request is vague in failing to define "substantial". By way of further response without waiving the objection, such issues are determined on a case-by-case basis.

14. Objection. Relevance and request is not reasonably calculated to lead to the discovery of admissible evidence.

15. See Answering Defendant's Response to Interrogatory #14.

16. Objection. Request is vague in failing to define what is meant by "psychotropic drug". By way of further response without waiving the objection, permanent conditions, when

they do occur, usually only occur after long-term treatment.

17. Objection. Request calls for a conclusion to a hypothetical situation. By way of further response without waiving the objection, judicial hearings are not necessary in Delaware in the fact of imminent danger to self or others.

18. Objection. Request calls for a conclusion to a hypothetical situation. By way of further response without waiving the objection, such hearings are not applicable in Delaware in the fact of imminent danger to self and/or others.

19. All patients are provided a code of acceptable and unacceptable behavior upon admission to the Delaware Psychiatric Center.

20. Full investigations are carried out when assaults are made on staff members and/or patients at the Delaware Psychiatric Center. The Delaware Psychiatric Center has its own internal investigative body and its own internal grievance procedures. The internal investigation regarding alleged abuse and/or neglect is reviewed by the Division of Long Term Care and Protection. All issues regarding such cases are also reviewed by the Attorney General's office.

21. Staff members are instructed to carry out certain procedures in order to maintain safety in the hospital at all times, up to and including the administration of medication intramuscularly (not intravenously) in emergency situations when there is danger of harm to self and/or others.

22. Objection. Plaintiff's request is vague and is therefore incapable of being responded adequately. By way of further response without waiving the objection, such hearings are not applicable in Delaware and a full investigation is carried out in the event of an assault.

23. Objection. Request is not reasonably calculated to lead to the discovery of admissible evidence.

24. Objection. Request is not reasonably calculated to lead to the discovery of admissible evidence.

25. Objection. Request calls for a conclusion to a hypothetical situation. By way of further response without waiving the objection, a person is not administered medication unless said person is agitated and fails to respond to verbal intervention.

RESPECTFULLY SUBMITTED,

REGER RIZZO KAVULICH & DARNALL LLP

/s/ Louis J. Rizzo, Jr.
Louis J. Rizzo, Jr., Esquire
Delaware State Bar I.D. No. 2565
Ronald W. Hartnett, Jr., Esquire
Delaware State Bar I.D. No. 4497
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant Dr. Sylvia Foster

Dated: April 16, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) C.A. No.: 04-1350 (GMS) |
| | ) |
| v. | ) |
| | ) |
| SYLVIA FOSTER, LANCE SAPERS, | ) |
| DAVE MOFFITT, R. GRAY, | ) |
| MR. JOHNSON, JOHN JOE, | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify on this 16th day of April, 2007 that a true and correct copy of Defendant Dr. Sylvia Foster's Response to Plaintiff's Motion for Interrogatory Answers #1 for Dr. Foster Pursuant to Federal Rule Civil Procedure #33 has been served electronically and/or by first class mail, postage prepaid, to the following:

Jimmie Lewis
SBI#506622
1181 Paddock Road
Delaware Correctional Center
Smyrna, DE 19977

Gregory E. Smith
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Office Building
Wilmington, DE 19801

REGER RIZZO KAVULICH & DARNALL LLP

/s/ Louis J. Rizzo, Jr.
Louis J. Rizzo, Jr., Esquire
Delaware State Bar I.D. No.
Ronald W. Hartnett, Jr., Esquire
Delaware State Bar I.D. No. 4497
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant Dr. Sylvia Foster