# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 04-1350 (GMS) |
| ) | |
| v. ) | |
| ) | |
| SYLVIA FOSTER, LANCE SAPERS, ) | |
| DAVE MOFFITT, R. GRAY, ) | |
| MR. JOHNSON, JOHN JOE, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT DR. SYLVIA FOSTER'S RESPONSE TO PLAINTIFF'S MOTION FOR INTERROGATORY ANSWERS #3 FOR DR. FOSTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE #33

COME NOW, Defendant, Dr. Sylvia Foster, by and through her undersigned counsel and responds to Plaintiff's Motion for Interrogatory Answers #3 for Dr. Foster Pursuant to Federal Rule of Civil Procedure #33, and in support thereof, avers the following:

1. Objection. Plaintiff's request is not clear as to the information which is being asked of Answering Defendant. Answering Defendant is not in a position to adequately respond to Plaintiff's request.

2. Plaintiff started an argument in the dining room and would not accept verbal redirection and threatened to assault his peers.

3. Objection. Plaintiff's request asks for a conclusion to a hypothetical situation and requires Answering Defendant to speculate. By way of further response without waiving the objection, a treatment plan is developed on a case-by-case basis.

4. Plaintiff was in the dining room and threw his lunch tray against the wall for no apparent reason. He was unresponsive to staff redirection and reached over another patient and threw his tray against the wall. Plaintiff threatened harm to staff and patients and could, or would not, de-escalate despite physical intervention.

5. Plaintiff was placed in seclusion for threatening staff, hitting, kicking, shoving and elbowing as well.

6. Plaintiff was being evaluated in the seclusion room and began to escalate his activities for no apparent reason. His level of agitation increased rapidly with verbal intervention ineffective, and he refused to take PRN medication voluntarily. The response team was called and he was injected with medication prior to being kep in the quiet room for five (5) additional minutes before going to bed.

7. Plaintiff lost his privileges and indicated he was going to punch someone, which he did; he attacked another patient without provocation. Plaintiff was placed in seclusion and given medication intramuscularly.

8. Plaintiff was still in the quiet room at 1:15 am; was kicking and banging on the door. He was continuing to be disruptive and began escalating his activity which required physical restrains and intramuscular medication.

9. Objection. Plaintiff's request asks for a conclusion to a hypothetical situation and requires Answering Defendant to speculate. By way of further response without waiving the objection, it is dependent on an individual's threshold of pain.

10. Objection. Plaintiff's request fails to illustrate specifically what is being requested from Answering Defendant. By way of further response without waiving the objection, the date reflects the Plaintiff's current incarceration.

11. Plaintiff was oppositional and defiant from the time of his admission until his release. The behavior in question was towards the beginning and end of his admission without any discernable pattern.

12. No records were available from that time.

13. Objection. Not reasonably calculated to lead to admissible evidence.

14. Objection. Not reasonably calculated to lead to admissible evidence.

15. No records were available at the time.

16. Objection. Answering Defendant is not in a position to provide a conclusion to a hypothetical situation. By way of further response without waiving the objection, such condition is dependant on the situation.

17. Objection. Answering Defendant is not in a position to provide a conclusion to a hypothetical situation without relying upon speculation. Additionally, the request is vague. By way of further response without waiving the objection, yes.

18. See Answer to Interrogatory No. 17.

19. Yes.

20. Answering Defendant is not aware of any other report having been filed.

21. All claims against Answering Defendant are erroneous and lack a factual or legal basis.

22. Objection. Answering Defendant is not in a position to comment on the truth or falsity of all claims made by the Plaintiff. Additionally, the request is vague.

RESPECTFULLY SUBMITTED,

REGER RIZZO KAVULICH & DARNALL LLP


/s/ Louis J. Rizzo, Jr.
Louis J. Rizzo, Jr., Esquire
Delaware State Bar I.D. No. 2565
Ronald W. Hartnett, Jr., Esquire
Delaware State Bar I.D. No. 4497
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant Dr. Sylvia Foster

Dated:   April 16, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 04-1350 (GMS) |
| ) | |
| v. ) | |
| ) | |
| SYLVIA FOSTER, LANCE SAPERS, ) | |
| DAVE MOFFITT, R. GRAY, ) | |
| MR. JOHNSON, JOHN JOE, ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on this 16th day of April, 2007 that a true and correct copy of Defendant Dr. Sylvia Foster's Response to Plaintiff's Motion for Interrogatory Answers #3 for Dr. Foster Pursuant to Federal Rule Civil Procedure #33 has been served electronically and/or by first class mail, postage prepaid, to the following:

Jimmie Lewis
SBI#506622
1181 Paddock Road
Delaware Correctional Center
Smyrna, DE 19977

Gregory E. Smith
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Office Building
Wilmington, DE 19801

REGER RIZZO KAVULICH & DARNALL LLP

/s/ Louis J. Rizzo, Jr.
Louis J. Rizzo, Jr., Esquire
Delaware State Bar I.D. No.
Ronald W. Hartnett, Jr., Esquire
Delaware State Bar I.D. No. 4497
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant Dr. Sylvia Foster