IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 04-1350-GMS ) |
| DR. SYLVIA FOSTER, NURSE ASSISTANT ROBERT N. GRAY, MR. JOHNSON 1, MR. JOHNSON 2, LANCE SAGERS, and DAVE MOFFETT, | ) ) ) ) ) |
|     Defendants. | ) ) |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR SANCTION OF DEFENDANTS ROBERT N. GRAY,
DAVID MOFFETT AND LANCE SAGERS**

Defendants, Robert N. Gray, David Moffett and Lance Sagers hereby reply in opposition to Plaintiff's "Motion for Monetary Sanction"(D.I. 244). As grounds for their opposition, responding defendants state as follows:

**Background**

1. This matter arises from a complaint filed by plaintiff Jimmie Lewis ("plaintiff") on October 13, 2004, against defendants Robert N. Gray, Mr. Johnson 1, Mr. Johnson 2, Lance Sagers, and David Moffett, the Delaware Psychiatric Center ("DPC"), and Dr. Sylvia Foster. (D.I. 2). Briefly, plaintiff alleged that the defendants violated his civil rights—including his right to be free from cruel and unusual punishment—during plaintiff's stay at the DPC's secure forensic unit, the Mitchell Building. On March 8, 2005, plaintiff filed an Amended Complaint against Dr. Foster. (D.I. 10).

2.   Four of the 17 requests and motions made by plaintiff for interrogatories demanded information about other DPC employees (the "Interrogatories") (D.I. 166, D.I. 167, D.I. 168, and D.I. 169). These specific Interrogatories were not answered, although the information sought was provided in other discovery responses. Plaintiff moved to compel, but he did not specify the docket entry of the interrogatories for which he sought answers. (D.I. 188, D.I. 189, D.I. 190, and D.I. 191).[1] Three days after plaintiff filed the motions to compel (and a day before the motions were entered on the docket), the defendants Gray, Moffett and Sagers filed answers to one set of interrogatories propounded by plaintiff. (D.I. 183, D.I. 185, and D.I. 186). These answers provided some of the information sought by the Interrogatories; the responding defendants' employment records, produced in discovery, provided further information in response to the Interrogatories.

3.   The Court subsequently denied the motions to compel. (D.I. 232). More than two months after serving the Interrogatories and a month after filing the motions to compel, plaintiff submitted deposition questions to Robert Gray, David Moffett, and Lance Sagers (D.I. 198, D.I. 199, D.I. 200). He did not ask any questions that were the subject of the earlier Interrogatories. Plaintiff took no further steps in connection with the Interrogatories or motions to compel. The defendants reasonably understood that the interrogatory answers and documents provided by them were sufficient and responsive to the motions to compel.

4.   Discovery ended on January 26, 2008. (D.I. 232). Despite knowing of this deadline, after discovery ended, plaintiff filed a "Motion for Monetary Sanction" of up to $1,000

---

[1] This omission is not immaterial. By the time plaintiff filed his motions to compel, he had filed nine sets of interrogatories directed to the responding defendants (D.I. 132, D.I. 133, D.I. 134, D.I. 135, D.I. 136, D.I. 166, D.I. 167 & D.I. 168).

for each of the responding defendants because of their alleged failure to answer the Interrogatories. (D.I. 244).

### Argument

5.  Plaintiff's Motion for Monetary Sanction is without merit and should be denied in its entirety. Federal Rule of Civil Procedure 37 does not permit litigants to recover sanctions for another party's failure to make discovery; instead, a litigant is entitled only to reasonable expenses in making the motion to compel, and only if the motion is granted, non-disclosure was not substantially justified, and there are no circumstances to make the award unjust. *Fed. R. Civ. P.* 37(a)(5)(A).[2] Here, the motions were denied. (D.I. 232) (describing plaintiff's filings as "frivolous" and "repetitive"). That fact alone dooms plaintiff's motion.

6.  Further, defendants Gray, Moffett and Sagers did provide the information sought by plaintiff, they just did so in response to a separate set of interrogatories served by him and through other records produced during discovery. In the Interrogatories, plaintiff asked Messrs. Gray and Moffett to:

- identify the staff member who radioed for assistance during the June 14, 2004 evening incident;
- identify the persons who responded to the call for assistance;
- identify the nursing assistants on duty at the time; and
- identify what incidents in plaintiff's Amended Complaint that the Attendant witnessed.

(D.I. 166 & D.I. 168). In their responses to prior interrogatories served by plaintiff, Messrs. Gray and Moffett explained that they heard a code called over the walkie-talkie and identified

---

[2] A motion for sanctions may be made only when a party fails to make initial disclosures pursuant to Rule 26(a). *Fed. R. Civ. P.* 37(a)(3)(A).

the nursing attendants who were involved in a June 14, 2004 confrontation caused by plaintiff's conduct. (D.I. 183 & D.I. 185). The employee time records provided by the defendants in response to other discovery requests clearly show that they were not at work at the time of other incidents and, therefore, could not have witnessed them.

7.  Similarly, the Interrogatory to Mr. Sagers asked him to state whether he was working at the Delaware Psychiatric Center ("DPC") on June 14, 2004 and whether he witnessed any of the incidents described in plaintiff's Amended Complaint. (D.I. 167). In his response to an earlier interrogatory from plaintiff, Mr. Sagers explained that he was at work on the night of June 14, 2004 but did not witness the incident. (D.I. 186). Further, the employee time records clearly show that Mr. Sagers was not at work at the time of the other incidents, so he could not have witnessed them.

8.  Because the motions to compel were denied and the responding defendants were substantially justified in not providing the same information again merely because plaintiff decided to ask the same question in slightly different words, the Motion for Sanction should be denied, with prejudice.[3]

---

[3] Plaintiff's motion fails for other reasons, as well. First, he incurred no expenses. He is representing himself, and therefore incurred no attorney fees. As a prisoner who, in this matter, routinely files multiple documents in a single day, he lost no income or incurred any other expense in filing this motion. Second, plaintiff received the information sought, just not in response to the specific Interrogatories. Therefore, he has not been harmed and any award—even $1.00 from each defendant—would constitute an unjustified windfall, let alone the $1,000 from each that he seeks.

WHEREFORE, Defendants Robert N. Gray, David Moffett and Lance Sagers respectfully request that plaintiffs' Motion for Monetary Sanctions be denied in its entirety.

       WOLFBLOCK LLP

       */s/ Thomas P. McGonigle*
       Thomas P. McGonigle (I.D. No. 3162)
       Joseph C. Schoell (I.D. No.3133)
       Wilmington Trust Center
       1100 N. Market Street, Suite 1001
       Wilmington, Delaware 19801
       (302) 777-5860

       Attorneys for Defendants Robert N. Gray, David Moffett and Lance Sagers

OF COUNSEL:
Cara E. Leheny
WOLFBLOCK LLP
1940 Route 70 East, Suite 200
Cherry Hill, New Jersey 08004
(856) 874-4275

Dated: March 27, 2008