IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS

VS.                          CA NO. 04-1350 GMS

DR. SYLVIA FOSTER, ET AL.

PLAINTIFF'S MOTION FOR DISMISSAL
OF DEFENDANTS SYLVIA FOSTER'S
MOTION FOR SUMMARY JUDGEMENT #1

DATE: 3/28/08

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

FILED

APR - 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

P.1

#1.) THE DEFENDANT FOSTER VIOLATED THE PLAINTIFFS SIGNIFICANT LIBERTY INTREST IN AVOIDING THE UNWANTED ADMINISTRATION OF ANTI-PSYCHOTIC DRUGS UNDER DUE PROCESS CLAUSE OF THE 14TH U.S.CA, BY GIVING AND ORDERING THAT THE PLAINTIFF BE INJECTED WITH ANTI-PSYCHOTIC DRUGS — HALDOL-ATIVAN — GEODON AGAINST HIS WILL AT THE D.P.C ON NUMEROUS OCCASSIONS, AFTER DEFENDANT FOSTER AUTHORED HER JUNE 10, 04 REPORT, THAT STATES THERE WAS NO MEDICAL REASON DUE TO DEFENDANT DIAGNOSING THE PLAINTIFF AS MALINGERING, STATING PLAINTIFF RECEIVED NO ANTI-PSYCHOTIC DRUGS DURING HIS ADMISSION DUE TO NO EVIDENCE OF MOOD DISORDER AND NO EVIDENCE OF PSYCHOSIS, THE AFOREMENTIONED DESTROY'S DEFENSE THAT THERE WAS MEDICAL REASON FOR ADMINISTRATION OF ANTI-PSYCHOTIC DRUGS TO THE PLAINTIFF AGAINST HIS WILL. 90 PERCENT OF THE ANTI-PSYCHOTIC DRUGS ADMINISTERED TO THE PLAINTIFF WAS AFTER JUNE 10, 04. FURTHERMORE, DEFENDANTFOSTER HAS FAILED TO PROVIDE THE PLAINTIFF WITH A) WRITTEN NOTICE OF INFRACTION, B.) HIS RIGHT TO PRESENT EVIDENCE. C.) HIS RIGHT TO CALL WITNESSES IN HIS BEHALF, D.) HIS RIGHT TO BE PROVIDED WITH THE FACT FINDING RATIONAL, E.) HIS RIGHT TO CONFRONT HIS ACCUSER F.) HIS RIGHT TO APPEAL. ALSO, THE DEFENDANTS CLAIM OF AN EMERGENCY SITUATION BEING REASON THE PLAINTIFF WAS ADMINISTERED ANTI-PSYCHOTIC DRUGS IS MERITLESS ABSENT NAME(S), DATE(S), TIME(S), LOCATION AND FULL DISCRIPTION/ OF THE PLAINTIFF'S ALLEGED VIOLENT CONDUCT. SEE; RIGGINS VS. NEVADA, 504 U.S 127, 135 (1992).

DEFENDANT INJECTING THE PLAINTIFF WITH ANTI PSYCHOTIC DRUGS VIOLATED HIS 14TH U.S.CA RIGHTS

P.2

#2.) DEFENDANT FOSTER'S JUNE 10,04 REPORT STATES THE PLAINTIFF RECEIVED NO ANTI-PSYCHOTIC DRUGS DURING HIS ADMISSION DUE TO NO EVIDENCE OF MOOD DISORDER AND NO EVIDENCE OF PSYCHOSIS, AND THEREAFTER DIAGNOSING HIM AS MALINGERING. BUT THE FACTS AS REVEALED VIA PLEADINGS - DISCOVERY - ADMISSIONS - INTERROGATORIES - DEPOSITIONS AS WELL AS THE DEFENDANTS MOTION FOR SUMMARY JUDGEMENT AND HER MARCH 26,08 AFFIDAVIT STATE AS A MATTER OF FACT THAT THE DEFENDANT INDEED ADMITS TO INJECTING THE ANTI-PSYCHOTIC DRUGS ATIVAN - HALDOL AND GEODON AGAINST THE PLAINTIFFS WILL, AS WELL AS RESTRAINING THE PLAINTIFF AGAINST HIS WILL FOR ALLEGED EMERGENCY REASONS, ABSENT STATING NAMES, DATES, TIMES, LOCATION AND A FULL DISCRIPTION OF THE PLAINTIFFS ALLEGED VIOLENT CONDUCT. THIS IS BECAUSE DEFENDANT FOSTER'S DELIBERATE INDIFFERENCE AND RECKLESS DISREGARD TO THE PLAINTIFFS HEALTH AND SAFETY DEFINES THAT THE DEFENDANT INTENDED TO HARM AND PUNISH THE PLAINTIFF. THE AFOREMENTIONED DEFINES THE DEFENDANTS ACTIONS OF PENAL MEASURES REGARDING THE PLAINTIFF CONDITION OF CONFINEMENT: VIOLATED CIVILIZED STANDARDS AND CONCEPTS OF HUMANITY AND DECENCY.

SEE; ESTELLE VS. GAMBLE, 429-U.S 97, 102 (1976).

THE DEFENDANT ACTIONS STATED HEREIN, DEFINES VIOLATION OF HIS EIGHT U.S.CA RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT.

