IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS

VS.                     CA NO. 04-1350 (GMS)

DR. SYLVIA FOSTER, ET AL.



FILED
APR - 2 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

MOTION FOR DENIAL OF DEFENDANTS
DAVID MOFFETT - LANCE SAGERS
AND ROBERT N. GRAY'S MOTION
FOR SUMMARY JUDGEMENT #1

DATE: 3/31/08

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

#1)                                                            P.1

DEFENDANTS HAVE FAILED TO PRESENT DEFENSES STATED IN THE MOTION FOR SUMMARY JUDGEMENT IN PRIOR PLEADINGS, PRIOR TO THE CLOSE OF DISCOVERY JAN 27, 08, AND OR IN RESPONSE TO THE PLAINTIFFS MOTION FOR DISCOVERY #II, DI.106 PARAGRAPH # 190, I.e., I QUOTE "STATE YOUR AFFIRMATIVE DEFENSES", UNQUOTE. IN RESPONSE THE DEFENDANTS STATED, I QUOTE "ALL DEFENSES WERE STATED IN THE ANSWER TO THE SECOND AMENDED COMPLAINT, DI.59", UNQUOTE. BECAUSE OF THIS, AT THE CLOSE OF DISCOVERY JAN 27, 08 THE PLAINTIFF ACKNOWLEDGED THAT THE DEFENDANTS WAIVED ANY FURTHER AFFIRMATIVE DEFENSES PRIOR TO THEIR FILING MOTION FOR SUMMARY JUDGEMENT DATED MARCH 26, 08. FOR THIS HONORABLE COURT TO TAKE ANY OF THE DEFENDANTS AFFIRMATIVE DEFENSES STATED IN THEIR MOTION FOR SUMMARY JUDGEMENT INTO CONSIDERATION, AT THIS JUNCTION, WOULD PREJUDICE THE PLAINTIFF, BECAUSE THE PLAINTIFF CAN NO LONGER MARSHAL THE FACTS IN THIS CASE VIA DISCOVERY REQUEST.

SEE; CHARPENTIER VS. GODSIL, 937 F.2d 859-863 (3RD CIR. 1991).

#2)                                                                                                                    P.2

REGARDING THE 6/14/04, 8:45 INCIDENT, QUALIFIED IMMUNITY SHOULD NOT BE AVAILABLE TO THE DEFENDANTS AS DEFENSE, BECAUSE DEFENDANTS HAVE FAILED TO STATE AN EMERGENCY. THE DEFENDANTS STATE THE PLAINTIFF WAS ON VENDING MACHINE RESTRICTION, AND IN POSSESSION OF A BAG OF M&M CANDY THAT HE WAS EATING IN THE DINNING HALL, FOR WHICH CAN NOT BE DEEMED AS DANGEROUS OR A THREAT TO THE PLAINTIFF, STAFF, OTHERS OR THE ORDILY OPERATION OF THE FACILITY. THIS IN FACT IS THE PRINCIPAL REASON THE DEFENDANTS SUPPLY FOR THEIR BEING SUMMONED BY THEIR SUPERVISOR NURSE HELEN HANLON. THE DEFENDANTS ACTIONS PRODUCED THE HOSTILE INVIORMENT, DUE TO THEIR UTILIZING UNNECESSARY EXCESSIVE FORCE TO REMOVE THE BAG OF M&M CANDY FROM THE PLAINTIFF'S HAND. THIS WAS DONE WITHOUT FIRST TAKING INTO CONSIDERATION, LESS RESTRICTIVE MEASURES OF PROPERLY ADDRESSING THE SITUATION. BECAUSE THE DEFENDANTS ARE BRIEFED DAILY IN REGARDS TO THE PLAINTIFFS STATUS, FOR WHICH MADE THEM AWARE THAT DR. FOSTER ON JUNE 10, 04 DIAGNOSED THE PLAINTIFF AS MALINGERING, FOR WHICH MADE THE PLAINTIFF INELIGABLE FOR ANTI-PSYCHOTIC DRUGS, ABSENT THEIR LYING TO DR. FOSTER STATING THAT THE PLAINTIFF WAS VIOLENT AND A THREAT TO THE SAFETY —

CONT #2.)                                              P.3

TO OTHERS, STAFF AND HIMSELF, FOR WHICH SUBJECTED HIM TO DR. S. FOSTERS ORDERS FOR HIM TO BE RESTRAINED AND INJECTED WITH THE ANTI-PSYCHOTIC DRUGS HALDOL, ATIVAN AND GEODON.

