IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS

VS.                    CA No. 04-1350 (GMS)

DR. SYLVIA FOSTER, ET AL.


ADDITIONAL STATEMENTS #2 MOTION
IN SUPPORT OF PLAINTIFF'S MOTION FOR
DENIAL OF DEFENDANT SYLVIA FOSTER'S
MOTION FOR SUMMARY JUDGEMENT #1


DATE: 4/4/08



Jimmie Lewis
SBI # 506622
DEL CORR CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

24.) DEFENDANT HAS FAILED TO STATE THE MEDICAL APPROPRIATENESS OF INJECTING THE PLAINTIFF WITH ANTI-PSYCHOTIC DRUGS, AFTER JUNE 10, 04, THE DATE SHE AUTHORED HER FORENSIC REPORT, STATING THE PLAINTIFF DISPLAYED NO EVIDENCE OF MOOD DISORDER AND NO EVIDENCE OF PSYCHOSIS, AND THAT NO ANTI-PSYCHOTIC DRUGS WERE PRESCRIBED TO HIM DURING HIS STAY AT D.P.C, FURTHER STATING THE PLAINTIFF'S DIAGNOSIS IN MALINGERING. AFTER JUNE 10, 04 IS WHEN 95% OF THE INJECTIONS OCCURED.

25.) IN REGARDS TO THE PLEADING(S), DEPOSITION(S), ADMISSION(S), INTERROGATORIE(S), DISCOVERY IN THIS CIVIL MATTER, A FAIR MINDED JURY COULD UNDOUBTLY RETURN A VERDICT FOR THE PLAINTIFF BASED ON THE EVIDENCE PRESENTED. CREDIBILITY IS A JURY FUNCTION. THEREFORE, THE DEFENDANTS MOTION FOR SUMMARY JUDGEMENT SHOULD BE DENIED IN ALL REGARDS.

26.) IN REGARDS TO LESS RESTRICTIVE ALTERNATIVES TO ORDERING THE PLAINTIFF INJECTED WITH ANTI-PSYCHOTIC DRUGS, THE DEFENDANT HAS FAILED TO ARTICULATE EXACTLY WHAT, THE PLAINTIFF FAILED TO ADHERE TO "REDIRECTION" MEANS. FURTHERMORE, IMMEDIATELY ORDERING THE PLAINTIFF INJECTED WITH ANTI-PSYCHOTIC DRUGS VALIDATES THAT "SEGREGATION" THE PLAINTIFF FIRST, WAS NOT CONSIDERED OR TRIED, FOR WHICH SHOWS A WANTON INFLICTION OF PAIN.

27.) THE ANTI-PSYCHOTIC DRUG HALDOL ORDERED TO BE INJECTED INTO THE PLAINTIFF HAS RECEIVED "THE BLACK BOX WARNING", THE HIGHEST LEVEL OF RISK AVAILABLE FOR A PRESCRIPTION DRUG. THE DEFENDANT KNEW THAT INJECTING HALDOL INTO THE PLAINTIFF COULD HAVE BEEN LETHAL.

28.) THE DEFENDANT HAS ACCESS TO THE CM/ECF SYSTEM, REGARDING ALL REFERENCES TO PLAINTIFF MAKES REGARDING PLEADINGS, MOTIONS, DISCOVERY, DEPOSITIONS, INTERROGATORIES, ADMISSIONS, REGARDING HIS MOTION AND STATEMENTS FOR THE DISMISSAL OF SYLVIA FOSTER'S MOTION FOR SUMMARY JUDGEMENT, AND CONSIDERATION HEREIN OF THE PLAINTIFF'S PLEADINGS - MOTIONS - STATEMENTS BY THIS HONORABLE COURT WILL NOT PREJUDICE THE DEFENDANT.

29.) THE MEDICAL RECORDS SUBMITTED AS EXHIBIT IN THE DEFENDANTS MOTION FOR SUMMARY JUDGEMENT ARE NOT LEGIBLE, AND SHOULD NOT BE TAKEN INTO CONSIDERATION, DUE TO THE PLAINTIFF BEING UNABLE TO READ NAMES OF ALL PERSONS INVOLVED IN ANY OF THE DEFENDANTS EMERGENCY CLAIMS, NOR THE FULL DISCRIPTION OF THE PLAINTIFF ALLEGED CONDUCT AS DISCRIBED IN THE DEFENDANTS MOTION.

