## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 04-1350 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| SYLVIA FOSTER, LANCE SAGERS, | ) | |
| DAVE MOFFITT, R. GRAY, | ) | |
| MR. JOHNSON, JOHN JOE, | ) | |
| | ) | |
| Defendants. | ) | |

### REPLY BRIEF IN SUPPORT OF DEFENDANT, DR. SYLVIA FOSTER'S, MOTION FOR SUMMARY JUDGMENT

Defendant, Dr. Sylvia Foster (hereafter "Dr. Foster"), by and through her undersigned counsel, hereby submits this Reply Brief in Support of her Motion for Summary Judgment.

### ARGUMENT

Dr. Foster has presented sufficient arguments in the Memorandum in Support of her Motion for Summary Judgment to warrant entry of an Order in favor of said motion. In response, Plaintiff, Jimmie Lewis, has filed three (3) "motions" contending that Dr. Foster's Motion for Summary Judgment should not be granted. However, in none of the responses filed by Plaintiff has there been any presentation of information beyond a mere unsupported allegation of facts which he contends are in dispute. Once the moving party has demonstrated an absence of materials fact, the non-moving party then "must come forward with specific facts showing that there is a genuine issue for trial." Lindsey v. Attorney General Jane Brady, et al., 2008 U.S. Dist. LEXIS 18483, *6, (Del. Dist. Ct. March 11, 2008) (*quoting* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986) (quoting Fed. R. Civ. P. 56(e))), a copy is attached hereto as Exhibit "A"; Berry v. State of

Delaware, Div. Of Child Support, 2008 U.S. Dist. LEXIS 26754, *4 (Del. Dist. Ct. April 1, 2008) (*quoting* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986), a copy is attached hereto as Exhibit "B". As the U.S. Supreme Court has illustrated previously, there must be more than the "mere existence of *some* alleged factual dispute between the parties" before "an otherwise supported motion for summary judgment" will be defeated. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis in original). As in this case, the non-moving party has failed to present any affirmative evidence to establish the existence of a genuine issue; he has simply presented additional allegations in his responses which are not supported by any sworn testimony, affidavits or other evidence of record. When the non-moving party fails to present such affirmative evidence, the record as a whole points in one direction and any dispute is not "genuine." *See* Berry at *5.

I. **PLAINTIFF FAILS TO PRESENT SUFFICIENT EVIDENCE TO DEFEAT THE DEFENSE OF QUALIFIED IMMUNITY**

Once Qualified Immunity is contended by a defendant, the burden then shifts to the Plaintiff to demonstrate the violation of a constitutional right. The Plaintiff must demonstrate that the defendant's alleged actions violated a constitutional or statutory right, AND the constitutional or statutory right was clearly established at the time of the alleged violation. *See* Trigalet v. Young, 54 F.3d 645, 647 (10th Cir. 1995) (*quoting* Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995)) (emphasis added). In the present case, Dr. Foster contends that she is protected by qualified immunity from the actions taken relative to the Plaintiff. It is now the Plaintiff's obligation to present evidence to support his contention of a violation of his constitutional and/or statutory rights. The only "evidence" presented by Plaintiff in his responses to Dr. Foster's Motion for Summary Judgment is "mere unsupported allegations of facts" without any supporting documentation, affidavit and/or case law. As indicated above, the mere unsupported allegation of a dispute is not enough to confront

a well-supported motion for summary judgment.

II.   DR. FOSTER HAS PRESENTED SUFFICIENT EVIDENCE REFLECTING THE EMERGENCY SITUATIONS GIVING RISE TO NEED FOR INJECTION OF MEDICATION

Plaintiff contends in his responses to the pending Motion for Summary Judgment that specific details are not presented by Dr. Foster relative to the emergency situations described in the Memorandum in Support. The "Facts" section of Dr. Foster's Motion for Summary Judgment clearly illustrates the numerous occasions in which Plaintiff became increasingly aggressive, agitated and even physical with staff and other patients. The records attached to the Memorandum in Support included the daily notes which reflected four (4) instances of the Plaintiff wearing horns on his head. There were two (2) instances of inappropriate and/or aggressive behavior toward staff, and three (3) instances of assaulting fellow patients. As a result of these specific instances of increased agitation and/or aggressive, as well as others, there are seven (7) instances chronicled in which the Plaintiff was sent to the seclusion room and eventually placed in four (4) point restraints.

