## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 04-1350-GMS |
| | ) |
| DR. SYLVIA FOSTER, NURSE | ) |
| ASSISTANT ROBERT N. GRAY, MR. | ) |
| JOHNSON 1, MR. JOHNSON 2, LANCE | ) |
| SAGERS, and DAVE MOFFETT, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPLY BRIEF OF DEFENDANTS ROBERT N. GRAY,
## DAVID MOFFETT AND LANCE SAGERS
## IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

WOLFBLOCK LLP
Joseph C. Schoell (I.D. No.3133)
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 777-5860
Attorneys for Defendants Robert N. Gray,
David Moffett and Lance Sagers

OF COUNSEL:

Cara E. Leheny
WOLFBLOCK LLP
1940 Route 70 East, Suite 200
Cherry Hill, New Jersey  08004
(856) 874-4275

April 16, 2008

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ........................................................................................................................1

CONCLUSION .....................................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Berckeley Inv. Group, Ltd. v. Colkitt*,
    455 F.3d 195 (3d Cir. 2006).............................................................................5

*El v. Southeastern Penn. Transp. Auth.*,
    479 F.3d 232 (3d Cir. 2007).............................................................................5

*Orson, Inc. v. Miramax Film Corp.*,
    79 F.3d 1358 (3d Cir. 1996).............................................................................7

*Schoonejongen v. Curtiss-Wright Corp.*,
    143 F.3d 120 (3d Cir. 1998).............................................................................6

*Thomas v. Ferguson*,
    361 F. Supp. 2d 435 (D. Del. 2004).................................................................7

*Whitley v. Albers*,
    475 U.S. 312, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986)...................................7

Defendants Robert Gray, David Moffett, and Lance Sagers' (collectively, the "Attendants'") Motion for Summary Judgment must be granted because there are no facts demonstrating a genuine issue for trial. As plaintiff Jimmie Lewis ("plaintiff") concedes in his Motion for Denial of Defendants David Moffett, Lance Sagers, and Robert N. Gray's Motion for Summary Judgment #1 ("Plaintiff's Response"), the Court should dismiss, with prejudice, Counts 1, 2, 3, 4, 6, 7, and 8 against the Attendants. D.I. 259 at 6.[1] The remaining count (Count 5) should also be dismissed with prejudice because plaintiff has not come forward with any facts that would create a genuine issue for trial. Also, the Attendants are entitled to the defense of qualified immunity for any actions that they took in response to plaintiff's behavior on the night of June 14, 2004.

## ARGUMENT

It is axiomatic that once a moving party has demonstrated the absence of any disputed material facts, the non-moving party must come forward with something other than mere allegations; "[s]pecious objections will not, of course, defeat a motion for summary judgment..." *El v. Southeastern Penn. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007). "The non-moving party cannot rest on mere pleadings or allegations; rather, it must point to actual evidence in the record on which a jury could decide an issue of fact its way." *Id.*; *see also Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) ("In this respect, summary judgment is essentially 'put up or shut up' time for the non-moving party; the non-moving party must rebut

---

[1] Plaintiff's Response requested the Court to dismiss the claims "without prejudice against the plaintiff." In light of the stage of the proceedings, and plaintiff's admission that he cannot "in good conscious [sic]" hold the Attendants accountable for these claims, they must be dismissed with prejudice.

In light of plaintiff's concession, many of the other issues addressed in his Response—such as whether the Prison Litigation Reform Act ("PLRA") bars any claims concerning incidents on June 20, 2004—are moot.

the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument.").  Here, plaintiff has made no such showing.

Plaintiff's Response is nothing but a jumble of legal concepts and self-serving assertions.[2]  In an effort to sustain Count 5 of the Amended Complaint, plaintiff makes two arguments:  first, he asserts that defendant Lance Sagers was present at the time that plaintiff was physically restrained and, second, he claims that the Attendants are not entitled to qualified immunity in connection with the physical altercation with plaintiff and the subsequent involuntary medication.  Neither argument is persuasive.

