IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS

    V.

                    CA. NO. 04-1350 (GMS)

DR. SYLVIA FOSTER, ET AL.



F I L E D

AUG 2 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MOTION FOR DECLATORY
OR INJUNCTIVE RELIEF
PURSUANT TO FED. R. CIV P#'S 57 AND 65,
SPECIFICLY FOR DEFENDANT
DR. SYLVIA FOSTER ONLY.

DATE: 8/22/08

                        Jimmie Lewis
                        JIMMIE LEWIS
                        SBI # 506622
                        J.T.V.C.C.
                        1181 PADDOCK RD
                        SMYRNA, DE 19977

P.1.)

1.) DEFENDANT DR. SYLVIA FOSTER HAS NOT SUBMITTED ANY
CONTENTIONS REGARDING THE PLAINTIFFS INJUNCTIVE RELIEF SOUGHT
REGARDING SAID DEFENDANTS JUNE 10, 04 PSYCHIATRIC AND OR
PSYCHOLOGICAL REPORT TO DETERMINE PLAINTIFFS COMPETENCY
PURSUANT TO NEW CASTLE COUNTY SUPERIOR COURT JUDGE,
THE HONORABLE JUDGE TOLIVERS DEC 1, 03 ORDER, CR ID NO-
0305016966, DI. 26. AS TO SAID REPORT BEING TO
ERRONEOUS FOR THE NEW CASTLE CO. SUPERIOR COURT AND OR
THE SUPREME COURT TO RELY APON TO SECURE PLAINTIFFS
CONVICTION(S) FOR CARJACKING 2ND, THEFT $1000 OR MORE
AND RESISTING ARREST.

    SEE LEWIS V. STATE ; 64, 2005,
        LEWIS V. STATE ; 536, 2006.
        LEWIS V. STATE , 233, 2007

2.) THE AFOREMENTIONED DEFINES THAT SAID DEFENDANT
HAS WAIVED ANY CONTENTION REGARDING RELIEF PLAINTIFF
SEEK VIA INJUNCTIVE RELIEF AS IT IS STATE
IN PLAINTIFFS CIVIL COMPLAINT AND AMENDED CIVIL COMPLAINT,

3.) THE DEFENDANT DENIED PLAINTIFF HIS WELL ESTABLISHED SUBSTANTIVE
AND PROCEDURAL DUE PROCESS RIGHTS BY DELIBERATELY FAILING
TO PETITION TO THE NEW CASTLE CO. SUPERIOR CT, FOR A COMPETENCY
HEARING (FOR WHICH WOULD HAVE GRANTED PLAINTIFF THE OPPORTUNITY
TO IMPUGN SAID REPORT), PRIOR TO HAVING PLAINTIFF ABRUPTLY
TRANSFERED BACK TO THE D.O.C, EVEN THOUGH —

P. 2.)

CONT # 3.) THE DEFENDANT BEING FULLY AWARE THAT THEREAFTER
PLAINTIFF WOULD BE SUBJECTED TO COURT PROCEDURES,
SENTENCING AND INCARCERATION, WITHOUT IDENTIFYING
THAT SAID REPORT ISN'T A RETRO ACTIVE REVIEW OF PLAINTIFFS
MAY 26, 03 STATE OF MIND AT THE TIME OF HIS ARREST,
NOR OF HIS STATE OF MIND AT THE TIME OF HIS
OCT 21-23, 03 TRIAL, DUE TO SAID REPORT DOCUMENTING
NOV 17, 03 AS THE DATE OF PLAINTIFFS ARREST.
8TH AND 14TH U.S.C.A RIGHT VIOLATIONS

4.) THE PLAINTIFF CONTENDS THAT THE DEFENDANTS JUNE 10, 04 REPORT
IS TO ERRONEOUS FOR THE NEW CASTLE CO. SUPER COURT AND
THE SUPREME COURT THE RELY ON, DUE TO SAID REPORT
NOT BEING A RETRO ACTIVE REVIEW OF PLAINTIFF INCOMPETENCY
AT THE TIME OF HIS MAY 26, 03 ARREST, NOT BEING A
RETRO ACTIVE REVIEW OF PLAINTIFFS INCOMPETENCY AT THE
TIME OF HIS OCT 21-23; 03 TRIAL. THE DEFENDANT DID
NOT UTILIZE THE PLAINTIFFS TRIAL TRANSCRIPT(S); (THE DEFENDANT
DID NOT UTILIZE THE PLAINTIFFS MISSING PERSONS NEWS
PAPER ADD; THE DEFENDANT DID NOT CONTACT (LT DEREK GLENN
(973) 733-5172 ~~xxxxxxxx~~, SEE ATTACHED AS EXHIBIT),
THE DEFENDANT DID NOT UTILIZE THE PLAINTIFFS WILM-DEPT
OF POLICE DETAINEE ASSESSMENT / PROPERTY RECEIPT - SEE
ATTACHED AS EXHIBIT), THE DEFENDANT DID NOT UTILIZE THE
PLAINTIFFS MENTAL HEALTH TREATMENT PLAN - SEE ATTACHED AS EXHIBIT)
AS EVIDENCE TO SUPPORT AND OR DENY DIAGNOSING PLAINTIFF
AS MALINGERING - ALOHOLIC - HISTORY OF CONDUCT DISORDER. EVEN
THOUGH SAID EVIDENCE WAS MADE AVAILABLE TO DEFENDANT. -
VIA FCM - COURT RECORD AND FROM PLAINTIFF HIMSELF PERSONALLY.

CONT# 4.) 6TH, 8TH AND 14TH U.S.CA RIGHT VIOLATIONS    P.3)

5.) THE DEFENDANT PLEADINGS IN REGARDS TO ANY OF THE PLAINTIFF
CONTENTIONS REGARDING DEFENDANTS JUNE 10, 04 REPORT, WAS TO
RESPOND BY FILING MOTION FOR AN ORDER OF PROTECTION.
SEE DEFENDANTS ANSWER TO PLAINTIFFS MOTION(S) FOR
ADMISSION(S) AND INTERROGATORY ON THIS CIVIL ACTIONS
DOCKET SHEET.

6.) THE DEFENDANT HAS FULL KNOWLEDGE THAT OF PLAINTIFFS
SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS, DUE TO
PROVIDING PLAINTIFF WITH A MEMO STATING, COURT COMMITTED
FROM PRISON AFTER THE PRISONER BECOMES MENTALLY ILL
WILL BE RETURNED TO THE CUSTODY OF THE D.O.C UPON
STABILIZATION IN A MANNER INDICATED BY A COURT ORDER
SEE ATTACHED D.P.C EXHIBIT WITH ASTIRK SIGN ✱.
THEREFORE DEFENDANT HAD FULL KNOWLEDGE IT TAKES AN
OFFICALLY DOCKETED SUPERIOR COURT ORDER WITH THE
CLERK OF THE PROTHONOTARY, TO HAVE PLAINTIFF TRANSFERED
TO THE D.P.C; AND AN OFFICALLY DOCKETED SUPERIOR COURT
ORDER WITH THE CLERK OF THE PROTHONOTARY, TO HAVE
PLAINTIFF TRANSFERED BACK TO THE D.O.C;
DEFENDANTS DELIBERATE INDIFFERENCE AS STATED HEREIN, DEFINES
DEFENDANT DELIBERATELY DENING PLAINTIFF AN OPPORTUNITY TO IMPUGN
THE JUNE 10, 04 REPORT.

SEE CR. ID No 0305016966 DOCKET SHEET NO. 70 .

6TH, 8TH AND 14TH U.S.CA RIGHT VIOLATIONS

P.4.)

7.)    THE DEFENDANTS JUNE 10, 04 REPORT HAS CAUSED PLAINTIFF
ATYPICAL AND SIGNIFICANT HARDSHIP UNLIKE OTHER PERSONS
CONFINED AT THE D.O.C WHOM WERE TRANSFERED TO THE D.P.C
VIA OFFICIAL COURT ORDER TO UNDERGO COMPETENCY EVALUATION,
WHOM THEREAFTER RECEIVED A COMPETENCY HEARING PRIOR
TO THEIR BEING TRANSFERED BACK TO THE D.O.C BEFORE
BEING SUBJECTED TO COURT PROCEDURES, TRIAL PROCEDURES,
SENTENCING AND OR INCARCERATION. THE PLAINTIFF HAS
BEEN IN A CONTINUED STATE OF PAIN AND SUFFERING AT LEVEL (5)
INCARCERATION DUE TO DEFENDANT VIOLATING HIS U.S.CA
RIGHTS, AS WELL AS HIS RIGHT UNDER DELAWARE LAW EVER
SINCE JUNE 25, 04, (WHEN SAID REPORT WAS FILED IN
THE N.CC S.CT WITH THE CLERK OF THE PROTHONOTARY),
UP TO DATE; AUG 22, 08 AND TOLLING UNTIL THE
END OF HIS 8 YEAR SENTENCE.

    6TH, 8TH AND 14TH U.S.CA RIGH VIOLATIONS
8.) THE DEFENDANTS REPORT DOCUMENT SEVERAL DELIBERATE
MISINTERPRETATIONS OF THE FACTS, I QUOTE. MR LEWIS WAS
PRESCRIBED NO PSYCHOTROPIC MEDICATION, AS THERE WAS NO
EVIDENCE OF MOOD DISORDER, AND NO EVIDENCE OF PSYCHOSIS,
UNQUOTE. PAGE 5 OF 6 OF SAID JUNE 10, 04 REPORT.
SUBSEQUENTLY, DEFENDANT HAS OPENLY ADMITTED VIA DISCOVERY
OF INVOLUNTARILY ADMINISTERING ATIVAN - GEODON AND
HALDOL, HIGHLY DANGEROUS ANTI-PSYCHOTIC MEDICATIONS, EVEN
THOUGH DEFENDANT AXIS I DIAGNOSIS OF PLAINTIFF WAS AND OR
IS MALINGERING, FOR WHICH VIODS ANY AND ALL ELEMENTS
OF MEDICAL APPROPRIATENESS. SEE, RIGGINS V. NEVADA,
504; U.S. 127, 135; 112, S.CT 1810, 118 L.Ed 2d (1992).

CONT # 8.)    6TH, 8TH AND 14TH U.S.CA RIGHT VIOLATIONS

9.)    ON PAGE 6 OF 6, OF DEFENDANTS JUNE 10, 04 REPORT
LAST SENTENCE OF PARAGRAPH TITLED "OPINION".
I QUOTE, THESE OPINIONS ARE SUBJECTED TO CHANGE
IF ADDITIONAL INFORMATION OR RECORDS BECOME AVAILABLE.

