IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1350-GMS |
| | ) | |
| DR. SYLVIA FOSTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

## I. INTRODUCTION

The plaintiff, Jimmie Lewis ("Lewis"), a prisoner incarcerated at the James T. Vaughn

Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.

He also raises claims under Delaware law. Lewis appears *pro se* and was granted leave to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This action arises out of incidents that

allegedly occurred while Lewis was confined at the Delaware Psychiatric Center ("DPC") to

undergo a mental health evaluation pursuant to a State court order. On September 16, 2008, the

court entered partial summary judgment on behalf of the defendants and against Lewis. (D.I.

277.)

## II. REQUEST FOR DEFAULT

Lewis requests entry of default against the defendant Brian Johnson ("Johnson" named as

"Johnson 1") pursuant to Fed. R. Civ. P. 55. (D.I. 280.) Lewis previously moved for default

judgment. (D.I. 59) The court denied the motion noting there had been no entry of default. (D.I.

277.)

Johnson was initially represented by Gregory E. Smith ("Smith"), Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. On December 14, 2007, Smith withdrew as Johnson's attorney. (D.I. 233.) While represented by an attorney, Johnson filed an answer to the amended complaint. (D.I. 59.)

Johnson's deposition by written questions was scheduled to take place on April 26, 2007, but was canceled and the case was stayed after Lewis moved for appointment of counsel. (D.I. 205.) By the time the deposition was reset, Johnson was no longer represented by counsel. Lewis moved to reschedule the deposition of Johnson and the court granted the motion on May 13, 2008. (D.I. 243, 269.) The order required Johnson, or his attorney, to contact the contact within twenty days from the date of the order. On June 9, 2008, the court resent the order to Johnson at his last known place of employment, the DPC, the only address the court has for Johnson. The mail was returned as undeliverable on June 16, 2008. (D.I. 274.) Johnson has not participated in this case since his attorney withdrew.

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). The court finds that, despite Johnson's answer and early participation in the case, it is proper to enter his default under Rule 55(a) due to his failure to "otherwise defend" himself. *Carter Footwear Inc., v. Graystone World-Wide, Inc.*, Civ. No. 98-2133, 2007 WL 4443329 (M.D. Pa. Dec. 18, 2007) (*citing Rhino Assoc. & Sales Corp., v. Berg Manuf. & Sales Corp.*, 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007) (Although defendant filed an answer in this action, the entry of default is

nonetheless appropriate for its failure to "otherwise defend" itself); *see also Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918 (3d Cir. 1992) ("The failure to plead is no greater an impediment to the orderly progress of a case than is the failure to appear at trial or meet other required time schedules, and we see no reason why the former would be subject to a sanction [under Rule 55] not equally applicable to the latter"). For the above reasons, the court will enter default as against the defendant Brian Johnson under Rule 55(a).

## III. RULE 54(b)

Lewis moves for entry of final judgment of the September 16, 2008 memorandum and order. (D.I. 277, 281, 282.) The order grants summary judgment on certain issues, but makes clear that other issues remain. Lewis has filed a notice of appeal of the September 16, 2008 memorandum and order and is aware that it is not reviewable at this time unless the court directs the entry of a final judgment pursuant to Fed. R. Civ. P. 54(b).

The court has discretion under Rule 54(b) to certify an order as a partial final judgment. *See Berckeley Investment Group, Ltd. v. Colkitt*, 455 F.3d 195, 201-202 (3d Cir. 2006). Rule 54 was designed in an attempt "to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975) (citations omitted). Separate (i.e., piecemeal) judgments may be entered under Rule 54(b), but in order to be heard by the appellate court, the district court must find: (1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is "no just reason for delay." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980). The Third Circuit prefers, but if apparent from the record, does not require, a statement of reasons

certifying a judgment appeal pursuant to Rule 54(b). *Carter v. City of Philadelphia*, 181 F.3d 339 (3d Cir. 1999).

Summary judgment motions are pending on the remaining issues in this case. An interlocutory appeal will delay an expeditious disposition of this case. Accordingly, the court will deny plaintiff's motions for entry of a final judgment pursuant to Rule 54(b). (D.I. 281, 282.)

## IV. CONCLUSION

NOW THEREFORE, THIS 2nd day of Feb , 2008, IT IS HEREBY ORDERED that:

1. The plaintiff's request for entry of default is **granted**. (D.I. 280.) The clerk of the court is directed to enter the default of the defendant Brian Johnson ("Johnson 1").

2. The plaintiff's motions for entry of final judgment pursuant to Fed. R. Civ. P. 54(b) are **denied**. (D.I. 281, 282.)

3. The Clerk of the Court shall mail a copy of this Memorandum Order to all parties.

CHIEF, UNITED STATES DISTRICT JUDGE