P.3

#3.) IN REGARDS TO THE DEFENDANTS DEFENSE OF Qualified immunity. THIS HONORABLE COURT SHOULD NOT MAKE CREDIBILITY DETERMINATION, OR WEIGH THE EVIDENCE OF THE DEFENDANTS STATE OF MIND.

REEVES VS. SANDERSON PLUMING PROD·INC, 530 U.S 233,150 (2000). THE DEFENDANTS STATE OF MIND IS VIEWED IN HER PLEADING. DEFINING A DETRIMENTAL CONTRIDICTION OF THE DEFENSE THE DEFENDANT CITED UNDER 11 DEL C § 468, (3), (5); AND (7), IN HER JUNE 20, 05 MOTION TO DISMISS, THIS IS BECAUSE THE DEFENDANT FAILED TO AVAIL HERSELF UNDER 11 DEL C § 468, (2); AND (4), IN WHICH DESCRIBES MAINTENANCE OF REASONABLE DISCIPLINE, PREVENTION OF MISCONDUCT, OR AUTHORITY OF A DOCTOR WHO WAS ADMINISTERING TREATMENT.

THE DEFENDANTS ELUSIVE DEFENSE TACTIC'S, FOR WHICH HAVE DELAYED THE CASE PROCEDURES, IS EVIDENCE THAT SHE KNEW SHE HAD VIOLATED THE PLAINTIFFS WELL ESTABLISHED U.S.C.A RIGHTS AT THE TIME AND DATES OF INCIDENTS STATED IN THE PLAINTIFFS COMPLAINT.

FURTHERMORE, THE DEFENDANT STATES IN # 13 OF HER MARCH 26, 08 AFFIDAVIT WITHIN HER MOTION FOR SUMMARY JUDGEMENT, THAT SHE MADE THE DECISION UPON THE ARRIVAL OF THE PLAINTIFF TO THE D.P.C TO MAKE P.R.N, I.e, (ANTI-PSYCHOTIC DRUGS), AVAILABLE TO BE ADMINISTERED FOR EMERGENCY SITUATIONS. (FAILING TO DEFINE A SPECIFIC EMERGENCY SITUATION AT THE PLAINTIFFS ARRIVAL THAT WOULD SUPPORT HER PRESCRIBING ANTI-PSYCHOTIC DRUGS). DEFENDANTS ENTIRE AFFIDAVIT IS VOID OF STATING SAID DRUG WERE BEING MADE AVAILABLE FOR MEDICAL REASONS. THE ANTI-PSYCHOTIC DRUGS WERE BEING MADE AVAILABLE FOR THE PURPOSE TO PUNISH AM IN ANTISCIPATION OF PENAL MEASURES, BECAUSE THE DEFENDANT HAD NOT YET ASSESSED AND DIAGNOSED THE PLAINTIFF. BUT KNOWING PLAINTIFF HAD A RIGHT TO REFUSE SAID DRUGS, SEE PARAGRAPH # 9 OF SAID AFFIDAVIT. 3/26/08

CONT ; 3 )                                          P.4

THE AFOREMENTIONED DRAWS AN INFERENCE THAT.
THE DEFENDANT WAS WELL AWARE THAT AFTER JUNE 10, 04 ,
THAT SHE COULD NOT STRAP THE PLAINTIFF DOWN WITH (4) POINT
RESTRAINTS , AND ORDER HIM INJECTED WITH ANTI- PSYCHOTIC DRUGS
BELIEVING THE PLAINTIFF WAS MALINGERING WITHOUT VIOLATING
THE PLAINTIFF'S WELL ESTABLISHED RIGHTS, (SEE 3/26/08 AFFIDAVIT,
DEFENDANT VIOLATED THE PLAINTIFF WELL ESTABLISHED RIGHTS
DUE TO HER DELIBERATE INDIFFERENCE THAT DEFINES
SHE ACTED OUTSIDE THE GUIDELINES OF 11 DEL C § 468.
CAUSING HARM - INJURIES WITH THE RECKLESS DISREGARD
FOR THE HEALTH AND SAFETY OF THE PLAINTIFF.


THEREFORE , THE DOCTRINE OF QUALIFIED IMMUNITY
SHOULD NOT BE AVAILABLE TO THE DEFENDANT AS DEFENSE


#4.) AFTER THE DEFENDANT , FOSTER AUTHORED HER
JUNE 10, 04 REPORT THAT DIAGNOSED THE PLAINTIFF AS MALINGERING,
THE DEFENDANT PERSPECTIVE OF THE PLAINTIFF'S D. P. C
STATUS , WAS THAT HE WAS NO LONGER AN ALLEGED
PSYCHIATRIC PATIENT , BUT MORE SO AN INMATE RESIDENT.