THE FACTS OF THE DEFENDANTS LIES ARE EVIDENT IN THEIR MOTION FOR SUMMARY JUDGEMENT P. 9-10, FOR WHICH CONTRIDICTS PRIOR PLEADING SUBMITTED BY THE DEFENDANTS. SEE DEFENDANTS MOFFETT AND GRAY'S APRIL 9, 07 INTERROGATORY ANSWERS PARAGRAPH # 1, DI. 183 AND DI. 185.

FURTHERMORE, THERE CAN BE NO DOUBT THAT A REASONABLE NURSE ASSISTANT WORKING AT THE DEL. PSYCH CENTER WOULDN'T KNOW THAT LYING IN THE AFOREMENTIONED MANNER WOULD RESULT WITH THE PLAINTIFFS RESTRAINED AND INJECTED, FOR WHICH IS APPARENT VIOLATION OF PRE-EXISTING LAW. QUALIFIED IMMUNITY SHOULD NOT BE GRANTED WHEN UNLAWFULLNESS OF ACTION IS APPARENT IN LIGHT OF PRE-EXISTING LAW. PLAINTIFF HAS RIGHT TO AVOID ANTI-PSYCHOTIC DRUGS. RIGGINS, 504 US AT 132. ABSENT AN EMERGENCY, UNWANTED SEDATION COULD NOT BE REASONABLY RELATED TO LIGITIMATE GOALS OF SAFETY. THIS IS A MATTER OF CREDIBILITY. CREDIBILITY IS A JURY FUNCTION. REEVES, 530 U.S AT 150.


# 3            P. 4

IN REGARDS TO THE DEFENDANTS DEFENSE;

A. THE ATTENDANTS DID NOT WANTONLY INFLICT PAIN.

1.) THE HONORABLE JUDGE SLEET HAS ALREADY IN HIS 7/5/06 AMENDED MEMORANDUM, RULED THAT THE DEFENDANTS ARE NOT ENTITLED TO DEFENSE AS STATED, AND AT THIS JUNCTION OFFER NOTHING NEW THAT GIVES JUDICIAL REASON THAT MAY HAVE UNDERMINED THE FUNDAMENTAL LEGALITY, RELIABILITY, INTEGRITY, OR FAIRNESS OF SAID RULING, FOR THIS HONORABLE COURT TO RECONSIDER THIS DEFENSE AGAIN IN THE INTEREST OF JUSTICE. SEE ALSO, PAGES 1, 2 AND 3 HEREIN

2.) THE DEFENDANTS FAILURE TO STATE THIS DEFENSE PRIOR TO THE CLOSE OF DISCOVERY JAN 27, 08, RESULTED IN THEIR WAIVING SAID DEFENSE. CONSIDERATION KNOW BY THIS HONORABLE COURT WOULD PREJUDICE THE PLAINTIFF DUE TO HIS NOT BEING ABLE TO MARSHAL THE FACTS VIA DISCOVERY.
SEE; CHARPENTIER V. GODSIL, 932 F.2d 859, 863 (3RD CIR 1991)

3.) REGARDING DEFENDANTS QUALIFIED IMMUNITY DEFENSE SEE PAGES 1, 2 AND 3 HEREIN.

#4.)     RESPONSE TO PLRA DEFENSE                    P.5
         IN REGARDS TO THE DEFENDANTS PLRA DEFENSE.

A.)   THE DEFENDANTS MOTION FOR SUMMARY JUDGEMENT REGARDING THE PLRA DEFENSE, FAILS TO REQUEST THIS HONORABLE COURT TO CONSIDER COUNT(5) THE JUNE 14, 04 8:45 PM INCIDENT. THEREFORE, CONSIDERATION BY THIS HONORABLE COURT WOULD PREJUDICE THE PLAINTIFF.

B.) THE DEFENDANTS FAILED TO STATE THEIR PLRA DEFENSE PRIOR TO THE CLOSE OF DISCOVERY, JAN 27, 08. THEREFORE, CONSIDERATION NOW WOULD PREJUDICE THE PLAINTIFF DUE TO HIS NOT BEING ABLE TO MARSHAL THE FACTS VIA DISCOVERY.