FURTHERMORE, THE PLAINTIFF SOUGHT TO HAVE THE DEFENDANT TRANSCRIBE SAID MEDICAL RECORDS, TO MAKE THE WRITINGS LEGIBLE, BUT THE DEFENDANT OBJECTED.

30.) Placing the Plaintiff in seclusion room was enough without restraints or anti-psychotic drugs to prevent any risk the Plaintiff may have allegedly presented to staff, others or the ordily operation of the facility, D.P.C.

31.) Placing the Plaintiff in (4) point restraints was enough, without anti-psychotic drugs to prevent any risk the Plaintiff may have allegedly presented to himself, staff, others or the ordily operation of the facility, D.P.C.

32.) The defendant knew prior to order injecting the Plaintiff with anti-psychotic drugs, that the side effects are aggression and aggitation.

33.) THE DEFENDANT KNEW THAT THE SIDE EFFECTS TO ANTI-PSYCHOTIC DRUGS CAN BE LETHAL, PRIOR TO INJECTING THE PLAINTIFF SHE ACKNOWLEDGED DISPLAYED NO EVIDENCE OF MOOD DISORDER AND NO EVIDENCE OF PSYCHOSIS ON JUNE 10, 04, BEFORE THE DEFENDANT ORDERED SAID DRUGS - HALDOL - ATIVAN - GEODON TO BE INJECTED INTO THE PLAINTIFF

34.) THE DEFENDANT KNEW HER JUNE 10, 04 REPORT, DID NOT CONSIST OF A RETROACTIVE REVIEW OF THE PLAINTIFF'S INSANITY AT THE TIME OF HIS MAY 26, 03 ARREST, PRIOR TO HER SUBMITTING THE REPORT TO THE NEW CASTLE CO. SUPERIOR COURT

35.) THE DEFENDANT KNEW HER JUNE 10, 04 REPORT, DID NOT CONSIST OF A RETROACTIVE REVIEW OF THE PLAINTIFF'S COMPETENCY THAT AROSE AT HIS OCT 21, 03 TRIAL, PRIOR TO HER SUBMITTING THE REPORT TO THE NEW CASTLE CO. SUPERIOR COURT.

36) THE DEFENDANT KNEW THAT THE PLAINTIFF DID NOT BECOME INCARCERATED ON NOV 17, 03, AS IS STATED IN HER JUNE 10, 04 REPORT, DUE TO HAVING THE PLAINTIFF'S STATUS SHEET AND CRIMINA HISTORY IN HER POSSESSION AT THE TIME SHE AUTHORED SAID REPORT, PRIOR TO HER SUBMITTING THE REPORT TO THE NEW CASTLE CO. SUPERIOR COURT

37.) THE DEFENDANT KNEW THAT 75% OF THE CMS INFORMATION SHE UTILIZED IN HER JUNE 10, 04 REPORT, COULD HAVE BEEN FALSE, BECAUSE SHE DID NOT INVESTIGATE SAID INFORMATION, BUT BECAUSE OF THE DEFENDANTS DELIBERATE INDIFFERENCE SUBMITTED SAID REPORT ANYWAY.

CERTIFICATE OF SERVICE

I, THE UNDERSIGNED PLAINTIFF JIMMIE LEWIS DUE HEREBY CERTIFY ON THIS 4TH, DAY OF APRIL, 2008, THAT I DID MAIL ONE TRUE AND CORRECT COPY OF THE ADDITIONAL STATEMENTS #2 MOTION IN SUPPORT OF PLAINTIFF'S MOTION FOR DENIAL OF DEFENDANT SYLVIA FOSTER'S MOTION FOR SUMMARY JUDGEMENT #1, BY U.S POSTAL, TO EACH OF THE FOLLOWING:

CLERK OF THE COURT (GMS)
U.S DISTRICT COURT
844 N. KING ST, LOCKBOX 18
WILMINGTON, DE 19801

LOUIS J. RIZZO JR, ESQ
1001 JEFFERSON PLAZA, SUITE 202
WILMINGTON, DE 19801

DATE: 4/4/08              Jimmie Lewis
                          SBI# 506622
                          DEL. CORR. CENTER
                          1181 PADDOCK RD
                          SMYRNA, DE 19977