Plaintiff does not disagree that these instances took place, he simply contends that Dr. Foster has failed to provide more detailed information regarding these instances. Plaintiff does contend, that he has a "fundamental right to be confrontational, and/or agitated (without being violent), when they are repeatedly being restrained and injected with anti-psychotic drugs . . ." *See* Plaintiff's Additional Statements to Support the Plaintiff's Motion for Denial of Defendant, Sylvia Foster's, Motion for Summary Judgment #1. Therefore, Plaintiff admits that if he is violent, as demonstrated in the uncontested records, he cannot claim a constitutional violation for restraints and/or medication. What Plaintiff fails to state is that he did exhibit violence, both to staff and fellow patients, on top of the aggression and agitation. In her affidavit, attached to the Memorandum in Support of the Motion for Summary Judgment, Dr. Foster stated that the reason for the restraints and injection of these

medications was to alleviate the aggressive nature of the Plaintiff.

At no point was a request made by Plaintiff for more information regarding these instances during the discovery phase of this case. This is despite the fact the Plaintiff had a complete packet of the medical records/daily notes reflecting his stay at the Delaware Psychiatric Center early in the course of the case. Additionally, any contention that the records are not legible and therefore should not be considered is inappropriate. Plaintiff previously attempted to have the records typewritten and/or reproduce in a different format, and the Court flatly denied the request. *See* Memorandum, February 21, 2007, J. Sleet, attached hereto as Exhibit "C". Therefore, Plaintiff has provided nothing in the way of denial and/or facts, supported by affidavit, to counter these instances of agitation and/or aggression during his stay at the Delaware Psychiatric Center.

III. JUDGE SLEET'S AMENDED MEMORANDUM OF LAW REGARDING MOTIONS TO DISMISS DOES NOT FORBID DEFENDANTS FROM PRESENTING ARGUMENTS AT SUMMARY JUDGMENT STAGE

In the Amended Memorandum discussing the Motions to Dismiss which were filed early on in this case, this Honorable Court did not hold that Defendants are forbidden from presenting the same arguments at the time of Summary Judgment. Rather, the Honorable Court held that the potential existed for Plaintiff to be able to present evidence which would support his claims during the pendency of the case. The Motions to Dismiss were filed prior to discovery taking place and therefore the potential existed that discovery would uncover evidence to support, or refute, plaintiff's claims. The standard in deciding a Motion to Dismiss is to determine "whether sufficient facts are *pleaded* to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *See* Judge Sleet's Amended Memorandum, July 5, 2006 (*citing* Colburn v. Upper Darby Tp., 838 F.2d 663, 666 (3d Cir. 1988) (emphasis added). At no time throughout the Amended Memorandum did this Honorable Court indicate that Defendants would be forever

forbidden from raising the same arguments dispositively at the close of discovery. Thus, the arguments presented in the Motion for Summary Judgment were made because Plaintiff has failed to adequately provide sufficient information, facts, and evidence to support his allegations in the Amended Complaint.

IV.  PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF IS UNTIMELY AT THE SUMMARY JUDGMENT STAGE

Lastly, Plaintiff makes a request for a "preliminary injunction" in his Additional Statements to Support the Plaintiff's Motion for Denial of Defendant, Sylvia Foster's, Motion for Summary Judgment #1. He seeks a federal inquiry of Dr. Foster's prior psychiatric patients and/or inmate residents that she treated for competency and treatment for their own well being, and violated their U.S. Constitutional Right, in very much the same way as Plaintiff has been violated. He then lists a number of individuals who have been violated in such a way, but were not capable of filing a civil suit due to their psychological condition. Plaintiff also requests that a lien to be placed on Dr. Foster's estate, assets and accounts; without any explanation why or for what purpose.

Neither of these requests for "injunctions" was included in the original complaint filed by the Plaintiff, nor were they included in the Amended Complaint which has been the basis of this case from the beginning. Additionally, Plaintiff has failed to do more than simply allege these requests without any supporting documentation and/or evidence to reflect the need for such remedy.