Plaintiff claims in his Response that Mr. Sagers was involved in the June 14, 2004 altercation  at approximately 8:45 p.m.  However, the record submitted in support of the Attendants' Motion for Summary Judgment (the "Attendants' Motion") clearly reflects that Mr. Sagers was not present for the altercation, because he had been on break commencing at 8:02 p.m. and returning at 8:54 p.m.,  *See* Exhibit N to Attendants' Motion at A-101.    Further, upon his return from break, Mr. Sagers was placed on a 1:1 observation with a different patient, commencing at 9:00  p.m. D.I. 186 at 1.   The clear record evidence is that Mr. Sagers was not involved in the June 14, 2004, incident in any way, and accordingly, Count 5 must be dismissed as to him with prejudice.[3]

---

[2] For example, plaintiff objects to the Attendants' assertion of certain defenses because they did not specifically assert the defenses in response to plaintiff's interrogatories. Pl. Resp. at 1.  The Attendants, however, did raise the affirmative defense of qualified immunity (as well as the PLRA) in their Answer to the Amended Complaint; further, their interrogatory responses referred plaintiff to their Answer.  D.I. 59.  Thus, there was no need for them to restate those defenses before the end of discovery, and plaintiff—who filed over 20 different discovery motions—has had more than ample opportunity to "marshal the facts in this case via discovery request."

[3] Plaintiff's suggestion that Mr. Sagers involvement is a credibility question for the jury is unavailing.  "[I]ssues of credibility only defeat summary judgment '[w]here an issue of material fact *cannot be resolved* without observation of the demeanor of the witnesses in order to evaluate their credibility.'"  *Schoonejongen v. Curtiss-Wright Corp.*, 143 F.3d 120, 130 (3d Cir. 1998) (*quotation omitted*).  Here, a log kept in the ordinary course of business clearly shows that Mr. Sagers returned to the Mitchell Building at 8:54 p.m.  Mr. Sagers' demeanor will not change the information in the log, and, thus, there is no issue of credibility at all.

- 2 -

Further, plaintiff has submitted no evidence that Messrs. Gray or Moffett acted wantonly and with the intention of inflicting harm. Plaintiff unpersuasively claims that the June 14 incident was not "an emergency" and that the Attendants' actions were taken "without first taking into consideration less restrictive measures of properly addressing the situation." Pl. Resp. at 2. Not only is the record submitted in support of the Attendants' Motion replete with evidence that DPC staff did attempt to address plaintiff's intransigence and violence without force, plaintiff does not aver one fact supporting a "'a reliable inference of wantonness in the infliction of pain.'" *Thomas v. Ferguson*, 361 F. Supp. 2d 435, 438 (D. Del. 2004) (*quoting Whitley v. Albers*, 475 U.S. 312, 322, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986)). Plaintiff has not offered <u>any</u> evidence, let alone sufficient evidence, to establish the existence of wantonness and malice, and plaintiff's self-serving conclusions and assertions, without more, do not create such evidence. *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). Therefore, Count 5 should be dismissed.

Finally, plaintiff has pointed to no record facts undermining the Attendants' entitlement to a qualified immunity defense. Plaintiff has no clearly established right to refuse to obey DPC rules, verbally assault DPC staff members, and act violently towards DPC staff in the presence of other patients. Unsurprisingly, plaintiff has not pointed to any cases supporting such a right. Further, plaintiff had no clearly established right to be free of emergency medication when he acted violently towards staff. As Dr. Foster pointed out in her own Motion for Summary Judgment, there is ample authority to permit emergency treatment of a violent and agitated patient. D.I. 251, at 7-8.

Even if the involuntary medication violated plaintiff's rights, however, Mr. Moffett is entitled to qualified immunity (Mr. Gray did not escort plaintiff to the quiet room and was not

involved in the administration of medication). The order placing plaintiff at the DPC directed

DPC staff to provide treatment for plaintiff's well-being. *See* Exhibit D to Attendants' Motion at

A-34. DPC physicians decided that that treatment included administration of certain medications

when plaintiff became agitated or violent. If that decision violated plaintiff's rights, Mr. Moffett

had neither the training or knowledge necessary to know that he was violating those rights. By

escorting plaintiff to the quiet room to be restrained and medicated, Mr. Moffett did only what he

was directed to do by his superiors. Because Mr. Moffett was without any knowledge, training,

or ability to exercise any discretion in this task, he is immune from any liability.

### CONCLUSION

For all of the reasons set forth above, Robert Gray, David Moffett and Lance Sagers are

entitled to summary judgment on all counts of plaintiff's Amended Complaint.

WOLFBLOCK LLP

*/s/ Joseph C. Schoell*
Joseph C. Schoell (I.D. No.3133)
Wilmington Trust Center
1100 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 777-5860
Attorneys for Robert N. Gray,
David Moffett and Lance Sagers

OF COUNSEL:

Cara E. Leheny
WOLFBLOCK LLP
1940 Route 70 East, Suite 200
Cherry Hill, New Jersey  08004
(856) 874-4275

April 16, 2008