10.)    THE PLAINTIFF HEREBY SEEKS AN ORDER TO HAVE DEFENDANT
FILE A REPORT WITH ~~XXXXXXXX~~, THIS HONORABLE COURT,
THE PLAINTIFF AS WELL AS WITH THE NEW CASTLE CO.
SUPERIOR COURT AND THE SUPREME COURT OF DELAWARE
ON PLAINTIFFS CR. ID NO. 0305016966, FOR WHICH IS
TO READ AS FOLLOWS:
        I DR. SYLVIA FOSTER AM THE FORENSIC PSYCHIATRIST WHOM
AUTHORED REPORT DATED JUNE 10, 04 IN THE CASE OF JIMMIE LEWIS,
CR. ID NO. 0305016966, DUE HEREBY CERTIFY AFTER REVIEWING SAID
CASE, CHANGE MY OPINION IN LIGHT OF ADDITIONAL INFORMATION AND
RECORDS THAT HAVE BECOME AVAILABLE TO ME, THAT THE JUNE 10, 04
COMPETENCY REPORT WAS AUTHORED WITH INSUFFICIENT EVIDENCE
TO THE DEGREE THAT SAID REPORT IS NOT A RETRO-ACTIVE REVIEW
OF MR. LEWIS' INCOMPETENCY AND OR INSANITY AT THE APPROXIMATE
TIME OF HIS MAY 26, 03 ARREST, NOR AT THE TIME OF HIS
OCT 21-23, 03 TRIAL, AND SHOULD NOT BE JUDICIALLY RELIED
UPON TO SECURE ANY OF MR. LEWIS' MENTAL HEALTH CONTENTIONS
THAT MR. LEWIS' MAY HAVE RAISED VIA APPEAL PROCEDURE,
~~XXXXXXXXXXXXX~~, DUE TO THE DIAGNOSIS OF MALINGERING NOT
BEING RETRO ACTIVE TO 11/17/03. I HEREBY CHANGE SAID
DIAGNOSIS TO INCONCLUSIVE, TO THE DEGREE THAT MR. LEWIS'
WAS NOT MALINGERING.

CERTIFICATE OF SERVICE

I, THE UNDERSIGNED PLAINTIFF JIMMIE LEWIS
DUE HEREBY CERTIFY ON THIS 22ND DAY OF AUG,
2008, THAT I DID MAIL ONE TRUE AND CORRECT COPY
OF PLAINTIFF " MOTION FOR DECLATORY OR INJUNCTIVE
RELIEF PURSUANT TO FED R. CIV P# 57 AND 65,
SPECIFICLY FOR DEFENDANT DR. SYLVIA FOSTER ONLY,
TO EACH OF THE FOLLOWING:

CLERK OF THE COURT (GMS)
U.S. DISTRICT COURT
844 N. KING ST. LOCKBOX 18
WILM, DE 19801

JOSEPH C. SCHOELL ESQ
WILM TRUST CENTER
SUITE 1001
1100 N. MARKET ST
WILM, DE 19801

LOUIS J. RIZZO JR, ESQ
1001 JEFFERSON PLAZA
SUITE 202
WILM, DE 19801

DATE: 8/22/08

Jimmie Lewis
JIMMIE LEWIS
SBI # 506622
J.T.V.C.C
1181 PADDOCK RD
SMYRNA, DE 19977

EXHIBIT (A)

admission staff and follow Delaware Psychiatric Center procedures.

Within 72 hours of admission, the forensic team of Mitchell will screen all forensic patients and prepare the initial treatment plan.

## Court Committed For Pre-Trial Or Pre-Sentence Evaluation
These patients may come directly from court or be transferred in from prison. These patients can not be housed in psychiatric units other than Mitchell Building unless they are on probation status or court ordered to a particular unit by the court. The day-to-day treatment for forensic patients assigned to areas other than Mitchell Building belongs to the Treatment Service where the patient is housed for their care and treatment.

## Court Committed After Being Found Not Guilty By Reason Of Insanity
This type of patient may be transferred by a court order to another Treatment Service on the grounds of Delaware Psychiatric Center if it is determined that they no longer need the security of the Mitchell Building. In such cases, the new Treatment Service assumes the responsibility for care and treatment.

## Court Committed After Being Found Guilty But Mentally Ill
This type of patient remains under the jurisdiction of the Department of Corrections and upon stabilization and with the court's approval would be sent to prison to complete his or her sentence.

## Court Committed After Being Found Unfit Or Incompetent To Stand Trial, Incompetent To Stand Sentencing, Etc.
Such patients are committed for treatment for their indicated incompetence and can be transferred by a court order to another treatment area if they do not require the security of the Mitchell Building. In such cases, the new Treatment Service assumes the responsibility of planning and treatment. If competency later ensues, the patient will go for trial and/or the disposition of his/her court case.



## Court Committed From Prison After The Prisoner Becomes Mentally Ill While Imprisoned And Found In Need Of Inpatient Psychiatric Treatment.
Such prisoners will be returned to the custody of the department of corrections upon stabilization in a manner indicated by a court order.

## Municipal And Family Court Committed Patients Who Have Been To Court And Needs Continued Psychiatric Hospitalization On A Civil Or Voluntary Commitment Status
These patients may be approved by the Court to be transferred out of the Mitchell Building within five (5) days following the change of status.

## TREATMENT PLANNING
The central focus of the treatment for each patient is individualized treatment plan meeting held at specific intervals. The patient is actively involved in these meetings and is encouraged to participate in the development of the plan. Input is received from all



SATURDAY, JULY 5, 2003



AKIRA ONO/ASSOCIATED PRESS

145-pound Takeru Kobayashi of Japan, right,
g eating contest at Coney Island yesterday.
aced third, and Charles Hardy of Brooklyn.

Booker, a
no sucked
buns.
Alexandria,
l by down-
finishing

Celebrity contestant William
"The Refrigerator" Perry was out-
classed by the assembled chow-
hounds. The 410-pound former
NFL star dropped out of the com-
petition after just five minutes,
with only four hot dogs finished.

## NEWS BRIEFS

### Three injured in jumps from burning boat

BRICK: Three people suffered
minor burns and two others es-
caped injury when all five jumped
from a boat that caught fire in
the Barnegat Bay near the Me-
tedeconk River yesterday, Brick
Township police said.

The boat was about 30 yards
out from an Ocean County ma-
rina about 4:30 p.m. when flames
engulfed the craft, possibly the
result of an explosion, said Sgt.
Craig Lash.

All five boaters were rescued,
the sergeant said. The boat,
which was gutted, drifted to
shore and beached itself.

### Public is asked to help find missing Newark man

NEWARK: Police are seeking
the public's assistance in finding
a city resident who suffers from
schizophrenia and a bipolar dis-
order.

Jimmie Lewis
Jr., 36, talked last
with his mother by
telephone on May
19, but wasn't re-
ported missing
until June 25, said
Lt. Derek Glenn, a
city police spokes-
man.



LEWIS

He said Lewis, described as
manic depressive, is 6 feet, 2
inches, weighs 230 pounds, has
brown eyes, black hair and a dark
skin.

Glenn said anyone with infor-
mation should contact police at
(973) 733-5172.

ER

## NATION

| | TODAY | | | TOMORROW | | |
|---|---|---|---|---|---|---|
| | HI | LO | W | HI | LO | W |
| Albuquerque | 95 | 66 | pc | 94 | 66 | pc |
| Atlanta | 82 | 69 | pc | 82 | 70 | t |
| Baltimore | 96 | 72 | pc | 92 | 70 | pc |
| Biloxi, MS | 88 | 77 | t | 90 | 79 | pc |
| Boise | 90 | 56 | s | 88 | 56 | s |
| Boston | 90 | 68 | pc | 88 | 66 | s |
| Branson, MO | 94 | 70 | s | 90 | 72 | pc |
| Buffalo | 82 | 62 | pc | 80 | 60 | pc |
| Charleston, SC | 90 | 74 | pc | 90 | 74 | pc |

ly 68
unny 90

EXHIBIT (C)

## WILMINGTON DEPARTMENT OF POLICE
### Detainee Assessment / Property Receipt

Detainee's Name: _Lewis, Jimmie_   Case #: _30-03-_
Last, First Middle

Charges: _Carjacking, Theft_   Arresting Officer: _E. Godwin_

_____   Additional Officer: _J. Santana_

Detainee's Physical Condition:   OK ☑   Other ☐

Explain:   (Body deformities/Bruises/Sutures) : _____

_____

_____

Medication:  Yes ☑   No ☐   Type: _PSCHOTTOPIC_
_THOrazine, Depakote, Vistoril, risperdal_

Unusual Behavior:
Explain: _____DETAINEE STATED ThOUGhTs OF SUICIDE,_
_TransFered To  m.P.c .T.F INFIrmary_

_____

**Detainee's Property**                    **Seized as Evidence**

Currency/Coin  U.S. Currency: _7.00_        U.S. Currency: _____
U.S. Coin: _2.26_        U.S. Coin: _____
Total: _9.26_        Total: _____

(Have detainee initial next to totals)

Clothing: _Belt, Wallet WITH ss card, Licences (NJ)._

_____

Jewelry: _NeckLess WITH egyPTion cross, DeViL HOENS. AND_
_caT eye. conTacT. LENSes_
Miscellaneous: _3 SeTs oF keys (one seT VICTIMS),_
_PSYCH TreaTmenT PLan_

_____   _06/26/03_   _06 21_ hours
Officer Receiving Property   Date   Time

_____   _____   _____ hours
Transporting Officer   Date   Time

I, _____, have received the above property from the Wilmington Department of Police, which
was taken from me on the above date. _____   _____ hours.
Date   Time

**Form To Be Completed in Duplicate**

.northern State Prison-Main
PO Box 2300  Newark, NJ

EXHIBIT D, P1

Page 1
Chart Document
December 21, 2001

JIMMY LEWIS    Inmate Housing Location: Northern State Prison-Main
Male DOB: 12/25/1966    SBI #: 000393795E    Booking #: 285931

12/20/2001 - Internal Other: MH Treatment Plan: Update
Provider: Bernice M. Frinch, LCSW
Location of Care: Northern State Prison-Stabilization Unit
This document contains confidential information

**Current Problems:**
HYPERTENSION, UNSPECIFIED (ICD-401.9)
ANTISOCIAL PERSONALITY DISORDER (A2) (DS4-301.7)
R/O SCHIZOAFFECTIVE DISORDER (A1) (DS4-295.70)
R/O BIPOLAR DISORDER NOS (A1) (DS4-296.80)

**Current Medications:**
VISTARIL CAPS 100 MG (HYDROXYZINE PAMOATE) Take 1 cap po HS prn Start 11/30/01 End 12/30/01
DEPAKOTE 500 MG 1 tab in am & 2 tabs @ hs x 15 days
RISPERDAL 1 MG 1 tab bid x 15 days
THORAZINE TABS 100 MG (CHLORPROMAZINE HCL) Take 1 tab po Q6h prn agitation

Housing: SU

## Strengths and Limitations
**Communication** good
**Medication Compliance** good
**Supportive Relationship** fair
**Physical Health** fair
**Social Skills** poor
**Estimated Literacy level** fair
**Insight** fair
**Motivation for treatment** fair
**ADL compentencies** good
**Substance Abuse History**Hx of drug abuse
**Suicide History**Hx suicide attempts and ideation

## New Problems
Axis IV
Patient has a problem with social environment, criminal and legal system.

## Treatment Goals and Modalities

**Thought to injure oneself**
**Problem Definition:**
Reoccurance thought to hurt self evidenced by verbal threat.
**Treatment Goals:**
Inmate will not hurt other
Inmate will learned new techniques to deal with his upset.
Inmate will eliminate acting out behaviors such as self- harm suicidal threats.
**Treatment Modalities:**
Psychiatrist will provide daily counseling and medication assessment.
Social worker will provide daily conseling and group session

.thern State Prison-Main
Box 2300   Newark, NJ

*P. 2*

Page 2
Chart Document
December 21, 2001

JIMMY LEWIS     Inmate Housing Location: Northern State Prison-Main
Male DOB: 12/25/966     SBI #: 000337965     Booking #: 286963

Daily individual counseling by psychologist.