P. 5

#5.) IN REGARDS TO SUSTAINING CLAIM FOR CIVIL ASSAULT
AND BATTERY. THE DEFENDANT ANTISCIPATED UTILIZING
ANTI-PSYCHOTIC DRUGS ON THE PLAINTIFF FOR PENAL MEASURE,
APON THE PLAINTIFF'S ARRIVAL AT THE D.P.C.
THE ANTI-PSYCHOTIC DRUGS HALDOL-ATIVAN-GEODON WERE
MADE AVAILABLE PRIOR TO THE DEFENDANT PERSONALLY
ASSESSING AND OR DIAGNOSING THE PLAINTIFF.
SAID ANTI-PSYCHOTIC DRUGS WERE MADE AVAILABLE FOR
THE INTENT TO PUNISH THE PLAINTIFF AT THE UNJUSTAFIABLE
DISCRETION OF THE DEFENDANT. SUBSEQUENTLY, THE DEFENDANT
ON NUMEROUS OCCASSION DURING THE PLAINTIFF'S STAY AT
THE D.P.C DATING FROM MAY 21, 04 THRU JUNE 25, 04
ORDERED SEVERAL D.P.C STAFF MEMBERS TO STRAP THE
PLAINTIFF DOWN WITH (4) POINT RESTRAINTS; THEN INVOLUNTARILY
ADMINISTER THE ANTI-PSYCHOTIC DRUGS HALDOL-ATIVAN-GEODON
TO HIM AGAINST HIS WILL AND OR WITHOUT HIS CONSENT,
INTENDING TO PUNISH THE PLAINTIFF WITHOUT REGARD TO
THE PLAINTIFF'S SAFETY AND HEALTH. SPECIFICLY, THE
DEFENDANTS ORDERS 90 PERCENT OF THE TIMES AND DATES
STATED IN THE PLAINTIFF'S COMPLAINT, TO VIOLATE THE PLAINTIFF
IN THE AFOREMENTIONED MANNER DISCRIBED HEREIN, WAS AFTER
THE JUNE 10, 04 REPORT AUTHORED BY THE DEFENDANT FOR WHICH
DIAGNOSED HIM AS MALINGERING

THEREFORE, THE PLAINTIFF CAN SUSTAIN HIS CLAIMS
FOR CIVIL ASSAULT AND BATTER DUE TO DEFENDANTS ACTIONS
FALLING OUTSIDE THE GUIDELINES OF 11 DEL C 8 468 AS WELL
AS VIOLATING HIS 8TH U.S.CA RIGHTS.

P.6

#6.) NOTHING IN ANY OF THE DEFENDANTS PLEADINGS
INDICATE THAT THE DEFENDANT GRANTED THE PLAINTIFF
HIS DUE PROCESS RIGHTS, PRIOR TO AND OR AFTER ORDERING
HIM (4) POINT RESTRAINED, (AS, IS STATED IN HER
MARCH 26, 08 MOTION FOR SUMMARY JUDGEMENT AS WELL AS
HER MARCH 26, 08 AFFIDAVIT), SUCH AS A.) HIS RIGHT
TO RECEIVE WRITTEN NOTICE OF THE ALLEGED INFRACTION,
B.) HIS RIGHT TO PRESENT EVIDENCE, C.) HIS RIGHT TO CALL
WITNESSNESSES IN HIS BEHALF, D.) HIS RIGHT TO BE PROVIDED
WITH THE FACT FINDING RATIONAL, E.) HIS RIGHT TO CONFRONT
HIS ACCUSER, F.) HIS RIGHT TO APPEAL

8TH + 14TH U.S.CA RIGHTS VIOLATIONS.

#7.) THIS HONORABLE COURT HAS ALREADY IN ITS
JULY 5, 06 AMENDED MEMORANDUM IN RESPONSE TO
DEFENDANTS FOSTER'S JUNE 20, 05 MOTION TO DISMISS
RULED THAT THE DEFENDANT FOSTER IS NOT INTITLED
TO DEFENSES CITED AS NUMBERS II, III AND V OF HER
MOTION FOR SUMMARY JUDGEMENT, AND AT THIS
JUNCTION OFFER ABSOLUTELY NOTHING NEW FOR THIS
HONORABLE COURT TO CONSIDER IN FACT AND OR LAW,
THAT MAY HAVE PREVIOUSLY UNDERMINED THE FUNDAMENTAL
LEGALITY, RELIABILITY, INTEGRITY OR FAIRNESS OF SAID
RULING, FOR THIS HONORABLE COURT TO RECONSIDER THESE
DEFENSES AGAIN IN THE INTREST OF JUSTICE.
FURTHERMORE, FOR THIS HONORABLE COURT TO CONSIDER
THE AFOREMENTIONED DEFENSES WOULD PREJUDICE THE PLAINTIFF

P. 7

#8.)  THE DEFENDANT FOSTER HAS ONLY MADE FACIAL CHALLENGES
SOLEY BASED UPON THE APPLICATION OF LEGAL PRINCIPALS, DUE TO THE LACK
OF ANY SPECIFIC DETAILED INCIDENT STATED IN HER MOTION FOR SUMMARY
JUDGEMENT THAT CONNECTS THE PLAINTIFF AND GIVES REASON WHY THIS
HONORABLE COURT SHOULD AS A MATTER OF FACT AND OR LAW TAKE THE
DEFENDANTS AFFIRMATIVE DEFENSES INTO CONSIDERATION.