C.) ON 6/20/04 THE PLAINTIFF FILED GRIEVANCE ABOUT THE, (JUNE 14, 04, 8:45 PM INCIDENT), BUT BEFORE THE PLAINTIFF COMPLETED THE GRIEVANCE PROCEDURE, HE WAS ABRUPTLY TRANSFERRED BACK TO THE D.O.C WITHOUT AN OFFICIAL COURT ORDER DOCKETED WITH THE N.CC SUPERIOR COURT. THE PLAINTIFF WAS PREVENTED BY HIS CUSTODIANS FROM COMPLETING THE PLRA PROCEDURE. THEREFORE, PLAINTIFF DID EXHAUST HIS REMEDIES VIA PLRA. SEE; BROWN V. CROAK, 312 F.3d 109 (3RD CIR 2002). AVAILABLE REMEDY MUST BE CAPABLE USE OF HAND SEE ALSO, MITCHEL V. HORN 318 F.3d 523-529 (3RD CIR 2003). A REMEDY THAT PRISON OFFICIALS PREVENT PRISONER FROM UTILIZING ISN'T AN AVAILABLE REMEDY UNDER PLRA SEE, MILLER V. NORRIS, 247 F.3d 736, 740 (8TH CIR 2001).

\# 5.)

P. 6

IN REGARDS TO NUMBER III OF THE DEFENDANTS MOTION FOR SUMMARY JUDGEMENT, PAGE 15, DATED MARCH 26, 08, THE PLAINTIFF SOUGHT TO OBTAIN THE TRUTH, THE WHOLE TRUTH AND NOTHING BUT THE TRUTH IN THIS CASE, BY MARSHALLING THE FACTS VIA DISCOVERY. AT THIS JUNCTION, AFTER EVALUATING THE EVIDENCE, THE PLAINTIFF IN GOOD CONSCIOUS DOES NOT SEEK TO HOLD THE ~~PLTH~~ DEFENDANTS MOFFETT-GRAY OR SAGERS ACCOUNTABLE FOR ANY CLAIMS STATED IN HIS CIVIL COMPLAINT OTHER THAN, (THE JUNE 14, 04 - 8:45 PM INCIDENT), RECONIZED AND DISCRIBED BY THE DEFENDANTS AS COUNT(S) IN THEIR MOTION FOR SUMMARY JUDGEMENT.

THEREFORE, THE PLAINTIFF HEREBY REQUEST THAT THIS HONORABLE COURT DISMISS THE CLAIMS THE DEFENDANTS DISCRIBE AS COUNT(S) 1, 2, 3, 4, 6, 7 AND 8 WITHOUT PREJUDICE AGAINST THE PLAINTIFF.

#6.)                                                    P.7

THE PLAINTIFF HEREBY REQUEST THIS HONORABLE COURT TO CONSIDER, THAT EACH TIME THE PLAINTIFF WAS RESTRAINED AND INJECTED WITH ANTI-PSYCHOTIC DRUGS BY THE DEFENDANTS DIRECTLY OR INDIRECTLY, IT WAS DUE TO VIOLATING THE PLAINTIFF'S DUE PROCESS RIGHTS TO HAVE A HEARING BEFORE AND OR AFTER THE "ALLEGED" EMERGENCY INCIDENT. WITHOUT EVIDENCE OF DOCUMENTED WRITTEN NOTICE(S), PRODUCED FROM CONDUCTING A HEARING, THE PLAINTIFF MAINTAINED HIS RIGHTS UNDER COLOR OF STATE LAW AS WELL AS UNDER THE PROTECTION OF THE U.S CONSTITUTION, TO REFUSE THROWING HIS LEGALLY PURCHASED NON-DANGEROUS MERCHANDISE AWAY, HAVING SAID MERCHANDISE UNJUSTIFIABLY CONFISCATED, TO REFUSE BEING INVOLUNTARILY INJECTED WITH ANTI-PSYCHOTIC DRUGS OR RESTRAINED. THESE ARE THE PRINCIPAL FACTORS IN EACH OF THE PLAINTIFFS CLAIMS STATED IN HIS CIVIL COMPLAINT, PURSUANT TO 42 USC 1983. THEREFORE, IN LIGHT OF THE AFOREMENTIONED, THE DEFENDANTS FAILURE TO STATE "ALLEGED", PRIOR TO STATING THE PLAINTIFF ACTED VIOLENTLY AND OR UNAPPROPRIATELY IS OFFENSIVE TO THE PLAINTIFF, AND GIVES REASON TO HIS DEEMING THE DEFENDANTS MARCH 26, 08 MOTION FOR SUMMARY JUDGEMENT AS LIBEL AND SLANDER, AND THEREFORE SHOULD NOT BE TAKEN INTO CONSIDERATION.