An argument can be made that Plaintiff is attempting to amend his complaint at this late stage in the proceedings. The Court has not looked kindly upon such attempts by plaintiffs at the summary judgment stage of the case. In the case <u>Fatir v. Dowdy, et al.</u>, 2002 U.S. Dist. LEXIS 16480, (Del. Dist. September 4, 2002), a copy is attached hereto as Exhibit "D", plaintiff attempted to file an amended complaint four (4) days after filing a response to a motion for summary judgment. Judge

Sleet noted that a plaintiff's delay in filing such a motion can become undue after a summary judgment motion is filed when the movant has had previous opportunities to amend a complaint, but chose not to do so. *See* Fatir at *20 (*citing* Bethany Pharmacal Co., Inc. v. QVC, Inc., 241 F.3d 854, 861-62 (7th Cir. 2001)). The Court went on to say, if the requested amendment is based upon facts known to the plaintiff at the time the previous complaint was amended, the amendment is disfavored. *See* Fatir at *20 (*citing* M/V American Queen v. San Diego Marine Construction Corp., 708 F.2d 1483, 1492 (9th Cir. 1983)). In the case at bar, it is believed the Plaintiff knew of the names listed in his Additional Statement filing with the Court prior to the filing of the Motions for Summary Judgment. Additionally, he had ample opportunity to present these contentions prior to this late time of the case.

A late amended complaint is prejudicial to the defendants in a case. In the Fatir case, it was noted that the discovery necessary to refute the claims in the amended complaint were previously analyzed and could be used by the defendants. However, in the present case, there is no information which was previously provided by Plaintiff which would illustrate the new presentation of names of alleged other inmates/patients who have been harmed by Dr. Foster. Even taking this factor into account, Judge Sleet commented that the late timing of the amended complaint attempt raised the inference that plaintiff was attempting to bolster the legal position, and thus avoid summary judgment, by amending the complaint. *See* Fatir at *23. In the end, if the parties are allowed to amend their complaints, or in the present case add new allegations and/or remedies, not only would the opponent, but the courts, would be prejudiced by the never-ending litigation. *Id.*

Plaintiff's attempt to add new remedies and allegations at this late stage is akin to an attempt to amend the complaint following the filing of a motion for summary judgment. Without further evidence, it is presumed that Plaintiff knew of the individuals named in his Additional Statement filing

prior to the filing of the motions for summary judgment. Additionally, Plaintiff fails to present any evidence to support those new allegations and/or remedies. Therefore, comparing the Plaintiff's actions to that of an amended complaint, the Court is clear that such late action in a case is disfavored and should be denied.

## CONCLUSION

Defendant, Dr. Sylvia Foster, respectfully requests that Summary Judgment be entered in her favor and against Plaintiff, Jimmie Lewis, in regards to his claims. Additionally, Dr. Foster respectfully requests that all claims by Jimmie Lewis against Dr. Foster be dismissed, with prejudice.

REGER RIZZO & DARNALL LLP

 /s/ Louis J. Rizzo, Jr., Esquire
Louis J. Rizzo, Jr., Esquire
Delaware State Bar I.D. No. 3374
Ronald W. Hartnett, Jr., Esquire
Delaware State Bar I.D. No. 4497
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant Dr. Sylvia Foster

Dated: April 11, 2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 04-1350 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| SYLVIA FOSTER, LANCE SAGERS, | ) | |
| DAVE MOFFITT, R. GRAY, | ) | |
| MR. JOHNSON, JOHN JOE, | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED ORDER**

Upon consideration of Dr. Sylvia Foster's (hereafter "Dr. Foster") Motion for Summary Judgment, and any responses thereto, it is hereby ORDERED that Dr. Foster's Motion for Summary Judgment is GRANTED and the Complaint filed by Jimmie Lewis is DISMISSED with Prejudice on this _____ day of _____, 2008.

_____
The Honorable Gregory M. Sleet

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) C.A. No.: 04-1350 (GMS) |
| | ) |
| v. | ) |
| | ) |
| SYLVIA FOSTER, LANCE SAGERS, | ) |
| DAVE MOFFITT, R. GRAY, | ) |
| MR. JOHNSON, JOHN JOE, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on this 11th day of April, 2008 that a true and correct copy of the Reply Brief in Support of Defendant, Dr. Sylvia Foster's Motion for Summary Judgment has been served electronically and/or by first class mail, postage prepaid, to the following:

Jimmie Lewis
SBI #00506622
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Joseph C. Schoell, Esquire
Wolf Block Schorr and Solis-Cohen, LLP
Wilmington Trust Center, Suite 1001
1100 North Market Street
Wilmington, DE 19801

REGER RIZZO & DARNALL LLP

/s/ Louis J. Rizzo, Jr., Esquire
Louis J. Rizzo, Jr., Esquire
Delaware State Bar I.D. No.
Ronald W. Hartnett, Jr., Esquire
Delaware State Bar I.D. No. 4497
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant Dr. Sylvia Foster

Dated: April 11, 2008