**Thought to injure others**
**Problem Definition:**
Reoccurance thought to hurt other evidenced by verbal threats and and argumentative behavior.
**Treatment Goals:**
Inmate will not hurt other.
Inmate will attend anger management session.
Inmate will demonstrate effective communication skills without threat to hurt other.
**Treatment Modalities:**
Daily contacts with psychiatrist for medication assessment,and prescription.
Daily group session with social worker  and focus on anger,manent.
Daily individual counseling session with psychologist
**Additional Notes:** Inmate states that he want individual therapy to deal with his attitude because it has become an issues which has prevented him from making choices. He states he is beginning to make threats to solve problem,.

**Outpatient treatment plans must have social worker, psychiatrist, psychologist, and imate signatures.**

| | | | |
|---|---|---|---|
| OT | Date | SW | Date |

| | | | |
|---|---|---|---|
| Psychologist | Date | Psychiatrist | Date |

| | | | |
|---|---|---|---|
| RN | Date | Officer | Date |

*Jimmie Lewis*      12/21/01
Inmate                    Date

**Signed by Bernice M. Frinch, LCSW on 12/20/2001 at 10:32 PM**



EXHIBIT (E)    P. 2

# Delaware Psychiatric Center
## Forensic Unit
### (Jane E. Mitchell Building)

### Forensic Psychiatric Evaluation

Examinee:            Jimmy Lewis            ID #: 0305016966

Date of Birth:          25 December 1966 (Current Age: 38)
Examiner:             Sylvia Foster, M.D.
Period of Evaluation:   21 May 2004 - present
Date of Report:         10 June 2004

## REASON FOR EVALUATION:

Mr. Lewis was referred to The Delaware Psychiatric Center (DPC) for forensic
psychiatric evaluation by *Motion and Order* of the Honorable Charles H. Toliver, In the
Superior Court of the State of Delaware, In and For New Castle County, on 1 December
2003, to determine his competency to stand trial and to obtain treatment for his own well-
being.

## NOTIFICATION:

Upon admission to the Forensic Unit, Mr. Lewis was informed that he was being
evaluated by Court Order, and that the results of all evaluations performed during this
admission would not remain confidential, but would be disseminated to the Court, the
prosecution, and his attorney.

## EXAMINER:

Medical Doctor specializing in Psychiatry with Board Certification, sub-specializing in
Forensic Psychiatry

## LIST OF CHARGES:

Carjacking 2nd Degree
Theft $1000 or greater
Resisting Arrest

## SOURCES OF INFORMATION:

Face-to-face interview with Mr. Lewis on 21 May 2004 and various times thereafter
          on the Forensic Unit at DPC
Superior Court Criminal Docket

Seven page statement by Mr. Lewis regarding his social and legal history and his account
    of the crime, undated
Medical Records, Delaware Psychiatric Center, 21 May 2004 – present
Medical Records. First Correctional Medical (FCM). 5 March 2003 – 31 March 2004
Case Charge List
Complaint and Warrant
Exhibit A & B
Charge History Record
Letter from Donald Napolin, LSCW, to The Honorable Charles H. Toliver, 5 May 2004

## CURRENT MEDICATIONS:

Seroquel 50 mg twice daily for anger management and impulse control
Atenolol 25 mg daily for hypertension

## BACKGROUND INFORMATION:

Mr. Lewis was a 38-year-old African American male who presented to the Mitchell
Building based on an evaluation by Dr. Joshi, a prison psychiatrist. Dr. Joshi described
Mr. Lewis on 27 May 2003 as "psychotic and delusional, a danger to self and others,
refusing to take medication." He had assaulted a Correctional Officer, and was
transferred to the infirmary. Mr. Lewis was described as saying, "I can't distinguish
between right and wrong. I am hearing voices telling me to hurt myself and I'm seeing
shadows."

Mr. Lewis had been incarcerated on 17 November 2003 and convicted of Carjacking,
Theft and Resisting Arrest. According to the police report, Mr. Lewis was picked up by a
male driver who was out looking for a male companion for the evening. Mr. Lewis
allegedly attempted to rob the driver, at which point the driver jumped out of the vehicle
in fear, and Mr. Lewis drove off with the car. He allegedly resisted arrest when caught,
and was identified by the driver as the person who stole his car.

According to FCM records, Mr. Lewis was "flirtatious" at times, and had to be redirected
for asking personal questions of the mental health examiner. She confronted his
"narcissism and attention-seeking behaviors," and questioned the diagnosis of
Schizophrenia that had been given him by the physician. Mr. Lewis refused all
medication, requesting only Xanax and Valium (highly addictive drugs of the
Benzodiazepine family). He asked for art materials, and pornography, stating that these
items would be very helpful. He presented with, "broad mood and good eye contact, with
no suicidal, homicidal ideation and no auditory or visual hallucinations." He was
frequently argumentative and loud. He was observed wearing "paper horns," saying, that
they made him feel more comfortable. "It helps me deal with whatever I'm going
through. The horns are like a mask. If I deal with these things within me, I'll be a better
person, being unjustly accused." He was also described as calm and controlled. He
spoke of hearing voices but stated, "I don't know whether it's voices or just my

P. 4

thoughts." Mr. Lewis stated later that he wore the paper horns and the cat's eye contact lenses for the "scare" factor.

Not much is known about Mr. Lewis' legal history as he is from out of state. However, he said that he had been in prison for six or seven years in New Jersey, from about 1993 to 2000. He added that he had been sentenced to six years for Robbery, "I pick-pocketed somebody," but his jail time had been prolonged for fighting.

Mr. Lewis had no psychiatric history. He saw a counselor as a child in New Jersey where he grew up. At first he said he didn't remember why, but shortly thereafter remembered that it was because his mother had become involved in a Lesbian relationship. "I didn't approve of it and I voiced my opinion to her, and I started misbehaving. I didn't like the lady and I didn't like the idea of the relationship." He went on to explain, "I might have accepted it if it had been presented to me differently, but I saw this lady actually twist my mother's arm to tell me about the [Lesbian nature of the] relationship. I had thought they were just close friends." Mr. Lewis' mother told the team social worker that he had been attention-seeking as a youth, and that he felt no one ever paid enough attention to him. She said he always felt that whatever someone was doing, they should stop, and attend to his needs. He blamed his mother for his current problems due to her homosexual affair. His parents had separated when Mr. Lewis was two years old, at which time Mr. Lewis' father had gone to live in North Carolina.

Mr. Lewis stated that he had been employed in construction and as a porter. "Whatever job was open, I was doing it." However, he added, "I've been fired more than ten times." The longest job he ever held was three months. "I would always argue, or go in late, and I'd get fired." He admitted to selling drugs off and on. "That's what I had to do to have money. Then I got to selling bootleg CD's and DVD's."

Mr. Lewis dropped out of the tenth grade, but later obtained a GED. He changed that idea later, and said that he had a high school diploma. His mother maintained that he actually had a GED. He said, "She thought wrong." He attended the American Business Institute, but did not stay long, ending up owing them money. He related that he had been attending commercial drivers' school to drive eighteen-wheelers just prior to his incarceration. "It was going to be my first job; Poland Springs was going to hire me."

Mr. Lewis stated that he been shot by a police officer ten years ago, with gunshot wounds to the left hip and left arm. He had history of hypertension for which he was being medicated, and history of kidney infection. He had no other significant medical or surgical history.

Mr. Lewis had never married, stating, "Every time I get into a relationship, we always argue." He was with one girlfriend off and on for eight years.

. . . . . . . . . . . . . . . . . . . . that he began drinking alcohol in his teens, with his last use just prior

use. He also admitted to smoking marijuana sixteen years ago, but denied all other illicit drug use. It was considered probable that he was minimizing his addiction issues

## HOSPITAL COURSE:

Mr. Lewis became verbally unresponsive, selectively mute, and categorically refused to answer any questions on the day of admission. He also refused the initial physical examination. Later the same day, Mr. Lewis was observed interacting in a normal manner on the unit. Several days later, the initial examinations were completed without problem. He eventually explained that he had not felt like speaking on the first day.

Mr. Lewis' hospital course has been complicated by his aggressive, assaultive behavior. He was overheard making physical threats, observed taunting and laughing at his peers, taking pleasure in embarrassing them, and was
                                          . He complained of hearing voices sporadically but displayed no evidence of preoccupation with internal stimuli when he believed he was not being observed.

The team psychologist described Mr. Lewis in the following manner in the anger management group: arrogant, disruptive and instigating. While the other older patients tried to have a calming influence, Mr. Lewis displayed no sense of boundaries or respect for authority. She added that there was nothing odd or bizarre about his behavior that would suggest a psychotic disorder. Other therapists noted that he was disruptive in the group setting, talking out of turn, and making obscene comments while watching educational videos. When evaluated by the team, he made it clear that he would rather be at DPC rather than in jail in order to "get some help." When asked what help he needed, or what we could do for him, he answered he didn't know.

One staff member stated that she found Mr. Lewis to be engaging, intelligent and articulate, but noted his sense of entitlement, and his demand that things be done his way. Mr. Lewis stated that he needs to do "outlandish things" to get attention, such as wearing paper horns and wearing his cat's eye lenses. It was explained to him that he would not be allowed to wear his paper horns at any time while at DPC, after he placed them on his head at one point. He understood, and did not attempt to wear them again. He was noted to attempt to intimidate one female therapist by facing her in the hallway and stating, "I just want to get my point across that whatever you said about me in team meeting was wrong and derogatory."