     THE DEFENDANT FOSTER'S PLEADINGS STATED IN HER MOTION FOR
SUMMARY JUDGEMENT, FAILED TO STATE THE DETAILS OF THE
ALLEGED EMERGENCY INCIDENT(S), I.E., NAMES, DATES, TIMES,
LOCATIONS, SIGNED AFFIDAVITS, DISCRIPTION OF THE PLAINTIFFS
CONDUCT THAT GAVE THE REASON TO DEEM THE PLAINTIFF A
THREAT TO HIS VERY OWN SAFETY, THE SAFETY OF OTHERS,
OR THE ORDILY OPERATION OF THE FACILITY. THE DEFENDANTS
PLEADINGS STATED IN THE MOTION FOR SUMMARY JUDGEMENT ARE
INSUFFICIENT IN FACT AND LAW, AND IS ONLY METAPHYSICAL
IN NATURE, AND THEREFORE, SHOULD BE DEEMED JUDICIALLY
MERITLESS AND NOT TAKEN INTO CONSIDERATION BY THIS HONORABLE
COURT WHEN JUDGEMENT IS RENDERED IN THIS CASE.


#9.)  THE DEFENDANT HAS FAILED TO STATE THE AFFIRMATIVE
DEFENSE OF "QUALIFIED IMMUNITY" STATED IN HER MARCH 26, 08
MOTION FOR SUMMARY JUDGEMENT IN HER PRIOR JUNE 20, 05 MOTION TO
DISMISS AND OR HER RESPONSES TO THE PLAINTIFFS COMPLAINT — PLEADINGS —
DEPOSITIONS — INTERROGATORIES — ADMISSIONS AND OR IN ANY OF HER PLEADINGS
OR MOTIONS PRIOR TO THE CLOSE OF DISCOVERY, (JAN 27, 2008), AND CONSIDERATION
OF SAID DEFENSE NOW, WOULD PREJUDICE THE PLAINTIFF.
     FAILURE TO RAISE DEFENSE RESULTS IN A WAIVER OF THAT DEFENSE.
CHARPENTER V. GODSIL, 937. 2d 859, 863 (3RD CIR. 1991).

P8.

#10.) THE PLAINTIFF DID NOT GIVE THE DEFENDANT THE CONSENT
TO ADMINISTER ANTI- PSYCHOTIC DRUGS TO HIM, NOR DID HE GIVE
CONSENT TO RESTRAIN HIM WITH (4) POINT RESTRAINTS, AS IT IS
STATED IN NUMBER 5 OF THE PLAINTIFF'S CIVIL COMPLAINT.
I QUOTE, NO, NO NURSE, I DON'T NEED A SHOT, I DIDN'T
DO ANYTHING TO DESERVE BEING GIVE A SHOT, UNQUOTE.

#11.) IN REGARDS TO THE CASE LAW ATTACHED AS EXHIBIT
IN THE MEMORANDUM IN SUPPORT OF DEFENDANTS MOTION FOR
SUMMARY JUDGEMENT, THE DEFENDANT FOSTER HAS FAILED
TO STATE NAMES, DATES, TIMES, LOCATIONS, SIGNED AFFIDAVITS
AND OR FULL DISCRIPTION OF ANY OF THE ALLEGED EMERGENCY
INCIDENTS, THAT GAVE REASON CITED IN SAID CASE LAW EXHIBITS
THE AUTHORITY TO INVOLUNTARILY ADMINISTER ANTI- PSYCHOTIC DRUGS.
THEREFORE, SAID CASE LAW SHOULD NOT BE TAKEN INTO
CONSIDERATION WHEN THIS HONORABLE COURT RENDERS
JUDGEMENT IN THIS CASE.

#12.) THE DEFENDANT HAS NOT SUBMITTED ANY PLEADINGS
THAT THE PLAINTIFFS CLAIMS AS THEY ARE STATED IN
HIS COMPLAINT, THAT THEY ARE SIMPLY UNTRUE, AND OR
THAT THERE ARE NO GENUINE ISSUE OF MATERIAL FACT
FOR TRIAL, FOR WHICH RELIEF CAN BE GRANTED.
THIS CAUSES THIS HONORABLE COURT TO DRAW AN
INFERENCE OF CREDIBILITY. CREDIBILITY IS A JURY FUNCTION.
REEVES, 530 U.S AT 150.

P. 9

#13.) THE PLAINTIFFS CLAIMS AS THEY ARE STATED IN HIS
CIVIL COMPLAINT, ARE FACTUALLY SUPPORTED BY DEPOSITIONS,
ADMISSIONS, DISCOVERY, INTERROGATORIES AS WELL AS
THE DEFENDANT FOSTERS VERY OWN MOTION FOR SUMMARY
JUDGEMENT AND HER AFFIDAVIT DATED MARCH 26, 08.
THE AFOREMENTIONED VALIDATE THAT THERE IS MATERIAL
FACT FOR TRIAL FOR WHICH RELIEF CAN BE GRANTED.
THE AFOREMENTION SUPPORTS DENIAL OF THE DEFENDANTS
MOTION FOR SUMMARY JUDGEMENT IN ALL REGARDS.