#7.)                                                                P.8

    THE DEFENDANTS HAVE FAILED TO STATE AN AFFIRMATIVE DEFENSE, THAT RESOLUTION VIA SUMMARY JUDGEMENT IN ACCORDANCE TO THE FEDERAL RULES OF CIVIL PROCEDURE CAN GRANT, AND THEREFORE SHOULD BE DECIDED BY A JURY.

#8.)  THE PLAINTIFF HEREBY REQUEST THAT THIS HONORABLE COURT TAKE THE PLAINTIFFS PRO-SE STATUS INTO CONSIDERATION, AND TO DRAW ALL APPROPRIATE LEGAL INFERENCES.

#9.) DEFENDANT SAGERS IN HIS APRIL 9,07 RESPONSE TO THE PLAINTIFF'S INTERROGATORIES, STATED THAT HE WASN'T IN THE D.P.C's MITCHELL BUILDING UNTIL 8:40 PM JUNE 14,04, THIS ALONG WITH THE PLAINTIFFS PLEADINGS IN HIS CIVIL COMPLAINT, AND DEFENDANTS MOFFETT AND GRAY'S APRIL 9,07 RESPONSES DI 183 AND DI.185 TO THE PLAINTIFFS INTERROGATORIES, PARAGRAPH #1, PLACE DEFENDANT SAGERS IN THE D.P.C's MITCHELL BUILDING AT 8:40 PM ON JUNE 14,04, FIVE MINUTES PRIOR TO THE 8:45 PM JUNE 14,04 INCIDENT AT HAND, REGARDING DEFENDANTS MOFFETT-GRAY AND SAGERS.
    CREDIBILITY IS A JURY FUNCTION.
    REEVES, 530 U.S AT 150

P. 9.

#10.) The D.P.C's time detail discovery document is factual evidence that defendant Sagers was in the D.P.C's Mitchel Building at 8:40 pm on June 14, 04, five minutes prior to the 8:45 pm June 14, 04 incident at hand.
   Credibility is a jury function.
   Reeves, 530 U.S at 150

#11  Defendant Gray's written deposition answer dated 1/8/08 #16, places defendant Sagers in the D.P.C's Mitchell Building at 8:40 pm June 14, 04 prior to the time of the 8:45 pm June 14, 04 incident at hand.
   Credibility is a jury function
   Reeves, 530 U.S at 150.

CERTIFICATE OF SERVICE

I, THE UNDERSIGNED PLAINTIFF JIMMIE LEWIS DUE HEREBY CERTIFY ON THIS 31ST DAY OF MARCH, 2008, THAT I DID MAIL ONE TRUE AND CORRECT COPY OF MOTION FOR DENIAL OF DEFENDANTS MOFFETTS - SAGERS AND GRAYS MOTION FOR SUMMARY JUDGEMENT #1, TO EACH OF THE FOLLOWING BY U.S POSTAL.

CLERK OF THE COURT (GMS)
U.S. DISTRICT COURT
844 N. KING ST, LOCKBOX 18
WILM, DE 19801

THOMAS P. McGONIGLE
WILM TRUST CENTER
1100 N. MARKET ST, SUITE 1001
WILM, DE 19801

DATE: 3/31/08

Jimmie Lewis
SBI #506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

I/M Jimmie Lewis
SBI# 306622  UNIT SHU17/U
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

CLERK OF THE COURT (GMS)
UNITED STATES DISTRICT COURT
844 N. KING ST, LOCKBOX 18
WILMINGTON, DELAWARE
19801

U.S.M.S
X-RAY

$00.58
APR 01 2008
MAILED FROM ZIP CODE 19977