On 6/7/04, a special meeting with Mr. Lewis was called to address his grossly inappropriate behavior on the unit the night before. He was angered by not receiving a certain salad at dinner to which he believed he was entitled, and assaulted a peer and a staff member, escalating to the point where he was difficult to redirect. In summary, he was noted to be disruptive in the group setting, to taunt his peers, to intimidate and flirt with therapists, and to make obscene comments. There were reports to the contrary by other staff members who reported that Mr. Lewis was cooperative and helpful in the milieu, tending to get loud and demanding at times when he felt his needs were not being met in a timely fashion.

Initially, Mr. Lewis was prescribed no psychotropic medication, as there was no evidence of a mood disorder, and no evidence of psychosis. However, Seroquel was begun after it became evident that Mr. Lewis had difficulty managing his anger, and controlling his impulses.

## CURRENT MENTAL STATUS EXAM:

Mr. Lewis presented with shaved head, and was appropriately dressed. He was cooperative, and able to sit quietly for the examination with no abnormal motor activity. His speech was normal in rate, tone and volume, and there was no evidence of loud, pressured speech. He stated that his mood was "sensitive, and easily irritated." His affect was full range. His thought processes, assessed by the verbalizations of his thoughts and feelings, were goal directed; there was no evidence of loosening of associations or tangentiality. His thought content displayed no delusions. He was not thinking about suicide, although he maintained that he had been thinking about it. "But I don't really want to do it." He was not thinking about hurting others, and stated, "I'm not on the defensive unless there's a reason." He denied obsessions, compulsions, racing thoughts, paranoia, delusions, special powers, hyper-religiosity, and grandiosity. His cognitive functions were intact grossly. His insight and judgment were considered intact.

## COMPETENCY ASSESSMENT:

Mr. Lewis was presented the questions to the McGarry Criteria as cited in State of Delaware v. Joseph A. Shields, 593 A.2nd, 986 (Del. Super. 1990), p. 1000. Based upon the present examination, Mr. Lewis demonstrated that he does have sufficient present capacity to consult with an attorney with a reasonable degree of rational understanding of court procedures. He is fully able to understand the nature of the proceedings against him, to give evidence in his own defense and to instruct counsel on his behalf.

It should be noted that Mr. Lewis handed out a highly articulate, well-written explanation of his actions on the day of the alleged crime. It reveals a high level of education and intelligence, and highlights his excellent ability to give evidence in his own defense and to instruct counsel on his behalf.

## DIAGNOSIS:[1]

| | |
|---|---|
| Axis I: | Malingering; Alcohol Abuse; History of Conduct Disorder |
| Axis II: | Antisocial Personality Disorder |
| Axis III: | Hypertension |
| Axis IV: | Psychosocial and Environmental Problems: Incarceration |
| Axis V: | Global Assessment of Functioning (GAF) Scale (1 – 100): 50 |
| | Serious impairment in social and occupational functioning |

---

[1] American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision. Washington, DC, American Psychiatric Association, 2000.

OPINION:

The opinions expressed in this report are held with a reasonable degree of medical
certainty, and are based upon the direct examination of Mr. Lewis, the observations
reported by staff and therapists on the Forensic Unit, and the previous reports and records
available for review. These opinions are subject to change if additional information or
records become available.

Assessment:

The essential feature of Malingering is the intentional production of false or grossly
exaggerated physical or psychological symptoms, motivated by external incentives such
as getting out of prison into a psychiatric unit. Malingering should be strongly suspected
in the presence of Antisocial Personality Disorder.

Mr. Lewis demonstrated no evidence of a mood disorder or psychosis during his
admission to DPC, and it is not likely that he ever had Schizophrenia or any other chronic
psychotic disorder.

SUMMARY OF OPINIONS AND RECOMMENDATIONS:

1.    Mr. Lewis is psychiatrically stable and can be returned to prison.

2.    It is my opinion that Mr. Lewis is competent to stand trial.

3.    It is my opinion that, as in the case of many people with Antisocial Personality
      Disorder, Mr. Lewis may need to remain on his medication to help with anger
      management and impulse control

4.    Any threats made by Mr. Lewis to harm himself or others should be taken
      seriously as he is highly manipulative and will stop at little to obtain his goals.

Sylvia Foster, M.D.
Forensic Psychiatrist

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE

*EXHIBIT (F)*

vs.

JIMMY LEWIS

Alias: No Aliases

DOB: 12/25/1966
SBI: 00506622

CASE NUMBER:                    CRIMINAL ACTION NUMBER:
0305016966                      IN03-06-0175
                                CARJACKING 2ND(F)
                                IN03-06-0176
                                THEFT $1000 OR>(F)
                                IN03-06-0177
                                RESIST ARREST(M)

## SENTENCE ORDER

NOW THIS 11TH DAY OF FEBRUARY, 2005, IT IS THE ORDER OF
THE COURT THAT:

The defendant is adjudged guilty of the offense(s) charged.
The defendant is to pay the costs of prosecution and all
statutory surcharges.

  AS TO IN03-06-0175- : TIS
  CARJACKING 2ND

Effective May 26, 2003  the defendant is sentenced
as follows:

 - The defendant is placed in the custody of the Department
of Correction for 5 year(s) at supervision level 5

 Probation is concurrent to any probation now serving.

  AS TO IN03-06-0176- : TIS
  THEFT $1000 OR>

 - The defendant is placed in the custody of the Department
of Correction for 2 year(s) at supervision level 5

 - Suspended after serving 1 year(s)  at supervision level 5

STATE OF DELAWARE
      VS.
JIMMY LEWIS
DOB: 12/25/1966
SBI: 00506622

- For 1 year(s)  supervision level 4 **PLUMMER** **CENTER**

- Suspended after serving 6 month(s)  at supervision level
4 **PLUMMER** **CENTER**

- For 6 month(s)  supervision level 3

- Hold at supervision level 5

- Until space is available at supervision level 4
**PLUMMER** **CENTER**

Probation is concurrent to any probation now serving.

  AS TO IN03-06-0177- : TIS
  RESIST ARREST

- The defendant is placed in the custody of the Department
of Correction for 1 year(s) at supervision level 5

- Suspended for 1 year(s)  at supervision  level 2

Probation is concurrent to any probation now serving.

**APPROVED ORDER**    2    November  9, 2007 10:11

## SPECIAL CONDITIONS BY ORDER

**STATE OF DELAWARE**
      **VS.**
**JIMMY LEWIS**
**DOB: 12/25/1966**
**SBI: 00506622**

                        **CASE NUMBER:**
                           **0305016966**


The defendant shall pay any monetary assessments ordered
during the period of probation pursuant to a schedule of
payments which the probation officer will establish.


Have no contact with Patrick Geer


Defendant shall successfully complete anger management,
counseling, treatment program.


The defendant shall undergo mental health evaluation and
follow recommendation for counseling and treatment.


### NOTES
Aggravating Circumstances - 2 or more violent felonies -
Lack of Remorse


                              _____
                              **JUDGE PEGGY L ABLEMAN**

## FINANCIAL SUMMARY

**STATE OF DELAWARE**
    **VS.**
**JIMMY LEWIS**
**DOB: 12/25/1966**
**SBI: 00506622**

                    **CASE NUMBER:**
                    **0305016966**


SENTENCE CONTINUED:

TOTAL DRUG DIVERSION FEE ORDERED

TOTAL CIVIL PENALTY ORDERED

TOTAL DRUG REHAB. TREAT. ED. ORDERED

TOTAL EXTRADITION ORDERED

TOTAL FINE AMOUNT ORDERED

FORENSIC FINE ORDERED

RESTITUTION ORDERED

SHERIFF, NCCO ORDERED

SHERIFF, KENT ORDERED

SHERIFF, SUSSEX ORDERED

PUBLIC DEF, FEE ORDERED                    50.00

PROSECUTION FEE ORDERED                   100.00

VICTIM'S COM ORDERED

VIDEOPHONE FEE ORDERED                      3.00

_____

TOTAL                                     153.00




**APPROVED ORDER**      4      November  9, 2007 10:11

## AGGRAVATING-MITIGATING

**STATE OF DELAWARE**
        **VS.**
**JIMMY LEWIS**
**DOB: 12/25/1966**
**SBI: 00506622**

                          **CASE NUMBER:**
                          **0305016966**


**AGGRAVATING**
LACK OF REMORSE

SUPERIOR COURT CRIMINAL DOCKET                    Page    1
( as of  07/16/2008 )

State of Delaware v.  JIMMY LEWIS                                DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.              EMMANUEL E ELDER


Assigned Judge:

Charges:
Count     DUC#      Crim.Action#   Description      Dispo.    Dispo. Date
-----------------------------------------------------------------------------
001   0305016966   IN03060175R3   CARJACKING 2ND    GLTY    10/23/2003
002   0305016966   IN03060176R3   THEFT $1000 OR>   GLTY    10/23/2003
003   0305016966   IN03060177R3   RESIST ARREST     GLTY    10/23/2003