#14.) THE DEFENDANT CAUSED THE PLAINTIFF TO BE
TRANSFERED BACK TO THE D.O.C WITHOUT FIRST OBTAINING
AN OFFICIAL COURT ORDER DOCKETED WITH THE NEW CASTLE CO.
SUPERIOR COURT, THE AFOREMENTIONED VIOLATED THE
PLAINTIFF'S LIBERTY INTREST TO RECEIVE TREATMENT AT THE
D.P.C FOR HIS VERY OWN WELL BEING AS ORDERED BY
JUDGE TOLIVER ON DEC 1, 03, AND THEREFORE DEFINES
THE DEFENDANTS DELIBERATE INDIFFERENCE TOWARDS
THE PLAINTIFF'S DUE PROCESS RIGHT TO HAVE A COMPETENCY
HEARING THAT WOULD HAVE GIVEN THE PLAINTIFF THE
OPPORTUNITY TO IMPUNG THE DEFENDANTS ERRONEOUS
JUNE 10, 04 REPORT, (TO ERRONEOUS TO BE JUDICIALLY
RELIED ON BY THE N.C.C SUPERIOR COURT).
BECAUSE OF THE DEFENDANT VIOLATING THE PLAINTIFF
IN THE AFOREMENTIONED MANNER, THE PLAINTIFF
HAS NEVER BEEN DEEM COMPETENT, AND THEREFORE STANDS
CRIMINALLY INCOMPETENT TOLLING SINCE DEC 1, 03.
14 TH U.S.CA RIGHT VIOLATION. (SEE S.CT C DOCK, ATTACHED)

P. 10

#15.) THE DEFENDANT KNEW THAT RESTRAINING THE PLAINTIFF AS WELL AS HAVING HIM INVOLUNTARILY AND ADMINISTERED ANTI-PSYCHOTIC DRUGS CAUSED THE PLAINTIFF PAIN AND SUFFERING DUE TO THE PLAINTIFF REQUESTING MEDICAL TREATMENT FOR THE ADVERSE INJURIES HE RECEIVED FROM THE TREATMENT THE DEFENDANT OPENINGLY ADMITS, (SEE MARCH 26, 08 AFFIDAVIT.)

#16.) THE PLAINTIFF HEREBY REQUEST THAT THIS HONORABLE COURT TAKE THE PLAINTIFFS PRO-SE STATUS INTO CONSIDERATION

#17.) FOR ALL OF THE AFOREMENTIONED REASONS THE DEFENDANTS DISPUTES ARE NOT AMENABLE TO RESOLUTION BY SUMMARY JUDGEMENT, AND SHOULD BE DECIDED BY A JURY.

#18.) THE PLAINTIFF HEREBY REQUEST THAT THIS HONORABLE COURT CHARGE THE DEFENDANT WITH ANY AND ALL VIOLATIONS THAT THE PLEADINGS, DEPOSITION, DISCOVERY, ADMISSIONS, INTERROGATORIES AND AFFIDAVITS WILL SUPPORT. WITHOUT VIOLATING THE DEFENDANT U.S.CA RIGHTS AND OR WITHOUT HINDER THE ADVANCE OF THE COURTS CALENDER.

P. 11

#19.) THE DEFENDANT OBTAINED AND SUBMITTED THE INFORMATION
STATED IN HER JUNE 10, 04 REPORT IN VIOLATION OF THE PLAINTIFFS
U.S.CA RIGHTS AS STATED IN THE PLAINTIFFS COMPLAINT, PLEADINGS,
DEPOSITION, INTERROGATORIES, DISCOVERY, ADMISSIONS, AFFIDAVITS
IN THIS CASE, AND THEREFORE SUPPORTS THE PRELIMINARY INJUNCTION
SOUGHT REGARDING SAID REPORT, OF THE DEFENDANT INFORMING THE
N.C.C SUPERIOR COURT THAT HER REPORT ISN'T JUDICALLY RELIABLE
BECAUSE IT IS THE FRUIT OF A POISIONOUS TREE. SEE PARAGRAPH
#21 HEREIN.

#20.) THE PLEADINGS, COMPLAINT, DEPOSITION, INTERROGATORIES,
ADMISSIONS, DISCOVERY AND AFFIDAVITS IN THIS CASE
SUPPORT THE PRELIMINARY INJUNCTION SOUGHT,
FOR MEDICAL HELP STATED IN HIS COMPLAINT.

#21.) THE DEFENDANT COULD HAVE RE-AUTHORED HER JUNE 10, 04
REPORT TO REFLECT TO DETAILS AS THEY ARE STATED IN.
THE DEPOSITION, INTERROGATORIES, ADMISSIONS, DISCOVERY,
AND HER MARCH 26, 08 AFFIDAVIT, DUE TO HER REPORT
BEING FILED ON JUNE 28, 04, THREE DAYS AFTER
THE PLAINTIFF WAS TRANSFERED BACK TO THE D.O.C
FOR WHICH DEFINES THE DEFENDANTS DELIBERATE INDIFFERENCE
THAT VALIDATES HER REPORT IS INDEED FRUIT OF A
POISIONOUS TREE.