      Event
No.   Date       Event                              Judge
-----------------------------------------------------------------------------
1    06/03/2003
     CASE ACCEPTED IN SUPERIOR COURT.
     ARREST DATE: 05/26/2003
     PRELIMINARY HEARING DATE: 060203
     BAIL:  SECURED BAIL-HELD              12,000.00 100%
     NO CONDITION
2    06/30/2003
     INDICTMENT, TRUE BILL FILED.NO 6
     SCHEDULED FOR CASE REVIEW AND ARRAIGNMENT 07/28/03 AT 9:00
3    07/03/2003
     ACKNOWLEDGEMENT OF RECEIPT OF DISCOVERY RESPONSE.
     JOHN EDINGER
4    07/14/2003
     SUMMONS MAILED.
     07/28/2003                              COOCH RICHARD R.
     CASE REVIEW & ARRAIGNMENT CALENDAR: SET FOR FINAL CASE REVIEW.
     DATE: 8/18/03 @ 9:00
6    08/12/2003
     DEFENDANT'S LETTER FILED.
     08/18/2003                              GEBELEIN RICHARD S.
     FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL_10/21/2003.
5    08/18/2003
     ORDER SCHEDULING TRIAL FILED.
     TRIAL DATE:__10/21/03
     CASE CATEGORY:_____2
     ASSIGNED JUDGE (CATEGORY 1 CASES ONLY):
     UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY
     OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY
     FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR
     CONTINUANCE REQUESTS WILL BE DENIED.
8    08/29/2003

```
                      SUPERIOR COURT CRIMINAL DOCKET              Page    2
                          ( as of  07/16/2008 )


State of Delaware v.  JIMMY LEWIS                              DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.     AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.             EMMANUEL E ELDER


      Event
No.   Date       Event                                    Judge
------------------------------------------------------------------------------
      DEFENDANT'S LETTER FILED.
12    09/30/2003
      DEFENDANT'S LETTER FILED.
7     10/06/2003
      SUBPOENA(S) MAILED.
9     10/07/2003
      DEFENDANT'S LETTER FILED.
13    10/07/2003
      STATE'S WITNESS SUBPOENA ISSUED.
22    10/10/2003
      DEFENDANT'S LETTER FILED.
15    10/14/2003
      MOTION FOR DISCOVERY AND MOTION TO SUPPRESS FILED PROSE. REFERELL MEMO
      (RULE 47) SENT TO P.D. OFFICE TO MR. EDINGER.
16    10/14/2003
      DEFENDANT'S LETTER FILED.
      TO: J. EDINGER
      LETTER REFERRED TO COUNSEL
10    10/15/2003
      DEFENDANT'S LETTER FILED.
11    10/15/2003
      DEFENDANT'S LETTER FILED.
14    10/17/2003
      REFERRAL TO COUNSEL MEMORANDUM FILED.
      ATTACHING LETTER/DOCUMENT FROM DEFENDANT.  REFERRED TO DEFENSE COUNSEL
      AS ATTORNEY OF RECORD.  COPY OF DEFENDANT'S LETTER NOT REVIEWED BY THE
      COURT AND NOT RETAINED WITH THE COURT'S FILE.  PLEASE ADVISE YOUR
      CLIENT THAT FURTHER COMMUNICATIONS REGARDING THIS CASE SHOULD BE
      DIRECTED TO YOU. J. EDINGER
      REFERRED BY: S. NAPIER
18    10/20/2003
      STATE'S WITNESS SUBPOENA RETURNED
17    10/21/2003                                     ABLEMAN PEGGY L.
      TRIAL CALENDAR- WENT TO TRIAL JURY
19    10/21/2003                                     ABLEMAN PEGGY L.
      JURY TRIAL HELD 10/21/03, 10/22/03, AND 10/23/03.
      JURY SWORN IN 10/21/03 AT 3:10 P.M.
      10/22/03 DEFENSE MOTION FOR ACQUITTAL ON ALL 3 COUNTS.  MOTION DENIED
      ON ALL 3 COUNTS.
      JURY FOUND DEFENDANT GUILTY OF CARJACKING 2ND (0175), THEFT (0176) AND
      RESISTING ARREST (0177).
      PSI ORDERED. SENTENCING SCHEDULED FOR 12/5/03 AT 9:30 A.M.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    3
                        ( as of  07/16/2008 )

State of Delaware v.  JIMMY LEWIS                          DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.     AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.             EMMANUEL E ELDER

     Event
No.  Date         Event                                    Judge
------------------------------------------------------------------------------
     1 COURT EXHIBIT. GAVE TO EDGAR JOHNSON TO PUT IN VAULT.
     AG/ROBERTSON - PD/EDINGER - CR/FELDMAN, DONNELLY & MAURER - CC/CARUSO.
     JUDGE HERLIHY TOOK THE VERDICT FOR JUDGE ABLEMAN
24   10/21/2003
     LETTER FROM: MARGOT R. MILLAR, OFFICE OF DISCIPLINARY COUNSEL
     TO: DEFENDANT.
     RE: DISCIPLINARY COMPLAINT AGAINST DEFTS. COURT APPOINTED ATTY.
     *SEE FULL LETTER IN FILE*
20   10/23/2003                                     ABLEMAN PEGGY L.
     CHARGE TO THE JURY FILED.
21   10/23/2003
     VOIR DIRE QUESTIONS FILED.
     STATE'S PROPOSED VOIR DIRE.
23   11/04/2003
     LETTER FROM SUPREME COURT TO JIMMY LEWIS
     RE: THE SUPREME COURT IS IN RECEIPT OF YOUR LETTER
     DATED OCTOBER 24, 2003. THE SUPREME COURT IS AN APPELLATE COURT
     WHICH RECEIVES APPEALS AND RELATED DOCUMENTS FILED PURSUANT
     TO SUPREME COURT RULES. ACCORDING TO THE SUPREME COURT RECORDS,
     YOU DO NOT HAVE AN APPEAL PENDING AT THIS TIME. BY COPY OF THIS
     LETTER I AM PROVIDING COPIES OF YOUR LETTER TO YOUR ATTORNEY, AND
     THE DEPUTY ATTORNEY GENERAL, THE PROTHONOTARY.
25   11/14/2003
     MOTION FOR PSYCHOLOGICAL/PSYCHIATRIC EXAM FILED.
     BY JOHN S EDINGER JR,ESQ
     REFERRED TO JUDGE TOLIVER-OFFICE JUDGE SENT UP (11/24/03)
26   12/01/2003                                     TOLIVER CHARLES H. IV
     ORDER: ORDERED THAT JIMMY LEWIS THE DEFENDANT, BE TRANSFERRED TO THE
     DELAWARE STATE HOSPITAL FOR PSYHIATRIC EVALUATION FOR THE PURPOSE OF
     DETERMINING COMPETENCY, AND TO OBTAIN TREATMENT FOR HIS OWN WELL-BEING
     AS SOON AS DELAWARE STATE HOSPITAL NOTIFIES GANDER HILL OF AN
     AVAILABLE OPENING, JIMMY LEWIS IS TO BE TRANSPORTED AND EVALUATED.
27   12/03/2003
     MOTION FOR TRANSCRIPT FILED PROSE.  REFERRED TO JUDGE ABLEMAN.
     * NOTE FROM CHAMBERS-JUDGE REVIEWED BOTH LETTERS 12/22/03 NO ACTION
     NEEDED. AMH
28   12/16/2003
     DEFENDANT'S LETTER FILED.
29   01/13/2004
     DEFENDANT'S LETTER FILED.
30   03/01/2004
     LETTER FROM: JOHN S. EDINGER, ESQ.      TO: JUDGE ABLEMAN
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page     4
                         ( as of  07/16/2008 )

State of Delaware v.  JIMMY LEWIS                                DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.       AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.               EMMANUEL E ELDER

     Event
No.  Date        Event                                     Judge
-------------------------------------------------------------------------------
     RE:  ON 12/01/03, THE COURT ORDERED THAT THE DEFENDANT BE TRANSFERRED
     TO THE DELAWARE STATE HOSPITAL FOR PSYCHIATRIC EVALUATION.  TO DATE,
     HE HAS NOT BEEN TRANSPORTED FOR AN EVALUATION.
     (LETTER AND FILE REFERRED TO JUDGE ABLEMAN 03/01/04)
31   03/11/2004
     MOTION FOR JUDGMENT OF ACQUITTAL FILED PROSE.  REFERRED TO JUDGE
     ABLEMAN
32   03/23/2004                                    ABLEMAN PEGGY L.
     LETTER/ORDER ISSUED BY JUDGE: ABLEMAN
     RE: THE COURT HAS CONSIDERED YOUR PRO SE MOTION FOR JUDGEMENT OF
     ACQUITTAL.  NORMALLY, THE COURT WILL NOT CONSIDER ANY PLEADINGS THAT
     YOU FILE PRO SE SINCE YOU ARE REPRESENTED BY COUNSEL, JOHN EDINGER.
     YOU SHOULD CONSULT WITH HIM FOR THE FILING OF ANY MOTIONS OR PLEADINGS
     IN THIS CASE, YOUR MOTION FOR JUDGEMENT OF ACQUITTAL IS UNTIMELY AND
     IS THEREFORE HEREBY DENIED.  IT IS SO ORDERED JUDGE ABLEMAN.
33   04/19/2004
     PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
     REFERRED TO JUDGE CARPENTER.
     DATE REFERRED: 4/21/04
     CIVIL CASE NO: 04M-04-054
34   04/26/2004                                    CARPENTER WILLIAM C. JR.
     LETTER/ORDER ISSUED BY JUDGE CARPENTER.
     RE: HABEAS CORPUS PETITION 04M-04-054 IS DENIED.
     YOUR REQUEST FOR HABEAS CORPUS RELIEF HAS BEEN FORWARDED TO ME FOR A
     DECISION. A REVIEW OF THE DOCKET IN THIS MATTER CLEARLY INDICATES THAT
     YOU WERE CONVICTED ON OCTOBER 21, 2003 ON THE CHARGES OF CARJACKING
     SECOND DEGREE, THEFT, AND RESISTING ARREST AND THE TRIAL WAS PRESIDED
     OVER BY JUDGE ABLEMAN. IN NOVEMBER, 2003, YOUR COUNSEL, MR. EDINGER,
     FILED A MOTION FOR A PSYCHIATRIC EXAMINATION WHICH WAS APPROVED BY
     JUDGE TOLIVER ON DECEMBER 1, 2003. WHILE I APPRECIATE THAT YOU ARE
     UPSET REGARDING THE DELAY THAT HAS OCCURED WITH REGARD TO THIS
     EVALUATION, IT DOES NOT PROVIDE YOU WITH A BASIS FOR HABEAS CORPUS
     RELIEF. SINCE IT IS CLEAR BASED UPON THE ABOVE THAT YOU ARE PRESENTLY