SEE THE ATTACHED N.C.C S.CT C DOCK #39 AND 41

CERTIFICATE OF SERVICE

I, THE UNDERSIGNED PLAINTIFF JIMMIE LEWIS
DUE HEREBY CERTIFY ON THIS 28TH DAY OF MARCH,
2008, THAT I DID MAIL ONE TRUE AND CORRECT
COPY OF THE PLAINTIFF'S MOTION FOR DISMISSAL OF
DEFENDANT SYLVIA FOSTER'S MOTION FOR SUMMARY
JUDGEMENT # 1, BY U.S POSTAL TO EACH
OF THE FOLLOWING :


CLERK OF THE COURT (GMS)
U.S DISTRICT COURT
844 N. KING ST, LOCKBOX 18
WILMINGTON, DELAWARE 19801


JOSEPH C. SCHOELL
WILM TRUST CENTER
1100 N. MARKET ST
    SUITE 1001
WILMINGTON, DELAWARE 19801




DATE: 3/28/08                    Jimmie Lewis
                                 SBI # 506622
                                 DEL. CORR. CENTER
                                 1181 PADDOCK RD
                                 SMYRNA, DE 19977

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    1
                          ( as of   01/30/2008 )
```

State of Delaware v.  JIMMY LEWIS                              DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.              EMMANUEL E ELDER


Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0305016966 | IN03060175R2 | CARJACKING 2ND | GLTY | 10/23/2003 |
| 002 | 0305016966 | IN03060176R2 | THEFT $1000 OR> | GLTY | 10/23/2003 |
| 003 | 0305016966 | IN03060177R2 | RESIST ARREST | GLTY | 10/23/2003 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|

1   06/03/2003
    CASE ACCEPTED IN SUPERIOR COURT.
    ARREST DATE: 05/26/2003
    PRELIMINARY HEARING DATE: 060203
    BAIL:   SECURED BAIL-HELD                  12,000.00 100%
    NO CONDITION
2   06/30/2003
    INDICTMENT, TRUE BILL FILED.NO 6
    SCHEDULED FOR CASE REVIEW AND ARRAIGNMENT 07/28/03 AT 9:00
3   07/03/2003
    ACKNOWLEDGEMENT OF RECEIPT OF DISCOVERY RESPONSE.
    JOHN EDINGER
4   07/14/2003
    SUMMONS MAILED.
    07/28/2003                                 COOCH RICHARD R.
    CASE REVIEW & ARRAIGNMENT CALENDAR: SET FOR FINAL CASE REVIEW.
    DATE: 8/18/03 @ 9:00
6   08/12/2003
    DEFENDANT'S LETTER FILED.
    08/18/2003                                 GEBELEIN RICHARD S.
    FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 10/21/2003.
5   08/18/2003
    ORDER SCHEDULING TRIAL FILED.
    TRIAL DATE:  10/21/03
    CASE CATEGORY:      2
    ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):
    UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
    OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
    FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
    CONTINUANCE REQUESTS WILL BE DENIED.
8   08/29/2003

```
                   SUPERIOR COURT CRIMINAL DOCKET              Page    2
                       ( as of  01/30/2008 )

State of Delaware v.  JIMMY LEWIS                         DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.     AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.             EMMANUEL E ELDER

        Event
No.    Date           Event                              Judge
-------------------------------------------------------------------------
        DEFENDANT'S LETTER FILED.
12    09/30/2003
        DEFENDANT'S LETTER FILED.
 7    10/06/2003
        SUBPOENA(S) MAILED.
 9    10/07/2003
        DEFENDANT'S LETTER FILED.
13    10/07/2003
        STATE'S WITNESS SUBPOENA ISSUED.
22    10/10/2003
        DEFENDANT'S LETTER FILED.
15    10/14/2003
        MOTION FOR DISCOVERY AND MOTION TO SUPPRESS FILED PROSE. REFERELL MEMO
        (RULE 47) SENT TO P.D. OFFICE TO MR. EDINGER.
16    10/14/2003
        DEFENDANT'S LETTER FILED.
        TO: J. EDINGER
        LETTER REFERRED TO COUNSEL
10    10/15/2003
        DEFENDANT'S LETTER FILED.
11    10/15/2003
        DEFENDANT'S LETTER FILED.
14    10/17/2003
        REFERRAL TO COUNSEL MEMORANDUM FILED.
        ATTACHING LETTER/DOCUMENT FROM DEFENDANT.  REFERRED TO DEFENSE COUNSEL
        AS ATTORNEY OF RECORD.  COPY OF DEFENDANT'S LETTER NOT REVIEWED BY THE
        COURT AND NOT RETAINED WITH THE COURT'S FILE.  PLEASE ADVISE YOUR
        CLIENT THAT FURTHER COMMUNICATIONS REGARDING THIS CASE SHOULD BE
        DIRECTED TO YOU. J. EDINGER
        REFERRED BY: S. NAPIER
18    10/20/2003
        STATE'S WITNESS SUBPOENA RETURNED
17    10/21/2003                          ABLEMAN PEGGY L.
        TRIAL CALENDAR- WENT TO TRIAL JURY
19    10/21/2003                          ABLEMAN PEGGY L.
        JURY TRIAL HELD 10/21/03, 10/22/03, AND 10/23/03.
        JURY SWORN IN 10/21/03 AT 3:10 P.M.
        10/22/03 DEFENSE MOTION FOR ACQUITTAL ON ALL 3 COUNTS.  MOTION DENIED
        ON ALL 3 COUNTS.
        JURY FOUND DEFENDANT GUILTY OF CARJACKING 2ND (0175), THEFT (0176) AND
        RESISTING ARREST (0177).
        PSI ORDERED. SENTENCING SCHEDULED FOR 12/5/03 AT 9:30 A.M.
```

```
                 SUPERIOR COURT CRIMINAL DOCKET            Page    3
                    ( as of  01/30/2008 )

State of Delaware v.  JIMMY LEWIS                        DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.              EMMANUEL E ELDER