     BEING HELD CONSISTENT WITH YOUR CONVICTION ON THE ABOVE CHARGES AND
     YOUR FAILURE TO POST APPROPRIATE BAIL, YOUR REQUEST IS HEREBY DENIED.
     I WILL FORWARD A COPY OF THIS LETTER TO JUDGE ABLEMAN AND JUDGE
     TOLIVER SO THAT THEY MAY BE AWARE OF THE DELAY THAT IS OCCURRING. WCC
35   04/26/2004
     NOTICE OF SERVICE
     RE: COPY OF GROUNDS FOR APPEAL
36   05/07/2004
     DEFENDANT'S LETTER FILED.
```

```
                        SUPERIOR COURT CRIMINAL DOCKET              Page    5
                            ( as of  07/16/2008 )

State of Delaware v.  JIMMY LEWIS                                DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.              EMMANUEL E ELDER

      Event
No.   Date        Event                                      Judge
-------------------------------------------------------------------------------
37   05/13/2004
     PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
     SUBMITTED BY: DONALD NAPOLIN, MENTAL HEALTH SUPERVISOR
     AND ORDER REQUESTING DEFENDANT BE TRANSFERED TO MITCHELL BUILDING
     GRANTED BY JUDGE TOLIVER ON 5-13-04
38   05/14/2004
     DEFENDANT'S LETTER FILED.
     LETTER REGARDING NAMES AND PLACE EMPLOYMENT OF BAILIFF'S WHO PROVIDED
     COURT ON 10/21 10/23 FOR A WRIT OF MANDAMUS TO BE FILED.
     *SEE FULL LETTER IN FILE.
40   06/16/2004
     LETTER FROM DIANNE STACHOWSKI TO JUDGE TOLIVER, REQUESTING DEFT
     BE TRANSFERED BACK TO DOC.
39   06/28/2004
     PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
     SUBMITTED BY: SYLVIA FOSTER MD
     COPY SENT TO ATTORNEY AND JUDGE TOLIVER
41   06/29/2004
     LETTER FROM DIANNE STACHOWSKI TO JUDGE TOLIVER REQUESTING DEFENDANT
     BE TRANSFERRED BACK TO DOC.
42   07/06/2004
     LETTER FROM COMMISSIONER WHITE TO COUNSEL GIVING THEM 10 DAYS TO
     REQUEST A COMPETENCY HEARING AND INFORMING OF THE SENTENCING DATE
     OF 8-27-04 AT 9:30 WITH JUDGE TOLIVER.
43   07/19/2004
     MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER FILED.
     BY BRIAN J ROBERTSON,DAG
     MOTION PUT IN FILE TO BE HEARD AT SENTENCING
44   07/26/2004
     PSYCHOLOGICAL/PSYCHIATRIC REPORT FILED.
     COPY RECEIVED FROM DEFENDANT LEWIS
     SEALED BY ORDER OF SUPERIOR COURT
45   08/02/2004
     CONTINUANCE REQUEST FILED BY J EDINGER - GRANTED PER JUDGE ABLEMAN
     (SENTENCING)
46   08/09/2004
     MOTION TO DISMISS COUNSEL FILED PRO SE.  REFERRED TO JUDGE ABLEMAN
47   08/17/2004
     MOTION FOR COMPETENCY HEARING FILED PRO SE.  REFERRED TO JUDGE ABLEMAN
48   08/17/2004
     MOTION FOR DISCOVERY FILED PRO SE. REFERRED TO JUDGE ABLEMAN
49   08/20/2004                                          ABLEMAN PEGGY L.
```

```
                   SUPERIOR COURT CRIMINAL DOCKET            Page    6
                      ( as of  07/16/2008 )


State of Delaware v.  JIMMY LEWIS                          DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.              EMMANUEL E ELDER


     Event
No.  Date        Event                                    Judge
-------------------------------------------------------------------------------
       LETTER FROM JUDGE ABLEMAN   TO JOHN EDINGER, ESQ.
       RE: STATE V. JIMMIE LEWIS
       ENCLOSED PLEASE FIND CORRESPONDENCE RECEIVED BY THE COURT FROM THE
       ABOVE DEFENDANT WHOM YOU REPRESENT. IT IS REFERRED TO YOU FOR SUCH
       ACTION AS YOU DEEM APPROPRIATE.
       SUPERIOR COURT RULE 47 PROVIDES IN PERTINENT PART, "THE COURT WILL NOT
       CONSIDER PRO SE APPLICATIONS BY DEFENDANTS WHO ARE REPRESENTED BY
       COUNSEL". PLEASE NOTIFY YOUR CLIENT THAT FURTHER CORRESPONDENCE OR
       MOTIONS SHOULD BE MAILED DIRECTLY TO YOUR OFFICE FOR APPROPRIATE
       ACTION. THANK YOU.
50   08/20/2004                                  ABLEMAN PEGGY L.
       LETTER FROM JUDGE ABLEMAN   TO JIMMIE LEWIS
       RE: STATE V. JIMMIE LEWIS
       I HAVE YOUR MOTION FOR APPOINTMENT OF NEW COUNSEL. THE MOTION IS
       DENIED. I HAVE REFERRED YOUR MOTION FOR COMPETENCY HEARING TO MR.
       EDINGER AS SUPERIOR COURT CRIMINAL RULE 47 DOES NOT PERMIT YOU TO FILE
       PRO SE APPLICATIONS WHEN YOU ARE REPRESENTED BY COUNSEL.
51   08/31/2004
       DEFENDANT'S LETTER FILED.
       TO: JUDGE ABLEMAN
       REGARDING PRESENTENCE REPORT.
52   09/07/2004
       MOTION FOR NEW TRIAL FILED PRO SE.  REFERRED TO COUNSEL
     09/08/2004
       MOTION FOR NEW TRIAL
53   09/08/2004
       REFERRAL TO COUNSEL MEMORANDUM FILED.
       ATTACHING LETTER/DOCUMENT FROM DEFENDANT.  REFERRED TO DEFENSE COUNSEL
       AS ATTORNEY OF RECORD.  COPY OF DEFENDANT'S LETTER NOT REVIEWED BY THE
       COURT AND NOT RETAINED WITH THE COURT'S FILE.  PLEASE ADVISE YOUR
       CLIENT THAT FURTHER COMMUNICATIONS REGARDING THIS CASE SHOULD BE
       DIRECTED TO YOU.  J. EDINGER
       REFERRED BY: S. NAPIER
54   09/21/2004
       MOTION TO DECLARE THE DEFENDANT NOT GUILTY BY REASON OF INSANITY FILED
       PROSE.  REFERRED TO COUNSEL OF RECORD.
55   09/29/2004
       REFERRAL TO COUNSEL MEMORANDUM FILED.
       ATTACHING LETTER/DOCUMENT FROM DEFENDANT.  REFERRED TO DEFENSE COUNSEL
       AS ATTORNEY OF RECORD.  COPY OF DEFENDANT'S LETTER NOT REVIEWED BY THE
       COURT AND NOT RETAINED WITH THE COURT'S FILE.  PLEASE ADVISE YOUR
       CLIENT THAT FURTHER COMMUNICATIONS REGARDING THIS CASE SHOULD BE
```

```
                     SUPERIOR COURT CRIMINAL DOCKET                Page    7
                          ( as of  07/16/2008 )

State of Delaware v.  JIMMY LEWIS                              DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.              EMMANUEL E ELDER

     Event
No.  Date          Event                              Judge
-------------------------------------------------------------------------------
     DIRECTED TO YOU.  JOHN EDINGER
     REFERRED BY: S. NAPIER
56   10/08/2004
     DEFENDANT'S REQUEST FILED.
     REQUEST TO HAVE DOCKET ENTRY #54 CORRECTED.  ERROR CORRECTED 10/12/04.
     NOTICE OF REQUESTED CORRECTION SENT TO DEFENDANT.
57   10/19/2004
     NOTICES OF SERVICE (SEVERAL SEE FILE)
     REQUEST FOR A FULL AND FAIR EVIDENTIARY HEARING TO DETERMINE MATERIAL
     FACTS TO ALLEDGED DENIALS OF CONSTITUTIONAL RIGHTS.
59   10/29/2004
     NOTICE OF SERVICE
58   11/02/2004
     NOTICE OF SERVICES
60   11/03/2004
     NOTICE OF SERVICES
61   11/09/2004
     NOTICE OF SERVICES.
62   11/15/2004
     NOTICE OF SERVICE
     APPLICATION FOR CERTIFICATION TO THE SUPREME COURT OF DELAWARE
63   11/16/2004
     NOTICE OF SERVICE
     DOCUMENTS THE DEFENDANT WANTS THE COURT TO REVIEW.
64   11/17/2004
     NOTICE OF SERVICE
66   11/19/2004
     NOTICE OF SERVICE
     DOCKET ENTRIES (RULE 55)
65   11/29/2004
     PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
     REFERRED TO JUDGE ABLEMAN, THEN TO JUDGE TOLIVER.
     DATE REFERRED: 11/30/04
     CIVIL CASE NO: 04M-11-098
67   12/03/2004
     NOTICE OF SERVICE
     AS OF TO DATE THE DEFENDANT HAS NOT REVIEWED THE PRE-SENTENCE REPORT
     AS IT IS REQUIRED BY SUPERIOR COURT CRIMINAL RULE 32(C)(3)
68   12/10/2004
     DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
     RE: NOTICE OF APPEAL FROM INTERLOCUTORY ORDER.
69   12/21/2004
```

```
                        SUPERIOR COURT CRIMINAL DOCKET              Page      8
                             ( as of  07/16/2008 )


State of Delaware v.  JIMMY LEWIS                                DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.              EMMANUEL E ELDER

      Event
No.   Date          Event                               Judge
---------------------------------------------------------------------------------
      DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
      DIRECTIONS TO COURT REPORTER OF PROCEEDURES BELOW TO
      BE TRANSCRIBED PURSUANT TO RULE 9 (E)
70   12/27/2004                                   TOLIVER CHARLES H. IV
      LETTER/ORDER ISSUED BY JUDGE TOLIVER. RE: HABEAS PETITION 04M-11-098.
      I HAVE NOW HAD THE OPPORTUNITY TO REVIEW YOUR PETITION SEEKING THE
      ISSUANCE OF A WRIT OF HABEAS CORPUS WHICH WAS FILED WITH THE
      PROTHONOTARY ON NOVEMBER 29, 2004. IT IS UPON THAT REVIEW THAT I MUST
      DECLINE THE RELIEF YOU SEEK. MORE SPECIFICALLY, YOUR PETITION SEEMS TO
      COMPLAIN THAT YOU WERE NOT RETURNED FROM THE DELAWARE PSYCHIATRIC
      CENTER TO THE CUSTODY OF THE DEPARTMENT OF CORRECTION AS REQUESTED BY
      MS. STACHOWSKI'S CORRECTPONDENCE. ON JUNE 29, THAT DOCUMENT WAS FILED