     Event
No.  Date         Event                            Judge
-------------------------------------------------------------------------
     1 COURT EXHIBIT. GAVE TO EDGAR JOHNSON TO PUT IN VAULT.
     AG/ROBERTSON - PD/EDINGER - CR/FELDMAN, DONNELLY & MAURER - CC/CARUSO.
     JUDGE HERLIHY TOOK THE VERDICT FOR JUDGE ABLEMAN
24   10/21/2003
     LETTER FROM: MARGOT R. MILLAR, OFFICE OF DISCIPLINARY COUNSEL
     TO: DEFENDANT.
     RE: DISCIPLINARY COMPLAINT AGAINST DEFTS. COURT APPOINTED ATTY.
     *SEE FULL LETTER IN FILE*
20   10/23/2003                                 ABLEMAN PEGGY L.
     CHARGE TO THE JURY FILED.
21   10/23/2003
     VOIR DIRE QUESTIONS FILED.
     STATE'S PROPOSED VOIR DIRE.
23   11/04/2003
     LETTER FROM SUPREME COURT TO JIMMY LEWIS
     RE: THE SUPREME COURT IS IN RECEIPT OF YOUR LETTER
     DATED OCTOBER 24, 2003. THE SUPREME COURT IS AN APPELLATE COURT
     WHICH RECEIVES APPEALS AND RELATED DOCUMENTS FILED PURSUANT
     TO SUPREME COURT RULES. ACCORDING TO THE SUPREME COURT RECORDS,
     YOU DO NOT HAVE AN APPEAL PENDING AT THIS TIME. BY COPY OF THIS
     LETTER I AM PROVIDING COPIES OF YOUR LETTER TO YOUR ATTORNEY, AND
     THE DEPUTY ATTORNEY GENERAL, THE PROTHONOTARY.
25   11/14/2003
     MOTION FOR PSYCHOLOGICAL/PSYCHIATRIC EXAM FILED.
     BY JOHN S EDINGER JR,ESQ
     REFERRED TO JUDGE TOLIVER-OFFICE JUDGE SENT UP (11/24/03)
26   12/01/2003                                 TOLIVER CHARLES H. IV
     ORDER: ORDERED THAT JIMMY LEWIS,THE DEFENDANT, BE TRANSFERRED TO THE
     DELAWARE STATE HOSPITAL FOR PSYHIATRIC EVALUATION FOR THE PURPOSE OF
     DETERMINING COMPETENCY, AND TO OBTAIN TREATMENT FOR HIS OWN WELL-BEING
     AS SOON AS DELAWARE STATE HOSPITAL NOTIFIES GANDER HILL OF AN
     AVAILABLE OPENING, JIMMY LEWIS IS TO BE TRANSPORTED AND EVALUATED.
27   12/03/2003
     MOTION FOR TRANSCRIPT FILED PROSE.  REFERRED TO JUDGE ABLEMAN.
     * NOTE FROM CHAMBERS-JUDGE REVIEWED BOTH LETTERS 12/22/03 NO ACTION
     NEEDED. AMH
28   12/16/2003
     DEFENDANT'S LETTER FILED.
29   01/13/2004
     DEFENDANT'S LETTER FILED.
30   03/01/2004
     LETTER FROM: JOHN S. EDINGER, ESQ.      TO: JUDGE ABLEMAN
```

SUPERIOR COURT CRIMINAL DOCKET                Page    4
( as of  01/30/2008 )

State of Delaware v.  JIMMY LEWIS                    DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.    AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.            EMMANUEL E ELDER

      Event
No.   Date        Event                              Judge
--------------------------------------------------------------------------
      RE: ON 12/01/03, THE COURT ORDERED THAT THE DEFENDANT BE TRANSFERRED
      TO THE DELAWARE STATE HOSPITAL FOR PSYCHIATRIC EVALUATION.  TO DATE,
      HE HAS NOT BEEN TRANSPORTED FOR AN EVALUATION.
      (LETTER AND FILE REFERRED TO JUDGE ABLEMAN 03/01/04)
31    03/11/2004
      MOTION FOR JUDGMENT OF ACQUITTAL FILED PROSE.  REFERRED TO JUDGE
      ABLEMAN
32    03/23/2004                              ABLEMAN PEGGY L.
      LETTER/ORDER ISSUED BY JUDGE: ABLEMAN
      RE: THE COURT HAS CONSIDERED YOUR PRO SE MOTION FOR JUDGEMENT OF
      ACQUITTAL.  NORMALLY, THE COURT WILL NOT CONSIDER ANY PLEADINGS THAT
      YOU FILE PRO SE SINCE YOU ARE REPRESENTED BY COUNSEL, JOHN EDINGER.
      YOU SHOULD CONSULT WITH HIM FOR THE FILING OF ANY MOTIONS OR PLEADINGS
      IN THIS CASE, YOUR MOTION FOR JUDGEMENT OF ACQUITTAL IS UNTIMELY AND
      IS THEREFORE HEREBY DENIED.  IT IS SO ORDERED JUDGE ABLEMAN.
33    04/19/2004
      PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
      REFERRED TO JUDGE CARPENTER.
      DATE REFERRED: 4/21/04
      CIVIL CASE NO: 04M-04-054
34    04/26/2004                              CARPENTER WILLIAM C. JR.
      LETTER/ORDER ISSUED BY JUDGE CARPENTER.
      RE: HABEAS CORPUS PETITION 04M-04-054 IS DENIED.
      YOUR REQUEST FOR HABEAS CORPUS RELIEF HAS BEEN FORWARDED TO ME FOR A
      DECISION. A REVIEW OF THE DOCKET IN THIS MATTER CLEARLY INDICATES THAT
      YOU WERE CONVICTED ON OCTOBER 21, 2003 ON THE CHARGES OF CARJACKING
      SECOND DEGREE, THEFT, AND RESISTING ARREST AND THE TRIAL WAS PRESIDED
      OVER BY JUDGE ABLEMAN.  IN NOVEMBER, 2003, YOUR COUNSEL, MR. EDINGER,
      FILED A MOTION FOR A PSYCHIATRIC EXAMINATION WHICH WAS APPROVED BY
      JUDGE TOLIVER ON DECEMBER 1, 2003. WHILE I APPRECIATE THAT YOU ARE
      UPSET REGARDING THE DELAY THAT HAS OCCURED WITH REGARD TO THIS
      EVALUATION, IT DOES NOT PROVIDE YOU WITH A BASIS FOR HABEAS CORPUS
      RELIEF. SINCE IT IS CLEAR BASED UPON THE ABOVE THAT YOU ARE PRESENTLY
      BEING HELD CONSISTENT WITH YOUR CONVICTION ON THE ABOVE CHARGES AND
      YOUR FAILURE TO POST APPROPRIATE BAIL, YOUR REQUEST IS HEREBY DENIED.
      I WILL FORWARD A COPY OF THIS LETTER TO JUDGE ABLEMAN AND JUDGE
      TOLIVER SO THAT THEY MAY BE AWARE OF THE DELAY THAT IS OCCURRING. WCC
35    04/26/2004
      NOTICE OF SERVICE
      RE: COPY OF GROUNDS FOR APPEAL
36    05/07/2004
      DEFENDANT'S LETTER FILED.