      WITH THE PROTHONOTARY. PLEASE REFER TO THE COPY OF THE ENCLOSED
      DOCKET, ENTRY NUMBER 41.
      IT APPEARS THAT YOUR PETITION DOES NOT CONTAIN ANY OTHER BASIS FOR
      RELIEF. ACCORDINGLY, YOUR PETITION MUST BE DENIED, AS IT DOES NOT
      STATE A CLAIM UPON WHICH SUCH A WRIT MAY BE ISSUED.
      IT IS SO ORDERED. CHT
71   01/06/2005
      PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
      REFERRED TO JUDGE TOLIVER.
      DATE REFERRED: 1/10/05
      CIVIL CASE NO: 05M-01-033
74   02/03/2005
      NOTICE OF SERVICE FILED PRO SE.  THE DEFENDANT HEREBY REQUEST THAT HIS
      COURT APPOINTED DEFENSE ATTORNEY PROVIDE OR MOTION FOR INFORMATION OR
      MATERIALS AT SENTENCING.
      02/11/2005                                   ABLEMAN PEGGY L.
      SENTENCING CALENDAR: DEFENDANT SENTENCED.
75   02/11/2005                                   ABLEMAN PEGGY L.
      SENTENCE ASOP ORDER SIGNED AND FILED 02/25/2005.
72   02/14/2005
      MANDATE FILED FROM SUPREME COURT:  APPEAL DISMISSED.
      SUPREME COURT CASE NO: 531, 2004
      SUBMITTED: JANUARY 10, 2005
      DECIDED: JANUARY 25, 2005
      BEFORE STEELE, CHIEF JUSTICE, HOLLAND, AND RIDGELY, JUSTICES.
73   02/17/2005
      MOTION FOR NEW TRIAL FILED PRO SE.  REFERRED TO JUDGE ABLEMAN.
      02/22/2005
      MOTION FOR NEW TRIAL
76   02/25/2005
```

```
                     SUPERIOR COURT CRIMINAL DOCKET              Page    9
                       ( as of  07/16/2008 )

State of Delaware v.  JIMMY LEWIS                               DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.              EMMANUEL E ELDER

     Event
No.  Date        Event                                   Judge
----------------------------------------------------------------------------
     LETTER FROM SUPREME COURT TO KATHLEEN FELDMAN, COURT REPORTER
     RE: A NOTICE OF APPEAL WAS FILED ON 02/18/05, THE
     TRANSCRIPT IS DUE TO BE FILED IN THE PROTHONOTARY BY
     03/28/05.
77   02/28/2005                                 TOLIVER CHARLES H. IV
     LETTER/ORDER ISSUED BY JUDGE: TOLIVER
     I HAVE NOW HAD THE OPPORTUNITY TO REVIEW YOUR LATEST POSITION SEEKING
     THE ISSUANCE OF A WRIT OF HABEAS CORPUS WHICH WAS FILED WITH THE
     PROTHONOTARY ON JANUARY 9, 2005.  IT IS A MERE IMAGE OF THAT WHICH YOU
     FILED ON NOVEMBER 29, 2004.  FOR THAT REASON, I MUST AGAIN DECLINE TO
     GRANT THE RELIEF YOU SEEK AND FOR THE SAME REASONS STATED IN MY LETTER
     TO YOU OF DECEMBER 14, 2004.  BECAUSE THERE IS NOTHING ELSE FOR ME TO
     DECIDE, YOUR PETITION AGAIN IN THIS REGARD IS DENIED.  IT WILL NOT BE
     RECONSIDERED.  IT IS SO ORDERED JUDGE TOLIVER
78   02/28/2005                                 ABLEMAN PEGGY L.
     LETTER/ORDER ISSUED BY JUDGE: ABLEMAN
     DEFENDANT'S MOTION FOR A NEW TRIAL IS DENIED.  SEE FILE.
80   03/01/2005
     NOTICE OF APPEAL FILED IN SUPREME COURT (COPY)
79   03/07/2005
     TRANSCRIPT FILED.
     TRIAL TESTIMONY- OCTOBER 22, 2003
     BEFORE JUDGE ABLEMAN AND JURY
81   03/10/2005
     NOTICE OF SERVICE FOR A COPY OF TRANSCRIPTS.  REFERRED TO THE COURT
     REPORTER OFFICE.  COPY PLACED IN THE FILE.
82   03/18/2005
     TRANSCRIPT FILED.
     SENTENCING- FEBRUARY 11, 2005
83   03/21/2005
     TRANSCRIPT FILED.
     TRIAL PROCEEDINGS- OCTOBER 21,2003
     BEFORE JUDGE ABLEMAN
     03/21/2005
     RECORDS SENT TO SUPREME COURT.
84   03/28/2005
     RECEIPT FROM SUPREME COURT ACKNOWLEDGING RECORD.
85   05/05/2005
     MOTION FOR MODIFICATION OF SENTENCE FILED PRO-SE.
     REFERRED TO PRESENTENCE 05/20/05 FOR JUDGE ABLEMAN.
86   05/11/2005
     MOTION FOR MODIFICATION OF SENTENCE FILED PRO-SE.
```

```
                        SUPERIOR COURT CRIMINAL DOCKET            Page    10
                           ( as of  07/16/2008 )


State of Delaware v.   JIMMY LEWIS                             DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.              EMMANUEL E ELDER

      Event
No.   Date         Event                                   Judge
------------------------------------------------------------------------------
      REFERRED TO JUDGE ABLEMAN 05/20/05, DEFENTANT SENT IN MOTION 05/05/05
      THAT WENT TO PRESENTENCE 05/20/05.
87    06/01/2005                                    ABLEMAN PEGGY L.
      ORDER MOTION FOR MODIFICATION OF SENTENCE DENIED.
      THE SENTENCE IS APPROPRIATE FOR ALL THE REASONS STATED AT THE TIME OF
      SENTENCING.
88    07/05/2005
      DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
118   09/30/2005
      DEFENDANT'S LETTER FILED. DEFENDANT IS ASKING THE THE SUPERIOR COURT
      TO ACCEPT THE ATTACHED MOTION TO IMPUGN THE AUTHENTICITY OF TRIAL
      TRANSCRIPT AND SENTENCING TRANSCRIPT AS A PRO SE FILING.
      EXHIBITS ATTACHED
89    10/05/2005                                    ABLEMAN PEGGY L.
      LETTER/ORDER ISSUED BY JUDGE: ABLEMAN. YOUR MOTION TO IMPUGN THE
      AUTHENTICTY OF TRIAL TRANSCRIPT AND SENTENCING TRANSCRIPT. DENIED
      IT IS SO ORDERED.
90    10/19/2005
      MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
      SUPREME COURT CASE NO: 64, 2005
      SUBMITTED: JULY 25, 2005
      DECIDED: SEPTEMBER 29, 2005
      BEFORE HOLLAND, BERGER AND JACOBS, JUSTICES.
91    10/26/2005
      DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
      RE: NOTICE TO SHOW CAUSE WHY THE MATTER SHOULD
      NOT BE DISMISSED BASED ON THE COURTS LACK OF JURISDICTION
      TO ENTERTAIN A CRIMINAL INTERLOCUTORY APPEAL.
92    11/21/2005
      MOTION FOR MODIFICATION OF SENTENCE FILED PRO-SE.
      REFERRED TO PRESENTENCE 12/08/05 FOR JUDGE ABLEMAN.
93    12/12/2005                                    ABLEMAN PEGGY L.
      ORDER MOTION FOR MODIFICATION OF SENTENCE DENIED.
      THE MOTION WAS FILED MORE THAN 90 DAYS AFTER IMPOSITION OF THE
      SENTENCE AND IS, THEREFORE, TIME-BARRED.
      THE SENTENCE IS APPROPRIATE FOR ALL THE REASONS STATED AT THE TIME OF
      SENTENCING.
94    01/04/2006
      MANDATE FILED FROM SUPREME COURT:  APPEAL DISMISSED.
      SUPREME COURT CASE NO: 515, 2005
      SUBMITTED: NOVEMBER 2, 2005
      DECIDED: DECEMBER 14, 2005
```

```
                    SUPERIOR COURT CRIMINAL DOCKET            Page    11
                        ( as of  07/16/2008 )

State of Delaware v.  JIMMY LEWIS                           DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.     AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.             EMMANUEL E ELDER

     Event
No.  Date        Event                                 Judge
--------------------------------------------------------------------------------
     BEFORE STEELE, CHIEF JUSTICE, BERGER AND JACOBS, JUSTICES
     THE COURT DOES NOT HAVE JURISDICTION TO REVIEW LEWIS'
     INTERLOCUTORY APPEAL IN THIS CRIMINAL CASE.
95   01/06/2006
     MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
     REFERRED TO JUDGE ABLEMAN
96   01/12/2006
     LETTER FROM A.HAIRSTON, PROTHONOTARY OFFICE  TO BRIAN ROBERTSON, DAG
     RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
97   02/09/2006                              ABLEMAN PEGGY L.
     ORDER:IT IS ORDERED THAT: (1) DEFENDANT'S PRIOR COUNSEL, J. EDINGER, E
     ESQ, SHALL FILE AN AFFIDAVIT WITH THE PROTHONOTARY RESPONDING TO THE
     FACTUAL ALLEGATIONS OF THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS
     PURSUANT TO RULE 61(G)(2) ON OR BEFORE MARCH 8, 2006, SERVING THE
     AFFIDAVIT ON THE STATE AND ON THE MOVANT. (2) THE DEPT. OF JUSTICE
     SHALL FILE A LEGAL MEMORANDUM WITH THE PROTHONTARY IN RESPONSE TO THE
     MOTION, TAKING INTO ACCOUNT THE FACTUAL ASSERTIONS IN BOTH THE MOTION
     TAKING INTO ACCOUNT THE FACTUAL ASSERTIONS IN BOTH THE MOTION AND
     TRIAL COUNSEL'S RESPONSE, PURSUANT TO RULE 61(F) ON OR BEFORE APRIL 10
     2006. (3) ANY REPLY BY THE NOVANT TO THE ABOVE AFFIDAVIT OR PRIOR
     COUNSEL AND TO THE STATE'S RESPONSE SHALL BE FILED WITH THE
     PROTHONOARY BY MAY 10, 2006.
98   02/10/2006                              ABLEMAN PEGGY L.
     ORDER: MOTION FOR POSTCONVICTION RELIEF: IT IS ORDERED THAT: (1)
     DEFENDANT'S PRIOR COUNSEL, JOHN EDINGER, JR, ESQ, SHALL FILE AN
     AFFIDAVIT WITH THE PROTHONOTARY RESPONDING TO THE FACTUAL ALLEGATIONS
     OF THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS PURSUANT TO RULE 61(G)
     (2) ON OR BEFORE MARCH 8, 20006, SERVING THE AFFIDAVIT ON THE STATE
     AND ON THE MOVANT. (2) THE DEPT. OF JUSTICE SHALL FILE A LEGAL