```
                        SUPERIOR COURT CRIMINAL DOCKET              Page    5
                              ( as of  01/30/2008 )
```

State of Delaware v.  JIMMY LEWIS                                DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.              EMMANUEL E ELDER

```
        Event
No.    Date          Event                                   Judge
----------------------------------------------------------------------------
```

37   05/13/2004
       PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
       SUBMITTED BY:  DONALD NAPOLIN, MENTAL HEALTH SUPERVISOR
       AND ORDER REQUESTING DEFENDANT BE TRANSFERED TO MITCHELL BUILDING
       GRANTED BY JUDGE TOLIVER ON 5-13-04
38   05/14/2004
       DEFENDANT'S LETTER FILED.
       LETTER REGARDING NAMES AND PLACE EMPLOYMENT OF BAILIFF'S WHO PROVIDED
       COURT ON 10/21 10/23 FOR A WRIT OF MANDAMUS TO BE FILED.
       *SEE FULL LETTER IN FILE.
40   06/16/2004
       LETTER FROM DIANNE STACHOWSKI TO JUDGE TOLIVER, REQUESTING DEFT
       BE TRANSFERED BACK TO DOC.
39   06/28/2004
       PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
       SUBMITTED BY:  SYLVIA FOSTER MD
       COPY SENT TO ATTORNEY AND JUDGE TOLIVER
41   06/29/2004
       LETTER FROM DIANNE STACHOWSKI TO JUDGE TOLIVER REQUESTING DEFENDANT
       BE TRANSFERRED BACK TO DOC.
42   07/06/2004
       LETTER FROM COMMISSIONER WHITE TO COUNSEL GIVING THEM 10 DAYS TO
       REQUEST A COMPETENCY HEARING AND INFORMING OF THE SENTENCING DATE
       OF 8-27-04 AT 9:30 WITH JUDGE TOLIVER.
43   07/19/2004
       MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER FILED.
       BY BRIAN J ROBERTSON,DAG
       MOTION PUT IN FILE TO BE HEARD AT SENTENCING
44   07/26/2004
       PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
       COPY RECEIVED FROM DEFENDANT LEWIS
       SEALED BY ORDER OF SUPERIOR COURT
45   08/02/2004
       CONTINUANCE REQUEST FILED BY J EDINGER - GRANTED PER JUDGE ABLEMAN
       (SENTENCING)
46   08/09/2004
       MOTION TO DISMISS COUNSEL FILED PRO SE.  REFERRED TO JUDGE ABLEMAN
47   08/17/2004
       MOTION FOR COMPETENCY HEARING FILED PRO SE.  REFERRED TO JUDGE ABLEMAN
48   08/17/2004
       MOTION FOR DISCOVERY FILED PRO SE. REFERRED TO JUDGE ABLEMAN
49   08/20/2004                                      ABLEMAN PEGGY L.

I/M Jimmie Lewis

SBI# 506622   UNIT: SHU 17, A-1

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

CLERK OF THE COURT (GMS)
UNITED STATES DISTRICT COURT
844 N. KING ST. LOCKBOX 18
WILMINGTON, DELAWARE
19801

U.S.M.
X-RAY

UNITED STATES POSTAGE
$ 00.75¢
02 1A
0004608975   MAR 31 2008
MAILED FROM ZIP CODE 19977