     MEMORANDUM WITH THE PROTHONOTARY IN RESPONSE TO THE MOTION, TAKING
     INTO ACCOUNT THE FACTUAL ASSERTIONS IN BOTH THE MOTION AND TRIAL
     COUNSEL'S RESPONSE, PURSUANT TO RULE 61(F)ON OR BEFORE APRIL 10, 2006.
     (3) ANY REPLY BY THE MOVANT TO THE ABOVE AFFIDAVIT OF PRIOR COUNSEL
     AND TO THE STATE'S RESPONSE SHALL FILED WITH THE PROTHONOTARY BY
     MAY 10, 2006
99   02/10/2006
     DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
     RE: WRIT OF MANDAMUS
100  03/10/2006
     AFFIDAVIT RESPONDING TO ALLEGATIONS OF INEFFECTIVE COUNSEL
     FILED BY JOHN EDINGER, ESQ.
     (SEE FILE FOR ENTIRE AFFIDAVIT)
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    12
                        ( as of  07/16/2008 )


State of Delaware v.  JIMMY LEWIS                               DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.     AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.             EMMANUEL E ELDER

      Event
No.   Date        Event                                    Judge
------------------------------------------------------------------------------
102  04/11/2006
       STATE'S RESPONSE FILED. RE: RULE 61.
       FILED BY BRIAN ROBERTSON, DAG
       REFERRED TO JUDGE ABLEMAN
101  04/12/2006
       NOTICE OF APPEAL FILED IN SUPREME COURT (COPY)
103  04/21/2006                                    ABLEMAN PEGGY L.
       LETTER FROM JUDGE ABLEMAN   TO JOHN EDINGER, ESQ  RE: RULE 61
       PLEASE FILE WITH THE COURT AN AFFIDAVVIT, IN NARRATIVE FORM,
       RESPONDING TO THE FACTUAL ALLEGATIONS OF INEFFECTIVE ASSISTANCE OF
       COUNSEL CLAIMS SET FORTH BY THE DEFENDANT AND HIS MOTION FOR POST-
       CONVICTION RELIEF ON OR BEFORE MAY 18, 2006
104  04/24/2006
       PETITION FOR 30 DAY POSTPONMENT REGARDING JUDGE ABLEMAN'S 2/8/06 ORDER
       FILED. PRO SE
       REFERRED TO JUDGE ABLEMAN
105  05/12/2006
       MANDATE FILED FROM SUPREME COURT:  APPEAL DISMISSED.
       SUPREME COURT CASE NO: 66, 2006
       BEFORE STEELE, CHIEF JUSTICE, JACOBS AND RIDGELY, JUSTICES.
       THERE IS NO BASIS UPON WHICH TO GRANT LEWIS' MANDAMUS PETITION.
       THIS COURT WILL NOT ISSUE A WRIT OF MANDAMUS TO COMPEL A TRIAL COURT
       TO PERFORM A PARTICULAR JUDICAL FUNCTION, TO DECIDE A MATTER
       IN A PATRICULAR WAY, OR TO DICATE THE CONTROL OF ITS DOCKET.
       MOREOVER, IN VIEW OF THE SUPERIOR COURT ORDER OF FEBRUARY 9, 2006.
       LEWIS PETITON FOR A WRIT OF MANDAMUS IS MOOT.
106  05/19/2006
       LETTER FROM JIMMIE LEWIS,  TO THE COURT. RE: REQUESTING POSTPONEMENT
       REGARDING THE DEFENDANT'S RULE 61 POSTCONVICTION MOTION.
       REFERRED TO JUDGE ABLEMAN
107  05/30/2006
       DEFENDANT'S LETTER FILED.
       REFERRED TO JUDGE ABLEMAN
       DEFENDANT'S RESPONSE TO THE STATES RESPONSE TO THE STATES RESPONSE TO
       THE DEFENDANT'S RULE 61  POSTCONVICTION RELIEF
108  06/05/2006
       AFFIDAVIT OF JOHN EDINGER, ESQ FILED. RE: RULE 61
       REFERRED TO JUDGE ABLEMAN
109  06/12/2006
       MANDATE FILED:  SUPEREME COURT APPEAL DISMISSED.
       SUPREME COURT CASE NO: 182, 2006
       SUBMITTED: APRIL 10, 2006
```

```
                        SUPERIOR COURT CRIMINAL DOCKET           Page    13
                            ( as of  07/16/2008 )


State of Delaware v.  JIMMY LEWIS                              DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.              EMMANUEL E ELDER

      Event
No.   Date         Event                                  Judge
------------------------------------------------------------------------------
      DECIDED: MAY 18, 2006
      BEFORE STEELE, CHIEF JUSTICE, HOLLAND AND BERGER, JUSTICES.
110   06/27/2006
      DEFENDANT'S RESPONSE TO DEFENSE COUNSEL'S RESPONSE TO THE DEFENDANT'S
      RULE 61 POSTCONVICTION RELIEF MOTION FILED. PRO SE
      REFERRED TO JUDGE ABLEMAN
111   08/29/2006                                      ABLEMAN PEGGY L.
      OPINION: UPON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF: DENIED.
      IT IS SO ORDERED.
112   09/29/2006
      DEFENDANT'S RESPONSE TO JUDGE ABLEMAN'S AUG. 29, 2006 POSTCONVICTION
      DECISION FILED.
      REFERRED TO JUDGE ABLEMAN.
113   10/04/2006
      NOTICE OF APPEAL FILED IN SUPREME COURT (COPY)
114   01/05/2007
      MANDATE FILED FROM SUPREME COURT:  APPEAL DISMISSED.
      SUPREME COURT CASE NO: 536, 2006
      APPEAL UNTIMELY FILED.
      SUMBITTED: NOVEMBER 1, 2006
      DECIDED: DECEMBER 12, 2006
      BEFORE BERGER, JACOBS AND RIDGELY, JUSTICES.
115   03/19/2007
      MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
      REFERRED TO JUDGE ABLEMAN
117   03/19/2007
      DEFENDANT'S LETTER FILED.
      MENATAL HEALTH AND BEHAVIOR TREATMENT OBJECTIVES
116   03/20/2007
      LETTER FROM A. HAIRSTON, PROTHONOTARY OFFICE  TO BRIAN ROBERTSON,DAG
      RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
      ATTACHED: COPY OF MOTION
119   04/27/2007                                      ABLEMAN PEGGY L.
      ORDER: UPON CONSIDERATION OF DEFENDANT'S PRO SE MOTION FOR POST-
      CONVICTION RELIEF FILED. SUMMARILY DISMISSED.
      IT IS SO ORDERED
120   05/15/2007
      LETTER FROM SUPREME COURT TO SHARON AGNEW, PROTHONOTARY
      RE: A NOTICE OF APPEAL WAS FILED ON MAY 8, 2007.
      THE RECORD IS DUE MAY 31, 2007.
      233, 2007
121   05/18/2007                                      ABLEMAN PEGGY L.
```

```
                         SUPERIOR COURT CRIMINAL DOCKET                Page    14
                            ( as of  07/16/2008 )

State of Delaware v.  JIMMY LEWIS                                 DOB: 12/25/1966
State's Atty: BRIAN J ROBERTSON , Esq.      AKA: EMMANUEL E ELDER
Defense Atty: JOHN S EDINGER , Esq.               EMMANUEL E ELDER

      Event
No.   Date          Event                                    Judge
-------------------------------------------------------------------------------
      ORDER AND MOTION FOR PSYCHIATRIC/PSYCHOLOGICAL EVALUATION FILED.
      DEFENDANT SHALL UNDERGO A PSYCHIATRIC/PSYCHOLOGICAL EVALUATION BY
      STAFF AT:  DELAWARE PSYCHIATRIC CENTER
      REASON:TREATMENT PER DR.CAVANAUGH'S LETTER OF 05/17/07
      EVALUATION SHALL BE SUBMITTED TO COURT NO LATER THAN:  (DEADLINE DATE)
      EVALUATION SHALL BE SUBMITTED TO:  JUDGE ABLEMAN
      MASTER SHALL FORWARD EVALUATION TO COUNSEL; COUNSEL SHALL NOTIFY THE
      COURT WITHIN 10 DAYS WHETHER A COMPETENCY HEARING IS REQUIRED.  IF NO
      NOTIFICATION, COURT WILL ASSUME HEARING IS UNNECESSARY, AND CASE WILL
      BE SCHEDULED AS APPROPRIATE.  IF COUNSEL NOTIFIES COURT THAT A
      COMPETENCY HEARING IS REQUIRED, PROTHONOTARY SHALL CONSULT WITH
      COUNSEL AND SCHEDULE HEARING.  THE CRIMINAL ASSIGNMENT JUDGE SHALL
      ASSIGN THE HEARING TO ANY JUDGE AVAILABLE.
      05/24/2007
      RECORDS SENT TO SUPREME COURT.
      233, 2007
123   06/01/2007
      RECEIPT FROM SUPREME COURT ACKNOWLEDGING RECORD.
      233, 2007
124   06/27/2007
      LETTER FROM  JOHN EDINGER, ESQ   TO JUDGE JURDEN. ENCLOSED PLEASE
      FIND MY REQUESTED RESPONSE TO THE ABOVE-CAPTIONED CASE.
125   06/27/2007
      AFFIDAVIT RESPONDING TO ALLEGATION OF INEFFECTIVE ASSISTANCE OF
      COUNSEL FILED.
      FILED BY JOHN EDINGER, ESQ
      REFERRED TO JUDGE JURDEN
126   10/23/2007
      LETTER FROM: JOSEPH C. SCHOELL       TO: JUDGE ABLEMAN
      RE: LETTER WRITTEN ON BEHALF OF THE DELAWARE PSYCHIATRIC CENTER (DPC)
      CONCERNING JIMMIE LEWIS.
      5/17/07 THE COURT ORDERED MR.LEWIS TRANSFERRED TO DPC FOR EVALUATION
      AND TREATMENT. CLINICAL STAFF SUBSEQUENTLY EVALUATED MR. LEWIS AND
      DEEMED HIM INAPPROPRIATE FOR TREATMENT THERE, AS INDICATED IN THE
      ENCLOSED FORENSIC PSYCHIATRIC EVALUATION. PRIOR TO COMPLETEION OF THE
      EVALUATION, COMM. REYNOLDS DETERMINED THAT THERE WAS INSUFFICIENT
      PROBABLE CAUSE TO INVOLUNTARY TREAT MR. LEWIS UNDER 16DEL.C.CH.50.
      DPC. REQUESTS TIME FOR ARGUMENT ON A MOTION TO MODIFY THE COURT'S
      EARLIER ORDER AND DIRECT MR. LEWIS'S TRANSFER BACK TO DEPARTMENT OF
      CORRECTION, OR ALTERNATIVELY, IF IT IS THE COURT'S PREFERENCE,
      SCHEDULE A TIME FOR A HEARING AT WHICH DPC CAN PRESENT TESTIMONY FROM
      A PSYCHIATRIST WHO HAS EVALUATED MR. LEWIS.
```

JIMMIE LEWIS
SBI # 506622
J.TV.CC SHU 17, C43
1181 PADDOCK RD
SMYRNA, DE 19977



02 1A
0004608975
$ 02.19⁰
AUG 23 2008
MAILED FROM ZIP CODE 19977

CLERK OF THE COURT (GMS)
UNITED STATES DISTRICT COURT
844 N. KING ST, LOCKBOX 18
WILMINGTON, DELAWARE 19801